IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

OTO ANALYTICS, LLC,

    Plaintiff,

    v.

BENWORTH CAPITAL PARTNERS PR
LLC, BENWORTH CAPITAL PARTNERS
LLC, BERNARDO NAVARRO and
CLAUDIA NAVARRO,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 23-01034

## MOTION TO RESTRICT COMPLAINT

UNITED STATES DISTRICT COURT JUDGE:

Pursuant to Standing Order No. 9 for the United District Court for the District of Puerto

Rico, Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("Womply"), by and

through its undersigned counsel, seeks leave to file its unredacted Complaint and exhibits in the

above-captioned action restricted to viewing by the parties and to publicly file its Complaint and

exhibits with redactions.

Womply's Complaint brings claims against Defendants Benworth Capital Partners PR

LLC ("Benworth PR"), Benworth Capital Partners LLC ("Benworth FL"), Bernardo Navarro,

and Claudia Navarro for actual fraudulent transfer, constructive fraudulent transfer, and

declaratory judgment.  The Complaint quotes, describes, and references certain documents and

testimony that Benworth FL designated as "Confidential" pursuant to a protective order (the

"Protected Material") issued by an arbitrator in a private JAMS arbitration between Womply and

Benworth FL (the "Arbitration").  On January 17, 2023, the arbitrator in the Arbitration

permitted Womply to file Protected Material in this Court and directed that the "parties shall,

consistent with applicable law, take all reasonable and lawful steps to file the Protected Material under seal." (the "Arbitrator's Order").  Womply seeks to redact the material Benworth FL designated as "Confidential" in the Arbitration, and information Defendants may assert is confidential, in its public filing and file the unredacted Complaint and exhibits restricted to viewing by the parties.

"Procedures in federal courts are characteristically public in nature."  Standing Order No. 9 at 2.  "Indeed, federal courts have long 'recognized a general right to inspect and copy judicial records and documents.'"  *Rivera Carrasquillo v. Bhatia-Gautier*, 590 F. Supp. 3d 444, 450 (D.P.R. 2022) (Besosa, J.) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)) (cleaned up); *see also In re Gitto Global Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) ("Under the common law, there is a long-standing presumption of public access to judicial records.").  "This transparency 'allows the citizenry to monitor the functioning of our courts, thereby [e]nsuring quality, honesty and respect for our legal system.'"  *Rivera Carrasquillo*, 590 F. Supp. 3d at 450 (quoting *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 49 (1st Cir. 2011)) (cleaned up).

"[O]nly the most compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access."  *Id.* (quoting *In re Providence Journal Co.*, 293 F.3d 1, 10 (1st Cir. 2002)) (cleaned up).  "[C]onfidentiality provisions" and "agreement by the existing parties" do not provide "a sufficient basis to violate the public's right to public access."  *Id.* at 450–51 (cleaned up; collecting cases); *see also* Standing Order No. 9 at 4 ("Stipulations between the parties are insufficient to justify restricted access.").  Accordingly, Benworth FL's designation of documents and testimony as "Confidential" in a private arbitration does not, by itself, justify redacting this material or restricting viewing to the parties.  *See, e.g.*, *United States v. Vazquez-Garced*, 2022 WL 3926037, at *1 (D.P.R. Aug. 31, 2022) (Arias-

Marxuach, J.) (noting that the Court's Protective Order was not meant to direct the parties to litigate the case under seal). However, in the spirit of comity, out of an abundance of caution, and pursuant to the Arbitrator's Order, Womply seeks to temporarily protect the material Benworth FL designated as "Confidential" or may assert is confidential so that Benworth FL will have the opportunity to review and determine whether, and to what extent, it can provide "a compelling reason for denying the public access" to this material. *Rivera Carrasquillo*, 590 F. Supp. 3d at 451.

Dated this 24th day of January, 2023.

Respectfully submitted,

*Of Counsel:*

Willkie Farr & Gallagher LLP

Alexander L. Cheney (*pro hac vice* pending)
One Front Street
San Francisco, CA 94111
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (*pro hac vice* pending)
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (*pro hac vice* pending)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

By: *s/Alejandro J. Cepeda Diaz*

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

*Attorneys for Plaintiff Oto Analytics, LLC*