**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) |

### MOTION FOR JOINDER TO THE "MOTION TO DISMISS OR STAY PROCEEDINGS PENDING OUTCOME OF ARBITRATION" [D.E. 34]

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant Benworth Capital Partners, LLC ("Benworth FL"), *by special appearance and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any defense*, through the undersigned counsel, and very respectfully requests the dismissal of the Complaint [D.E. 1] substantially for the reasons advanced by co-defendant Benworth Capital Partners PR LLC ("Benworth PR") in its "Motion to Dismiss or Stay Proceedings pending the Outcome of Arbitration" [D.E. 34], and as grounds therefore **STATES** and **PRAYS** as follows:

The Complaint filed by the Plaintiff Oto Analytics, LLC f/k/a Oto Analytics, Inc. d/b/a Womply ("Womply") [D.E. 1] stems from an arbitration proceeding initiated by Womply against Benworth FL in August 2021 ("Arbitration Proceedings"), in which Womply seeks to recover from Benworth FL millions of dollars in fees that Plaintiff claims are owed to it under their agreements.

Despite what the Plaintiff would have this court believe, the existence of the debt and the amount Womply seeks to collect from Benworth FL is in controversy and currently being disputed

Case 3:23-cv-01034-GMM   Document 35   Filed 03/29/23   Page 2 of 6

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34]**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et als.*
Civil No. 23-01034 (GMM)
Page **2** of **6**

in the *ongoing* Arbitration Proceedings. There is no binding, final, or enforceable arbitration award against Benworth FL, and this litigation is Womply's attempt to put the cart before the horse.

According to Womply, Benworth FL owes it millions of dollars in fees for the services rendered and technology provided to Benworth FL for the processing, management and tracking of the federal loans that Benworth FL granted to eligible borrowers under the Paycheck Protection Program created by Congress under the Coronavirus Aid, Relief, and Economic Security Act (commonly known as the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020) in response to the COVID-19 pandemic. Womply further contends that, to avoid its payment obligations toward Womply, Benworth FL fraudulently transferred $171 million to Benworth PR, an entity allegedly created by Defendants Bernardo and Claudia Navarro to facilitate the fraudulent transfer from Benworth FL to Benworth PR and, consequently, to assist Benworth FL to avoid its payment obligations.

Womply, however, omits the fact that Benworth FL has filed a counterclaim in arbitration that substantially exceeds any claim by Womply and that this counterclaim is pending adjudication as well. [D.E. ¶¶ 157–64]. Indeed, in its counterclaim, Benworth FL alleges that Womply was an "agent" under the SBA regulations, which, in turn, limits Womply's fees to a 1% referral fee. As a result, Womply has grossly overcalculated the fees it claims Benworth FL owes it by over $150 million, if they are owed at all.[1]

---

[1] Should the Court require it to adjudicate this motion, Benworth FL can file the counterclaim in the Arbitration Proceedings under seal. The Court can consider the counterclaim in its adjudication of Benworth FL's motion to dismiss because Womply has incorporated it by reference in Paragraphs 157 through 164 of the Complaint. *See* Cortes-Ramos v. Martin-Morales, Case No. 21-1374 (SCC), 2022 WL 3156500, at *1 (D.P.R. Aug. 8, 2022) ("But because a Rule 12(c) motion implicates the pleadings as a whole, we may supplement these facts with documents fairly incorporated by the pleadings and facts susceptible to judicial notice. These documents include the ones that the parties agree are authentic, even those incorporated into the movant's pleadings; documents central to the plaintiff's claim; and documents sufficiently referred to in the complaint." (cleaned up)).

Case 3:23-cv-01034-GMM   Document 35   Filed 03/29/23   Page 3 of 6

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34]**
<u>OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et als.*</u>
Civil No. 23-01034 (GMM)
Page **3** of **6**

Even though Womply's collection claim and Benworth FL's counterclaim are currently being arbitrated in the ongoing Arbitration Proceedings in accordance with the parties' express agreement to arbitrate, Womply has brought "this action for an order rescinding the Fraudulent Transfer and for other purported equitable relief so that Womply can recover the fees and interest it earned under its contracts with Benworth FL." [D.E. 1 ¶ 20]. Womply's claims are without merit and, more importantly, premature.

Womply thus asks this Court (i) to rescind the alleged actual fraudulent transfer between Benworth FL and Benworth PR ("Count I"); (ii) to rescind the alleged constructive fraudulent transfer between Benworth FL and Benworth PR ("Count II"); (iii) a declaration that Benworth PR is the alter ego or successor of Benworth FL ("Count III"); and (iv) a declaration to pierce the corporate veil of Benworth PR and hold the Defendants Bernardo and Claudia Navarro personally liable for the money allegedly owed to Womply ("Count IV"). These claims are being made against all defendants without any final determination in the ongoing Arbitration Proceedings which would entitle Womply to seek the relief requested and which, simply put, means that Womply wishes for this Court to render an advisory opinion.

