**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OTO ANALYTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO, <br><br> Defendants. | Civil No. 23-01034 (GMM) |

**CODEFENDANTS BERNARDO AND CLAUDIA NAVARRO'S MOTION TO QUASH SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 12(b)(5)**

**TO THE HONORABLE COURT:**

**COME NOW** Codefendants Bernardo and Claudia Navarro ("Mr. and Mrs. Navarro"), by special appearance and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any defense, through the undersigned counsel, and very respectfully move to quash the attempted service of process upon them under Federal Rule of Civil Procedure ("Rule") 12(b)(5) for failure to comply with Rule 4(e), on the following grounds:

## I.    INTRODUCTION

On February 27, 2023, Plaintiff Oto Analytics, LLC f/k/a Oto Analytics, Inc. d/b/a Womply ("Womply") filed two *Affidavits of Service* asserting that Mr. and Mrs. Navarro were purportedly served on February 7, 2023.  [D.E. 23, 24].[1]  However, the service of process procured by Womply failed to comply with any of the possible avenues allowed under Rule 4(e) for serving process on

---

[1] On February 28, 2023, Mr. and Mrs. Navarro each specially appeared and requested 30-day extensions of time, until March 30, 2023, to answer or otherwise plead against the *Complaint* [D.E. 25, 26].  Although said motions are pending before this Honorable Court, Mr. and Mrs. Navarro timely appear within the term sought and file the instant motion to quash service of process under Rule 12(b)(5).

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **2** of **8**

an individual in their personal capacity.

It is undisputed that Womply did not serve Mr. and Mrs. Navarro personally or at their home or place of abode. [D.E. 23 at 1; D.E. 24 at 1]. Therefore, service cannot be found as sufficient under subsections (A) or (B) of Rule 4(e)(2)(B), or the state law governing summons pursuant to Rule 4(e)(1). Instead, Womply attempted to serve process upon Mr. and Mrs. Navarro by delivering the Summons and copy of the *Complaint* through Ms. Alondra Gómez ("Gómez"), who the process server describes as an "Office Administrator" that allegedly stated she was authorized to accept service on behalf of Mr. and Mrs. Navarro. [D.E. 23 at 1; D.E. 24 at 1]. Yet, this contention is incorrect. As it turns out, Ms. Gómez is not an agent authorized by appointment or by law to receive service on behalf of Mr. and Mrs. Navarro. See Exhibits A and B, Declarations of Mr. and Mrs. Navarro at ¶¶ 5-6. Therefore, service is also deficient under subsection (C) of Rule 4(e)(2), governing service of process on an individual through their authorized agent.

Mr. and Mrs. Navarro respectfully request that, pursuant to Rule 12(b)(5), the Court quash the service of process noticed at Docket Entries 23 and 24, for failure to comply with any of the strictures of Rule 4(e) governing service on an individual and require Womply to effectuate service of process in compliance with the law.

## II.    STANDARD OF REVIEW

### A.    Federal Rule of Civil Procedure (12)(b)(5).

It is a bedrock principle that federal courts lack jurisdiction over a defendant unless properly served. See, e.g., Somascan, Inc. v. Phillips Med. Sys. Nederland B.V., Civil No. 09-1139 (ADC), 2009 WL 4730771, at *2 (D.P.R. Nov. 13, 2009).

Rule 12(b)(5) allows a defendant to challenge "the mode of delivery or the lack of delivery of the summons and complaint." Fernández-Salicrup v. Figueroa-Sancha, Civil No. 10-1975

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process...**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **3** of **8**

(ADC), 2011 WL 13135962, at *1 (D.P.R. May 2, 2011) (citing 5B C. Wright & A. Miller, Federal Practice and Procedure § 1353 (3d ed. 2002)).  Thus, "[i]f the challenge is in 'the manner in which [the] process or service of process was performed,' the same is analyzed under Rule 12(b)(5)."  Id. (citations omitted).

The initial burden of establishing insufficiency of service is on the moving party.  Ramírez de Arellano v. Colloides Naturels Int., 236 F.R.D. 83, 85 (D.P.R. 2006).  Once this burden has been met, the plaintiff must prove that service was in fact proper.  Somascan, Inc., 2009 WL 4730771 *3 (citing Sáez Rivera v. Nissan Mfg. Co., 788 F. 2d 819, 821 (1st Cir. 1986)).

