IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OTO ANALYTICS, LLC, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BENWORTH CAPITAL PARTNERS PR § <br> LLC, BENWORTH CAPITAL PARTNERS § <br> LLC, BERNARDO NAVARRO and § <br> CLAUDIA NAVARRO, § <br> § <br> Defendants. § | Civil Action No. 23-01034 |

**PLAINTIFF WOMPLY'S MEMORANDUM OF LAW IN OPPOSITION TO BERNARDO NAVARRO AND CLAUDIA NAVARRO'S MOTION TO QUASH**

Alexander L. Cheney (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
acheney@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

*Attorneys for Plaintiff Oto Analytics, LLC*

April 27, 2023

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND .....................................................................................................................2

      A.      Womply Serves Benworth PR, ████████████████ .......................2

      B.      Womply Attempts To Serve The Navarros' Listed Puerto Rico Address. ..............4

      C.      Womply Attempts To Serve The Navarros' Florida Home. ...................................4

      D.      The Navarros' Counsel Have Each Received And Reviewed The Complaint But Refuse To Accept Service. ...........................................................5

ARGUMENT ............................................................................................................................6

CONCLUSION .........................................................................................................................8

CERTIFICATE OF SERVICE ................................................................................................10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Awadh v. Tourneau, Inc.*,
  2017 WL 1246326 (D. Mass. Feb. 17, 2017) ............................................................................2

*Calderón Serra v. Banco Santander P.R.*,
  747 F.3d 1 (1st Cir. 2014) .......................................................................................................8

*Farb v. Perez-Riera*,
  293 F.R.D. 77 (D.P.R. 2013) ...................................................................................................9

*González-Droz v. González-Colón*,
  2009 WL 2843338 (D.P.R. Aug. 31, 2009) .........................................................................7, 8

*Hasebrouck v. Great Lengths Int'l*,
  2008 WL 11502476 (D.P.R. Mar. 27, 2008) .......................................................................7, 8

*Henderson v. United States*,
  517 U.S. 654 (1996) ................................................................................................................6

*Live Well Fin., Inc. v. Estate of Santana Martinez*,
  2020 WL 12188413 (D.P.R. Jan. 14, 2020) ............................................................................8

*Ramírez de Arellano v. Collloïdes Naturels Int'l*,
  236 FR.D. 83 (D.P.R. 2006) ....................................................................................................6

**Rules**

Fed. R. Civ. P. 4(e)(1) ................................................................................................................1, 8

Fed. R. Civ. P. 4(e)(2)(B) .....................................................................................................1, 7, 8

Fed. R. Civ. P. 12(b)(5) ..............................................................................................................2, 6

P.R. Law Ann. tit. 32, app. V, R. 4.5 .........................................................................................1, 8

P.R. Law Ann. tit. 32, app. V, R. 4.6 ............................................................................................8

**Other Authorities**

4A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure
  § 1094 (4th ed. 2023) ..............................................................................................................6

4A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure
  § 1096 (4th ed. 2023) ..............................................................................................................7

Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**") respectfully submits this memorandum of law in opposition to Bernardo Navarro ("**Mr. Navarro**") and Claudia Navarro's ("**Ms. Navarro**"; together with Mr. Navarro, the "**Navarros**") Motion To Quash Service Of Process ("**Motion**" or "**Mot. to Quash**"; ECF No. 37).

## PRELIMINARY STATEMENT

Womply filed this action on January 24, 2023, and has repeatedly provided copies of the Complaint to the Navarros' counsel.  The Navarros do not dispute that they have actual notice of this action and do not dispute that their counsel have reviewed and analyzed the Complaint.  The Navarros nonetheless refuse to accept service of process, and their counsel refuse to speak to Womply's counsel about this issue.  Instead, the Navarros are evading service and filed this Motion challenging "the manner in which the process or service of process was performed."  (Mot. to Quash at 3 (cleaned up).)  The Motion is meritless, and Womply regrets that the Navarros have wasted both this Court's and Womply's resources by filing it instead of waiving service.

