IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OTO ANALYTICS, LLC,<br><br>    Plaintiff,<br><br>            vs.<br><br>BENWORTH CAPITAL PARTNERS PR LLC,<br>BENWORTH CAPITAL PARTNERS LLC,<br>BERNARDO NAVARRO and CLAUDIA<br>NAVARRO,<br><br>    Defendants. | Civil No. 23-1034 (GMM) |

## JOINT REPLY BRIEF IN SUPPORT OF MOTIONS TO DISMISS

TO THE HONORABLE COURT:

    COME NOW, codefendants Benworth Capital Partners LLC ("Benworth FL") and Benworth Capital Partners PR LLC ("Benworth PR"), specially appearing without submitting to the Court's jurisdiction, through the undersigned counsel, and respectfully submit the following reply in response to *Plaintiff Womply's Consolidated Memorandum of Law in Opposition to Benworth Capital Partners PR LLC's and Benworth Capital Partners LLC's Motions to Dismiss* (the *Opposition*) (D.E. 49). This reply addresses various new arguments and statements made by Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc., d/b/a Womply) ("Womply") in its *Opposition*.

    To begin, we note that the *Opposition* accepts, at a minimum, that a stay of proceedings would be appropriate in this case until the arbitrator issues a final decision on the merits in the Arbitration. *See* D.E. 49 at 7 & 13-14. Nonetheless, a dismissal at this stage is still warranted and is the functional equivalent of a stay of proceedings where, as here, every one of the claims raised

by Womply is unripe absent an award in the Arbitration declaring that Benworth FL is a true debtor of Womply's and the amount of any such debt.  As Benworth FL anticipated in its prior filing, this Court is well within its discretion to administratively dismiss this case and issue the corresponding judgment pending a final determination in the Arbitration, subject to re-opening the case if the need arises (i.e., if Womply obtains the award it seeks in the Arbitration). *See* D.E. 35 at 4 n.2 (citing Civil Justice Reform Act of 1990, which encourages the "just, speedy and inexpensive resolutions of civil disputes." 28 U.S.C. §§ 471 *et seq*.).

Aside from the above, the main thrust of the *Opposition* is the notion that Womply should be able to seek the remedy of prejudgment attachment through this case, precisely because the issue of whether the debt exists is being "actively litigated" in the Arbitration. D.E. 49 at 2-3, 8-9. There are multiple problems with this posture.

First, Womply cannot justify the sufficiency of a premature fraudulent conveyance claim against Benworth PR and Benworth FL with the fact that one of its remedies requested in the Complaint includes prejudgment attachment. That is not a claim in itself, but rather a provisional remedy to secure a potential judgment in this case, the issuance of which would be discretionary under applicable law. *See Vera-Velez v. Diaz-Sanchez*, No. 06-2127 (SEC), 2009 WL 2929337, at *2 (D.P.R. Sept. 8, 2009) (noting discretionary nature of provisional remedies under Puerto Rico law); Fed.R.Civ.P. 64(b) (governing law for seizing property as a provisional remedy is that of the state where the court is located).

Second, unlike *Roca-Buigas v. LM Waste Servs. Corp.*, Civil No. 19-1044, 2021 WL 4496467 (D.P.R. Sept. 30, 2021), cited by Womply in the *Opposition*, other than mentioning it in paragraph 256(b) of the Complaint's prayer for relief, Womply has not properly requested prejudgment attachment in this case pursuant to Federal Rule of Civil Procedure 64(b) or,

