**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) |

**JOINT REPLY TO OPPOSITION TO MOTION TO QUASH SERVICE OF PROCESS
PURSUANT TO FED. R. CIV. P. 12(b)(5)**

**TO THE HONORABLE COURT:**

**COME NOW** codefendants Bernardo and Claudia Navarro ("Mr. and Mrs. Navarro"), by special appearance and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any defense, through the undersigned counsel, and very respectfully file the instant reply[1] to *Plaintiff Womply's Memorandum of Law in Opposition to Bernardo Navarro and Claudia Navarro's Motion to Quash* (the "Opposition") (D.E. 54), and in further support of their *Motion to Quash Service of Process Pursuant Fed. R. Civ. P. 12(b)(5)* (the "Motion to Quash") (D.E. 37).

On March 30, 2023, Mr. and Mrs. Navarro filed the Motion to Quash demonstrating that plaintiff Oto Analytics, LLC f/k/a Oto Analytics, Inc. d/b/a Womply ("Womply") failed to comply with any of the options allowed under Fed. R. Civ. P. 4(e) to effectively serve them in their individual capacity. (D.E. 37). First, service was insufficient under subsections (A) or (B) of Fed. R. Civ. P. 4(e)(2), or the state law governing summons under Fed. R. Civ. P. 4(e)(1), because Mr.

---

[1] On May 5, 2023, Mr. and Mrs. Navarro were granted leave to reply and an extension until today to do so. (D.E. 60).

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **2** of **11**

and Mrs. Navarro were not served personally or through someone of suitable age and discretion who resides at their home or usual place of abode. Second and most important, service is also deficient under subsection (C) of Fed. R. Civ. P. 4(e)(2), governing service through an individual's authorized agent, since Ms. Alondra Gómez ("Gómez"), who the process server described as an "Office Administrator," ***is not*** an agent authorized by appointment or by law to receive service on behalf of Mr. and Mrs. Navarro. Consequently, the service claimed as to Mr. and Mrs. Navarro and addressed at D.E. 37 should, indeed, be quashed under Fed. R. Civ. P. 12(b)(5) and Womply should be required to effectuate service in compliance with the law.

Faced with the unsurmountable task of showing that the deficient service attempted as to Mr. and Mrs. Navarro can somehow withstand the attack under Fed. R. Civ. P. 12(b)(5), on April 27, 2023, Womply filed the Opposition. (D.E. 52). Womply's 8-page submission is not a challenge to the Motion to Quash but an attempted escape hatch to belatedly move for service by publication, without having shown good cause nor requesting an extension of the 90-day term to serve the defendants. That explains why Womply expends pages with narrative (and even refers to five declarations) of supposed failed efforts to try to serve Mr. and Mrs. Navarro, many of those efforts **after** the Motion to Quash was filed on March 27,[2] while advancing in various instances its request for service by publication "should this Court hold that the Navarros have not yet been validly served." Id., at p. 7. Nonetheless, Mr. and Mrs. Navarro will address *seriatim* the three (3)

---

[2] For instance, Womply refers to efforts made on ***April 4-5, 2023*** (D.E. 54, at p. 8 "On April 4-5, 2023, counsel for Womply contacted Puerto Rico and Florida counsel for Defendant by email and telephone to propose that […] counsel accept service for [Bernardo] and Claudia Navarro, which will avoid them having process servers serve them personally"), ***April 19, 2023*** (id., at p. 7 "On April 19, 2023, a process server for Womply went to this address"), ***April 20, 2023*** (id., at p. 6, "On April 20, 2023, a process server for Womply again went…"), ***April 21, 2023*** (id., "The next day, a process server for Womply returned…"), ***April 25, 2023*** (id., at p. 7 "On April 25, 2023, a process server for Wemply went to…"), and ***April 26, 2023*** (id., at p. 8 "The next day, the process server returned to the address"). None of those efforts are relevant to the Motion to Quash filed on March 30, 2023, and thus, should be disregarded.

