**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OTO ANALYTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,<br><br>Defendants. | Civil No. 23-01034 (GMM) |

**MOTION FOR JOINDER TO THE "MOTION TO DISMISS OR STAY PROCEEDINGS PENDING OUTCOME OF ARBITRATION" [D.E. 34] AND THE "JOINT REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS [D.E. 61]**

**TO THE HONORABLE COURT:**

**COME NOW** codefendants Bernardo and Claudia Navarro ("Mr. and Mrs. Navarro"), *by special appearance and without submitting to the jurisdiction or venue of this Honorable Court nor waiving any defense*, through the undersigned counsel, and hereby join and adopt by reference codefendant Benworth Capital Partners PR LLC's ("Benworth PR") "Motion to Dismiss or Stay Proceedings Pending the Outcome of Arbitration" [D.E. 34], which was joined by codefendant Benworth Capital Partners LLC ("Benworth FL") [D.E. 35], and the "Joint Reply Brief in Support of Motion to Dismiss" [D.E. 61], and as grounds therefore states and prays as follows:

The Complaint filed by the plaintiff Oto Analytics, LLC f/k/a Oto Analytics, Inc. d/b/a Womply ("Womply") [D.E. 1 & 3] stems from an arbitration proceeding initiated by Womply against Benworth FL in August 2021 ("Arbitration Proceedings"), in which Womply seeks to recover millions of dollars in fees from Benworth FL that Womply claims are owed under their agreements.

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34] …**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et al.*
Civil No. 23-01034 (GMM)
Page **2** of **6**

Despite what Womply would have this Court believe, the existence of the debt and the amount Womply seeks to collect from Benworth FL is in controversy and currently being disputed in the *ongoing* Arbitration Proceedings. There is no binding, final, or enforceable arbitration award against Benworth FL, and this litigation is Womply's attempt to put the cart before the horse.

According to Womply, Benworth FL owes it millions of dollars in fees for services rendered and technology provided to Benworth FL for the processing, management and tracking of the federal loans that Benworth FL granted to eligible borrowers under the Paycheck Protection Program created by Congress under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020) in response to the COVID-19 pandemic. Womply further contends that, to avoid its payment obligations towards Womply, Benworth FL fraudulently transferred $171 million to Benworth PR, an entity allegedly created by codefendants Mr. and Mrs. Navarro to facilitate the fraudulent transfer from Benworth FL to Benworth PR and, consequently, to assist Benworth FL to avoid its payment obligations. However, Womply omits the fact that Benworth FL filed a counterclaim in arbitration that substantially exceeds any claim by Womply and that such counterclaim is pending adjudication as well in the Arbitration Proceeding. [D.E. 1 & 3, ¶¶ 157-164]. Indeed, in its counterclaim, Benworth FL alleges that Womply was an "agent" under the SBA regulations, which, in turn, limits Womply's fees to a 1% referral fee. As a result, Womply has grossly overcalculated the fees it claims Benworth FL owes it by over $150 million, if they are owed at all. [*See* D.E. 35 at 2].

Even though Womply's collection claim and Benworth FL's counterclaim are currently being arbitrated in the ongoing Arbitration Proceedings in accordance with the parties' express agreement to arbitrate, Womply has brought "this action for an order rescinding the Fraudulent Transfer and for other purported equitable relief so that Womply can recover the fees and interest

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34] …**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et al.*
Civil No. 23-01034 (GMM)
Page **3** of **6**

it earned under its contracts with Benworth FL." [D.E. 1 & 3, ¶ 20]. Womply thus requests this Court (i) to rescind the alleged actual fraudulent transfer between Benworth FL and Benworth PR (Count I); (ii) to rescind the alleged constructive fraudulent transfer between Benworth FL and Benworth PR (Count II); (iii) to declare that Benworth PR is the alter ego or successor of Benworth FL (Count III); and (iv) to pierce the corporate veil of Benworth PR and hold codefendants Mr. and Mrs. Navarro personally liable for the money allegedly owed to Womply (Count IV). These claims are being made against all defendants without any final determination in the ongoing Arbitration Proceedings, which would entitle Womply to seek the relief requested and which, simply put, means that Womply wishes for this Court to render an advisory opinion. Womply's claims are without merit and, more importantly, premature.

On March 24, 2023, Benworth PR filed a "Motion to Dismiss or Stay Proceedings Pending the Outcome of Arbitration" ("Motion to Dismiss") [D.E. 34]. Therein, Benworth PR showed that Womply jumped the gun and that its claims in the Complaint lack ripeness, hinge on the outcome of the Arbitration Proceedings, and that Womply cannot sufficiently allege an injury or substantial injury without first prevailing in the Arbitration Proceedings. *Id.*

On March 29, 2023, Benworth FL filed a "Motion for Joinder to the 'Motion to Dismiss or Stay Proceedings Pending Outcome of Arbitration'" [D.E. 35]. In the same, Benworth FL joined Benworth PR's Motion to Dismiss [D.E. 34] and consequently, moved to dismiss or alternatively stay the Complaint.

On April 24, 2023, Womply's filed a "Consolidated Memorandum of Law in Opposition to Benworth Capital Partners PR LLC's and Benworth Capital Partners LLC's Motions to Dismiss" (D.E. 49). To address the same, on May 12, 2023, Benworth PR and Benworth FL filed a "Joint Reply Brief in Support of Motions to Dismiss" ("Joint Reply") [D.E. 61].

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34] …**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et al.*
Civil No. 23-01034 (GMM)
Page **4** of **6**

Pursuant to Fed. R. Civ. P. 10(c) and L. Civ. R. 7(f), for the sake of judicial economy and to avoid needless repetition of briefing, Mr. and Mrs. Navarro hereby join and incorporate by reference, as if argued herein, all the arguments, citations, and prayers for relief made in Benworth PR's Motion to Dismiss [D.E. 34], which was joined by Benworth FL [D.E. 35], and the Joint Reply [D.E. 61].[1] The arguments in the Motion to Dismiss and the Joint Reply are readily transferrable to Mr. and Mrs. Navarro's instant motion for the following reasons.

