IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 23-01034 |
| | § | |
| BENWORTH CAPITAL PARTNERS PR | § | |
| LLC, BENWORTH CAPITAL PARTNERS | § | |
| LLC, BERNARDO NAVARRO and | § | |
| CLAUDIA NAVARRO, | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF WOMPLY'S RESPONSE TO THE NAVARROS' JOINT MOTION FOR
JOINDER TO BENWORTH'S MOTIONS TO DISMISS**

Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**") respectfully submits this response to Defendants Bernardo Navarro and Claudia Navarro's (together, the "**Navarros**") joint Motion for Joinder ("**Joinder Motion**"; ECF No. 90) to Defendants Benworth Capital Partners PR LLC ("**Benworth PR**") and Benworth Capital Partners LLC's ("**Benworth FL**"; together with Benworth PR, "**Benworth**"; together with the Navarros, "**Defendants**") motions to dismiss ("**Motions to Dismiss**"; ECF Nos. 34–35, 61).

The Navarros' Joinder Motion should be denied for the same reasons as Benworth's Motions to Dismiss. (ECF No. 49.) Contrary to the Navarros' assertions, Womply's claims do not "only ripen *after* (and if) Womply obtains a favorable arbitration award against Benworth FL." (Joinder Motion at 4 (emphasis in original).) Under First Circuit precedent, where, as here, "[t]he plaintiff's underlying civil claims are actively being litigated" and the defendant "fraudulently concealed millions of dollars" that "rendered [it] insolvent," "the plaintiff's fraudulent conveyance claims" are "ripe for adjudication." *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 35–36 (1st Cir. 2020). Moreover, both federal and Puerto Rico law permit prejudgment attachment. *See* Fed.

R. Civ. P. 64(b); P.R. Code of Civ. P. R. 56.1 (P.R. Laws Ann. tit. 32A, § 56.1).  Prejudgment attachment would serve no purpose if claims seeking such relief were not ripe until a final determination, which would deprive litigants of any remedy should a party move or hide assets, like Defendants did here.

The Navarros' assertion that "Womply's claims are premised on the determination of Benworth FL's indebtedness to Womply" in "the ongoing Arbitration Proceeding" (Joint Motion at 5) is wrong as a matter of fact and law.  Womply alleges in detail that Defendants have deprived Womply of nearly $200 million and, on a motion to dismiss, Womply's allegations must be "accepted as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

There is no need to "stay the instant proceedings until an award is entered in the Arbitration Proceedings."  (Joinder Motion at 5.)  In any event, Womply consents to a short stay until the Arbitrator issues an interim award, which will moot Defendants' motions.

- 3 -

Dated: September 14, 2023

*Of Counsel:*

Willkie Farr & Gallagher LLP

Respectfully submitted,

By: */s/ Alexander L. Cheney*

By: */s/ Alejandro J. Cepeda Diaz*

Alexander L. Cheney (admitted *pro hac vice*)
One Front Street
San Francisco, CA 94111
(415) 858-7400
acheney@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Stuart R. Lombardi (admitted *pro hac vice*)      Tel: (787) 250-5637
Willkie Farr & Gallagher LLP                       Email: ajc@mcvpr.com
787 7th Avenue
New York, NY 10019
(212) 728-8000                                      *Attorneys for Plaintiff Oto Analytics, LLC*
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 14, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notices to all parties receiving notifications through the CM/ECF system.

Dated: September 14, 2023                    By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*