IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OTO ANALYTICS, LLC, § § Plaintiff, § § v. § Civil Action No. 23-01034 § BENWORTH CAPITAL PARTNERS PR § LLC, BENWORTH CAPITAL PARTNERS § LLC, BERNARDO NAVARRO and § CLAUDIA NAVARRO, § § Defendants. | |

**PLAINTIFF WOMPLY'S REPLY ADDRESSING THE PROCEDURAL REQUIREMENTS OF PREJUDGMENT ATTACHMENT**

Alexander L. Cheney (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
One Front Street
San Francisco, CA 94111
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (*admitted pro hac vice*)
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

*Attorneys for Plaintiff Oto Analytics, LLC*

October 10, 2023

Pursuant to this Court's October 4, 2023 Order ("**Order**"; ECF No. 94), Plaintiff Womply submits this "reply specifically addressing the procedural requirements of its requested remedy of prejudgment attachment."[1]

## PRELIMINARY STATEMENT

Womply commenced this action in January 2023 and asserted claims for actual fraudulent transfer, constructive fraudulent transfer, and declaratory relief. Womply alleges that Benworth FL contracted to use Womply's services, refused to pay for Womply's services as required under the parties' agreements, and then fraudulently transferred money to Benworth PR to prevent Womply from collecting its fees. Womply's contractual claims against Benworth FL are currently being arbitrated and, during discovery in the Arbitration, Benworth FL CEO Bernardo Navarro testified that he secretly transferred at least $171 million from Benworth FL to Benworth PR, leaving Benworth FL unable to pay its debt to Womply. Womply sought and obtained the arbitrator's approval to use confidential information from the Arbitration to commence this action.

In its Complaint, Womply seeks equitable and declaratory relief, including attachment of Defendants' assets. Under Puerto Rico law, Womply can move for the preliminary relief of "prejudgment attachment" at any time, which would require Womply to show "the validity of the plaintiff's claim against the defendant," and that the requested relief "has the objective of ensuring the effectiveness of the Court's future judgment." *Roca-Buigas v. LM Waste Servs. Corp.*, 2021 WL 4496467, at *2 (D.P.R. Sep. 30, 2021) (cleaned up). Womply can make that showing now. However, as Benworth concedes, Womply is not seeking prejudgment attachment at this time. (Joint Reply Br. in Support of Motions to Dismiss at 2–3, ECF No. 61 ("**Joint Reply**") ("Womply has not properly requested prejudgment attachment in this case . . . .").) Among other reasons,

---

[1] Capitalized terms have the same meanings as in Womply's Opposition to Benworth's Motion to Dismiss ("**Opp.**"; ECF No. 49) unless otherwise indicated.

pursuing prejudgment attachment now would be inefficient and likely a waste of judicial resources. Indeed, Defendants admit they would oppose the motion using many of the same arguments that Benworth FL has raised in the Arbitration, which the arbitrator is on the verge of resolving.[2] (Joint Reply at 2–3.) It would be inefficient for the parties to begin re-litigating those issues here only to have the issues be mooted by the arbitrator.

The issue of prejudgment attachment arose in this case in the context of Defendants' motions to dismiss the Complaint, which argue, among other things, that Womply's claims "lack ripeness" because the Arbitration is "ongoing." (Mot. at 2; Joinder Mot. at 4.) In opposing the Motions, Womply argued that its claims do not ripen only after Womply obtains a favorable determination in the Arbitration. In making this argument, Womply relied on First Circuit precedent holding that where, as here, "[t]he plaintiff's underlying civil claims are actively being litigated" and the defendant "fraudulently concealed millions of dollars" that "rendered [it] insolvent," "the plaintiff's fraudulent conveyance claims" are "ripe for adjudication." *Foisie v. Worcester Polytechnic Inst.*, 967 F.3d 27, 35–36 (1st Cir. 2020). Womply further argued that the availability of prejudgment attachment under federal and Puerto Rico law supports Womply's position that Womply is entitled to pursue relief while the parties litigate Benworth FL's defenses to the existence of a debt to Womply.

Womply's decision not to move for prejudgment attachment while the Arbitration is ongoing does not render Womply's causes of action unripe. However, it does weigh in favor of a stay of these proceedings pending a decision by the arbitrator that may be relevant to the availability of prejudgment attachment as a provisional remedy and the underlying claims in this

---

[2] The arbitrator recently indicated that he was extending his target date for issuing an interim award (*i.e.*, excluding collection costs) from September 15, 2023, to November 1, 2023.

case.  For that reason, Womply has agreed with Benworth's request for a short stay of this case pending a decision of the arbitrator.

