IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 23-01034 |
| | § | |
| BENWORTH CAPITAL PARTNERS PR | § | |
| LLC, BENWORTH CAPITAL PARTNERS | § | |
| LLC, BERNARDO NAVARRO and | § | |
| CLAUDIA NAVARRO, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF OTO ANALYTICS, LLC'S MOTION TO LIFT STAY

Pursuant to this Court's October 12, 2023 Order ("**Order**"; ECF No. 96) and this Court's inherent powers, Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**"), by and through its undersigned counsel, respectfully requests that this Court lift the stay pending arbitration in the above-captioned action (the "**Action**").

### PRELIMINARY STATEMENT

This case arises out of Defendants' efforts to fraudulently transfer assets from Benworth Capital Partners LLC ("**Benworth FL**") to Benworth Capital Partners PR LLC ("**Benworth PR**") in order to render Benworth FL insolvent and incapable of satisfying its debt to Womply. Defendants moved to dismiss this case on the ground that the existence of Benworth FL's debt was being determined by an arbitrator in a JAMS arbitration (the "**Arbitration**"), and this Court denied the motions and stayed this Action pending a decision of the arbitrator. On December 21, 2023, the arbitrator in the Arbitration issued an interim award finding that Benworth owes Womply a debt of approximately $86 million, plus contractual interest and Womply's costs of collection of the debt. The only issues remaining in the Arbitration are the calculation of the interest (which

likely will exceed $50 million) and the amount of Womply's costs of collection. Accordingly, now that the arbitrator has issued his award confirming the existence of Benworth FL's debt to Womply, Womply respectfully requests that the Court lift the stay of this Action.

## BACKGROUND

In August 2021, Womply initiated Arbitration against Defendant Benworth FL seeking more than $100 million in outstanding fees and contractual interest. (Complaint dated Jan. 24, 2023 ("Compl."; ECF No. 1) ¶¶ 2, 157–58.) At the outset of the Arbitration, Benworth FL represented to Womply and the arbitrator that it was holding Womply's fees "in trust" pending the resolution of the dispute. (*Id.* ¶¶ 12, 164.) However, through discovery in the Arbitration, Womply learned that was not true; Benworth FL had already transferred more than $171 million to Defendant Benworth PR in a sham transaction, leaving Benworth FL unable to satisfy its debt to Womply. (*Id.* ¶¶ 10, 165, 193.) Benworth FL is wholly owned and controlled by Defendant Bernardo Navarro ("**Mr. Navarro**"), and Benworth PR ████████████████████ ████ Defendant Claudia Navarro (together with Mr. Navarro, the "**Navarros**"; together with Benworth FL and Benworth PR, "**Defendants**"). (*Id.* ¶¶ 22–23.) The arbitrator found that ████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████

In January 2023, Womply commenced this Action by filing a complaint alleging that Benworth FL contracted to use Womply's services, refused to pay for Womply's services as required under the parties' agreements, and then Defendants fraudulently transferred money to Benworth PR to prevent Womply from collecting its fees. (Compl. ¶ 2.) Womply brought claims

for actual fraudulent transfer, constructive fraudulent transfer, and declaratory relief, and seeks equitable and declaratory relief, including attachment of Defendants' assets. (*Id.* ¶¶ 215–56.)

On March 27, 2023, Defendant Benworth PR filed a Motion To Dismiss Or Stay Proceedings Pending The Outcome Of Arbitration ("**Motion to Stay**" or "**Stay Mot.**"; ECF No. 34), and Defendants Benworth FL and the Navarros moved to join Benworth PR's Motion (ECF Nos. 35, 90). Defendants argued that Womply's claims were not ripe and Womply lacked standing because the arbitrator in the Arbitration had not yet issued an award confirming that Benworth owed Womply a debt. (Stay Mot. at 2; *see also* ECF No. 35 at 4–5; ECF No. 90 at 4–5). Defendants alternatively "request[ed] a stay" of this Action "until an award issues in the Arbitration." (Stay Mot. at 3; *see also* ECF No. 35 at 5–6; ECF No. 90 at 5.) Womply opposed Defendants' motions to dismiss but "consent[ed] to stay this Action pending a decision on the merits in the Arbitration." (ECF No. 49 at 3, 13–14 (capitalization omitted); *see also* ECF No. 95 at 3.)

This Court denied Defendants' motions to dismiss the case, holding that "Wom[p]ly's claim is ripe for adjudication," because "the ripeness of Wom[p]ly's case does not stand on the Arbitrator's final determination." (Order at 8, 11.) This Court "conclude[d] that Wom[p]ly plausibly alleged" that Benworth FL owed Womply substantial fees "and that Benworth FL transferred funds to Benworth PR a corporation wholly owned by the same owners of Benworth FL," and therefore found "the existence of a substantial controversy between adverse parties regarding the occurrence of a fraudulent transfer to avoid repayment of debt owed." (*Id.* at 9–10.) This Court granted the parties' "request to stay pending arbitration," because "[n]o party objects to a stay in proceedings pending arbitration," and "Wom[p]ly stressed that it 'agreed with

Benworth's request for a short stay of this case pending a decision of the arbitrator.'"  (*Id.* at 13 (quoting ECF No. 95 at 2–3).)

