# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 23-01034 |
| BENWORTH CAPITAL PARTNERS PR LLC, BENWORTH CAPITAL PARTNERS LLC, BERNARDO NAVARRO and CLAUDIA NAVARRO, | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF OTO ANALYTICS, LLC'S REPLY IN SUPPORT OF ITS NOTICE OF CONCLUSION OF ARBITRATION AND MOTION TO LIFT STAY**

Plaintiff Womply, through its undersigned counsel, respectfully submits this Reply to Benworth Capital Partners PR, LLC's ("**Benworth PR**"), Benworth Capital Partners, LLC's ("**Benworth FL**"), and Bernardo and Claudia Navarro's (the "**Navarros**" and collectively with Benworth PR and Benworth FL, "**Defendants**"), Joint Opposition to Womply's Notice of Conclusion of Arbitration and Motion to Lift Stay ("**Opposition**" or "**Opp.**"; ECF No. 111).[1]

Now that the Final Award has been issued, confirming the existence of a debt, the Court should lift the stay. With their Opposition, Defendants seek to further delay this Action unnecessarily, substantially prejudicing Womply. Womply commenced this case because Defendants fraudulently transferred funds to prevent Womply from collecting a substantial debt from Benworth FL; the amount of that debt was being resolved in a pending Arbitration. This Court already held that, "even pending resolution of the [A]rbitration," Womply's claims are "ripe for adjudication." (Oct. 12, 2023 Order ("**Order**"; ECF No. 96) at 10–11.) This Court specifically

---

[1] Capitalized terms used but not otherwise defined herein shall have the same meanings as in Womply's Notice of Conclusion of Arbitration and Motion to Lift Stay ("**Mot.**"; ECF No. 109).

recognized that a delay of these proceedings could "enable the secondary disposal or conveyance of the allegedly fraudulently transferred funds, frustrating the satisfaction of any award" in the Arbitration or confirmation of the Final Award. (*Id.* at 10.)  Nevertheless, based on Womply's consent to a "short stay" pending the Arbitrator's decision, this Court granted "the request to stay pending arbitration." (*Id.* at 13.)

Defendants' arguments in favor of maintaining the stay are unavailing.  First, there is no reason to maintain the stay until the Final Award is "final" under JAMS rules, as Defendants contend.  (Opp. at 2.)  While Benworth may file a motion to "correct" the award under JAMS rules, that would only impact the amount of the debt Benworth FL owes Womply.  Indeed, the Arbitrator issued a finding of liability in favor of Womply in the form of an Interim Award on December 21, 2023 (the "**Interim Award**"), finding that Womply was entitled to fees from Benworth FL in excess of $85 million plus finance charges and costs that would be determined at a later date.  One week later, Benworth FL filed a Motion for Reconsideration of the Interim Award ("**MFR**"; ECF No. 104 Ex. B).  Womply moved to lift the stay in this Action and Defendants opposed, in large part based on Defendants' argument that the pending MFR could result in a finding that Benworth FL owes no debt at all to Womply.  (*See* ECF No. 104 at 2–4, 8.)  As discussed in the Final Award, the Arbitrator *denied* the MFR on all grounds relevant to this Action, and held that Womply was entitled to an additional $31 million in finance charges and costs of collection.  (Mot. Ex. A (Final Award) at 55–56.)  As a result, the only part of the Final Award that Benworth could seek to "correct" would be the amount of finance charges and costs. Therefore, there is no reason that this case should not proceed at the same time as Womply seeks to confirm the Final Award.

- 3 -

Second, in denying Defendants' motions to dismiss, this Court already rejected Defendants' argument that the arbitration award must be confirmed by a Court under the FAA, noting that "the ripeness of Wom[p]ly's case does not stand on the Arbitrator's final determination of whether Benworth [FL] is Wom[p]ly's creditor." (Order at 8.) Defendants rely upon *Commodities & Minerals Enterprise Ltd. V. CVG Ferrominera Orinoco, CA*, 423 F. Supp. 3d 45 (S.D.N.Y. 2019), which supports Womply's request to lift the stay. There, "[t]he Court granted [plaintiff's] request to stay the proceedings pending the resolution of the arbitration proceedings between the parties and [plaintiff's] petition to confirm and enforced the Partial Final Award," and lifted the stay once those conditions were met. *Id.* at 50. Here, Defendants requested a stay and Womply consented to a stay only "until arbitration proceedings between the Parties have concluded and a final award has been issued," which is what this Court ordered. (ECF No. 106.) Just as in *Commodities*, "the Court's reasons for granting the stay have been resolved and there are no other reasons for continuing to stay this matter." *Commodities*, 423 F. Supp. 3d at 50 (granting motion to lift stay.). To the contrary, the risk that Defendants further shield their assets grows greater every day the stay is not lifted.

Accordingly, Womply respectfully requests that the Court lift the stay.

Dated: June 17, 2024

*Of Counsel*

Willkie Farr & Gallagher LLP                    Respectfully submitted,

By: */s/ Alexander L. Cheney*                    By: */s/Alejandro J. Cepeda Diaz*

Alexander L. Cheney (admitted *pro hac vice*)    Alejandro J. Cepeda Diaz
333 Bush St                                      USDC-PR 222110
San Francisco, CA 94104                          McConnell Valdés LLC
(415) 858-7400                                   270 Muñoz Rivera Ave.
acheney@willkie.com                              Hato Rey PR 00918
                                                 Tel: (787) 250-5637
Stuart R. Lombardi (admitted *pro hac vice*)     Email: ajc@mcvpr.com
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019                               *Attorneys for Plaintiff Oto Analytics, LLC*
(212) 728-8000
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com