# EXHIBIT 1

**JAMS ARBITRATION**
**JAMS REF. NO. 1210038203**

Oto Analytics, Inc. d/b/a Womply,

    Claimant/Counter-Respondent,

    v.

Benworth Capital Partners, LLC,

    Respondent/Counter-Claimant.

                                   /

## BENWORTH'S MOTION TO CORRECT THE FINAL AWARD

JAMS served the Final Award in favor of Claimant/Counter-Respondent, Oto Analytics, Inc. d/b/a Womply ("Womply") on June 11, 2024. The Arbitrator awarded Womply "Finance Charges calculated at 10% per annum simple interest ***until paid***, which as of May 31, 2024 are $25,387,670.50." (Final Award at 73 (emphasis added).) As a matter of California law, Womply's entitlement to finance charges ceased on the date the Final Award was made, May 30, 2024, (*see id*. at 2). The Final Award thus contains a computational error because it awards Womply an additional day of finance charges and purports to extend Womply's entitlement to finance charges until the Final Award is paid. Accordingly, Respondent/Counter-Claimant Benworth Capital Partners, LLC ("Benworth"), pursuant to JAMS Rule 24(k), moves the Arbitrator to correct these computational errors in the Final Award.

## ARGUMENT

Under California law, an "arbitration award" is "the contractual equivalent of a judgment" in favor of Womply. *Britz, Inc. v. Alfa-Laval Food & Dairy Co*., 34 Cal. App. 4th 1085, 1107 (1995); *see also In re Ter Bush*, 273 B.R. 625, 628 (Bankr. S.D. Cal. 2002) (collecting California

cases supporting the proposition that "an unconfirmed arbitration award is viewed as the equivalent of a final judgment"). "The arbitration award itself resulted in a new and fixed liability." *Britz*, 34 Cal. App. 4th at 1107. Because an arbitration award establishes a new and fixed liability, California courts distinguish between pre-award interest and post-award, pre-judgment interest.

For post-award, pre-judgment interest, the prevailing party is limited to recovering interest under Section 3287. *See, e.g.*, *id.* at 1106-07 (explaining that Section 3287 governs the rate of prejudgment interest from the date the arbitrator renders his award); *Pierotti v. Torian*, 81 Cal. App. 4th 17, 27-28 (2000) (holding that post-award, pre-judgment interest is governed by section 3287); *Tenzera, Inc. v. Osterman*, 205 Cal. App. 4th 16, 21 (2012) ("Section 3287 applies to arbitration awards."); *see also Glassman v. Safeco Ins. Co. of Am.*, 90 Cal. App. 5th 1281, 1325 (2023) ("A successful party to an arbitration may be entitled to post-award, prejudgment interest under section 3287(a)."). In such cases, the "California rate for prejudgment interest is 7%." *See Riley v. QuantumScape Corp.*, 2023 WL 1475092, * 18-19 (N.D. Cal. Feb. 2, 2023) (awarding post-award, pre-judgment interest at rate of 7% in accordance with section 3287). Moreover, for arbitral awards subject to confirmation or vacatur in federal court under the Federal Arbitration Act, like the Final Award, the post-judgment interest rate is governed by federal law, "even if the arbitration award purported to grant post-judgment interest." *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

Here, the Final Award created a new and fixed liability as of the date it was rendered on May 30, 2024, extinguishing Womply's entitlement to further finance charges under the parties' agreements. While Womply may seek post-Final Award, pre-judgment interest, such interest is capped at 7%, not the 10% provided for in the Final Award. In addition, the Final Award purports

to grant Womply post-judgment interest at the rate of 10% per annum by stating that, that rate applies to the Final award "until paid." The Arbitrator had no authority to grant Womply post-judgment interest, let alone at a rate of 10%. These computational errors warrant a correction of the Final Award under JAMS Rule 24(k).

## CONCLUSION

For the foregoing reasons, Benworth requests that the Arbitrator correct the Final Award by replacing paragraph 5 on page 73 with the following: "Womply is awarded Finance Charges calculated at 10% per annum simple interest, which as of May 30, 2024 are $25,363,697.68."

Dated: June 18, 2024.                       Respectfully submitted,

By: */s/ Jorge L. Piedra*
Jorge L. Piedra
Dwayne A. Robinson
Michael R. Lorigas
**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Miami, FL 33134
(305) 372-1800
jpiedra@kttlaw.com

*Attorneys for Benworth Capital Partners, LLC*

3