# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OTO ANALYTICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO, <br><br> Defendants. | Civil No. 23-01034 (GMM) |

### JOINT MOTION TO RECONSIDER AND
### SET ASIDE THE COURT'S JUNE 24, 2024 ORDER (D.E. 119)

**TO THE HONORABLE COURT:**

**COME NOW** defendants Benworth Capital Partners PR, LLC ("Benworth PR"), Benworth Capital Partners, LLC ("Benworth FL"), and Bernardo and Claudia Navarro ("Mr. and Mrs. Navarro" and, jointly with Benworth PR and Benworth FL, the "Defendants"), through the undersigned counsel, and respectfully request that the Court reconsider and set aside its Order dated June 24, 2024 (the "Order") (D.E. 119).

On October 12, 2023, this Court stayed this lawsuit "pending arbitration." (D.E. 96, at 13). On June 12, 2024, Plaintiff Oto Analytics, LLC ("Womply") moved for a second time[1] to lift the stay because the arbitrator had entered a final award. (*See* D.E.109). In response, Defendants advised the Court that the arbitrations had yet to conclude because Womply has yet to confirm the award under 9 U.S.C. § 9, Benworth FL was moving to correct the award under JAMS Rule 24(j),

---

[1] On January 11, 2023, the Court denied Womply's first attempt to lift the stay because the arbitrator's interim award did not conclude the arbitration proceedings.

Case 3:23-cv-01034-GMM    Document 120    Filed 06/27/24    Page 2 of 5

**Joint Motion to Reconsider and Set Aside the Court's June 24, 2024 Order (D.E. 119)**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.
Civil No. 23-01034 (GMM)
Page **2** of **5**

and Benworth FL was going to petition to vacate the award under 9 U.S.C. § 10. (*See* D.E. 111). On June 17, 2024, Womply replied, (*See* D.E. 116) and on June 20, 2024, Womply filed an "informative" motion arguing that the correction Benworth FL sought of the final award affected only post-judgment interest and that this case should proceed to discovery. (*See* D.E. 116). Finally, on June 24, 2024, the Court entered the Order, which provided in full: "On or before July 1, 2024, Parties shall file a joint motion providing a proposed scheduling/case management order for proceedings in this case." (D.E. 119).

While "[t]he Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration," such motions "are generally considered either under Fed. R. Civ. P. 59 or Rule 60." *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 322-23 (D.P.R. 2005). Reconsideration is warranted when needed "to correct a clear error of law or to prevent manifest injustice." *Id.* at 324. The Court "has substantial discretion and broad authority to grant or deny such a motion." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). Here, the Court should reconsider and set aside the Order for two reasons.

*First*, this lawsuit is still and should remain stayed because Womply has yet to confirm the award and Benworth FL will be petitioning to vacate the award pursuant to 9 U.S.C. §§ 10 and 12.[2] Proceeding with a scheduling order will cause—rather than prevent—manifest injustice because it would force Benworth FL to litigate vacatur and defend itself from this action, subject all Defendants to protracted and financially invasive discovery proceedings, and waste this Court's judicial resources on claims that may be rendered moot if Benworth FL prevails on the vacatur action. *See Commodities & Minerals Enterprise Ltd. V. CVG Ferrominera Orinoco, CA*, 423 F.

---

[2] The arbitrator entered a corrected final award on June 26, 2024. The arbitration award is only now ripe for Womply to petition to confirm and Benworth FL to petition to vacate it.

Case 3:23-cv-01034-GMM    Document 120    Filed 06/27/24    Page 3 of 5

**Joint Motion to Reconsider and Set Aside the Court's June 24, 2024 Order (D.E. 119)**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **3** of **5**

Supp. 3d 45, 50 (S.D. N.Y. 2019) (initially granting stay of creditor's enforcement action pending resolution of both arbitration proceedings and finality of the petition to confirm and enforce a final award, and lifting stay *only* after judgment enforcing arbitration award became final and non-appealable).

*Second*, and no less important, Womply's complaint is fatally defective for failing to establish a threshold issue: this Court's subject-matter jurisdiction. To be precise, it is well-settled in the First Circuit that a limited liability company, like Womply, must plead, "as a matter of black letter law, . . . the citizenship of all of its members" to establish diversity jurisdiction. *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 693 (1st Cir. 2023). In its complaint, Womply fails to identify the citizenship of each of its members, alleging only that its CEO resides in Nevada and that it was organized in Delaware, (*See* D.E. 3 ¶¶ 21, 26), and attempts to establish this Court's jurisdiction in conclusory fashion, (*See* D.E. 3 ¶ 26 ("None of the Defendants have the same citizenship as Plaintiff.")). *See BRT Mgmt.*, 68 F.4th at 695 (finding conclusory allegations of diversity "insufficient to establish subject matter jurisdiction"). Indeed, it may very well be that Womply's members could defeat this Court's jurisdiction if they are citizens of Florida or Puerto Rico.

This is not the first time Womply, via its predecessor Oto Analytics, Inc., has attempted to improperly circumvent the pleading requirements of diversity jurisdiction by failing to plead the citizenship of a party. Just three months ago, the United States District Court for the Central District of California entered an order to show cause finding Womply's jurisdictional allegations about an opposing limited liability company, which it made on information and belief, insufficient. *See Oto Analytics v. N. Am. Bancard*, No. CV 24-2113-JFW(KESx), 2024 WL 1323558 (C.D. Cal. March 27, 2024). Womply never responded to the order to show cause, and the district court

Case 3:23-cv-01034-GMM   Document 120   Filed 06/27/24   Page 4 of 5

**Joint Motion to Reconsider and Set Aside the Court's June 24, 2024 Order (D.E. 119)**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.
Civil No. 23-01034 (GMM)
Page **4** of **5**

dismissed the lawsuit. *See Order Dismissing Action*, attached as **Exhibit A**. As in that case, the Court should reconsider and set aside the Order and, instead, enter an order to show cause by affidavit under penalty of perjury as to why this action should not be dismissed for lack of jurisdiction. Subjecting Defendants to a scheduling order when the complaint, on its face, fails to establish the Court's jurisdiction would cause manifest injustice, as it would compel Defendants to proceed with a case that the Court may ultimately lack the authority to adjudicate.

**WHEREFORE**, Defendants respectfully request that this Honorable Court (i) reconsider and set aside the Order (D.E. 119), (ii) maintain the instant proceedings stayed until a final award is confirmed or vacated and the judgment becomes non-appealable, and (iii) alternatively, require that Womply show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction before the parties contemplate a scheduling order.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on June 27, 2024.

[SIGNATURE PAGE FOLLOWS]

**Joint Motion to Reconsider and Set Aside the Court's June 24, 2024 Order (D.E. 119)**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **5** of **5**

**Ferraiuoli** LLC
*Looking Forward*

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*