**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants in Intervention. | |

**BERNARDO NAVARRO'S
ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Bernardo Navarro ("Mr. Navarro"), through the undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to the Amended Complaint (D.E. 125):

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*</u>
Civil No. 23-01034 (GMM)
Page **2** of **41**

## INTRODUCTION

1.      Paragraph 1 of the Amended Complaint is Plaintiff Oto Analytics, LLC's ("Womply") conclusory characterization of the instant action and its legal conclusions pertaining to the applicable law. Mr. Navarro denies any factual averments in this paragraph.

2.      From Paragraph 2, Mr. Navarro admits that (1) he has an ownership interest in Benworth Capital Partners, LLC ("Benworth FL"), (2) Benworth FL participated in the PPP,[1] and (3) Womply filed a JAMS arbitration proceeding against Benworth FL in August 2021. The remainder of the paragraph is denied as drafted.

3.      Paragraph 3 contains legal references or interpretations of law and, as such, does not require a response. In the event a response is required, Mr. Navarro admits that (1) Congress directed the SBA to implement the PPP, (2) the PPP required connecting potential borrowers with lenders, and (3) those lenders had to service the loans to borrowers under the PPP. The remainder of the paragraph is denied as drafted.

4.      Paragraph 4 contains compound and vague allegations about unspecified lenders of which Mr. Navarro lacks sufficient information to form a belief about the truth of such allegations, and therefore this paragraph is denied as drafted.

5.      Paragraph 5 is denied for lack of information sufficient to form a belief about the truth of the allegation.

6.      From Paragraph 6, Mr. Navarro admits that Benworth FL (1) used Womply's services, (2) sought and obtained authorization from the SBA to make PPP loans, and (3) processed and funded approximately 700 PPP loans in 2020. The remainder of the paragraph is denied.

---

[1] For clarity and precision, Benworth FL will use the same abbreviations and shorthand references Womply uses in its Amended Complaint.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **3** of **41**

7.      From Paragraph 7, Mr. Navarro admits that Benworth FL contracted with Womply in February 2021. The remainder of the paragraph is denied as drafted. Mr. Navarro affirmatively alleges that the contract speaks for itself as to the parties' rights and obligations.

8.      Paragraph 8 is denied.

9.      Paragraph 9 is denied.

10.      From Paragraph 10, Mr. Navarro admits that Benworth FL (1) transferred funds to Benworth Capital Partners PR LLC ("Benworth PR") and (2) entered into a contract with Benworth PR. The remainder of the paragraph is denied.

11.      Paragraph 11 is denied.

12.      From the second sentence in Paragraph 12, Mr. Navarro admits that Benworth FL filed an Answer in the arbitration, which speaks for itself. The remainder of the paragraph, including Womply's characterization and legal conclusions of the Answer, is denied.

13.      Paragraph 13 contains Womply's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro*, Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.) and thus does not require a response. Should a response be required, Mr. Navarro admits that a default judgment was entered against him in that case. The remainder of the paragraph is denied as drafted. Mr. Navarro affirmatively alleges that the docket in *TotalBank* speaks for itself.

14.      From Paragraph 14, Mr. Navarro admits that (1) Womply filed a motion seeking the arbitrator's permission to disclose information obtained in the arbitration, (2) the arbitrator entered an order relating to that motion, and (3) Paragraph 14 cites portions of said order. Mr. Navarro denies that such citations are the sole statements contained in the order and denies any inferences from the cited portions based on completeness of the allegations. The remainder of the

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **4** of **41**

paragraph, including Womply's characterization and legal conclusions of the motion and order, is denied. Mr. Navarro affirmatively alleges that the motion and order referenced in this Paragraph 14 speak for themselves.

15.    From Paragraph 15, Mr. Navarro admits that the arbitrator entered an order relating to that motion and that Paragraph 15 cites portions of said order but denies that such citations are the sole statements contained in the order and denies any inferences from the cited portions based on completeness of the allegations. The remainder of the paragraph, including Womply's characterization and legal conclusions of the order, is denied. Mr. Navarro affirmatively alleges that the order referenced in this Paragraph 15 speaks for itself.

16.    Paragraph 16 is denied.

17.    From Paragraph 17, Mr. Navarro admits that he (1) sent a letter to the SBA in August 2021, (2) participated in Senator Marco Rubio's campaigns for president and senator, and (3) Senator Rubio sent a letter to the SBA in August 2021. The remainder of the paragraph, including Womply's characterization and legal conclusions of these letters, is denied. Mr. Navarro affirmatively alleges that the letters referenced in this Paragraph 16 speak for themselves.

