## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| OTO ANALYTICS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BENWORTH CAPITAL PARTNERS PR LLC, BENWORTH CAPITAL PARTNERS LLC, BERNARDO NAVARRO and CLAUDIA NAVARRO,<br><br>Defendants. | Civil No. 23-01034 (GMM) |
| FEDERAL RESERVE BANK OF SAN FRANCISCO,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>OTO ANALYTICS, LLC, BENWORTH CAPITAL PARTNERS PR LLC, BENWORTH CAPITAL PARTNERS LLC, BERNARDO NAVARRO and CLAUDIA NAVARRO,<br><br>Defendants in Intervention. | |

## MOTION TO CONSOLIDATE

The Federal Reserve Bank of San Francisco (the "Reserve Bank") requests, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42, that this Honorable Court consolidate the following two civil actions: *Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.*, Civil No. 23-01034 (the "Womply Action"), which has been pending before this Court since January 24, 2023, and Civil No. 24-01313 (the "Reserve Bank Action," and, jointly with the Womply Action, the "Actions"), which was transferred to this Court pursuant to the order of Judge

María Antongiorgi-Jordán dated August 2, 2024 and is now pending before this Court.[1]

For the reasons set forth below, consolidation of the Actions into the first-filed Womply Action, Civil No. 23-01034, is appropriate because (1) both Actions involve common questions of law and fact regarding Defendants' fraudulent transfers of assets in connection with its participation in the Paycheck Protection Program (the "PPP") and the Paycheck Protection Program Liquidity Facility (the "PPPLF"), and (2) consolidation will promote a just and efficient litigation in both Actions by streamlining scheduling, filings, hearings, discovery, and other matters and avoiding the risk of inconsistent adjudication of the same or even identical issues raised during the course of proceedings in both Actions.

The undersigned has conferred with the parties in the Womply Action about the relief requested herein. Oto Analytics, LLC ("Womply") consents to the consolidation requested herein, and Defendants (as defined below) do not oppose consolidation.

## FACTUAL BACKGROUND

1.      On January 23, 2023, Womply initiated the Womply Action by filing a *Complaint* against Benworth Capital Partners PR LLC ("Benworth PR"), Benworth Capital Partners LLC ("Benworth FL"), and the individuals Bernardo Navarro and Claudia Navarro (together, the "Navarros" and, together with Benworth PR and Benworth FL, the "Defendants"). *See* ECF No. 1. On July 1, 2024, Womply filed an *Amended Complaint* (the "Womply Complaint"). *See* ECF No. 123.

2.      As alleged in the Womply Complaint, Benworth FL contracted to use Womply's services to facilitate the origination of PPP loans by Benworth FL. Under the parties' agreements, Benworth FL was to pay Womply certain fees for these services. Womply alleges it is owed

---

[1] *See* the Reserve Bank Action at ECF Nos. 15-16.

approximately $200 million in unpaid fees and interest from Benworth FL, which it claims it was also pursuing in an arbitration proceeding commenced in August 2021.[2] The Womply Complaint requests, among other relief: (1) the recission of a transfer of approximately $171 million from Benworth FL to Benworth PR, (2) attachment of the Defendants' assets, (3) a declaration that Benworth PR is the *alter ego* of and/or the successor to Benworth FL, making Benworth PR liable to Womply; (3) a declaration that the Navarros are personally liable for satisfying Benworth FL's and Benworth PR's obligations to Womply as a result of the piercing the corporate veil; and (4) an award of collection costs and attorneys' fees and costs.

3.      On July 10, 2024, the Reserve Bank initiated the Reserve Bank Action by filing a *Complaint* (the "Reserve Bank Complaint") against the same Defendants in the Womply Action.

