IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BENWORTH CAPITAL PARTNERS PR LLC, BENWORTH CAPITAL PARTNERS LLC, BERNARDO NAVARRO and CLAUDIA NAVARRO, | § § § § § § | |
| | § | |
| Defendants. | § | Civil Action No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM) |
| FEDERAL RESERVE BANK OF SAN FRANCISCO, | § § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR LLC; BENWORTH CAPITAL PARTNERS LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO, | § § § § § | |
| | | |
| Defendants in Intervention. | | |

**JOINT PROPOSED SCHEDULING MEMORANDUM**

Pursuant to this Court's August 20, 2024 Order (ECF No. 156), Plaintiff/Defendant in Intervention Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**"), Plaintiff-Intervenor Federal Reserve Bank of San Francisco ("**Reserve Bank**" or "**FRBSF**"; together with Womply, "**Plaintiffs**"), and Defendants Benworth Capital Partners PR LLC ("**Benworth PR**"), Benworth Capital Partners LLC ("**Benworth FL**"), Bernardo Navarro ("**Mr. Navarro**"), and Claudia Navarro (together with Mr. Navarro, the "**Navarros**"; collectively, "**Defendants**"; together with Plaintiffs, the "**Parties**"), through their undersigned counsel, respectfully submit this

Joint Proposed Scheduling Memorandum.  The Parties met and conferred by email on August 27–30, 2024, were unable to reach agreement, and set forth their respective positions below.

### Womply's Position

On August 25, 2021, Womply commenced arbitration ("**Arbitration**") against Benworth FL seeking unpaid fees and was ultimately awarded approximately $118 million.  On January 24, 2023, Womply filed this action because it learned during discovery in the Arbitration that Defendants had fraudulently transferred more than $171 million from Benworth FL to Benworth PR, leaving Benworth FL judgment proof against any Arbitration award.  (ECF No. 1.)  After more than three years of litigation, Defendants have not paid Womply a dime, have not provided a single discovery response in this action, and now seek to delay this action for months, demanding nearly *100 days* to even respond to initial discovery requests without agreeing to produce any documents or information.  This Court has already held that "[t]his case is over a year and a half old and at this juncture, [this] Court sees no merit in further delaying the initiation of proceedings."  (June 27, 2024 Order ("June 27 Order"; ECF No. 121.)  Womply respectfully requests that this Court order the proposed schedule below, which extends the Parties' previously agreed schedule (ECF No. 122) by approximately 30 days with adjustments for weekends and year-end holidays.

For more than three years, Defendants have sought to delay every proceeding to recover funds they owe Womply.  For example:

- **Pleadings.**  The Navarros delayed this action for months by evading service, which resulted in this Court ordering them served by publication.  (ECF No. 77.)  This Court also denied Defendants' motions to dismiss, holding that "Wom[p]ly's claim is ripe for adjudication" while the Arbitration was pending.  (ECF No. 96 at 11.)

- **Arbitration.**  Benworth FL moved to indefinitely stay or continue the Arbitration three times on March 10, 2023, September 13, 2023, and November 9, 2023, which the arbitrator denied each time for lack of support.  Benworth FL also repeatedly delayed the Arbitration by requesting additional briefing, additional hearings, and seeking reconsideration.

- **Stay.**  This Court unstayed this action after the arbitrator issued a Final Award in the Arbitration.  (ECF No. 113.)  Defendants moved for reconsideration seeking to stay this case pending litigation of confirmation and/or vacatur of the Final Award because this action "may be rendered moot if Benworth FL prevails on the vacatur action."  (ECF No. 120 at 2.)  This Court rejected Defendants' arguments.  (June 27 Order.)

- **Confirmation.**  Womply filed a petition to confirm the Final Award in the Northern District of California on July 1, 2024, and Benworth FL filed a separate action to vacate the Final Award.  *Oto Analytics, LLC v. Benworth Capital Partners LLC*, No. 3:24-cv-03975 (N.D. Cal.); *Benworth Capital Partners, LLC v. Oto Analytics, LLC*, No. 3:24-cv-4840 (N.D. Cal.).  Benworth has requested three extensions in these actions, sought three months to file its opposition to Womply's petition, and seeks to extend briefing on its petition to vacate through October 2024.

