# Exhibit B

**JAMS ARBITRATION CASE REFERENCE NO.**

Oto Analytics d/b/a Womply,

       Claimant,

     and

Benworth Capital Partners LLC,

       Respondent.

---

ORDER RE BENWORTH'S MOTION FOR RECONSIDERATION
AND FURTHER PROCEEDINGS - ORDER NO. 8

## I.     Introduction

On December 21, 2023, the Arbitrator issued an Interim Award finding that the contracts between Claimant/Counter-Respondent Oto Analytics, Inc. d/b/a Womply ("Womply") and Respondent/Counter-Claimant Benworth Capital Partners, LLC ("Benworth") were valid and enforceable, that Benworth breached those contracts by failing to pay Womply fees and finance charges that were due and owing, that none of Benworth's affirmative defenses absolve Benworth of its obligation to pay Womply, and that Benworth's counterclaims based on the purported illegality of Womply's fees are without merit. In addition, in the Interim Award, the Arbitrator awarded Womply $86,299,892 plus applicable finance charges, costs of collection, and interest.

On December 28, 2023, Benworth submitted a Motion for Reconsideration. In its Motion, Benworth argues that the Interim Award should be reconsidered because (1) it lacks language prohibiting Womply from misusing the Interim Award in the court proceedings in Puerto Rico; (2) it should not have denied Benworth's Counterclaim I on the issue of whether Womply must provide Benworth with electronic copies of all loan files related to Womply-referred loans, and instead, Benworth should have been granted relief on this issue; and (3) the Arbitrator either misapplied or misinterpreted the SBA rules, regulations, and SOPs when deciding whether the 1% Agent Fee Cap applies to Womply's Technology Services, whether Womply is a lender service provider, and whether SBA regulations and SOPs, and in turn, the Agreements, preclude Womply's recovery of additional Referral Fees and Technology Fees.

1

Womply submitted its Response to Benworth's Motion for Reconsideration on January 2, 2024, and on January 8, 2024, Benworth submitted its Reply.

In addition, on January 5, 2024, in accordance with the Arbitrator's rulings in the Interim Award, the parties submitted a Joint Statement regarding the issues still to be resolved in this arbitration as well as proposed procedures and schedules for doing so. The parties were unable to agree on the issues still to be resolved or on the proposed schedule and procedure.

On January 18, 2024, a status conference was held to preliminarily address some of the issues raised by Benworth's Motion for Reconsideration and to address some procedural and scheduling issues. The parties were represented by counsel and the proceedings were reported. At the conference, the Arbitrator issued oral rulings on some of the issues raised by Benworth's Motion for Reconsideration and ordered the parties to meet and confer and to submit a written joint statement addressing the outstanding procedural and scheduling issues. On January 29, 2024, the parties filed a joint statement in which each side set forth its position with respect to the outstanding issues; however, the parties failed to achieve any agreement concerning those issues. The oral rulings made at the January 18 status conference are stated below.

## II.    Discussion

### A.  Benworth's Motion for Reconsideration

Benworth's Motion for Reconsideration makes the following assertions:

**1. The Interim Award lacks language prohibiting Womply from misusing the Interim Award in the court proceedings in Puerto Rico.**

Benworth contends that the Arbitrator provided assurances at the September 26, 2023 hearing that he would include language in the Interim Award that would bar Womply from using the Interim Award in the court proceedings in Puerto Rico. Specifically, Womply asks the Arbitrator to include language in the Interim Award stating that the Interim Award cannot be taken to any court for any purpose.

Benworth's position misconstrues the record of the September 26, 2023 proceeding where, in fact, no such assurances were ever made. Moreover, Benworth has cited no law or other legal precedent that gives the Arbitrator the power to tell a Federal Court what to do with his Interim Award or that allows the Arbitrator to restrict Womply from pursuing its rights in the court following the issuance of his decision. The court, not the Arbitrator, has jurisdiction over these issues. Benworth's Motion for Reconsideration on these grounds is therefore DENIED.

2

**2. The Interim Award should not have denied Benworth's Counterclaim I on the issue of whether Womply must provide Benworth with electronic copies of all loan files related to Womply-referred loans, and instead, Benworth should have been granted relief on this issue.**

Counterclaim I states, in relevant part:

3. A further actual controversy has arisen and now exists between Benworth and Womply concerning their respective rights and duties under the Referral Agreement, in that Benworth is entitled to have its access to Womply's technology platform reinstated or receive electronic copies of borrowers' loan files within 30 days of Womply terminating the Referral Agreement, whereas Womply disputes these contentions and contends it has no obligation to reinstate Benworth's access to the technology platform or otherwise turn over the loan files.

4. Benworth seeks a determination and declaration . . . (iv) that Womply is obligated to promptly reinstate Benworth's access to Womply technology platform or otherwise transmit electronic copies of borrowers' loan files.

(Counterclaim, ¶¶3, 4(iv).)