On March 24, 2023, Benworth PR filed a "Motion to Dismiss or Stay Proceedings pending the Outcome of Arbitration" ("Motion to Dismiss") [D.E. 34]. In its Motion to Dismiss, Benworth PR argues that Womply jumped the gun and that its claims in the Complaint lack ripeness, hinge on the outcome of the Arbitration Proceedings, and that Womply cannot sufficiently allege an injury or substantial injury without first prevailing in the Arbitration Proceedings. <u>Id.</u> Benworth PR is correct.

For the sake of judicial economy and to avoid needlessly duplicating the arguments made by Benworth PR, Benworth FL hereby incorporates by reference, as if argued herein, all the

Case 3:23-cv-01034-GMM   Document 35   Filed 03/29/23   Page 4 of 6

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34]**
<u>OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et als.*</u>
Civil No. 23-01034 (GMM)
Page **4** of **6**

arguments, citations, and prayers for relief made by Benworth PR in its Motion to Dismiss [D.E. 34][2]. Benworth PR's arguments in its Motion to Dismiss are readily transferrable to Benworth FL's instant motion for the following reasons.

*First,* Womply's claims are not yet ripe for adjudication by this Court. Under Counts I and II, Womply seeks to rescind the alleged actual and constructive fraudulent transfer made by Benworth FL to Benworth PR. As Benworth PR correctly stated in its Motion to Dismiss, under Puerto Rico law, a transaction executed "in fraud of creditors" may be rescinded when a creditor cannot recover what is due. P.R. Laws Ann. tit. 31, §§ 6231 & 6233. Therefore, to the extent that the debt allegedly owed by Benworth FL to Womply is pending adjudication in the Arbitration Proceedings, Counts I and II can only ripen *after* (and if) Womply obtains a favorable arbitration award against Benworth FL. Put differently, without an arbitration award in favor of Womply, there is no debt owed to it by Benworth FL, let alone a debt that Womply has not recovered from Benworth FL. Relatedly, because an adjudication on the merits of Counts I and II requires a determination of Benworth FL's indebtedness to Womply, the parties' valid arbitration agreement bars this Court from adjudicating disputes that are subject to arbitration.

Likewise, Counts III and IV (under which Womply asserts its corporate alter-ego and veil-piercing claims) are entirely contingent on a favorable outcome for Womply in the Arbitration Proceedings because this Court would first have to determine that Benworth FL is indebted to Womply to determine that Benworth PR is liable for Benworth FL's debt to Womply. Therefore,

---

[2] Benworth FL only adds that, in a manner consistent with the Civil Justice Reform Act of 1990 that encourages the "just, speedy and inexpensive resolutions of civil disputes." 28 U.S.C. §§ 471 *et seq*., and that empowers the Judicial Conference of the United States to follow the travel of cases before its Districts, this Court is well within its discretion to, instead of staying the captioned matter until a final determination is made in arbitration at an uncertain period in the future, *administratively* dismiss this case and issue the corresponding judgment pending such outcome subject to re-opening of the case if the need arises.

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34]**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et als.*
Civil No. 23-01034 (GMM)
Page **5** of **6**

Counts III and IV also lack ripeness for adjudication by this Court.

*Second,* to the extent that all of Womply's claims are premised in the determination of Benworth FL's indebtedness to Womply, which is pending adjudication in the ongoing Arbitration Proceedings, Womply cannot sufficiently allege an impending injury or substantial risk of injury to meet the standing requirements to bring its claims in the captioned Complaint. Thus, if and until an arbitration award is entered in favor of Womply, all of its four counts in the Complaint are hypothetical and lack ripeness, and Womply thus lacks standing to bring them.

Alternatively, as a signatory to the agreement containing the arbitration clause by which Womply commenced the Arbitration Proceedings, Benworth FL is entitled to request the stay of the instant proceedings under Section 3 of the Federal Arbitration Act until an award is entered in the Arbitration Proceedings. See 9 U.S.C. §3. Under the clear mandate of Section 3, where certain issues before a court are arbitrable, the court must stay the trial until such arbitration has been completed in accordance with the arbitration agreement. Id. Here, the determination of Benworth FL's indebtedness is the central controversy at issue in the ongoing Arbitration Proceedings. Accordingly, a stay of the instant proceedings will promote judicial economy and avoid potentially inconsistent determinations.

Consequently, given that all of Benworth PR's arguments presented in its Motion to Dismiss [D.E. 34] are also applicable to Benworth FL's case, the latter is joining Benworth PR in moving this Court for a dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure *and* it is not waiving any of its rights, defenses, arguments, and positions, including its substantial counterclaim asserted against the Plaintiff in the Arbitration Proceedings.

**WHEREFORE**, Benworth FL respectfully requests this Honorable Court to ***grant*** this motion, allow Benworth FL to join Benworth PR's "Motion to Dismiss or Stay Proceedings

Case 3:23-cv-01034-GMM   Document 35   Filed 03/29/23   Page 6 of 6

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34]**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et als.*
Civil No. 23-01034 (GMM)
Page **6** of **6**

pending the Outcome of Arbitration" [D.E. 34] in its entirety as reproduced herein and, consequently, dismiss or alternatively stay the Complaint [D.E. 1].

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 29th day of March 2023.

*Counsel for Benworth Capital Partners LLC*:

**Ferraiuoli LLC**
*Looking Forward*

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*/s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*/s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com