To determine if there was "insufficient service of process" under Rule 12(b)(5), the Court must determine if service upon Mr. and Mrs. Navarro was performed in compliance with Rule 4(e) governing service on individuals in their personal capacities.  As will be demonstrated, Womply did not effectuate valid service of process upon Mr. and Mrs. Navarro under either Rules 4(e)(1) or 4(e)(2).  Accordingly, this Honorable Court should quash the attempted service of process under Rule 12(b)(5).

### III.   ARGUMENT

**A. The attempted service of process upon Mr. and Mrs. Navarro failed to comply with Rule 4(e) and, thus, should be quashed under Rule 12(b)(5).**

As indicated, on February 27, 2023, Womply filed two *Affidavits of Service* from its process server attesting, in pertinent part, as follows:

> "[t]hat on 2/7/2023 at 10:35 AM, I served Bernardo [and Claudia] Navarro with the Summons and Complaint at Benworth Capital Partners PR LLC, 954 Ave. Ponce de León, Suite 205, San Juan, Puerto Rico 00907 by serving Alondra G[ó]mez, Office Administrator, who stated that he/she is authorized to accept service on behalf of Bernardo [and Claudia] Navarro.
>
> […]

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **4** of **8**

That in addition to the service noted above, the address listed above is Bernardo [and Claudia] Navarro's business address."

[D.E. 23 at 1; D.E. 24 at 1].  The service of process procured in this manner is insufficient, as it fails to comply with any of the possible avenues for effective service upon an individual under Rule 4(e)and warrants its quashing.

>   **(i)    Womply did not comply with Rule 4(e)(1) and subsections (A) and (B) of Rule 4(e)(2), which govern service to the individual personally or through their authorized agent.**

Rule 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."   Under Rule 4.4(a) of the Puerto Rico Rules of Civil Procedure, process must be served upon an individual "**personally or to an agent authorized by him or appointed by law to receive service of process**." P.R. Laws Ann. tit. 32 Ap. V, R. 4.4(a) (emphasis added); see Fernández-Salicrup, 2011 WL 13135962, at *1 n.2 (citing former Rule 4.4(a) of the Puerto Rico Rules of Civil Procedure of 1979, P.R. Laws Ann. tit. 32 Ap. III, R. 4.4(a), stating that the "Puerto Rico Rules of Civil Procedure were amended by Law 220 of December 29, 2009, yet the text of Rule 4.4 remained unchanged.").

Similarly, subsections (A) and (C) of Rule 4(e)(2) allow an individual to be served by "delivering a copy of the summons and of the complaint **to the individual personally**" or "delivering a copy of each **to an agent authorized by appointment or by law** to receive service of process." See Fernández-Salicrup, 2011 WL 13135962, at *2 (emphasis added).

The *Affidavits of Service* in this case reflect that Womply did not serve Mr. and Mrs. Navarro personally but rather through Ms. Gómez.  [D.E. 23 at 1; D.E. 24 at 1].  Yet, Ms. Gómez is not now, nor has she ever been, an agent authorized by Mr. and Mrs. Navarro to receive process

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM)
Page **5** of **8**

on their behalf, nor is Ms. Gómez authorized by law to receive service on their behalf.  See Exhibits

A and B, Declarations of Mr. and Mrs. Navarro at ¶¶ 5-6; see Fernández-Salicrup, 2011 WL

13135962, at *2 (citing Pérez-López v. Mangome, 117 F.R.D. 327, 328 (D.P.R. 1987) (service on

the administrative assistant of the Police Department Legal Division did not qualify as effective

service on the individual defendants)).  Therefore, process was insufficient as to Mr. and Mrs.

Navarro under either Rule 4(e)(1) or subsections (A) and (C) of Rule 4(e)(2).

The option of service through an agent under subsection (C) of Rule 4(e)(2) ordinarily

requires an "actual appointment for the specific purpose of receiving process" and "[t]he burden

remains on the plaintiff to prove that an agency relationship existed between the [defendant] and

[the individual who accepted service]."  See, e.g., Nyholm v. Pryce, 259 F.R.D. 101, 104 (D.N.J.