As the accompanying declarations show, Womply has served or attempted to serve the Navarros *eight times* at *three different addresses*, including at (i) the offices of Benworth Capital Partners PR LLC ("**Benworth PR**"), ███████████████████████████, where service was accepted by the Office Administrator; (ii) the Puerto Rico home address listed on the Navarros' drivers' licenses and on their bank account application; and (iii) the Navarros' last known home address in Florida.  The Navarros admit that "service of process at the individual's home" is sufficient under the Federal Rules of Civil Procedure (the "**Federal Rules**"), so their Motion should be denied.  (Mot. to Quash at 6–7 (citing Fed. R. Civ. P. 4(e)(2)(B)).)

Should this Court hold that Womply has not yet validly served the Navarros, Womply requests leave to serve the Navarros by publication, which is expressly permitted under Puerto Rico law.  *See* P.R. Law Ann. tit. 32, app. V, R. 4.5; Fed. R. Civ. P. 4(e)(1).

# BACKGROUND[1]

Womply filed this action on January 24, 2023, and asked counsel for Defendant Benworth Capital Partners LLC ("**Benworth FL**"; collectively with Benworth PR and the Navarros, "**Defendants**") whether they would accept service. (ECF No. 1; Ex. 1.) They never responded. (*Id.*; Levy Decl. ¶ 3.) The next day, the Clerk of the Court issued Summonses for Defendant Benworth FL, Defendant Benworth PR, Defendant Mr. Navarro, and Defendant Ms. Navarro. (ECF No. 6.) For the past four months, Womply has been making efforts to serve all Defendants, but the Navarros have sought to avoid being served.

### A.     Womply Serves Benworth PR, ███████████████████████.

Benworth PR is a limited liability company organized under the laws of Puerto Rico with its principal place of business located at 221 Avenida Ponce De Leon, Suite 1401, San Juan, Puerto Rico 00917. (Complaint dated Jan. 24, 2023 ("**Complaint**" or "**Compl.**"; ECF No. 1) ¶¶ 22, 34.d.) ████████████████████████████████████████████ (*Id.*) ███████ ██████████████████████████████████████████████ (*Id.* ¶¶ 11, 24, 197, 200.) ████████████████████████████████████████ (*Id.* ¶¶ 25, 200.)

On February 2, 2023, a process server for Womply delivered the Summonses and Complaint at Benworth PR's offices to Maria de la Cruz, who was the "authorized person to receive the summons" for Benworth PR. (Ex. 2 (Pérez Decl.) ¶ 2.) The process server asked for Mr. Navarro and Ms. Navarro, and Ms. de la Cruz represented that "Claudia Navarro never goes to the office, Bernardo Navarro rarely comes to the office, and, when he does, it is for a short time." (*Id.*) She further represented that she was not authorized to accept the Summonses on

---

[1] On a Rule 12(b)(5) motion, "the Court accepts as true the facts alleged in [the] complaint," and "[t]he Court may consider such matters outside of the pleadings." *Awadh v. Tourneau, Inc.*, 2017 WL 1246326, at *1 n.2 (D. Mass. Feb. 17, 2017) (collecting cases). All reference to "Ex." refer to exhibits to the accompanying declaration of Joshua S. Levy ("**Levy Decl.**").

behalf of Mr. Navarro or Ms. Navarro and refused to provide their contact information.  (*Id.*)  The process server provided his contact information to Ms. de la Cruz and asked the Navarros to contact him.  (*Id.*)  They did not do so.  (*Id.*)

The next day, a process server for Womply returned to Benworth PR's offices and asked for Mr. Navarro and Ms. Navarro.  (*Id.* ¶ 3.)  He spoke to Ms. de la Cruz who represented that Mr. Navarro "was out of Puerto Rico" and refused to provide additional information.  (*Id.*)

On February 7, 2023, a process server for Womply again delivered the Summonses and Complaint to Benworth PR's offices, which was accepted by Office Administrator Alondra Gómez, who represented that she was "authorized to accept service on behalf of" Benworth PR, Mr. Navarro, and Ms. Navarro.  (ECF Nos. 22–24.)