consequently, Puerto Rico Rule of Civil Procedure 56, P.R. Laws Ann. tit. 32, Ap. V, § 56. In fact, should Womply properly move for prejudgment attachment in this case, the applicable standard of review would also counsel in favor of a dismissal or stay of proceedings until the Arbitration award issues. Under the applicable Puerto Rico rules, the lawfulness of a prejudgment attachment "depends on the validity of the plaintiff's claim against the defendant-attachee." *García-Guzmán v. Villoldo*, 273 F.3d 1, 6 (1st Cir. 2001). The Court would be called to determine whether Womply's claims have sufficient merit to warrant awarding the provisional remedy of prejudgment attachment. The existence of any debt owed to Womply is an element crucial to the validity of each of the claims asserted in the Complaint, and a matter entirely subject to arbitration that perforce cannot be adjudicated by this Court. *See Di Mercurio v. Sphere Drakes, Ins PLC*, 202 F.3d 71, 77 (1st Cir. 2000). The Complaint, and any possible motion for prejudgment attachment, would require the Court to resolve preliminary questions on liability that are subject to arbitration and will have been submitted to the Arbitrator for adjudication once closing arguments occur. *See* D.E. 49-1, ¶ 3.

That is what distinguishes this case from the facts in *Foisie v. Worcester Polytechnic Institute*, 967 F.3d 27 (1st Cir. 2020), also relied upon by Womply. As noted in Benworth PR's motion to dismiss, unlike *Foisie*, this is not an ordinary case involving parallel civil or criminal proceedings, as to which this court may have discretion to assume subject matter jurisdiction in tandem over claims involving the same facts that are simply subject to pending adjudication by another court. *See* D.E. 34 at 6 & n.3. In this case, the issue "actively being litigated," *Foisie*, 967 F.3d at 36, is subject to an arbitration agreement and an ongoing arbitration proceeding. Since **courts are prevented from resolving the merits of arbitrable disputes**, *see Di Mercurio*, 202 F.3d at 77, this Court does not have the same discretion as the district court had in *Foisie* to

adjudicate a crucial element of **each** cause of action in the Complaint (i.e., the existence of the debt itself), which will remain unripe until the award issues in the Arbitration. See D.E. 34 at 6.

Finally, Womply cites *In re Tyoc Int'l Ltd.*, No. 02-1335-B, 03-1342-B, 2003 WL 23112341, *3 (D.N.H. Dec 29, 2003), for the proposition that the fact that the underlying debt is subject to adjudication in the Arbitration does not foreclose this Court from adjudicating Womply's claims for equitable relief. Specifically, Womply notes that in that case, the court compelled certain claims to arbitration but denied a stay of the non-arbitrable claims despite an "evidentiary overlap." That case is distinguishable, however, because the court expressly noted that the non-arbitrable claim was "not the predominate claim" in that case. *Id.* It also involved a complex multi-district litigation in which "the public ha[d] a strong interest in seeing that [it be] resolved expeditiously," and the court was "unwilling to risk the additional delay that [would] result from a stay of [the] nonarbitrable claims." *Id.* The circumstances here are entirely different. Every claim in this case is brought against both Benworth FL and Benworth PR, and all claims are non-arbitrable as to Benworth PR. Indeed, the entire stated purpose of the Complaint is to attempt to hold Benworth PR accountable for the supposed liability of Benworth FL to be determined in the pending Arbitration. Moreover, the Arbitration was ongoing when Womply chose to bring this parallel litigation in federal court. As already argued – and consented by Womply – at the very least, a stay of non-arbitrable claims is warranted in this context, particularly when resolution of the arbitrable claim may have a preclusive effect on the non-arbitrable claims. See D.E. 34 at 8-9.

**WHEREFORE**, Benworth PR and Benworth FL respectfully request that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of ripeness and standing, or alternatively stay proceedings pursuant to Section 3 of the FAA, 9 U.S.C. § 3,

-5-

until a final and conclusive award issues in the Arbitration between Womply and Benworth FL, as argued at D.E. 34 and 35.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, today May 12, 2023.

CERTIFICATION: The undersigned certify that this document was filed on this date with the Clerk of Court using the CM/ECF system, which will serve notice on all attorneys of record.

[SIGNATURE PAGE FOLLOWS]

**FERRAIUOLI LLC**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*/s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners LLC*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Benworth Capital Partners PR LLC*