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **3** of **11**

arguments of the Opposition, one of them being the request to serve by publication.

*First*, Womply argues, in conclusory fashion, that it "served the Navarros at Benworth PR's office." (D.E. 54, at p. 9). However, as expected, Womply **_did not_** challenge the core contention of Mr. and Mrs. Navarro that the service attempted through Ms. Gómez is deficient. There is no argument, much less any legal support, in the Opposition explaining the validity of the attempted service as to Mr. and Mrs. Navarro by leaving the Summonses and the Complaint with Ms. Gómez based on the process server's understanding that Ms. Gómez represented that "she was authorized to accept service on behalf of Mr. and Mrs. Navarro." Id. Considering the declarations under penalty of perjury to the contrary submitted by Mr. and Mrs. Navarro at D.E. 37-1 and 37-2, Womply **_has not_** met the required burden of proving that service through Ms. Gómez was in fact proper. Somascan, Inc. v. Phillips Med. Sys. Nederland B.V., Civil No. 09-1139 (ADC), 2009 WL 4730771, at *3 (D.P.R. Nov. 13, 2009) (internal citation omitted). Specifically, Womply failed to submit evidence of Ms. Gómez's "actual appointment for the specific purpose of receiving process." See, e.g., Nyholm v. Pryce, 259 F.R.D. 101, 104 (D.N.J. 2009) ("[t]he burden remains on the plaintiff to prove that an agency relationship existed between the [defendant] and [the individual who accepted service]."). Thus, Womply **_did not_** prove that Mr. and Mrs. Navarro intended to confer Ms. Gómez with the specific authority to receive process. See 5A C. Wright & A. Miller, Federal Practice and Procedure § 1097 (3d ed. 2002), cited in Fernández-Salicrup v. Figueroa-Sancha, Civil No. 10-1975 (ADC), 2011 WL 13135962, at *2 (D.P.R. May 2, 2011). As a result, the Motion to Quash stands unopposed regarding the insufficiency of service under subsection (C) of Fed. R. Civ. P. 4(e)(2) and Rule 4.4(a) of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. tit. 32 Ap. V, R. 4.4(a), and should be granted on this ground.

Mindful that the service attempted through Ms. Gómez is deficient and fails to comply with

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **4** of **11**

the procedural rules, Womply ventures to assert that "where, as here, 'Defendants have received actual notice in time to preserve their rights and do not claim any prejudice,' courts in this District accept even '[s]ervice of process that is technically incorrect' and order 'Defendants to answer the complaint' while service is perfected," quoting from Ha[e]sebrouck v. Great Lenghts Int'l, Civ. No. 07-1574 (JAF),2008 WL 11502476, at *4 (D.P.R. Mar. 27, 2008) (collecting cases), and González-Droz v. González, Civil No. 06–2263(SEC), 2009 WL 2843338, at *3 (D.P.R. Aug. 31, 2009). (D.E. 54, at p. 9). As Mr. and Mrs. Navarro will show, Womply's reliance in Haesebrouck and González-Droz is misplaced, inapposite here, and should be disregarded by this Court.

In Haesebrouck, unlike here, prior to removal the plaintiff served the defendants by publication within the then allowed six-month period. The defendants moved to dismiss because (1) plaintiff failed to complete process within six (6) months of filing the complaint, (2) plaintiff failed to comply with the state court order shortening the term to service process, (3) plaintiff did not timely mail the summons and the complaint, and (4) both the state court order allowing service by publication and the summons by publication were defective. The district court validated said service and denied the defendants' dispositive motion. Haesebrouck, 2009 WL 2843338, at *2-3. The district court held that the plaintiff served the defendants within the six (6) month period and that the state court had allowed such a term, despite its order shortening the term for service, by requiring plaintiff to show compliance of service within six (6) months. Moreover, plaintiff did not timely mail the summons and the complaint after service by publication, but the defendants conceded that the state court failed to order plaintiff to do so, plus the defendants did not claim any prejudice in the delay of the mailing of the summons and the complaint. Id., at *3. The district court further stated that, "[d]espite the omissions in the [state] court's order, however, Plaintiff substantially complied with the publication requirements. […] Additionally, Defendants have