*First,* Womply's claims are not yet ripe for adjudication by this Court. Under Counts I and II of the Complaint, respectively, Womply seeks to rescind the alleged actual and constructive fraudulent transfer made by Benworth FL to Benworth PR. As Benworth PR correctly stated in its Motion to Dismiss, under Puerto Rico law, a transaction executed "in fraud of creditors" may be rescinded when a creditor cannot recover what is due. P.R. Laws Ann. tit. 31, §§ 6231 & 6233. Therefore, to the extent that the debt allegedly owed by Benworth FL to Womply is pending adjudication in the Arbitration Proceedings, Counts I and II can only ripen *after* (and if) Womply obtains a favorable arbitration award against Benworth FL. Put differently, without an arbitration award in favor of Womply, there is no debt owed to it by Benworth FL, let alone a debt that Womply has not recovered from Benworth FL. Relatedly, because an adjudication on the merits of Counts I and II requires a determination of Benworth FL's indebtedness to Womply, the parties' valid arbitration agreement bars this Court from adjudicating disputes that are subject to arbitration.

Likewise, Counts III and IV of the Complaint, under which Womply asserts corporate alter-

---

[1] Mr. and Mrs. Navarro state that, consistent with the Civil Justice Reform Act of 1990 that encourages the "just, speedy and inexpensive resolutions of civil disputes" 28 U.S.C. §§ 471 *et seq.*, and empowers the Judicial Conference of the United States to follow the travel of cases before its Districts, this Court has the discretion to *administratively* dismiss this case and issue the corresponding judgment pending such outcome subject to re-opening of the case if the need arises, instead of staying it until a final determination is made in arbitration at an uncertain period in the future.

Case 3:23-cv-01034-GMM    Document 90    Filed 08/31/23    Page 5 of 6

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34] …**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et al.*
Civil No. 23-01034 (GMM)
Page **5** of **6**

ego and veil-piercing claims, respectively, are entirely contingent on a favorable outcome for Womply in the Arbitration Proceedings because this Court would first have to determine that Benworth FL is indebted to Womply to determine that Benworth PR is liable for Benworth FL's debt to Womply.  Therefore, Counts III and IV also lack ripeness for adjudication by this Court.

*Second,* to the extent that all Womply's claims are premised on the determination of Benworth FL's indebtedness to Womply, which is pending adjudication in the ongoing Arbitration Proceedings, Womply cannot sufficiently allege an impending injury or substantial risk of injury to meet the standing requirements to bring its claims in the Complaint.  Thus, if and until an arbitration award is entered in favor of Womply, all four counts of the Complaint are hypothetical and lack ripeness, and Womply thus lacks standing to bring them.

Alternatively, this Court should stay the instant proceedings until an award is entered in the Arbitration Proceedings.  *See* 9 U.S.C. § 3.  Under the clear mandate of Section 3, where certain issues before a court are arbitrable, the court must stay the trial until such arbitration has been completed in accordance with the arbitration agreement.  *Id.*  Here, the determination of Benworth FL's indebtedness is the central controversy at issue in the ongoing Arbitration Proceedings.  Accordingly, a stay of the instant proceedings will promote judicial economy and avoid potentially inconsistent determinations.

**WHEREFORE**, codefendants Mr. and Mrs. Navarro respectfully request that this Honorable Court take notice of their joinder to Benworth PR's "Motion to Dismiss or Stay Proceedings Pending the Outcome of Arbitration" [D.E. 34], which was joined by Benworth FL [D.E. 35], and the "Joint Reply Brief in Support of Motion to Dismiss" [D.E. 61], as if fully argued herein, in the request for dismissal of the Complaint [D.E. 1 & 3] or, alternatively, the stay of the instant proceedings until the conclusion of the ongoing Arbitration Proceedings.

**Motion for Joinder to the "Motion to Dismiss or Stay Proceedings …" [D.E. 34] …**
OTO Analytics, LLC v. Benworth Capital Partners, LLC; Benworth Capital Partners PR, LLC; *et al.*
Civil No. 23-01034 (GMM)
Page **6** of **6**

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 31st day of August, 2023.

| | |
|---|---|
| **CASELLAS ALCOVER & BURGOS PSC**<br>PO Box 364924<br>San Juan, PR 00936-4924<br>Tel. (787) 756-1400<br>Fax. (787) 756-1401<br>rcasellas@cabprlaw.com<br>cloubriel@cabprlaw.com | **Ferraiuoli** LLC<br>*Looking Forward*<br>PO Box 195168<br>San Juan, PR 00919-5168<br>Tel.: 787.766.7000<br>Fax: 787.766.7001 |
| /s/ Ricardo F. Casellas<br>USDC-PR Bar No. 203114 | *s/ Roberto A. Cámara-Fuertes*<br>**Roberto A. Cámara-Fuertes**<br>USDC-PR 219002<br>Email: rcamara@ferraiuoli.com |
| /s/ Carla S. Loubriel Carrión<br>USDC-PR Bar No. 227509 | |
| *Counsel for Claudia Navarro* | *s/ Jaime A. Torrens-Dávila*<br>**Jaime A. Torrens-Dávila**<br>USDC-PR 223810<br>Email: jtorrens@ferraiuoli.com |
| | *s/ Mónica Ramos Benítez*<br>**Mónica Ramos-Benítez**<br>USDC-PR 308405<br>Email: mramos@ferraiuoli.com |
| | *Counsel for Bernardo Navarro* |