Accordingly, the only issue before this Court is whether to dismiss or stay this case pending a decision in the Arbitration.  This Court need not resolve now whether Plaintiff is entitled to prejudgment attachment, as Plaintiff has not yet sought that provisional relief.  In any event, Womply provides below the procedural requirements for obtaining prejudgment attachment in response to this Court's request.

## PROCEDURE FOR PREJUDGMENT ATTACHMENT

Prejudgment attachment provides "for seizure of property for the purpose of securing satisfaction of the [j]udgment ultimately to be entered in the action."  *Cisco Sys. Cap. Corp. v. Glob. Hotel Mgmt. Inc.*, 712 F. Supp. 2d 22, 23 (D.P.R. 2010); *see also* Fed. R. Civ. P. 64(b); P.R. Code of Civ. P. R. 56.1 (P.R. Laws Ann. tit. 32A, § 56.1).  Puerto Rico law supplies the substantive standard for obtaining a writ of prejudgment attachment.  *See* Fed. R. Civ. P. 64(a).

When deciding whether to issue prejudgment attachment, "the Court must consider whether the requested remedy is '(1) provisional; (2) has the objective of ensuring the effectiveness of the Court's future judgment; and (3) takes into account the interests of both parties, as required by substantial justice and the circumstances of the case.'"  *Roca-Buigas*, 2021 WL 4496467, at *2 (quoting *Citibank v. ACBI*, 200 D.P.R. 724, 733 (2018)).  "[T]he Supreme Court of Puerto Rico has construed its procedural rule expansively" to "confer[] upon the court sufficient flexibility to issue the measures which it deems necessary or convenient, according to the circumstances of the case, to secure the effectiveness of the judgments."  *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 71 (1st Cir. 2002) (quoting *HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 913–14 (1st Cir. 1988) (quoting *F.D. Rich Co. v. Super. Ct.*, 99 P.R. 155, 173 (1970))).  The "only limitation" is that the remedy must "be reasonable and

adequate to the essential purpose of the same, which is to guarantee the effectiveness of the judgment which in due time may be rendered." *Id.*

"[A] prejudgment attachment . . . depends 'on the validity of the plaintiff's claim against the defendant.'" *Roca-Buigas*, 2021 WL 4496467, at *2 (quoting *Garcia-Guzman v. Villoldo*, 273 F.3d 1, 6 (1st Cir. 2001)). Puerto Rico law also requires pre-attachment notice, hearing, and a bond, unless the movant shows that such procedures are unnecessary. P.R. Code of Civ. P. R. 56.4 (P.R. Laws Ann. tit. 32A § 56.4). "[A] pre-attachment hearing [i]s not required" where "the claimant has alleged or demonstrated," among other things, "a probability of prevailing on the merits through the use of authentic documentary evidence which shows that there is a debt liquid, due, and payable," or "the existence of extraordinary circumstances." *Citibank, N.A. v. Allied Mgmt. Grp.*, 466 F. Supp. 2d 403, 406 (D.P.R. 2006) (citing *Rivera Rodríguez & Co. v. Stowell*, 133 D.P.R. 881, 899–900 (1993)). Courts have significant flexibility "to determine the bond required for a[] [prejudgment] attachment," considering "'the usefulness of the property to be attached for the defendant; how solid are the grounds that prima facie support the plaintiff's claim; and if the security requested is the least onerous that may guarantee the effectiveness of the judgment which may be rendered.'" *Roca-Buigas*, 2021 WL 4496467, at *5 (quoting *Soc. de Gananciales v. Rodriguez*, 116 P.R. Dec. 468, 471–72 (1985)). Prejudgment attachment "may be granted without the filing of a bond" if "it appears from public or private documents, as defined by law, signed before a person authorized to administer oaths, that the obligation is legally enforceable." P.R. Code of Civ. P. R. 56.3(a) (P.R. Laws Ann. tit. 32A, § 56.3(a)).

Dated: October 10, 2023

*Of Counsel:*

Willkie Farr & Gallagher LLP           Respectfully submitted,

By: */s/ Alexander L. Cheney*          By: */s/ Alejandro J. Cepeda Diaz*

Alexander L. Cheney (admitted *pro hac vice*)   Alejandro J. Cepeda Diaz
One Front Street                                USDC-PR 222110
San Francisco, CA 94111                         McConnell Valdés LLC
(415) 858-7400                                  270 Muñoz Rivera Ave.
acheney@willkie.com                             Hato Rey PR 00918
                                                Tel: (787) 250-5637
Stuart R. Lombardi (admitted *pro hac vice*)    Email: ajc@mcvpr.com
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019                              *Attorneys for Plaintiff Oto Analytics, LLC*
(212) 728-8000
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

- 6 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notices to all parties receiving notifications through the CM/ECF system.

Dated: October 10, 2023               By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*