On December 21, 2023, the arbitrator issued an interim award (the "**Award**"; Ex. A) in favor of Womply for $86,259,892 plus "[f]inance charges on these fees" and "[t]he cost of collecting these delinquent fees and interest."  (Ex. A at 53.)  Based on extensive briefing, documentary evidence, and a seven-day arbitration hearing with live witnesses and cross-examination, the arbitrator held that the contracts between Womply and Benworth FL were valid and enforceable and Benworth FL breached those contracts by failing to pay Womply.  (*Id.* at 33–52.)  The arbitrator found that "Benworth chose to enter into the[] Agreements with Womply; no evidence was introduced that it was coerced in any way"; that Womply's services "directly benefited Benworth and allowed it to process and make over 300,000 loans"; and that Benworth breached agreements by failing to pay Womply's fees for the services it provided Benworth.  (*Id.* at 33–41, 49–51, 53–54.)  The arbitrator also rejected all of Benworth FL's defenses and counterclaims based on the purported illegality of Womply's fees, holding that Womply's "Technology Fees are not illegal" under applicable regulations.  (*Id.* at 32–41, 51–52.)  The arbitrator also held that, even if Womply's contractual fees were illegal (which they are not), Benworth FL is still legally required to pay Womply because Benworth FL, "a sophisticated business entity with previous experience with [PPP] contracts[,] would be unjustly enriched if the Agreements were to be found void and not enforceable."  (*Id.* at 44–47, 52 n.16.)  Thus, Benworth FL's liability to Womply has been established and the only issue left to be resolved in the Arbitration is the calculation of interest and costs of collection owed to Womply.

The Award instructs the parties to meet and confer on a briefing schedule for the remaining issues in the case, which are limited to the calculation of finance charges awarded to Womply and Womply's costs of collection.

## ARGUMENT

This Court should lift its "short stay of this case pending a decision of the arbitrator" now that the arbitrator has issued its decision. (Order at 13 (cleaned up).) "[T]here is no dispute, nor can there be, that the Court has the power to lift the stay that it imposed." *A.J. Props., LLC v. Stanley Black & Decker, Inc.*, 2013 WL 4046329, at *3 (D. Mass. Aug. 7, 2013) (citing *Ex Parte Peterson*, 253 U.S. 300, 312 (1920)).

Womply commenced this Action because Defendants transferred assets to Benworth PR in order to render Benworth FL judgment proof, and, as the Court recognized, unnecessary delay "could enable the secondary disposal or conveyance of the allegedly fraudulently transferred funds, frustrating the satisfaction of any award" in the Arbitration. (Order at 10.) By lifting the stay, Womply will be able to pursue discovery into the factual circumstances surrounding the asset transfer, whether Benworth PR possesses Womply's fees and interest that were fraudulently transferred to it in May 2021, and the extent to which Defendants have conducted "secondary disposal or conveyance" of the funds. (*Id.*) Benworth PR is closely held by the Navarros, who have a history of moving and hiding assets (Compl. ¶¶ 24–25, 205–09), and if Defendants have moved assets offshore, Womply may face significant hurdles collecting its judgment in the Arbitration and any damages it is awarded in this Action.

The interim nature of the arbitrator's Award does not weigh against lifting the stay. The Award resolved all of the core factual and legal issues in dispute in the Arbitration, and all that is left for the arbitrator to do is calculate the finance charges (which requires a simple calculation) and costs of collection to which Womply is entitled. Nor should the Court maintain the stay until

- 5 -

the Award is confirmed by a court. This Court issued "a stay in proceedings pending arbitration" (Order at 13 (citing ECF Nos. 47 at 13; 61 at 1; 95 at 2–3))—not pending confirmation of a final award—and this Court held that Womply has standing to pursue its claims and that its claims are ripe; there is no reason to further delay discovery in this case.

## CONCLUSION

For the foregoing reasons, Womply respectfully requests that this Court lift the stay pending arbitration in this Action.

Dated: December 26, 2023

*Of Counsel*

Willkie Farr & Gallagher LLP                       Respectfully submitted,

By: */s/ Alexander L. Cheney*                       By: */s/ Alejandro J. Cepeda Diaz*

Alexander L. Cheney (admitted *pro hac vice*)       Alejandro J. Cepeda Diaz
333 Bush St                                         USDC-PR 222110
San Francisco, CA 94104                             McConnell Valdés LLC
(415) 858-7400                                      270 Muñoz Rivera Ave.
acheney@willkie.com                                 Hato Rey PR 00918
                                                    Tel: (787) 250-5637
Stuart R. Lombardi (admitted *pro hac vice*)        Email: ajc@mcvpr.com
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019                                  *Attorneys for Plaintiff Oto Analytics, LLC*
(212) 728-8000
slombardi@willkie.com


Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

- 7 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on December 26, 2023, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notices to all parties receiving notifications through the CM/ECF system.

Dated: December 26, 2023                          By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*