18.    Paragraph 18 is denied.

19.    Paragraph 19 is denied.

20.    Paragraph 20 is denied.

## PARTIES

21.    Paragraph 21 is denied for lack of information sufficient to form a belief about the truth of the allegation.

22.    Paragraph 22 contains statements regarding co-defendant Benworth PR that are not directed to Mr. Navarro, individually, and thus do not require a response from Mr. Navarro. Should

Case 3:23-cv-01034-GMM    Document 152    Filed 08/19/24    Page 5 of 41

Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **5** of **41**

a response be required, Mr. Navarro adopts and incorporates herein Benworth PR's response to Paragraph 22 in its Answer to the Amended Complaint.

23.    Paragraph 23 contains statements regarding co-defendant Benworth FL that are not directed to Mr. Navarro, individually, and thus do not require a response from Mr. Navarro. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 23 in its Answer to the Amended Complaint.

24.    From Paragraph 24, Mr. Navarro denies that he "oversees [Benworth PR's] business operations". The remainder of the paragraph is admitted.

25.    Paragraph 25 contains statements regarding co-defendant Claudia Navarro ("Mrs. Navarro") that are not directed to Mr. Navarro and thus do not require a response from Mr. Navarro. Should a response be required, Mr. Navarro adopts and incorporates herein Mrs. Navarro's response to Paragraph 25 in her Answer to the Amended Complaint.

**JURISDICTION AND VENUE**

26.    Paragraph 26 contains Womply's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Mr. Navarro denies any factual averments in this paragraph.

27.    Paragraph 27 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth FL, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 27 in its Answer to the Amended Complaint.

28.    Paragraph 28 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth FL, a statement that is not directed towards Mr. Navarro

Case 3:23-cv-01034-GMM    Document 152    Filed 08/19/24    Page 6 of 41

Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **6** of **41**

and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 28 in its Answer to the Amended Complaint.

29.     Paragraph 29 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth FL, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 29 in its Answer to the Amended Complaint.

30.     Paragraph 30 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth PR, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth PR's response to Paragraph 29 in its Answer to the Amended Complaint.

31.     Paragraph 31 contains Womply's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, Mr. Navarro admits that (1) he is domiciled in the District of Puerto Rico and (2) is a member and employee of Benworth PR. The remainder of the paragraph, including Womply's characterization and legal conclusions, is denied.

32.     Paragraph 32 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Mrs. Navarro, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Mrs. Navarro's response to Paragraph 32 in her Answer to the Amended Complaint.

Case 3:23-cv-01034-GMM   Document 152   Filed 08/19/24   Page 7 of 41

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **7** of **41**

33.     Paragraph 33 contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth FL, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 33 in its Answer to the Amended Complaint.

34.     Paragraph 34, including its subsections (a) through (f), contains Womply's conclusion over the jurisdiction of this Honorable Court over the co-defendant Benworth FL, a statement that is not directed towards Mr. Navarro and does not require a response. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 34 and subsections (a) through (f) in its Answer to the Amended Complaint.

35.     Paragraph 35 contains Womply's conclusion over the proper venue for the present action, a statement that does not require a response. Should a response be required, Mr. Navarro denies any factual averments in this paragraph.

## FACTS[2]

36.     Paragraph 36 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 36 as drafted. Mr. Navarro affirmatively alleges that the CARES Act speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

37.     Paragraph 37 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 37 as drafted. Mr. Navarro affirmatively alleges that the CARES Act speaks for itself and denies Womply's

---

[2] Mr. Navarro denies the factual averments and legal conclusions Womply makes in each of its headings and sub-headings.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **8** of **41**

characterization and legal conclusions and/or inferences as to the same.

38.    Paragraph 38 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 38 as drafted. Mr. Navarro affirmatively alleges that the SBA regulations speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

39.    Paragraph 39 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 38 as drafted. Mr. Navarro affirmatively alleges that the SBA regulations speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

40.    Paragraph 40 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 40 as drafted. Mr. Navarro affirmatively alleges that the SBA regulations speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

41.    Paragraph 41 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 41 as drafted. Mr. Navarro affirmatively alleges that the SBA Standard Operating Procedures speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

42.    Paragraph 42 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 42 as drafted. Mr. Navarro affirmatively alleges that the SBA Standard Operating Procedures speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

43.    Paragraph 43 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 43 as drafted. Mr.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **9** of **41**

Navarro affirmatively alleges that the February 2020 Rule speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

44.     Paragraph 44 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 44 as drafted. Mr. Navarro affirmatively alleges that the February 2020 Rule speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

45.     Paragraph 45 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 45 as drafted. Mr. Navarro affirmatively alleges that the February 2020 Rule and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

46.     Paragraph 46 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 46 as drafted. Mr. Navarro affirmatively alleges that the CARES Act speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

47.     Paragraph 47 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 47 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

48.     Paragraph 48 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 48 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

49.     Paragraph 49 contains legal references or interpretations of law that do not require

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **10** of **41**

a response. Should a response be required, Mr. Navarro denies Paragraph 49 as drafted. Mr. Navarro affirmatively alleges that the February 2020 Rule and April 2020 PPP Rule speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