4.      The Reserve Bank Complaint alleges that Benworth FL owes the Reserve Bank millions of dollars in fees, accrued interest, and additional costs arising from Benworth FL's default under certain agreements pursuant to which the Reserve Bank provided credit advances to Benworth FL under the PPPLF. *See* Reserve Bank Compl. ¶¶ 16-37. Like the Womply Complaint, the Reserve Bank Complaint further alleges that Benworth FL fraudulently transferred assets to Benworth PR and the Navarros while it was insolvent, undercapitalized, and unable to pay its debts when due, or that such transfers caused it to become insolvent, undercapitalized, and unable to pay its debts as they became due. *See id.* ¶¶ 46-63. As Womply also alleged, these transfers have left the Reserve Bank unable to collect its debt from Benworth

---

[2] On June 11, 2024, the arbitrator issued a final award (subsequently corrected on June 26, 2024) requiring Benworth FL to pay Womply nearly $118 million in unpaid fees, interest, and costs. Womply has filed a petition to confirm the final award in the United States District Court for the Northern District of California. *See* Reserve Bank Compl. ¶¶ 39-41; *see also* Petition to Confirm Arbitration Award and For Entry of Judgment, *Oto Analytics, LLC v. Benworth Capital Partners LLC*, No. 3:24-cv-03975 (N.D. Cal. July 1, 2024).

FL under the parties' agreements.

5.      Accordingly, the Reserve Bank Complaint requests, among other relief: (1) rescission of certain transfers from Benworth FL to Benworth PR and the Navarros; (2) a declaration that Benworth PR is the *alter ego* of and/or the successor to Benworth FL, making Benworth PR liable to the Reserve Bank; (3) a declaration that the Navarros are personally liable for satisfying Benworth FL's and Benworth PR's obligations to the Reserve Bank as a result of the piercing of the corporate veil; and (4) an award of costs in the Reserve Bank's favor, including unpaid principal, accrued interest (including default interest, as applicable), and additional costs owed under the Program Agreements.

6.      The Reserve Bank Action was originally assigned to Judge María Antongiorgi-Jordán. On August 2, 2024, Judge Antongiorgi-Jordán ordered the Reserve Bank Action transferred to this Court. *See* ECF No. 15 (Civil No. 24-01313).

7.      On July 10, 2024, the Reserve Bank also filed a *Motion to Intervene Under Fed. R. Civ. P. 24* (the "Motion to Intervene") requesting that this Court allow it to intervene in the Womply Action. *See* ECF No. 127. All parties to the Womply Action filed statements confirming that they did not oppose the Reserve Bank's intervention, *see* ECF No. 140-41, and this Court granted the Motion to Intervene by its order dated July 29, 2024, *see* ECF No. 145.

8.      For the reasons set forth below, the Reserve Bank requests that this Court consolidate the Reserve Bank Action, Civil No. 24-01313, with the first-filed Womply Action, Civil No. 23-01034 for all purposes. In the alternative, the Reserve Bank requests consolidation for purposes of pre-trial proceedings, including discovery, without prejudice to the availability of this Court ordering a joint trial at a later date.

**ARGUMENT**

Under Fed. R. Civ. P. 42(a), "[i]f actions before the court involve a common question of law or fact," the Court may "consolidate the actions." Fed. R. Civ. P. 42(a). The Court may also "join for hearing or trial any or all matters at issue in the actions" or "issue any other orders to avoid unnecessary cost or delay." *Id.*

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citation omitted). "The threshold issue is whether the . . . proceedings involve a common party and common issues of fact or law. Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (citations omitted). Courts have stressed that the purpose of joining actions is to promote convenience and judicial economy. *See Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933); *Arroyo v. Chardon*, 90 F.R.D. 603, 605 (D.P.R. 1981). Consolidation is appropriate if it will "promote the aims of all the parties [and] economize time and effort without circumscribing the opportunity for full litigation of all relevant claims," but not proper if it causes prejudice to a party. *See González–Quiles v. Coop. De Ahorro Y Credito De Isabela*, 250 F.R.D. 91, 92 (D.P.R. 2007). "A motion for consolidation will usually be granted unless the party opposing it can show demonstrable prejudice." *Storlazzi v. Bakey*, No. 95–1595, 1995 WL 623676, * 1 (1st Cir. Oct. 24, 1995) (citation omitted).

The Local Rules for the United States District Court for the District of Puerto Rico (the "Local Rules") provide that "[a] motion for consolidation shall be presented in the case first filed within the cases identified for consolidation." Loc. Civ. R. 42. If this Court orders consolidation, "the clerk shall designate the case having the earliest docket number as the lead case, unless

otherwise directed by the court," and subsequent documents or pleadings filed in either action shall "(1) include the caption of all consolidated cases, (2) be served on all parties within such cases, and (3) be filed only in the lead case." *Id.*

### A. Consolidation Is Appropriate Under Rule 42(a) and Would Streamline and Simplify Proceedings in Both Actions Because They Share Multiple Claims and Numerous Factual and Legal Issues.