- **Discovery.**  On July 15, 2024, Womply and Defendants held a Rule 26(f) conference and copied the Reserve Bank on their contemporaneous memorialization of this conference.  Since then, Defendants have delayed the discovery process at every turn:

    o **Initial Disclosures.**  Defendants failed to timely serve Initial Disclosures, which were due 14 days after the Rule 26(f) conference.  Fed. R. Civ. P. 26(a)(1)(C).  Defendants did not serve any Initial Disclosures until after Womply followed up on August 2, 2024.

    o **Protective Order.**  Defendants' belated Initial Disclosures stated that a "confidentiality agreement and protective order will be necessary to produce" documents.  Womply sent Defendants a draft protective order on July 15, 2024, but Defendants did not respond for *six weeks* until August 27, 2024, refused to confer about this issue until Womply provided topics in advance in writing, and still have not provided any availability to confer.  Womply also sent Defendants a draft ESI Stipulation on August 15, 2024 to which Defendants have never responded.

    o **Discovery Requests.**  On July 19, 2024, Womply served initial document requests and interrogatories on each of Defendants with responses due by August 19, 2024.  (Ex. 1); Fed. R. Civ. P. 33(b)(2), 34(b)(2).  Defendants requested a 30-day extension to respond to Womply's requests (ECF No. 154), which this Court did not grant (ECF No. 158).  On August 23, 2024, the Reserve Bank served initial document requests on each of the Defendants that are substantially similar to Womply's requests with responses due by September 23, 2024.  (Ex. 2); Fed. R. Civ. P. 33(b)(2), 34(b)(2).  Defendants now seek to delay responding to *any* discovery requests, without any agreement they will produce any documents or information, for *98 days*, until October 25, 2024.

Defendants raise three meritless arguments to delay this case "by a minimum of 90 days."

***First***, Defendants argue that the hearing on confirmation and vacatur of the Final Award "has been

- 3 -

rescheduled to at least January 2025," and "[t]he outcome of that hearing may render this case moot." This is the exact same argument Defendants raised seeking reconsideration of this Court's Order lifting the stay, which this Court already rejected. (ECF Nos. 120–21.) Defendants are thus seeking to use their proposed schedule to effectively grant themselves the stay of discovery this Court denied.

*Second*, Defendants incorrectly assert that consolidating this action with the Reserve Bank's action "changes the scope of discovery" and introduces unspecified "complexities that were not present in the original case." Not so. Womply and the Reserve Bank allege substantially similar fraudulent transfer and equitable claims and have served substantially similar discovery requests. In any event, any purported complexities introduced by the Reserve Bank's actions should not delay responding to Womply's discovery requests.

*Finally*, Defendants are insisting on a *second* Rule 26(f) conference with the Reserve Bank before responding to any discovery requests, which they seek to delay until September 25, 2024, and refuse to hold such a conference on any earlier dates. Because Womply and Defendants have already conducted a Rule 26(f) conference, there is no need for a second one because document requests are "considered to have been served at the *first* Rule 26(f) conference." Fed. R. Civ. 26(d)(1)(B) (emphasis added). In any event, this again provides no basis to delay responding to Womply's discovery requests.

Womply regrets that Defendants have taken an obstructionist approach to scheduling and discovery. Defendants have already indicated that they plan to raise objections and withhold documents, which may force Womply to raise additional discovery disputes. To avoid "further delaying the initiation of proceedings" (June 27 Order), Womply respectfully requests that this Court enter the following proposed scheduling order:

| Deadline | Current Schedule (ECF No. 122) | Womply's Proposed Schedule |
|---|---|---|
| Parties Conduct Rule 26(f) Conference | July 15, 2024 (or earlier) | July 15, 2024 (first conference, conducted)<br><br>September 6, 2024 (second conference, proposed) |
| Defendants Respond To Womply's Discovery Requests | N/A | September 18, 2024 |
| Defendants Respond to FRBSF's Discovery Requests | N/A | September 23, 2024 |
| Parties Conduct Conference | N/A | September 25, 2024 (or earlier) |
| Parties Answer Or Otherwise Respond to FRBSF Complaint | N/A | October 1, 2024 |
| Substantial Completion of Document Discovery | October 18, 2024 | November 15, 2024 |
| Complete Fact Discovery | November 19, 2024 | January 17, 2025 |
| Parties Identify Experts On Issues For Which They Bear The Burden of Proof | January 7, 2025 | February 7, 2025 |
| Parties Submit Opening Expert Reports On Issues For Which They Bear The Burden Of Proof | January 27, 2024 | February 28, 2025 |
| Parties Submit Rebuttal Expert Reports | February 27, 2025 | March 28, 2025 |
| Complete Expert Discovery | March 27, 2025 | April 25, 2025 |
| File Dispositive Motions | April 25, 2025 | May 23, 2025 |

**The Reserve Bank's Position**

On July 10, 2024, the Reserve Bank commenced an action against Defendants, which has since been consolidated with Womply's action given the numerous common factual and legal issues involved. The Reserve Bank believes these consolidated cases should proceed efficiently, noting that the objective of consolidation was to streamline and simplify the proceedings in both actions.