Section 4.3 of the Referral Agreement obligates Womply to deliver Benworth all loan files relating to a Womply-referred loan. Specifically, section 4.3 states:

Upon [Benworth's] receipt of a Notice of Termination, [Benworth] may request from Womply, and Womply shall reasonably provide to [Benworth], a plan for transmitting to [Benworth] electronic copies of loan files in its possession that relate to the Referred Loans, to the extent not otherwise in the possession of [Benworth]. Womply will not unreasonably withhold its cooperation in such selection and transmission. Both parties shall agree upon a data format and method of transmission. Womply shall reasonably provide such requested information to [Benworth] no later than thirty (30) days following the termination of this Agreement.

(Referral Agreement, §4.3.)

3

Based on this explicit language in the Referral Agreement, Benworth is entitled to the declaration that it seeks. Indeed, in the January 29, 2024 joint statement, Womply consents to declaratory judgment being entered. Thus, the Arbitrator's December 21, 2023 Interim Award shall be amended to reflect that Benworth's Counterclaim 1, as it pertains to the transmission of loan records, is GRANTED and the Final Award will reflect this ruling. Womply is obligated to promptly transmit electronic copies of Benworth's borrowers' loan files to Benworth, or, if such transmission is not possible, Womply shall reinstate Benworth's access to Womply technology platform so Benworth can access those files independently. There is no need for the record to be reopened to grant this relief in light of Womply's concession and the clear language of Section 4.3 of the Referral Agreement.

At the hearing and in its briefs, Benworth asserts that it may wish to seek damages from Womply for its purported failure to comply with section 4.3, and it may seek future damages if Womply does not comply with the Arbitrator's mandate.[1] Any such potential request for damages is not presently before the Arbitrator, since, pursuant to Counterclaim 1, Benworth is merely asking for the aforementioned declaratory relief. Benworth does not also seek damages in its Counterclaim, and the Arbitrator is bound by the pleadings.

### 3. The Arbitrator either misapplied or misinterpreted the SBA rules, regulations, and SOPs in the following ways.

Before addressing Benworth's arguments, it is worth noting that in its Motion, Benworth merely rehashes the same arguments it previously made. Any discussion of those arguments and the Arbitrator's resolution of them in the Interim Award herein is therefore done mainly to clarify the Arbitrator's prior reasoning. As a general rule, however, nothing in Benworth's Motion papers justifies reversal of any of the Arbitrator's prior decisions.

Indeed, under both the JAMS rules and California law, both of which apply to this arbitration pursuant to the parties' agreements, reconsideration is only granted when the party seeking reconsideration can point to new or different facts, circumstances, or law, or in the case of

---

[1] Those damages, according to Benworth, would be based on its assertion that, because of missing loan files, the SBA has denied the guaranteed purchase of thousands of Womply-referred loans totaling more than $51 million, and it may deny an additional $68 million more. Thus, according to Benworth, if the SBA ultimately does not buyback these loans, Benworth will have to refund the principal loan amounts that the Federal Reserve advanced to Benworth for funding PPP loans. Benworth maintains that the bulk of the funds available to repay the Federal Reserve are the fees that the Arbitrator has ordered Benworth to pay Womply, and it asserts that Womply's recovery should therefore be offset by the amount that Benworth is ultimately required to repay, if anything. However, this position, including its request for an offset has not been pleaded or otherwise asserted in the Benworth Counterclaim.

4

a Final Award, to correct any computational, typographical or other similar error. (*See* Cal.Civ.Proc. §1008; JAMS Comprehensive Arbitration Rules & Procedures, Rule 24(j).) Benworth's arguments in its Motion do not address any of these requirements and the Motion to Reconsider can be denied on this basis alone.

### a. Deciding that the 1% Agent Fee Cap does not apply to Womply's Technology Services

In its Motion, Benworth predominantly takes issue with the Arbitrator's refusal to accept its overly broad application of the 1% Agent Fee Cap to "any tasks *related to* preparing or referring PPP loan applications." This issue was fully briefed by the parties and argued at the arbitration hearing, and the Arbitrator addressed it in detail at pages 35-40 of the Interim Award. Benworth has not noted any new or different facts, circumstances, or law. Its Motion for Reconsideration of this conclusion by the undersigned is therefore DENIED.

### b. Deciding that Womply is not a lender service provider

Again, this issue was fully briefed by the parties and argued at the arbitration hearing, and the Arbitrator addressed it in detail at pages 41-44 of the Interim Award. Benworth has not noted any new or different facts, circumstances, or law. For these reasons alone, Benworth's Motion for Reconsideration is DENIED.