2009).  The judicial construction of "agency by appointment" provides that the fact that an "agent"

receives and accepts a service of process does not necessarily bind a defendant.  Evidence must

show that the defendant intended to confer the agent with the specific authority to receive process.

See 5A C. Wright & A. Miller, Federal Practice and Procedure § 1097 (3d ed. 2002), cited in

Fernández-Salicrup, 2011 WL 13135962 *2.

Mr. and Mrs. Navarro's averment under penalty of perjury that Ms. Gómez is not their

agent, see Exhibits A and B, Declarations of Mr. and Mrs. Navarro at ¶¶ 5-6, "suffices to rebut the

presumption of proper service created by the return of service." Martell-Rodríguez v. González-

Rosario, Civil No. 09-1576 (JAF), 2010 WL 500402, at *1 (D.P.R. Feb. 4, 2010) (finding service

insufficient under both Rule 4(e) and Puerto Rico Rule 4.4) (citing Blair v. City of Worcester, 522

F.3d 105, 111 (1st Cir. 2008)).  Based on that undeniable reality, Womply will be unable to meet

the required burden of proving that an agency relationship existed between Ms. Gómez and Mr.

and Mrs. Navarro when service was attempted, much less with the express intent to confer the

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM)
Page **6** of **8**

agent with the specific authority to receive process on their behalf. Therefore, the service of process effected upon Mr. and Mrs. Navarro through Ms. Gómez as their purported authorized agent also fails under subsection (C) of Rule 4(e)(2).

For these reasons, Womply failed to comply with either Rule 4(e)(1) or subsections (A) and (C) of Rule 4(e)(2), governing service to the individual personally or through their authorized agent, and service of process should be quashed under Rule 12(b)(5).

### (ii) Womply failed to comply with Rule 4(e)(2)(B), which governs service to the individual at their dwelling or usual place of abode.

Alternatively, subsection (B) of Rule 4(e)(2) allows an individual to be served by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." However, Womply's chances under this Rule fare no better.

Fatefully for Womply, it did not serve Mr. and Mrs. Navarro at their dwelling or place of abode. See Exhibits A and B, Declarations of Mr. and Mrs. Navarro at ¶ 4. Therefore, leaving the documents with Ms. Gómez was insufficient to comply with the service requirements of subsection (B) of Rule 4(e)(2). It is well settled that, under this Rule, service papers "cannot be left at a defendant's workplace with a third party since it does not constitute the 'usual place of abode' as required by the cited rule." Fernández-Salicrup, 2011 WL 13135962, at *2 (citing Boateng, 188 F.R.D. at 28). Beyond that, the fact that service was made at Mr. and Mrs. Navarro's alleged place of business does not remedy these defects since the Rules do not specifically authorize serving individuals by leaving a copy of the summons and the complaint at the individual's place of business. See Boateng, 188 F.R.D. at 28; Pérez-López, 117 F.R.D. at 328.

For these reasons, Womply's attempted service of process upon Mr. and Mrs. Navarro was also insufficient under subsection (B) of Rule 4(e)(2), governing service of process at the

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **7** of **8**

individual's home, and service of process should be quashed under Rule 12(b)(5).

## IV.    CONCLUSION

Mr. and Mrs. Navarro have demonstrated that delivery of the Summons and the *Complaint* through Ms. Gómez was insufficient service of process under Rule 4(e) and, therefore, the same should be quashed under Rule 12(b)(5). As a result, this Honorable Court cannot exercise personal jurisdiction over Mr. and Mrs. Navarro. Fernández-Salicrup, 2011 WL 13135962, at *2. Womply should be required to perfect service upon Mr. and Mrs. Navarro in compliance with Rule 4(e) and applicable law.

**WHEREFORE**, Mr. and Mrs. Navarro respectfully request this Honorable Court to grant this motion to quash under Rule 12(b)(5), deem the service of process upon Mr. and Mrs. Navarro as insufficient under Rule 4(e), and require Womply to effectuate proper service of process.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 30th day of March, 2023.

[SIGNATURE PAGE FOLLOWS]

**Codefendants Bernardo and Claudia Navarro's Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **8** of **8**

**Ferraiuoli** LLC
*Looking Forward*

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*/s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com

*Counsel for Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Claudia Navarro*