On April 20, 2023, a process server for Womply again went to Benworth PR's offices and spoke to Aida Medina, whose LinkedIn profile lists her as an "Accounting Bookkeeper" for "Benworth Capital" in "San Juan, Puerto Rico."  (Ex. 2 (Pérez Decl.) ¶ 5; Ex. 3.)  Ms. Medina represented that neither Mr. Navarro nor Ms. Navarro were available, Mr. Navarro "rarely comes to the office," and "it was going to be very hard to serve him at the office location."  (Ex. 2 (Pérez Decl.) ¶ 5.)  She refused to provide any additional information.  (*Id.*)  The process server offered to provide his contact information, and Ms. Medina represented that "they" already had it.  (*Id.*)  The process server then waited in the lobby of Benworth PR's office for over two hours but did not see the Navarros.  (*Id.* ¶ 6.)

The next day, a process server for Womply returned to Benworth PR's offices and spoke to Ms. Medina.  Ms. Medina again represented that neither Mr. Navarro nor Ms. Navarro were available and refused to provide any additional information.  (*Id.* ¶ 7.)

B. **Womply Attempts To Serve The Navarros' Listed Puerto Rico Address.**

The Navarros list ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as their "home address" on their Puerto Rico drivers' licenses. (Ex. 4 (BENWORTHPROD_0096384).) They also provided this address as their "home address" on a bank account application. (*Id.*) On April 19, 2023, a process server for Womply went to this address. (Ex. 2 (Pérez Decl.) ¶ 4.) He was unable to enter the apartment building but spoke to "Lisa," who was standing on the balcony of ▮▮▮▮▮▮▮ (she refused to give her last name). (*Id.*) "Lisa" represented that she has lived in the apartment for the past 30 years and did not know Mr. Navarro or Ms. Navarro. (*Id.*)

C. **Womply Attempts To Serve The Navarros' Florida Home.**

A public records search identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as the Navarros' last known home address. (Levy Decl. ¶ 7.) According to Miami-Dade County public records, the Navarros purchased this home in 2005. (*Id.*) On May 12, 2021, the Navarros transferred this property to the Ocean Terrace Family Trust. (*Id.*) The mailing address of the Ocean Terrace Family Trust is 700 Biltmore Way, Suite C1, Miami, Florida 33134. (*Id.*) On its website, Benworth FL lists its address as 700 Biltmore Way, Suite C1, Miami, Florida 33134. (Ex. 5.) Benworth FL's sole member and equity holder is Mr. Navarro. (Compl. ¶¶ 23–24.)

On April 25, 2023, a process server for Womply went to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Ex. 6 (Brady Decl. B. Navarro) ¶ 4; Ex. 7 (Brady Decl. C. Navarro) ¶ 4.) The address has a gated entrance with an intercom callbox. (*Id.*) The process sever rang the call box several times but no one answered, so he was unable to enter the property. (*Id.*) There was a Range Rover in the driveway of the address with a Florida license plate. (*Id.*) A public records search of the license plate number identified that the Range Rover was registered to Gilberto Navarro, who is Mr. Navarro's father and a Benworth FL employee. (Ex. 8; Ex. 9 (Navarro Dep.) at 16:19–17:9.)

- 4 -

The next day, the process server returned to the address. (Ex. 6 (Brady Decl. B. Navarro) ¶ 5; Ex. 7 (Brady Decl. C. Navarro) ¶ 5.) The Range Rover was parked in the driveway but no one answered the call box so he was unable to enter the property. (*Id.*) The process server also called Benworth FL's offices to inquire whether the Navarros were there. (Ex. 6 (Brady Decl. B. Navarro) ¶ 6; Ex. 7 (Brady Decl. C. Navarro) ¶ 6.) The Benworth FL employee who answered the phone represented that they were not there and were not in Miami. (*Id.*)

### D. The Navarros' Counsel Have Each Received And Reviewed The Complaint But Refuse To Accept Service.

On February 28, 2023, Benworth PR's counsel appeared as counsel for Ms. Navarro. (ECF No. 25.) On February 28 and March 1, 2023, Benworth FL's counsel appeared as counsel for Mr. Navarro. (ECF Nos. 26–30.) On March 27, 2023, after reviewing the Complaint, Benworth PR moved to dismiss or stay proceedings pending the outcome of the Arbitration. (ECF No. 34.) On March 29, 2023, Benworth FL moved to join Benworth PR's Motion. (ECF No. 35.) Neither Benworth PR nor Benworth FL has contested service. (ECF Nos. 34–35.) On March 30, 2023, the Navarros, represented by counsel for Benworth PR and Benworth FL, moved to quash Womply's service of process. (ECF No. 37.)