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **5** of **11**

received actual notice in time to preserve their rights and do not claim any prejudice." Id., at *4

(internal citations omitted). The district court concluded that the defendants received actual notice

because it found that service by publication was valid. Nevertheless, the district court "ordered

Plaintiff to re-serve Defendants in compliance with PRRCP 4.5 [by publication] in order to perfect

service of process" and the "Defendants to answer the complaint within twenty (20) days from

perfection of service." Id.

Here, unlike in Haesebrouck, Womply ***has not*** validly served process upon Mr. and Mrs.

Navarro under any of the options provided by Fed. R. Civ. P. 4(e). Unlike in Haesebrouck,

Womply has not served Mr. and Mrs. Navarro by publication, much less did it mail the Summonses

and the Complaint as part of the service by publication process, to claim that Mr. and Mrs. Navarro

"received actual notice in time to preserve their rights." Id. Here, Womply ineffectively attempted

service of Mr. and Mrs. Navarro through Ms. Gómez, who undisputedly has never been an agent

authorized by Mr. and Mrs. Navarro to receive process on their behalf, nor is Ms. Gómez

authorized by law to receive service on their behalf. See D.E. 37-1, 37-2 (Declarations of Mr. and

Mrs. Navarro at ¶¶ 5-6). Therefore, the ineffective service attempted through Ms. Gómez cannot

only be deemed "technically incorrect" but defective and invalid in its entirety. As such, Mr. and

Mrs. Navarro did not receive "actual notice in time to preserve their rights" through the challenged

attempt at service. In any event, the district court in Haesebrouck did not accept "'[s]ervice of

process that is technically incorrect' and order 'Defendants to answer the complaint' while service

is perfected," as characterized by Womply (D.E. 54 at 6), but **instead ordered the plaintiff to re-**

**serve the defendants by publication and the defendants to answer the complaint in twenty**

**(20) days after perfection of service**, which is ultimately the relief sought in the Motion to Quash:

"deem the service of process upon Mr. and Mrs. Navarro as insufficient under Rule 4(e), and

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **6** of **11**

require Womply to effectuate proper service of process." (D.E. 37, at p. 7 (prayer for relief)). As such, Haesebrouck does not support Womply's flawed proposition and is inapposite here.

Meanwhile, in González-Droz, the plaintiff validly served the defendants but after the former 120-day term to serve process under Fed. R. Civ. P. 4(m) had elapsed. Although there was no issue with the method of service, the defendants moved to dismiss because service was made after the 120-day limit had elapsed and plaintiff did not move for an extension of time to effectuate service. The district court denied the defendants' motion to dismiss. Although it concluded that plaintiff had failed to show good cause for the delay in service, the district court considered other factors that could warrant an extension of time to serve process. First, it considered that the statute of limitations barred refiling of plaintiff's claims, which shifted the balance in plaintiff's favor. The district court stated that "courts have exercised discretion, and granted extensions under Rule 4(m), after considering: 'whether the defendant had actual notice of the claims asserted in the complaint… whether the defendant evaded service… whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision,' and '… whether service was required to be made on multiple defendants." González-Droz, 2009 2843338, at *3. On those considerations, the district court stated that "[s]ince the other six defendants were served expediently, this Court finds it reasonable to infer that Co-Defendants were aware of the claims asserted against them," that there was no reason to believe the defendants were prejudiced by the 3-week delay in service, and that the defendants did not show that the delay affected their ability to defend themselves. Id. For these reasons, the district court deemed all parties as properly served.