50.     Paragraph 50 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 50 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

51.     Paragraph 51 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 51 as drafted. Mr. Navarro affirmatively alleges that the Economic Aid Act speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

52.     Paragraph 52 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 52 as drafted. Mr. Navarro affirmatively alleges that the Economic Aid Act speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

53.     Paragraph 53 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 53 as drafted. Mr. Navarro affirmatively alleges that the Economic Aid Act and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

54.     Paragraph 54 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 54 as drafted. Mr. Navarro affirmatively alleges that the SBA regulations and SBA Standard Operating Procedures

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **11** of **41**

speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

55.     Paragraph 55 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 55 as drafted. Mr. Navarro affirmatively alleges that the Economic Aid Act speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

56.     Paragraph 56 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 56 as drafted. Mr. Navarro affirmatively alleges that the Economic Aid Act and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

57.     Paragraph 57 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 57 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule and CARES Act speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

58.     Paragraph 58 contains vague allegations about unspecified PPP loans that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 58 as drafted.

59.     Paragraph 59 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 59 as drafted. Mr. Navarro affirmatively alleges that the January 2021 PPP Rule speaks for itself and denies Womply's characterization and legal conclusions as to the same.

60.     Paragraph 60 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 60 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule and January 2021 PPP Rule speak for

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **12** of **41**

themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

61.     Paragraph 61 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 61 as drafted. Mr. Navarro affirmatively alleges that the January 2021 PPP Rule speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

62.     Paragraph 62 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 62 as drafted. Mr. Navarro affirmatively alleges that the April 2020 PPP Rule and January 2021 PPP Rule speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

63.     Paragraph 63 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 63 for lack of information sufficient to form a belief about the truth of the allegation.

64.     Paragraph 64 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 64 for lack of information sufficient to form a belief about the truth of the allegation.

65.     Paragraph 65 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 65 for lack of information sufficient to form a belief about the truth of the allegation.

66.     Paragraph 66 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 66, including its footnote 6, for lack of information sufficient to form a belief about the truth of

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **13** of **41**

the allegation.

67.     Paragraph 67 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 67 for lack of information sufficient to form a belief about the truth of the allegation.

68.     From Paragraph 68, Mr. Navarro admits that Benworth FL did not participate in Non-Fast Lane. The remainder of Paragraph 68 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies the remainder of Paragraph 68 for lack of information sufficient to form a belief about the truth of the allegation.

69.     Paragraph 69 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 69 for lack of information sufficient to form a belief about the truth of the allegation.

70.     Paragraph 70 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 70 for lack of information sufficient to form a belief about the truth of the allegation.

71.     Paragraph 71 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 71 for lack of information sufficient to form a belief about the truth of the allegation.

72.     Paragraph 72 contains statements that are not directed toward Benworth FL and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 72 for lack of information sufficient to form a belief about the truth of the allegation.

73.     Paragraph 73 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **14** of **41**

73 for lack of information sufficient to form a belief about the truth of the allegation.

74. Paragraph 74 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Mr. Navarro denies Paragraph 74 for lack of information sufficient to form a belief about the truth of the allegation.

75. Paragraph 75 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 75 is denied.

76. Paragraph 76 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 76 is denied.

77. Paragraph 77 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 77 is denied.

78. Paragraph 78 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 78 is denied.

79. Paragraph 79 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 79 is denied.

80. Paragraph 80 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 80 is denied.

81. Paragraph 81 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 81 is denied.

82. Paragraph 82 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 82 is denied.

83. Paragraph 83 contains statements that are not directed toward Mr. Navarro and therefore no response is required. In the event a response is required, Paragraph 83 is denied.

84. Paragraph 84 is admitted.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*</u>
Civil No. 23-01034 (GMM)
Page **15** of **41**

85.     Paragraph 85 is denied.

86.     From Paragraph 86, Mr. Navarro admits that he has been deposed in foreclosure actions. The remainder of the paragraph and footnote 8, including Womply's characterization and legal conclusions and/or inferences, is denied.

87.     From Paragraph 87, Mr. Navarro admits that "[p]rior to 2020, Benworth FL was not an SBA-approved lender and did not issue any SBA-sponsored loans. PPP was Benworth FL's first experience with SBA lending and regulations." The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences as to the attached letter, are denied for lack of information sufficient to form a belief about the truth of the allegation.

88.     From Paragraph 88, Mr. Navarro admits that the SBA approved Benworth FL to become a PPP lender and that it hired employees to review PPP loan applications. The remainder of the paragraph is denied.

89.     Paragraph 89 is admitted.

90.     Paragraph 90 is admitted.

91.     Paragraph 91 is admitted.

92.     Paragraph 92 is admitted.

93.     Paragraph 93 is admitted.

94.     Paragraph 94 is denied as drafted. Mr. Navarro affirmatively alleges that the Agreements speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

95.     Paragraph 95 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **16** of **41**

and complete contents.