Consolidation of the Reserve Bank Action, Civil No. 24-01313, with the first-filed Womply Action, Civil No. 23-01034, is appropriate under Rule 42(a) because both Actions involve similar questions of law and fact and should be granted in this Court's exercise of discretion because consolidation would yield significant efficiencies and cost savings for both the parties and the Court's own judicial resources, avoid the risk of inconsistent resolution of the same or substantially similar issues, and present minimal—if any—risk of prejudice or confusion.

*First*, both Actions involve the same four Defendants, who are represented by the same counsel in both cases, underscoring the benefit of consolidation for the parties' and the Court's schedules.

*Second*, the Actions share substantially similar, and sometimes identical, questions of law and fact, chief among them whether, as alleged by both the Womply Complaint and the Reserve Bank Complaint, Benworth FL fraudulently transferred assets to Benworth PR and the Navarros. *See, e.g.*, Womply Complaint ‖‖ 1-2, 165-184, 215-240; Reserve Bank Complaint ‖‖ 3, 46-63, 68-77. To pursue their claims, both Womply and the Reserve Bank will seek similar discovery of Benworth FL, Benworth PR, and the Navarros. Consolidation will simplify this exchange of information, avoid duplicative discovery and overlapping evidence, and reduce any inconvenience on deponents and witnesses at trial, who are likely to substantially overlap between the two Actions.

Furthermore, the unpaid debts underlying the relief sought in the Womply Complaint and the Reserve Bank Complaint both arise out a common nucleus of fact: Benworth FL's role as a participant in the PPP and PPPLF. As a borrower under the PPPLF, Benworth FL obtained PPPLF financing from the Reserve Bank, secured by, *inter alia*, the PPP loans Benworth FL originated to small businesses and the proceeds thereof. As of the filing of the Reserve Bank Complaint, Benworth FL had an unpaid balance under the PPPLF of nearly $67 million. Meanwhile, Womply facilitated Benworth FL's origination of PPP loans by providing a technology platform and referring hundreds of thousands of PPP loans to Benworth FL and earning millions of dollars in fees. The Womply Complaint alleges Benworth FL has failed to pay fees and accrued interest totaling approximately $200 million. Factual or legal developments (for example, affirmative defenses) that occur during the course of proceedings are thus likely to arise in both Actions, and consolidation would provide a single forum for their resolution.

*Third*, both the Womply Complaint and the Reserve Bank Complaint seek, *inter alia*, the recission of the alleged fraudulent transfers and a declaration that Benworth PR and the Navarros are liable, based on veil piercing and *alter ego* theories, for the debts owed by Benworth FL to the respective plaintiffs. *See, e.g.*, Womply Complaint ¶¶ 241-256; Reserve Bank Complaint ¶¶ 78-105, 111.[3]

Consolidation will ensure that the Court efficiently and consistently resolves these common legal issues for all parties involved. *See Fazio v. James River Ins. Co.*, No. CV 20-1074 (MEL), 2022 WL 5434220, at *3 (D.P.R. Oct. 7, 2022) (finding that "consolidation further avoids the risk of inconsistent judgments").

---

[3] The Reserve Bank Complaint also asserts a cause of action for conversion. *See* Reserve Bank Complaint ¶¶ 106-110.

**B. Consolidation Would Not Cause Prejudice or Confusion Because Both Actions Remain Legally Distinct and are in a Similarly Early Stage.**

Consolidation does not present significant, if any, risk of prejudice to the parties. Because consolidated actions retain their separate character, *cf. Hall v. Hall*, 584 U.S. at 66, Defendants' "rights to defend themselves against all claims asserted against them, including their right to conduct full-fledged discovery, remains untainted by consolidation." *Norton Lilly Int'l, Inc. v. P.R. Ports Auth.*, No. 18-1012 (GAG), 2019 WL 13094747, at *4 (D.P.R. May 16, 2019), *report and recommendation adopted*, No. 18-1012 (GAG) (D.P.R. June 18, 2019).