The Reserve Bank agrees with Womply that both its action and Womply's action involve substantially similar claims. The Reserve Bank has served its initial document requests on

Defendants, and both Plaintiffs have requested similar discovery from the same Defendants (other than requests related to the PPP loan facility between the Reserve Bank and Benworth FL), such that the consolidation does not introduce significant complexities that would warrant a significant delay in the resolution of the actions.

Finally, the Reserve Bank does not believe that a second Rule 26(f) conference is necessary in light of the Reserve Bank's awareness of the outcomes reached at the first conference and the Reserve Bank's pending document requests to the Defendants, but has agreed to make itself available for one in early September given Defendants' request for a new conference.

Accordingly, the Reserve Bank respectfully requests that the Court enter the scheduling order proposed by Womply above.

**Defendants' Position**

The following shows Defendants' proposed schedule juxtaposed against the proposal Plaintiffs provided to Defendants in their email conferral of this joint filing for the Court's ease of reference. Defendants note that (1) the row "Parties Conduct Rule 26(f) Conference" was never proposed by Plaintiffs in their email conferrals with Defendants and that Plaintiffs added this at the eleventh hour of this filing, and (2) the row is duplicative of the row "Parties Conduct Conference," which already refers to a Rule 26(f) conference, which the Reserve Bank has yet to participate in.

[Proposal on the following page]

| Deadline | Prior Proposed Schedule (ECF No. 122) | Plaintiffs' Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|---|
| Defendants Respond To Womply's Discovery Requests | N/A | September 18, 2024 | October 25, 2024 |
| Defendants Respond to FRBSF's Discovery Requests | N/A | September 23, 2024 | October 25, 2024 (or 30 days after the Rule 26(f) conference, at latest) |
| Parties Conduct Conference | July 15, 2024 (or earlier) | September 25, 2024 (or earlier) | September 25, 2024 (or earlier) |
| Parties Answer Or Otherwise Respond to FRBSF Complaint | N/A | October 1, 2024 | October 1, 2024 |
| Substantial Completion of Document Discovery | October 18, 2024 | November 15, 2024 | January 16, 2025 |
| Complete Fact Discovery | November 19, 2024 | January 17, 2025 | February 17, 2025 |
| Parties Identify Experts On Issues For Which They Bear The Burden of Proof | January 7, 2025 | February 7, 2025 | April 7, 2025 |
| Parties Submit Opening Expert Reports On Issues For Which They Bear The Burden Of Proof | January 27, 2024 | February 28, 2025 | April 28, 2025 |
| Parties Submit Rebuttal Expert Reports | February 27, 2025 | March 28, 2025 | May 28, 2025 |
| Complete Expert Discovery | March 27, 2025 | April 25, 2025 | June 25, 2025 |
| File Dispositive Motions | April 25, 2025 | May 23, 2025 | July 24, 2025 |

The Defendants' proposal takes into account the recent consolidation of the Reserve Bank's action (Civil No. 24-01313) with the original action filed by Womply in the main case (Civil No. 23-01034). Although both complaints include causes of action for alleged fraudulent transfer and veil piercing that are substantially similar, the Reserve Bank's complaint involves an additional, substantive claim for breach of contract and collection of money alleging over $66,000,000 in damages based on entirely separate and distinct contractual documents and factual predicates. (Civil No. 24-01313, ECF No. 1 at 4-9, 18-19). Although Plaintiffs would like to

sidestep the difference in these claims, consolidation does significantly change the scope of discovery and introduce complexities that were not present in the original case.

The discovery process will be more cumbersome and time-consuming, especially as the burden to compile and produce a substantial amount of documentation falls largely on the defendants. For this reason, Defendants believe that the deadlines originally set forth in the prior proposed schedule for Civil No. 24-01313 (ECF No. 122) should be extended by 90 days, as proposed above. This does not pose an unreasonable delay or prejudice to the parties.

The Court should take note that Benworth FL has filed a petition to vacate the arbitration award, *Benworth Capital Partners, LLC v. Oto Analytics, LLC*, No. 3:24-cv-4840 (N.D. Cal.), which has been consolidated with Womply's petition to confirm the award in the U.S. District Court for the Northern District of California, *Oto Analytics, LLC v. Benworth Capital Partners LLC*, No. 3:24-cv-03975 (N.D. Cal.). Due to the court in that case's calendar, and not Defendants' purported "delay tactics," the hearing for the arbitration appeal has been rescheduled to at least January 2025. The outcome of that hearing may render this case moot, which makes proceeding on an expedited schedule potentially inefficient and unnecessary.