In addition, the Arbitrator notes that Benworth is incorrect that the Arbitrator disregarded language from the relevant SOPs (as cited at page 13 of the Motion papers) and that he failed to find those SOPs in conflict with any SBA rule or regulation when he refused to apply them. Indeed, having reviewed the SOP provisions upon which Benworth relies, the undersigned was (and continues to be) convinced that application of those SOPs would be in direct conflict with the structure and language of the SBA regulations. For example, one of the SOP provisions upon which Benworth relies states that an LSP "provide[s] services for the purposes of obtaining Federal financial assistance that include[s] interaction with the Applicant either in-person or through the use of technology . . . ." As written, if this SOP were to be applied to the various entities involved in the PPP program, then practically every individual or entity involved in the program would be considered an LSP. This result would be absurd and would be in direct conflict with the SBA rules and regulations that specifically define and differentiate between the different types of providers and agents.

Benworth's Motion for Reconsideration on these grounds is therefore DENIED.

### c. Deciding that the SBA regulations and SOPs, and in turn, the Agreements, do not preclude Womply's recovery of additional Referral Fees and Technology Fees

Again, this issue was fully briefed by the parties and argued at the arbitration hearing, and the Arbitrator addressed it in detail at pages 44-47 of the Interim Award. Benworth has not noted any new or different facts, circumstances, or law. For these reasons alone, Benworth's Motion for Reconsideration is DENIED.

In addition, Benworth's Motion for Reconsideration is premised on the faulty assumption that Womply was an LSP when, as discussed above, the undersigned has already concluded that Womply was not. Thus, Benworth's argument that Womply is not entitled to any compensation (1) because it was an LSP; (2) because LSPs are required to submit agreements to the SBA in order to get paid, and (3) because Womply failed to submit the Agreements to the SBA, is of no consequence. The Arbitrator was not applying "his own rough sense of justice," as Benworth contends. Instead, he applied the specific terms of the parties' Agreements to the controlling SBA rules and regulations.

## B. Further Proceedings

As the parties have not been able to agree on a procedure or a schedule for the next phase of these proceedings, the following orders will address those issues:

1.  A Hearing of no more than three days shall take place in March 2024, via Zoom. The parties and the Arbitrator will select dates in March that are convenient for all concerned. Once the date for the Hearing is established, a schedule will be set for the submittal of briefs, declarations and supporting documents.

2.  All direct testimony offered to support the parties' respective positions shall be submitted by written declaration under oath. At the request of the opposing party, the witness will be made available for cross examination at the Hearing. If a party believes that a witness's direct testimony must be presented live at the Hearing it may file a formal request to present the witness live. Such a request shall set forth a summary of the anticipated testimony, a statement of why the testimony is relevant to one or more of the remaining issues and an explanation concerning why the witness's direct testimony cannot be presented by declaration.

6

DocuSign Envelope ID: 44554E41-485D-4126-A5D8-398DF0AE9B25 Case 3:23-cv-01034-GMM   Document 162-3   Filed 09/09/24   Page 8 of 9

3.  The parties are ordered to meet and confer to reach agreement on dates for the Hearing, briefing and the submission of declarations. The parties shall file a joint statement of these issues by no later than February 26, 2024.

4.  The parties are hereby reminded and instructed that they shall limit the testimony of any witness called by declaration or otherwise to testimony pertaining only to issues currently pending before the Arbitrator. Those issues include, and are explicitly limited to: (1) Counterclaim 1, if any issues found within the current pleadings remain undecided; (2) attorneys' fees and costs; (3) finance charges; and (4) interest.

5.  On February 1, 2024, Benworth filed a Request to Issue Subpoena, seeking subpoenas for two SBA employees, Martin Anderson and Vanessa Piccioni. On February 7, 2024, Womply filed an opposition to Benworth's Request and on February 13, 2024, Benworth filed a Reply. In view of the ruling on Counterclaim 1, which granted Benworth the declaration it was seeking, that Request is DENIED without prejudice. If Benworth believes that the testimony of one or both of these witnesses is still relevant to any remaining issue, it can renew its Request. Any renewed or future Request shall provide a summary of the anticipated testimony and a statement of why the testimony is relevant to any remaining issue.

### III.   Conclusion

Benworth's Motion for Reconsideration is DENIED with regard to its request to add language to the Interim Award prohibiting Womply from misusing the Interim Award in the court proceedings in Puerto Rico.

Benworth's Motion for Reconsideration is GRANTED and the Interim Award shall be modified with regard to Benworth's Counterclaim 1 as follows: The Arbitrator has determined and hereby declares that Womply is obligated to promptly transmit electronic copies of Benworth's borrowers' loan files to Benworth, or, if such transmission is not possible, Womply shall reinstate Benworth's access to Womply technology platform so Benworth can access those files independently.

Benworth's Motion for Reconsideration is DENIED with regard to Benworth's contention that the Arbitrator either misapplied or misinterpreted the SBA rules, regulations, and SOPs when deciding whether the 1% Agent Fee Cap applies to Womply's Technology Services, whether

Womply is a lender service provider, and whether SBA regulations and SOPS, and in turn, the Agreements, preclude Womply's recovery of additional Referral Fees and Technology Fees.

IT IS SO ORDERED.

DATE:  February 20, 2024

_____
Alexander L. Brainerd
Arbitrator