On April 4–5, 2023, counsel for Womply contacted both Puerto Rico and Florida counsel for Defendants by email and telephone to propose that "(1) all parties agree to stay the litigation pending an interim decision by the Arbitrator in the ongoing Arbitration (*i.e.*, a decision on the merits of the arbitration hearing, not a final determination of attorneys' fees and costs), (2) defendants withdraw their motions to dismiss without prejudice, and (3) counsel accept service for [Bernardo] and Claudia Navarro, which will avoid them having process servers serve them personally." (Ex. 10.) After delaying for over a week, Defendants' counsel responded that "Benworth, Benworth PR, and Mr. and Mrs. Navarro do not agree to any of the three parts of your

proposal." (*Id.*)  Defendants' counsel did not return calls to discuss this issue.  (Levy Decl. ¶¶ 13–14, 16.)

## ARGUMENT

"[T]he core function of service is to supply notice of the pendency of a legal action." *Henderson v. United States*, 517 U.S. 654, 672 (1996).  Service is governed by Rule 4, which is "interpreted broadly if defendant[s] received actual notice of [the] action."  4A Charles A. Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 1094 (4th ed. 2023) (collecting cases).  A party "contesting the manner in which process of service was performed" under Rule 12(b)(5) has "the absolute burden of specifically establishing to the Court how plaintiff failed to satisfy the requirements of the service provision utilized."  *Ramírez de Arellano v. Collloïdes Naturels Int'l*, 236 FR.D. 83, 85 (D.P.R. 2006) (collecting cases).  "[D]ismissal of the action under Fed. R. Civ. P. 12(b)(5) is inappropriate when there is a 'reasonably conceivable means' through which service may be obtained."  *Id.* at 85 n.4 (collecting cases).  Womply has repeatedly served the Navarros, who do not dispute that they have received actual notice of this action.

***First***, Womply served the Navarros at Benworth PR's office.  The Navarros do not dispute that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and acknowledge that Womply served the Summonses and Complaint on the Benworth PR "Office Administrator" Ms. Gómez, who represented that "she was authorized to accept service on behalf of Mr. and Mrs. Navarro." (Mot. to Quash at 2.)  The Navarros claim that, unbeknownst to Womply, Ms. Gómez was not "authorized by Mr. and Mrs. Navarro to receive process on their behalf."  (*Id.* at 4–5.)  But where, as here, "Defendants have received actual notice in time to preserve their rights and do not claim any prejudice," courts in this District accept even "[s]ervice of process that is technically incorrect" and order "Defendants to answer the complaint" while service is perfected.  *Hasebrouck v. Great Lengths Int'l*, 2008 WL 11502476, at *4 (D.P.R. Mar. 27, 2008) (collecting cases); *see also González-Droz v. González-*

*Colón*, 2009 WL 2843338, at *3 (D.P.R. Aug. 31, 2009) ("deem[ing] all parties as properly served," despite untimely service without good cause, because it was "reasonable to infer that Co–Defendants were aware of the claims asserted against them" and "Co–Defendants have not shown that the delay has affected their ability to defend themselves on the merits").

**Second**, Womply attempted to serve the Navarros at their home address.  The Navarros admit that the Federal Rules "allow[] an individual to be served by 'leaving a copy of [the Summons and Complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there.'"  (Mot. to Quash at 6 (quoting Fed. R. Civ. P. 4(e)(2)(B)).)  "[T]he fact of actual notice control[s] the application" of Rule 4(e)(2)(B), which "should be liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits."  4A Wright & Miller § 1096 (cleaned up; collecting cases).  Accordingly, courts hold that, where, as here, defendants have received actual notice, serving process to an address listed "on forms" or to a "former residence" is sufficient.  *Id.* (collecting cases).