To begin with, the instant case does not involve an issue regarding the timing of the service of process beyond the limitation of Fed. R. Civ. P. 4(m). Once again, unlike in González-Droz, Womply *has not* validly served process upon Mr. and Mrs. Navarro under any of the options under

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **7** of **11**

Fed. R. Civ. P. 4(e). Womply ineffectively attempted service of Mr. and Mrs. Navarro through Ms. Gómez, and that ineffective attempt at service cannot be considered valid or as providing "actual notice" of this action. Even if we assume, for the sake of argument, that Mr. and Mrs. Navarro somehow have "actual notice" of this action, there is no legal foundation to conclude that they should be deemed as "properly served" on that basis, as Womply disingenuously submits at page 10 of its Opposition. Nowhere in González-Droz did the district court hold that having "actual notice" of a lawsuit is tantamount to a defendant being deemed as "properly served". As such, González-Droz does not support Womply's wronged proposition and is inapposite here.

*Second*, the above discussion leads to Womply's argument that it "attempted to serve the Navarros at their home address." (D.E. 52, at p. 10). As demonstrated in the Motion to Quash, Womply has not actually served Mr. and Mrs. Navarro at their dwelling or place of abode. See, D.E. 37-1, 37-2 (Declarations of Mr. and Mrs. Navarro at ¶4). Womply asserts only that it "attempted" to serve Mr. and Mrs. Navarro at certain addresses in Puerto Rico and in Florida. Id. Yet, Womply again concludes, without any foundation, that Mr. and Mrs. Navarro "have actual notice of this action" and that "this Court should 'deem all parties properly served' pursuant to Rule 4(e)(2)(B)" citing González-Droz, 2009 WL 2843338, at *3. (D.E. 52, at p. 10). As indicated, Mr. and Mrs. Navarro have not been effectively served under any of the options of Fed. R. Civ. P. 4(e). Again, there is no legal foundation to conclude that Mr. and Mrs. Navarro should be deemed as "properly served" based on purported "actual notice" under the facts of this case, as Womply disingenuously submits at page 10 of its Opposition. Womply's interpretation of Haesebrouck and González-Droz is misplaced, and its unsubstantiated proposition should be rejected.

*Third*, as indicated, Womply knows that it ***has not*** effectively served Mr. and Mrs. Navarro and, for that precise reason, it "requests leave to serve the Navarros by publication." (D.E. 52, at

Case 3:23-cv-01034-GMM   Document 64   Filed 05/15/23   Page 8 of 11

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **8** of **11**

pp. 4, 10). Notably, such a request is made in response to the Motion to Quash, and not as an independent motion. Such a belated request cannot be an afterthought and filed only in reaction to Mr. and Mrs. Navarro's Motion to Quash. Cognizant of the infirmities of the service of process attempted upon Mr. and Mrs. Navarro, Womply could not "keep the card up its sleeve" regarding the purported difficulties to serve them and raise those arguments only in the event of a challenge to the (improperly) effectuated service. If Womply truly had valid grounds for service by publication, then it should have timely filed a motion setting forth compelling reasons as to why service by publication was warranted, especially past the 90-day window afforded by Fed. R. Civ. P. 4(m). Yet, Womply failed to do so and is now late, aside from the fact that it has not met the required good cause showing for this Court to extend the term for service of process.

Fed. R. Civ. P. 4(m) "requires a defendant to be served within [90] days after the complaint is filed." Carmona-Delgado v. Admin. de Servs. Médicos de P.R., Civil No. 18-1949 (CCC/GAG), 2020 WL 11627597, at *1 (D.P.R. Aug. 5, 2020) (internal citation omitted). Hence, "[i]f plaintiff fails to serve a defendant within the 90 days, 'the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.'" Id. (citing Fed. R. Civ. P. 4(m)).