96.     Mr. Navarro admits that Paragraph 96 quotes a portion of the Referral Agreement but denies that such citation is the sole statement contained in the Referral Agreement and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

97.     Paragraph 97 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

98.     Mr. Navarro admits that Paragraph 98 quotes a portion of the Referral Agreement but denies that such citation is the sole statement contained in the Referral Agreement and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

99.     Mr. Navarro admits that Paragraph 99 quotes a portion of the Referral Agreement but denies that such citation is the sole statement contained in the Referral Agreement and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **17** of **41**

100.    Paragraph 100 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

101.    Paragraph 101 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement itself for its true and complete contents.

102.    Paragraph 102 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

103.    Paragraph 103 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

104.    Paragraph 104 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

105.    Paragraph 105 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **18** of **41**

contents.

106.    Mr. Navarro admits that Paragraph 106 quotes a portion of the Order Form but denies that such citation is the sole statement contained in the Order Form and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

107.    Paragraph 107 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement and the Order Form speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

108.    Paragraph 108 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

109.    Paragraph 109 is admitted.

110.    Paragraph 110 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

111.    Mr. Navarro admits that Paragraph 111 quotes a portion of the Order Form but denies that such citation is the sole statement contained in the Order Form and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro

Case 3:23-cv-01034-GMM    Document 152    Filed 08/19/24    Page 19 of 41

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **19** of **41**

affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

112.    Mr. Navarro admits that Paragraph 112 quotes a portion of the Order Form but denies that such citation is the sole statement contained in the Order Form and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

113.    Paragraph 113 is denied.

114.    Paragraph 114 is denied.

115.    Paragraph 115 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

116.    Paragraph 116 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

117.    Paragraph 117 is based on a hypothetical and not an averment of fact and consists of a legal conclusion to which no response is required. Should a response be required, Mr. Navarro denies Paragraph 117.

118.    Paragraph 118 is denied as drafted. Mr. Navarro affirmatively alleges that the Order

Case 3:23-cv-01034-GMM   Document 152   Filed 08/19/24   Page 20 of 41

Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **20** of **41**

Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

119. From Paragraph 119, Mr. Navarro admits that Womply later agreed that for each PPP loan Benworth FL funded, Womply would not collect from Benworth FL for fees greater than the Lender Processing Fee Benworth FL received for funding the loan. The remainder of the paragraph is denied.

120. Paragraph 120 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement and the Order Form speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement and the Order Form themselves for their true and complete contents.

121. Paragraph 121 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement and Master Developer Agreement speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement and Master Developer Agreement themselves for their true and complete contents.

122. Paragraph 122 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement and Master Developer Agreement speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement and Master Developer Agreement themselves for their true and complete contents.

123. Paragraph 123 is denied as drafted. Mr. Navarro affirmatively alleges that the Referral Agreement and the Order Form speak for themselves and denies Womply's

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **21** of **41**

characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Referral Agreement and the Order Form themselves for their true and complete contents.

124. From Paragraph 124, Mr. Navarro admits that it "processed, funded, and managed 307,790 Womply-referred PPP loans with a principal amount of more than $*4 billion*". The remainder of the paragraph is denied as drafted.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

128. Paragraph 128 is denied as drafted. Mr. Navarro affirmatively alleges that the Order Form speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the Order Form itself for its true and complete contents.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. Paragraph 131 is denied.

132. From Paragraph 132, Mr. Navarro admits that Benworth FL sent an email to Womply on July 1, 2021. Mr. Navarro affirmatively alleges that the email referenced in this paragraph speaks for itself and denies the remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences of the email.

133. Paragraph 133 is denied.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **22** of **41**

134.    Paragraph 134 is denied.

135.    Paragraph 135 is denied.

136.    Paragraph 136 is denied.

137.    Paragraph 137 is denied.

138.    Paragraph 138 is denied.

139.    Paragraph 139 is denied.

140.    Paragraph 140 is denied.

141.    From Paragraph 141, Mr. Navarro admits that he received the email referenced in this paragraph. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences of the email, is denied. Mr. Navarro affirmatively alleges that the email referenced in this paragraph speaks for itself.

142.    Paragraph 142 is denied.

143.    From Paragraph 143, Mr. Navarro admits that on July 23, 2023, Benworth FL received certain notices from Womply by email and First-Class Certified Mail. The remainder of the paragraph, including any implication that Benworth FL breached the contracts, is denied.

144.    Paragraph 144 is denied.

145.    Paragraph 145 is denied as drafted. Mr. Navarro affirmatively alleges that the August 16 Letter speaks for itself and denies Womply's characterization and legal conclusions and/or inferences of the same.

146.    Paragraph 146 is denied as drafted. Mr. Navarro affirmatively alleges that the August 16 Letter speaks for itself and denies Womply's characterization and legal conclusions and/or inferences of the same.