Moreover, discovery in the Womply Action is still in its infancy, with the Rule 26(f) conference occurring on July 15, 2024 and Defendants' Answer or response to the Womply Complaint not due until August 19, 2024, according to the proposed scheduling order. *See* ECF No. 122. The benefits of consolidating discovery at this early stage outweigh any potential prejudice, as courts in this District have observed when consolidating cases in postures far more divergent than the two Actions at issue here. *See, e.g.*, *Fazio v. James River Ins. Co.*, No. CV 20-1074 (MEL), 2022 WL 5434220, at *3 (D.P.R. Oct. 7, 2022) (ordering consolidation of one action where discovery had closed with a second action where no discovery had yet occurred and dismissing defendant's objection that it would have to "start from scratch" and "be exposed to demonstrable pressures to unduly accelerate proceedings" because the defendant retained full discovery rights and no trial date had been set).

Similarly, the fact that the Reserve Bank and Womply allege they are owed different amounts by Benworth FL does not detract from the significant efficiencies gained by consolidation of these Actions—which, in any case, primarily concern Benworth FL's fraudulent transfers. It is common for parties in consolidated proceedings to be seeking different amounts, and even different forms, of relief. *See Gonzalez-Quiles v. Cooperativa De Ahorro Y Credito De*

*Isabela*, 250 F.R.D. 91, 93 (D.P.R. 2007) (ordering consolidation over defendants' objection that the two plaintiffs alleged harassment by different employees of the defendant and would "receive different remedies if they prevail in their claims" due to different defenses against each plaintiff, noting that any potential confusion could be addressed with carefully drafted jury instructions). The same is true about the fact that the Reserve Bank has asserted causes of action not asserted in the Womply Complaint. *See Financial Guaranty Insurance Company v. Padilla*, No. 16-1095 (GAG), 2016 WL 369493, *1 (D.P.R. January 21, 2016) (ordering consolidation where "[b]oth cases assert most of the same claims," despite that one case challenged the defendants' actions on an additional basis not asserted in the second case). Therefore, consolidation of the Actions is proper.

### CONCLUSION

The Reserve Bank has shown that consolidation of the Actions is appropriate under Rule 42(a) because they share multiple claims and numerous factual and legal issues. Furthermore, consolidation would streamline and simplify proceedings without causing prejudice or confusion, as both Actions remain legally distinct and are in similarly early stages. By reducing redundant litigation and the potential for inconsistent rulings, consolidation also enhances the efficient use of judicial resources.

Accordingly, the Reserve Bank requests the Court order the consolidation of the Reserve Bank Action, Civil No. 24-01313, with the Womply Action, Civil No. 23-01034, under Fed. R. Civ. P. 42(a) and Local Rule 42, for all purposes or, in the alternative, for purposes of pre-trial proceedings without prejudice to the availability of a joint trial.

[SIGNATURE PAGE FOLLOWS]

Respectfully submitted in San Juan, Puerto Rico on August 19, 2024.

Lisa M. Schweitzer (admitted *pro hac vice*)
lschweitzer@cgsh.com

Thomas S. Kessler (admitted *pro hac vice*)
tkessler@cgsh.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Attorneys for the Federal Reserve Bank of
San Francisco*

*s/ Antonio L. Roig Lorenzo*
Antonio L. Roig Lorenzo
antonio.roig@oneillborges.com
USDC-PR No. 207712

*s/ Salvador J. Antonetti Stutts*
Salvador J. Antonetti Stutts
salvador.antonetti@oneillborges.com
USDC-PR No. 215002

*s/ Ubaldo M. Fernández Barrera*
Ubaldo M. Fernández Barrera
ubaldo.fernandez@oneillborges.com
USDC-PR No. 224807

*s/ Aníbal A. Román Medina*
Aníbal A. Román Medina
anibal.roman@oneillborges.com
USDC-PR No. 308410

O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Attorneys for the Federal Reserve Bank of
San Francisco*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 19, 2024, I filed a copy of the foregoing document using the Court's

CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of

record in this matter.


*s/ Aníbal A. Román Medina*
Aníbal A. Román Medina