Regarding the Rule 26(f) conference that should take place over the Reserve Bank's separate claims in the now-consolidated case, which involve distinct evidence, scope of discovery and claims, Defendants had already agreed to Plaintiffs' proposal to hold the same on September 25, 2024 *or earlier*, and are in the process of coordinating available dates for counsel of all parties. There is no dispute on this issue, except that Plaintiffs are now attempting to unilaterally impose a September 6th date for the requisite Rule 26(f) conference in the row "Parties Conduct Rule 26(f) conference," as noted above, which should be coordinated among the parties to ensure counsel for each party are available to attend.

- 9 -

Regarding the issue of Womply's proposed protective order draft, Defendants clarify that they first received a revised version of the proposed protective order with the Reserve Bank's edits on August 20, 2024, and returned their additional revisions to all parties on August 27, 2024. Womply requested a conferral on those edits and, once Womply specified what its discrepancies were with the same, Defendants responded that they are coordinating to provide available dates in the coming weeks to hold the requested call with all counsel.

In all other respects, and to avoid protracted argumentation, Defendants simply note that they take exception to Womply's comments in its portion of this joint motion characterizing as "delay tactics" Defendants' exercise of their procedural and substantive rights under, *inter alia*, the Federal Rules of Civil Procedure, the JAMS Rules or the Federal Arbitration Act.

Dated: August 30, 2024

**MCCONNELL VALDÉS LLC**

By: */s/ Alejandro J. Cepeda Diaz*__
    Alejandro J. Cepeda Diaz
    USDC-PR 222110
    McConnell Valdés LLC
    270 Muñoz Rivera Ave.
    Hato Rey PR 00918
    (787) 250-5637
    ajc@mcvpr.com

**WILLKIE FARR & GALLAGHER LLP**

    Alexander L. Cheney (admitted *pro hac vice*)
    333 Bush Street
    San Francisco, CA 94104
    (415) 858-7400
    acheney@willkie.com

    Stuart R. Lombardi (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, NY 10019
    (212) 728-8882

    Joshua S. Levy (admitted *pro hac vice*)
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    jlevy@willkie.com

*Counsel for Plaintiff Oto Analytics, LLC*

**FERRAIUOLI LLC**

By: */s/ Roberto A. Cámara Fuertes*__
    Roberto A. Cámara Fuertes
    USDC-PR 219002
    Jaime A. Torrens-Davila
    Monica Del Pilar Ramos-Benitez
    Ferraiuoli LLC
    PO Box 195168
    San Juan, PR 00919-5168
    (787) 766-7000
    (787) 766-7001
    rcamara@ferraiuoli.com
    jtorrens@ferraiuoli.com
    mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**

    Dwayne Robinson
    Michael R. Lorigas
    Rasheed K. Nader
    2525 Ponce de Leon Boulevard, 9th Fl.
    Miami, Florida 33134
    (305) 372-1800
    jpiedra@kttlaw.com
    drobinson@kttlaw.com
    mlorigas@kttlaw.com
    rnader@kttlaw.com

*Counsel for Defendants Benworth Capital Partners LLC and Bernardo Navarro*

- 10 -

**O'NEILL & BORGES LLC**

By: */s/ Antonio L. Roig Lorenzo*
    Antonio L. Roig Lorenzo
    USDC-PR No. 207712
    Salvador J. Antonetti Stutts
    USDC-PR No. 215002
    Ubaldo M. Fernández Barrera
    USDC-PR No. 224807
    Aníbal A. Román Medina
    USDC-PR No. 308410
    250 Muñoz Rivera Ave., Ste. 800
    San Juan, PR 00918-1813
    (787) 764-8181
    antonio.roig@oneillborges.com
    salvador.antonetti@oneillborges.com
    ubaldo.fernandez@oneillborges.com
    anibal.roman@oneillborges.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

    Lisa M. Schweitzer (admitted *pro hac vice*)
    Thomas S. Kessler (admitted *pro hac vice*)
    One Liberty Plaza
    New York, New York 10006
    (212) 225-2000
    lschweitzer@cgsh.com
    tkessler@cgsh.com

*Counsel for the Federal Reserve Bank of San Francisco*

**CASELLAS ALCOVER & BURGOS, P.S.C.**

By: */s/ Carla S. Loubriel*
    Carla S. Loubriel
    USDC-PR 227509
    Ricardo F. Casellas
    208 Ponce de Leon Ave.
    Popular Center Bldg. Suite 1400
    Hato Rey, PR 00918
    (787) 756-1400
    cloubriel@cabprlaw.com
    rcasellas@cabprlaw.com

*Counsel for Defendants Benworth Capital Partners PR LLC and Claudia Navarro*

- 11 -

- 12 -

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 30, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notice to all parties receiving notifications through the CM/ECF system.

Dated: August 30, 2024                              By: */s/ Alejandro J. Cepeda Diaz*

*Counsel for Plaintiff Oto Analytics, LLC*