Womply attempted to serve the Navarros at the address they listed on their Puerto Rico drivers' licenses and bank account applications.  (*See supra* Background Section B.)  Womply also attempted to serve the Navarros at their last known address in Florida.  (*See supra* Background Section C.)  Because the Navarros have actual notice of this action, this Court should "deem all parties as properly served" pursuant to Rule 4(e)(2)(B).  *González-Droz*, 2009 WL 2843338, at *3.

**Third**, should this Court hold that the Navarros have not yet been validly served, Womply requests leave to serve the Navarros by publication.  The Navarros admit that the Federal Rules "provide[] that an individual may be served by 'following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or

where service is made.'" (Mot. to Quash at 4 (quoting Fed. R. Civ. P. 4(e)(1)).) Puerto Rico law provides that "[t]he court **shall** issue an order providing for summons by publication" in a "newspaper of general circulation in Puerto Rico" where "the person to be served . . . could not be located even after pertinent efforts have been made" and the movant provides "an affidavit stating the efforts made." *Calderón Serra v. Banco Santander P.R.*, 747 F.3d 1, 8 (1st Cir. 2014) (emphasis added) (quoting P.R. Law Ann. tit. 32, app. V, R. 4.6).[2] Womply has submitted five declarations showing that Womply has sought to serve the Navarros eight times at three different addresses, which is more than sufficient to warrant service by publication. *See, e.g.*, *Calderón Serra*, 747 F.3d at 8–9 (affirming service by publication based on a single affidavit showing "last known address"); *see also Hasebrouck*, 2008 WL 11502476, at *1 ("The Puerto Rico court authorized service by publication . . . ."); *Live Well Fin., Inc. v. Estate of Santana Martinez*, 2020 WL 12188413, at *1 (D.P.R. Jan. 14, 2020) (granting plaintiff additional time "to serve process . . . by publication"); *Farb v. Perez-Riera*, 293 F.R.D. 77, 79 (D.P.R. 2013) ("grant[ing] Plaintiff an additional term of ten days to correctly serve Perez Riera through publication").[3]

## CONCLUSION

For the foregoing reasons, Womply respectfully requests that this Court deny the Navarros' Motion in its entirety. In the alternative, Womply respectfully requests leave to serve the Navarros by publication.

---

[2] Puerto Rico law is considered "state law" for purposes of Rule 4(e)(1). *See Calderón Serra*, 747 F.3d at 8. Under the 2020 amendments to the Puerto Rico Civil Code, which have not yet been translated, former Rule 4.6 was restyled as Rule 4.5 but was not substantively changed. P.R. Law Ann. tit. 32, app. V, R. 4.5.

[3] To the extent this Court also requires Womply to submit an affidavit attesting to the merits of its case, Womply submits the documents and testimony on which it relied to prepare and investigate the Complaint, including the sworn declaration of Womply's CEO (Ex. 11), sworn deposition testimony of Mr. Navarro (Exs. 9, 12), and agreements between Benworth and Benworth PR (Exs. 13–14).

Dated: April 27, 2023

*Of Counsel:*

| Willkie Farr & Gallagher LLP | Respectfully submitted, |
|---|---|
| By: *Alexander L. Cheney* | By: *Alejandro J. Cepeda Diaz* |

Alexander L. Cheney (admitted *pro hac vice*)  
One Front Street  
San Francisco, CA 94111  
(415) 858-7400  
acheney@willkie.com

Joshua S. Levy (admitted *pro hac vice*)  
1875 K Street, N.W.  
Washington, D.C. 20006  
(202) 303-1000  
jlevy@willkie.com

Alejandro J. Cepeda Diaz  
USDC-PR 222110  
McConnell Valdés LLC  
270 Muñoz Rivera Ave.  
Hato Rey PR 00918  
Tel: (787) 250-5637  
Email: ajc@mcvpr.com

*Attorneys for Plaintiff Oto Analytics, LLC*

- 10 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 27, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notices to all parties receiving notifications through the CM/ECF system.

Dated: April 27, 2023                                    By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*