In the instant case, the Complaint was filed on January 24, 2023, and the Summonses to Mr. and Mrs. Navarro were issued on January 25, 2023. (D.E. 6). Pursuant to Fed. R. Civ. P. 4(m), Womply had ninety (90) days, until April 24, 2023, to effectively serve Mr. and Mrs. Navarro. However, the April 24, 2023, deadline expired and Womply failed to effectively serve Mr. and Mrs. Navarro. Hence, almost four (4) months have elapsed since Womply filed the Complaint without effectively serving Mr. and Mrs. Navarro. Given that Womply has not properly served Mr. and Mrs. Navarro, there is no room for any argument from Womply on whether good cause exists

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **9** of **11**

for the untimeliness of service. Moreover, nowhere in the Opposition does Womply request an extension of the 90-day term to serve Mr. and Mrs. Navarro. Womply has not addressed in its Opposition any of the factors that district courts in the First Circuit have considered in granting a discretionary extension under Rule 4(m). By failing to do so, Womply did not make the required showing to move this Court to exercise its discretion to extend the 90-day term for service of process. As result, Womply is now late, and the Complaint should be dismissed for failure to serve within the time limitations of Rule 4(m). Carmona-Delgado, 2020 WL 11627597, at *2 (internal citation omitted) ("Rule 4(m) mandates dismissal 'if service is not made within [90] days of the filing of the complaint unless the plaintiff shows 'good cause' for the failure.'")).

If this Court were to entertain Womply's request for service by publication, the same fails to comply with the strict requirements for service by publication established in Rule 4.5 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. Tit. 32, App. V, R. 4.5.  The strictness of such requirements is "based on the fact that service by publication permits a plaintiff to proceed to judgment with nothing more than a form of notice to defendant—publication—that is quite likely to go unobserved." Bautista Cayman Asset Company v. Las Casitas Oasis, Inc., Civil No. 16-3165 (CCC), 2017 WL 7362732, at *2 (D.P.R. Jun. 20, 2017) (internal citation omitted).

This Court has explained that "Rule 4.5 mandates that when the person to be served cannot be located in Puerto Rico despite diligent efforts or hides to avoid service, and this is satisfactorily shown to the Court by means of a sworn statement setting forth such efforts, and said statement or complaint justifies the granting of some relief against the person to be served, then the Court may order that the person be served through edict." Las Casitas Oasis, 2017 WL 7362732, at *1. More to the fact that it has failed to serve Mr. and Mrs. Navarro, Womply states that it "has submitted five declarations showing that Womply has sought to serve the Navarros eight times at three

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **10** of **11**

different addresses, which is more than sufficient to warrant service by publication." (D.E. 52, at p. 11). However, a perusal of those declarations reflects that they consist of mere generalities other than hearsay evidence, as well as formulaic recitations, and do not state specific probative facts of the diligences made, which the Puerto Rico Supreme Court has expressly stated is insufficient. Las Casitas Oasis, 2017 WL 736732, at *1 (internal citation omitted). As such, this Court should conclude that Womply failed to comply with the strict requirements for service by publication and, consequently, deny the untimely request.

In sum, given that the bases for quashing service in the Motion to Quash are unchallenged, the same should be granted and Womply should be required to effectuate service upon Mr. and Mrs. Navarro in compliance with Rule 4(e) and applicable law. Moreover, Womply flouted the 90-day term to serve process under Rule 4(m), failed to timely move for service by publication, and has not complied with the strict requirements for service by publication. Therefore, the Complaint should be dismissed as to Mr. and Mrs. Navarro for failure to serve within the time limitations of Rule 4(m).

**WHEREFORE**, Mr. and Mrs. Navarro respectfully request that this Honorable Court grant the Motion to Quash (D.E. 37) and, consequently, deem the service of process upon Mr. and Mrs. Navarro as insufficient under Rule 4(e) and, further, request dismissal of the Complaint as to Mr. and Mrs. Navarro under Rule 4(m).

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 15th day of May 2023.

**Joint Reply to Opposition to Motion to Quash Service of Process…**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **11** of **11**

**Ferraiuoli** LLC
*Looking Forward*

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com

*Counsel for Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Claudia Navarro*