147.    Paragraph 147 is denied as drafted. Mr. Navarro affirmatively alleges that the

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **23** of **41**

August 16 Letter speaks for itself and denies Womply's characterization and legal conclusions and/or inferences of the same.

148.    Paragraph 148 is denied as drafted. Mr. Navarro affirmatively alleges that the August 16 Letter and January 2021 Final Rule speak for themselves and denies Womply's characterization and legal conclusions and/or inferences as to the same.

149.    Paragraph 149 is denied.

150.    Paragraph 150 is admitted.

151.    From Paragraph 151, Mr. Navarro admits that he facilitated a bridge loan to Senator Marco Rubio and that Mr. Navarro was appointed to the Southern District of Florida's Judicial Advisory Commission. The remainder of the paragraph is denied.

152.    From Paragraph 152, Mr. Navarro admits that Benworth FL sent a letter to Senator Rubio's office on August 16, 2021. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding the letter, is denied. Mr. Navarro affirmatively alleges that the letter referenced in this paragraph speaks for itself.

153.    From Paragraph 153, Mr. Navarro admits that he sent an email to Senator Rubio on August 16, 2021. Mr. Navarro affirmatively alleges that the August 16 email speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

154.    From Paragraph 154, Mr. Navarro admits that Senator Rubio sent a letter addressed to Administrator Guzman of the SBA that was dated August 26, 2021. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding the August 26 Letter, is denied. Mr. Navarro affirmatively alleges that the August 26 Letter speaks for itself.

155.    Paragraph 155 is denied.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **24** of **41**

156.    From Paragraph 156, Mr. Navarro admits that the SBA sent the September 14 Letter to Benworth FL. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding the September 14 Letter, is denied. Mr. Navarro affirmatively alleges that the September 14 Letter speaks for itself.

157.    Paragraph 157 is admitted.

158.    From Paragraph 158, Mr. Navarro admits that Womply sought payment of $153,063,872 and interest in the arbitration. The remainder of the paragraph, including footnote 9 therein, is denied.

159.    From Paragraph 159, Mr. Navarro admits that Benworth FL filed its Answer to Womply's Demand for Arbitration, Affirmative Defenses, and Counterclaims on October 1, 2021. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding the Answer, Affirmative Defenses, and Counterclaims, is denied.

160.    From Paragraph 160, Mr. Navarro admits that, as part of Benworth FL's claims in the arbitration, it averred that it need not pay Womply more than $153 million under the Agreements and that Womply must disgorge API and Technology Fees that Benworth FL already paid it for services rendered. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences as to Benworth FL's counterclaims, is denied.

161.    Paragraph 161 contains legal conclusions and interpretations that do not require a response. Should a response be required, the paragraph is denied.

162.    Paragraph 162 contains legal conclusions and interpretations that do not require a response. Should a response be required, the paragraph is denied.

163.    From Paragraph 163, Mr. Navarro admits that Benworth FL pleaded as an affirmative defense that Womply is barred from recovering outstanding Referral Fees. The

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **25** of **41**

remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences as to the Answer, Affirmative Defenses, and Counterclaims, is denied.

164. Paragraph 164 is denied as drafted. Mr. Navarro affirmatively alleges that Benworth FL's Answer, Affirmative Defenses, and Counterclaims in the arbitration speak for themselves, and denies Womply's characterization and legal conclusions and/or inferences as to the Answer, Affirmative Defenses, and Counterclaims.

165. Paragraph 165 is denied.

166. From Paragraph 166, Mr. Navarro admits that (1) he was deposed on October 26, 2022, (2) Womply filed a motion to compel discovery into Benworth PR, (3) the arbitrator entered an order for Benworth FL to produce its agreements with Benworth PR, and (4) the arbitrator entered an order to produce Mr. Navarro for a second deposition in the arbitration. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences as to the motion, orders and depositions, is denied.

167. Paragraph 167 is denied.

168. From Paragraph 168, Mr. Navarro admits that (1) Benworth FL entered into the Original LSA with Benworth PR, (2) Mr. Navarro executed the agreement on behalf of Benworth FL, and (3) co-defendant Mrs. Navarro executed the agreement on behalf of Benworth PR. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences as to the Original LSA, is denied.

169. Paragraph 169 is denied as drafted. Mr. Navarro affirmatively alleges that the Original LSA speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

170. Paragraph 170 is denied as drafted. Mr. Navarro affirmatively alleges that (1)

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **26** of **41**

Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021, and (2) Benworth FL and Benworth PR executed the Amended LSA but denies Womply's characterization and legal conclusions and/or inferences as to the same.

171.    Paragraph 171 is denied as drafted. Mr. Navarro affirmatively alleges that the Amended LSA speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

172.    Paragraph 172 is denied as drafted. Mr. Navarro affirmatively alleges that the Amended LSA speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same.

173.    From Paragraph 173, Mr. Navarro admits that he and Mrs. Navarro collaborated to draft the LSAs. The remainder of the paragraph is denied.

174.    From Paragraph 174, Mr. Navarro admits that Benworth FL considered quotes received by the four firms mentioned in this paragraph in developing its PPP loan fee structure with Benworth PR. The remainder of the paragraph is denied.

175.    From Paragraph 175, Mr. Navarro admits that Benworth FL produced an agreement between it and Lendio. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding the agreement, is denied. Mr. Navarro affirmatively alleges that the agreement between it and Lendio speaks for itself.

176.    From Paragraph 176, Mr. Navarro admits that Benworth FL funded approximately 311,000 PPP loans. The remainder of the paragraph is based on a hypothetical and not an averment of fact and consists of a legal conclusion to which no response is required. Should a response be required, Mr. Navarro denies the remainder of the paragraph and affirmatively alleges that the

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **27** of **41**

LSA speaks for itself.

177.    Paragraph 177, including its footnote 10, is denied. Mr. Navarro affirmatively alleges that the LSA and Mr. Navarro's testimony speak for themselves and denies Womply's characterization and legal conclusions and/or inferences of the same.

178.    Paragraph 178 is denied. Mr. Navarro affirmatively alleges that the LSA speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

179.    Paragraph 179 is denied. Mr. Navarro affirmatively alleges that the LSA speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

180.    From Paragraph 180, Mr. Navarro admits that he provided testimony regarding payments to Benworth PR. The remainder of the paragraph, including Womply's characterization and legal conclusions and/or inferences regarding Mr. Navarro's testimony, is denied. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself.

181.    Paragraph 181 is denied.

182.    Paragraph 182 is denied.

183.    Paragraph 183 is denied. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding his testimony.

184.    Paragraph 184 is denied as drafted.

185.    Paragraph 185 is denied.

186.    Paragraph 186 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony at his depositions and the Amended LSA speak for themselves and denies Womply's

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **28** of **41**

characterization and legal conclusions and/or inferences regarding the same.

187.    Paragraph 187 is denied.

188.    Paragraph 188 is denied as drafted. Mr. Navarro affirmatively alleges that the content of Benworth FL's website speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

189.    Paragraph 189 is denied as drafted. Mr. Navarro affirmatively alleges that the content of his LinkedIn profile speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

190.    From Paragraph 190, Mr. Navarro admits that Benworth FL has serviced its own PPP loans in the past. The remainder of the paragraph is denied.

191.    From Paragraph 191, Mr. Navarro admits that (1) Benworth FL sent a letter to Congress in 2022 and (2) Paragraph 191 cites portions of said letter but denies that such citation is the sole statement contained in the letter and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the letter referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro refers to the letter itself for its true and complete contents.

192.    Paragraph 192 is denied.

193.    Paragraph 193 is denied.

194.    Paragraph 194 is denied.

195.    Paragraph 195 is denied as drafted.

196.    Paragraph 196 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **29** of **41**

197.    Paragraph 197 is denied as drafted. Mr. Navarro affirmatively alleges that the testimony referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

198.    Paragraph 198 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

199.    Paragraph 199 is denied as drafted.

200.    Paragraph 200 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

201.    Paragraph 201 is denied.

202.    Paragraph 202 is denied.

203.    Paragraph 203 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

204.    Paragraph 204 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony at his depositions speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

205.    Paragraph 205 is admitted.

206.    Paragraph 206 contains Womply's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro*, Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.) and thus does not require a response. Should a response be required, Mr. Navarro denies Paragraph 206.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **30** of **41**

207.    Paragraph 206 contains Womply's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro,* Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.) and thus does not require a response. Should a response be required, Mr. Navarro denies Paragraph 207.

208.    Paragraph 208 is denied as drafted. Mr. Navarro affirmatively alleges that his testimony speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

209.    Paragraph 209 contains Womply's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro*, Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.) and thus does not require a response. Should a response be required, Mr. Navarro denies Paragraph 206 as drafted. Mr. Navarro affirmatively alleges that the transcript from the hearing referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

210.    From Paragraph 210, Mr. Navarro admits that Womply filed a motion in the arbitration asking for permission to disclose documents and information it obtained through discovery in the arbitration, which were covered by a protective order, to a court of competent jurisdiction. The remainder of the paragraph is denied.

211.    Paragraph 211 is admitted.

212.    Mr. Navarro admits that Paragraph 212 cites a portion of the arbitrator's order issued on January 17, 2023, but denies that such citation is the sole statement contained in the order and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the order referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.</u>
Civil No. 23-01034 (GMM)
Page **31** of **41**

213.    Mr. Navarro admits that Paragraph 213 cites a portion of the arbitrator's order issued on January 17, 2023, but denies that such citation is the sole statement contained in the order and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the order referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

214.    Mr. Navarro admits that Paragraph 214 cites portions of the arbitrator's order issued on January 17, 2023, but denies that such citations are the sole statements contained in the order and denies any inferences from the cited portions based on completeness of the allegations. Mr. Navarro affirmatively alleges that the order referenced in this paragraph speaks for itself and denies Womply's characterization and legal conclusions and/or inferences regarding the same.

### COUNT I – ACTUAL FRAUDULEN TRANSFER
(Against Benworth PR and Benworth FL)

215.    Count I is not against Mr. Navarro, but, to the extent necessary, Mr. Navarro incorporates his responses to paragraphs 1 through 214 as if fully stated herein.

216.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 216 is denied.

217.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 217 is denied.

218.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 218 is denied.

219.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 219 is denied.

220.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 220 is

Case 3:23-cv-01034-GMM    Document 152    Filed 08/19/24    Page 32 of 41

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **32** of **41**

denied.

221.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 221 is denied.

222.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 222 is denied.

223.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 223 is denied.

224.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 224 is denied. Mr. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

225.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 225 is denied.

226.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 226 is denied.

227.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 227 is denied.

228.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 228 is denied.

229.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 229 is denied.

**COUNT II – CONSTRUCTIVE FRAUDULENT TRANSFER**
(Against Benworth PR and Benworth FL)

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **33** of **41**

230. Count II is not against Mr. Navarro, but, to the extent necessary, Mr. Navarro incorporates his responses to paragraphs 1 through 229 as if fully stated herein.

231. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 231 is denied.

232. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 232 is denied.

233. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 233 is denied.

234. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 234 is denied.

235. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 235 is denied.

236. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 236 is denied.

237. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 237 is denied.

238. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 238 is denied.

239. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 239 is denied. Mr. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **34** of **41**

240. Count II is not against Mr. Navarro, but, to the extent necessary, Paragraph 240 is denied.

## COUNT III – DECLARATORY JUDGMENT – ALTER EGO OR SUCCESSOR
(Against Benworth PR and Benworth FL)

241. Count III is not against Mr. Navarro, but, to the extent necessary, Mr. Navarro incorporates his responses to paragraphs 1 through 240 as if fully stated herein.

242. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 242 is denied.

243. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 243 is denied.

244. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 244 is denied.

245. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 245 is denied.

246. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 246 is denied.

247. Count III is not against Mr. Navarro, but, to the extent necessary, Paragraph 247 is denied.

248. Count III is not against Mr. Navarro and Paragraph 248 is not a factual averment, but, to the extent necessary, Paragraph 248 is denied.

## COUNT IV – DECLARATORY JUDGMENT – VEIL PIERCING
(Against Bernardo Navarro, Claudia Navarro, and Benworth PR)

249. Mr. Navarro incorporates his responses to paragraphs 1 through 248 as if fully

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **35** of **41**

stated herein.

250.  Paragraph 250 is denied.

251.  Paragraph 251 is denied.

252.  Paragraph 252 is denied.

253.  Paragraph 253 is denied.

254.  Paragraph 254 is denied.

255.  Paragraph 255 is not a factual averment and is denied.

## PRAYER FOR RELIEF

256.  Paragraph 256 is denied. Womply is not entitled to any of the relief sought in the Amended Complaint.

## MR. NAVARRO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Lack of Subject Matter Jurisdiction)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because there is no subject-matter jurisdiction over Womply's claims. Womply must establish "as a matter of black letter law, . . . the citizenship of all of its members" to establish diversity jurisdiction. *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 693 (1st Cir. 2023). Here, Womply alleges that its sole member is Oto Holdco, LLC, whose sole member is SCAT20210724, LLC, whose sole member is "AltoIRA Custodian" for the benefit of Toby Scammell's Roth IRA retirement account. Womply, however, has not established the citizenship of "AltoIRA" or that the citizenship of a beneficiary of a Roth IRA retirement account is sufficient to establish diversity.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **36** of **41**

part, by the doctrine of unclean hands. Specifically, the fees Womply seeks from Benworth FL include fees gained through fraudulent applications for PPP loans that Womply referred. The SBA has denied the guaranteed purchase of thousands of Womply-referred loans totaling more than $51 million, and it may deny an additional $68 million more. Thus, if the SBA ultimately does not buyback these loans, Benworth FL will have to refund the principal loan amounts that the Federal Reserve advanced to Benworth FL for funding these Womply-referred fraudulent PPP loans.

## THIRD AFFIRMATIVE DEFENSE
(Ripeness)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because Womply's claims are not ripe because the issue of whether Benworth FL is a debtor of Womply has not yet been confirmed under the Federal Arbitration Act.

## FOURTH AFFIRMATIVE DEFENSE
(Reasonable Actions and Good Faith)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because Mr. Navarro's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## FIFTH AFFIRMATIVE DEFENSE
(Good Faith and Fair Value)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because Mr. Navarro's conduct was at all times made in good faith and that reasonably equivalent value was received in exchange for the transfers referenced in the Amended Complaint. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## SIXTH AFFIRMATIVE DEFENSE
(Lack of Insolvency)

Case 3:23-cv-01034-GMM    Document 152    Filed 08/19/24    Page 37 of 41

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **37** of **41**

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because the transfers referenced in the Amended Complaint did not render Benworth FL insolvent. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## SEVENTH AFFIRMATIVE DEFENSE
(Ordinary Course of Business)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because the transfers referenced in the Amended Complaint were made in the ordinary course of business. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## EIGHTH AFFIRMATIVE DEFENSE
(Lack of Fraudulent Intent)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because Benworth FL lacks the intent to defraud creditors. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## NINTH AFFIRMATIVE DEFENSE
(Subsequent Good Faith Transferee)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because the subsequent transferee took the funds in good faith and for value, without knowledge of the alleged fraud. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

## TENTH AFFIRMATIVE DEFENSE
(Payment of Legitimate Debt)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **38** of **41**

part, because the transfers referenced in the Amended Complaint were not fraudulent but, instead, were made to pay off a legitimate obligation under Benworth FL's loan servicing agreements with Benworth PR. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

### ELEVENTH AFFIRMATIVE DEFENSE
(Separate Financial Records)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because Benworth FL's finances were kept separate from those of Benworth PR, indicating a clear distinction between the corporate entities.

### TWELFTH AFFIRMATIVE DEFENSE
(No Commingling of Assets)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, because there was no commingling of corporate assets between Benworth FL and Benworth PR. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Legitimate Business Purpose)

The veil piercing claim (Count IV) in the Amended Complaint is barred, in whole or in part, against Benworth FL because Benworth PR was formed and operated for legitimate business purposes and not to perpetrate fraud or evade obligations. Thus, Womply's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio*.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Set Off)

The damages Womply seeks are subject to a set off. The fees Womply seeks from Benworth FL include fees gained through missing loan files and fraudulent applications for PPP loans that Womply referred. The SBA has denied the guaranteed purchase of thousands of

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **39** of **41**

Womply-referred loans totaling more than $51 million, and it may deny an additional $68 million more. Thus, if the SBA ultimately does not buyback these loans, Benworth FL will have to refund the principal loan amounts that the Federal Reserve advanced to Benworth FL for funding these Womply-referred fraudulent PPP loans. Mr. Navarro asserts that Womply's recovery should therefore be offset by the amount that Benworth FL is ultimately required to repay to the Federal Reserve.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Set Off)

The damages Womply seeks are subject to a set off. Section 2.3 of the Referral Agreement and Section 2.3 of the Order Form provide that Womply shall return any fees paid by Benworth FL that the SBA or other governmental agency determines were not in compliance with applicable SBA and/or PPP Loan Program Requirements. Benworth FL has paid Womply approximately $465 million in fees and those fees are currently the subject of an investigation by the SBA and/or other governmental agencies. If the SBA and/or another governmental agency determines that the fees Benworth FL paid Womply, in whole or in part, were not in compliance with applicable SBA and/or PPP Loan Program Requirements, Womply must return those fees to Benworth FL and any damages awarded to Womply here should therefore be set off by the amount of fees that Womply is required to return to Benworth FL.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Public Policy)

The damages Womply seeks are barred, in whole or in part, because compelling Benworth FL to pay Womply fees would require Benworth FL to violate public policy. The SBA has an explicit, well-defined policy that specifically militates against the relief Womply seeks here. That public policy expressly provides that agents, including lender service providers, like Womply, are

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM)
Page **40** of **41**

only entitled to fees from lenders in connection with SBA loans that are owed under agreements that were submitted to and approved by the SBA. *See* 13 C.F.R. §§ 103.5(a), (c); Small Business Administration, Office of Capital Access, *SOP 50 10 6: Lender and Development Company Loan Programs* at p. 185 (Oct. 1, 2020). Womply acted as an agent and lender service provider under the Parties' Agreements. The relief Womply seeks here is the payment of fees under agreements that indisputably were never submitted to or approved by the SBA. Ordering Benworth FL to pay Womply those fees as damages here would thus require Benworth FL to violate the SBA's explicit, well-defined policy. Accordingly, Womply is barred from recovering damages in this action from Benworth FL.

**Mr. Navarro's Answer and Affirmative Defenses to the Amended Complaint**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, _et al._
Civil No. 23-01034 (GMM)
Page **41** of **41**

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on August 19, 2024.

**Ferraiuoli**

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

_s/ Roberto A. Cámara-Fuertes_
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

_s/ Jaime A. Torrens-Dávila_
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

_s/ Mónica Ramos Benítez_
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

_Counsel for Bernardo Navarro_