**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **BENWORTH CAPITAL PARTNERS PR, LLC;** *et al*, <br><br> Defendants. | Civil No. 23-01034 (GMM) *cons.* <br> Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> **OTO ANALYTICS, LLC;** *et al*, <br><br> Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** <br><br> Consolidated Plaintiff, <br><br> v. <br><br> **BENWORTH CAPITAL PARTNERS PR, LLC;** *et al*, <br><br> Consolidated Defendants. | |

**JOINT OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES OF UNCLEAN HANDS, SETOFF, AND PUBLIC POLICY**

**TO THE HONORABLE COURT:**

    **COME NOW** defendants Benworth Capital Partners PR, LLC ("Benworth PR"),

Benworth Capital Partners, LLC ("Benworth FL"), and Bernardo and Claudia Navarro ("Mr. and

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **2** of **12**

Mrs. Navarro" and, jointly with Benworth PR and Benworth FL, the "Defendants"), through the undersigned counsel, and very respectfully file this opposition to the Motion to Strike Defendants' Affirmative Defenses of Unclean Hands, Setoff, and Public Policy (the "Motion to Strike") (D.E. 162) filed by Plaintiff Oto Analytics, LLC ("Womply").[1]

## LEGAL STANDARD

"A motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must carry a formidable burden." *Reverse Mortg. Sols., Inc. v. Est. of Velez-Yumet*, Civil No. 16-2530 (CCC), 2017 WL 3316045, at *1 (D.P.R. Jul. 31, 2017) (internal quotations and citations omitted). "In order to succeed on a motion to strike surplus matter from an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Morell v. United States*, 185 F.R.D. 116, 117-18 (D.P.R. 1999). Absent a "showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Id.* at 118 (cleaned up). "Thus, before this type of motion can be granted the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute and that under no set of circumstances could the defenses succeed." *Id.* (cleaned up). "[A]ny doubt as to the striking of matter in a pleading should be resolved in favor of the pleading[.]" *Asphaltos Trade, S.A. v. Bituven Puerto Rico, LLC*, Civil No. 18-1876 (BJM), 2021 WL 965645, at *2 (D.P.R. Mar. 15, 2021) (internal quotations and citations omitted).

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as in the Motion to Strike.

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **3** of **12**

## ARGUMENT

**I.    Womply Failed To Establish That Litigating The Affirmative Defenses Will Cause Prejudicial Harm.**

This Court need not consider the merits of the arguments raised in the Motion to Strike because Womply failed to meet its threshold burden. As explained above, a party moving to strike affirmative defenses carries the burden of establishing "that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Morell*, 185 F.R.D. at 118 (citation omitted). Courts routinely deny motions to strike affirmative defenses that fail to make this requisite showing of prejudice. *See e.g.*, *Asphaltos Trade,* 2021 WL 965645, at *3 (denying motion to strike certain affirmative defenses where moving party did not meet "its 'formidable burden' to show why striking these defenses at this stage of litigation is necessary") (citation omitted); *Marrero-Rolon v. Autoridad de Energia Electrica de P.R.*, Civil No. 15-1167 (JAG), 2017 WL 3584890, at *2 (D.P.R. Jan. 3, 2017) (denying motion to strike certain affirmative defenses where "Plaintiffs fail[ed] to show how they will be prejudiced by the presence of these defenses throughout the litigation, as generally required for an affirmative defense to be stricken"); *see also Morell*, 185 F.R.D. at 120 (denying motion to strike, in part, because there was no "credible claim that the defenses created undue prejudice for the movants"). Because Womply failed to show that inclusion of the Affirmative Defenses will cause it prejudice throughout the proceedings, the Motion to Strike should be denied.

**II.    The Affirmative Defenses Are Subject To Litigation In This Court.**

Womply first argues the Affirmative Defenses should be stricken because they concern matters that fall within the scope of the arbitration clause in the Agreements. (Motion to Strike, § I.A.) But Womply ignores critical language in the arbitration clause that eviscerates this

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **4** of **12**

argument. Specifically, the prefatory language of the arbitration clause expressly states that it operates "[w]ithout limiting a party's right to seek ***injunctive or other equitable relief in court***." (Referral Agreement § 10 (emphasis added); Order Form § 4.)

Ironically, Womply relied on this carveout from the arbitration clause to initiate this action. During the Arbitration, Womply argued that it should be allowed to disclose confidential information from that proceeding in this Court because the Agreements expressly allow the parties to seek injunctive or equitable relief in a court of law. (**Ex. 1** at 11.) Womply explained that the parties should be permitted to disclose such confidential information in court "to the extent necessary to prosecute and/or defend against any claims asserted in furtherance of the parties' rights under their agreements" because that would "allow both sides the opportunity to assert all claims and defenses available to them in such action." (*Id.*) Although Womply has since changed course and now seeks to deprive Benworth FL and its co-Defendants of the defenses available to them, the Arbitrator agreed with Womply's prior position, stating that, "[p]ursuant to the relevant agreements between the parties, either party may seek equitable or injunctive relief concerning issues relevant to this Arbitration in a court of law." (**Ex. 2** at 2.)

The plain language of the Agreements' arbitration clauses unambiguously reflects that the parties agreed that issues relating to obtaining injunctive or equitable relief may be resolved by a court of law. However, a "court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 748 F.3d 1, 7 (1st Cir. 2014) (emphasis in original; internal quotations and citation omitted). Here, the arbitration clauses show that the parties did not agree that issues pertaining to injunctive or equitable relief must be resolved exclusively through arbitration.

Each of the Affirmative Defenses seeks equitable or injunctive relief from Womply's

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **5** of **12**

request for the equitable remedy of an attachment of Defendants' assets. As to unclean hands, Womply has already conceded that this defense "is an equitable remedy that allows a court to refuse to aid one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." (Motion to Strike at 15 (internal quotations and citations omitted).) The same is true with respect to the affirmative defense of setoff. *See Los Angeles Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480, 500 (2020) (explaining the "affirmative defense of setoff is equitable in nature"). And Defendants' public policy defense effectively seeks injunctive relief by asking the Court to refrain from enforcing the Final Award, which represents the debt that forms the basis for Womply's request for an attachment of Defendants' assets. Notwithstanding, the question of whether an arbitral award violates "public policy is ultimately one for resolution by the courts." *W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 766 (1983).

Womply has not established that the case law clearly requires striking the Affirmative Defenses under these circumstances. None of the cases cited by Womply concerned an arbitration clause with an unlimited carveout for actions seeking injunctive or equitable relief.[2] Nor did Womply cite any case where the court struck affirmative defenses that seek equitable or injunctive relief in response to equitable claims asserted by another party to the arbitration agreement. For example, Womply cites *Ray v. Austin Industrial, Inc*., Civil No. 18-00392 (JMC), 2018 WL 4701375, at *4 (D.S.C. Sept. 29, 2018) because the court held that an "unclean hands" defense

---

[2] Womply does cite *Grand Wireless, Inc. v. Verizon Wireless, Inc.*, 478 F.3d 1 (1st Cir. 2014), which involved an arbitration clause that did not cover certain enumerated disputes. (Motion to Strike at 10.) *Grand* is still distinguishable because the arbitration clause did not remove all actions for injunctive or equitable relief from the scope of the arbitration clause, like here, but instead only actions "seeking emergency injunctive relief pending the appointment of arbitrators." *Id.* at 4-5. Moreover, *Grand* did not strike any affirmative defenses asserted in response to claims for injunctive or equitable relief.

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **6** of **12**

must "be decided by the arbitrator rather than the court." (Motion to Strike at 10.) But there, unclean hands was asserted to defend against a motion to compel arbitration and the parties' contract stated that "'the enforceability of the arbitration agreement is to be decided by the arbitrator.'" *Ray*, 2018 WL 4701375, at *4. Accordingly, the Motion to Strike must be denied because Womply has not shown "that any questions of law are clear and not in dispute" as required to strike the Affirmative Defenses. *See Morell*, 185 F.R.D. at 118-19 (declining to strike affirmative defense where the "particular issue has not been clearly answered by the courts of this Circuit").

The Motion to Strike also overlooks the practical consequences of the Court striking the Affirmative Defenses based on the arbitration clause. Womply's own authority, *Safeguard Properties Management, LLC v. MidFirst Bank*, Civil No. 17-565 (DCN), 2017 WL 4541592 (N.D. Ohio Oct. 11, 2017), (Motion to Strike at 10), indicates that the Court will need to dismiss this action without prejudice if it strikes the Affirmative Defenses for being subject to arbitration. In *Safeguard*, the plaintiff asserted non-arbitrable claims, and the defendant answered with affirmative defenses that required resolution of issues subject to arbitration. *Safeguard*, 2017 WL 4541592 at *1-2. Because "the decision in the arbitration proceeding [would] affect the resolution of [the plaintiff's] claims here[,]" the Court dismissed the action without prejudice. *Id*. at *2. Here, resolution of the Affirmative Defenses will impact whether or to what extent Womply is entitled to an attachment of Defendants' assets. Thus, if this Court rules that the Affirmative Defenses must be arbitrated (they do not), then this action must be dismissed without prejudice.

### III.   The Affirmative Defenses Are Not Precluded By The Arbitration.

Womply also argues that the Affirmative Defenses should be stricken because they are barred by issue preclusion, also known as collateral estoppel. (Motion to Strike, § I.B.) Issue

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.
Civil No. 23-01034 (GMM) cons. Civil No. 24-01313 (GMM)
Page **7** of **12**

preclusion applies only when four requirements are met: "(1) the issues raised in the two actions are the same; (2) the issue was actually litigated in the earlier action; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was necessary to that judgment." *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012). None of the Affirmative Defenses meet all these requirements. Defendants address each of the Affirmative Defenses in turn.

Unclean Hands. Defendants' unclean hands defense is based on the SBA denying the guaranteed purchase of thousands of fraudulent PPP loans that Womply referred to Benworth FL, which has exposed Benworth FL to millions of dollars in liability to the Federal Reserve. Womply argues that the unclean hands defense is barred for two reasons. Neither has merit.

First, Womply argues that the unclean hands defense concerns missing loan files, which was resolved by the Final Award after Womply consented to a declaratory judgment requiring it to transmit missing loan files to Benworth FL. (Motion to Strike at 11-12.) But Defendants' unclean hands defense does not even mention loan files, let alone require a resolution of whether Benworth FL is entitled to the loan files. Thus, the unclean hands defense may not be stricken simply because the Arbitrator determined that Benworth FL was entitled to the loan files.

Second, Womply contends that the unclean hands defense covers the same issues as the promissory fraud defense Benworth FL asserted in the Arbitration. Although the unclean hands defense implicates some of the same issues as Benworth FL's promissory fraud defense in the Arbitration, Benworth FL voluntarily dismissed that defense without prejudice. (Final Award at 5.) Issue preclusion does not apply to voluntary dismissals without prejudice. *See Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers*, 915 F.2d 43, 48 (1st Cir. 1990) ("Of course, it is well settled that the effect of a voluntary dismissal without prejudice is to render

7

Case 3:23-cv-01034-GMM   Document 163   Filed 09/23/24   Page 8 of 12

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **8** of **12**

the proceedings a nullity and leave the parties as if the action had never been brought." (internal alterations and quotations omitted)).

Setoff. Defendants assert two setoff defenses. One of the setoff defenses is based on the damages Benworth FL suffered because the SBA denied the guaranteed purchase of thousands of PPP loans, which is the result of Womply holding loan files hostage and referring fraudulent PPP loan applications to Benworth FL.[3] The issues raised by this defense include whether Benworth FL was damaged by the missing loan files and fraudulent PPP loan applications and whether those damages may offset the fees Womply is entitled to and thereby defeat or reduce Womply's request for an attachment of Defendants' assets. These issues were neither litigated during the Arbitration nor resolved by the Final Award. Indeed, the Arbitrator explicitly noted that Benworth FL's "request for an offset" based on these facts was "not pleaded or otherwise asserted" in the Arbitration. (D.E. 162-3 at 4.) Issue preclusion therefore does not bar this setoff defense.

Public Policy. Defendants' public policy defense argues that Womply is not entitled to the relief it seeks because granting such relief enforces an arbitral award that requires Benworth FL to violate public policy. No valid and binding final judgment has determined this issue. And, in any event, as noted above, the question of whether an arbitral award violates "public policy is ultimately one for resolution by the courts." *W.R. Grace*, 461 U.S. at 766. Accordingly, issue preclusion does not bar Defendants' public policy defense.

## IV. Benworth PR and Mrs. Navarro Have Standing To Assert The Affirmative Defenses.

Womply next argues that Benworth PR and Mrs. Navarro lack standing to raise the Affirmative Defenses because they are not parties to the Agreements. (Motion to Strike, § II.) As

---

[3] Womply does not argue that issue preclusion bars the second setoff defense, which is based on the SBA determining that Womply's fees were not in compliance with applicable SBA and/or PPP Loan Program Requirements.

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.
Civil No. 23-01034 (GMM) cons. Civil No. 24-01313 (GMM)
Page **9** of **12**

Womply concedes, however, nonparties may enforce an agreement under piercing the corporate veil or alter ego theories. (Id. at 14.) Accordingly, if Womply prevails on its claims to designate Benworth PR and Mrs. Navarro as the alter egos of Benworth FL, then Benworth PR and Mrs. Navarro have standing to assert the Affirmative Defenses to the same extent as Benworth FL.[4] And for the same reasons discussed above, Benworth PR and Mrs. Navarro are not barred from asserting the Affirmative Defenses based on the arbitration clause or issue preclusion.

## V.    The Affirmative Defenses Are Legally Sufficient.

Finally, Womply argues that the Affirmative Defenses should be stricken "because they are not valid defenses or they are inadequately pleaded." (Motion to Strike, § III.) As a threshold matter, Womply has not provided the Court with the analysis necessary to resolve these arguments. And, in any event, Womply's merits-based attacks fail.

Courts cannot grant a motion to strike affirmative defenses until it is shown "that any questions of law are clear and not in dispute . . . ." See Morell, 185 F.R.D. at 118 (citation omitted); id. at 19 (declining to strike affirmative defense where the "particular issue has not been clearly answered by the courts of this Circuit"). It is not clear from the Motion to Strike which jurisdiction's substantive law applies to the Affirmative Defenses. Womply has previously suggested that either California law or Puerto Rico law may apply here, arguing that "this Court will need to apply Puerto Rico's 'most significant contacts' test to determine which jurisdiction's substantive law governs Womply's claims." (D.E. 49 at 10.) The same is true with respect to

---

[4] Womply contends that, by asserting the Affirmative Defenses, Benworth PR and Mrs. Navarro are implicitly conceding that they are the alter egos of Benworth FL. (Motion to Strike at 14.) That contention is meritless. By definition, an affirmative defense is a defense that requires the defendant to admit the plaintiff's allegations but allege additional facts to defeat liability. See Asphaltos Trade, 2021 WL 965645, at *3 (explaining an affirmative defense is a defense that "precludes liability even if all of the elements of the plaintiff's claims are proven") (citation omitted). To be clear, Benworth PR and Mrs. Navarro deny that there are the alter egos of Benworth FL and rely on the Affirmative Defenses solely to the extent that there is a determination that they are alter egos.

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **10** of **12**

Defendants' defenses. But the Motion to Strike is devoid of any choice-of-law analysis. Worse, Womply fails to cite any cases applying California or Puerto Rico law in its arguments on the applicability and sufficiency of the Affirmative Defenses. Without knowing which law applies to the Affirmative Defenses, this Court cannot determine whether the law is clear and undisputed. For example, Womply argues that the setoff and public policy defenses are not valid defenses to its claims. Yet, Womply cites no authority from either California or Puerto Rico definitively foreclosing those affirmative defenses as a matter law. The Motion to Strike should be denied for this reason alone.

Notwithstanding, Womply's arguments fail on the merits. Womply primarily contends that the Affirmative Defenses do not relate to the claims it asserted. In so arguing, Womply focuses only on the fraudulent transfer allegations, overlooking the relief it seeks. That relief includes an attachment of Defendants' assets, which is allegedly supported by the debt Benworth FL owes Womply. The Affirmative Defenses directly relate to Womply's request for an attachment of assets. Each defense is alleged to either eliminate or reduce the purported debt owed to Womply. For example, if Defendants prevail on their public policy defense, any debt to Womply would be extinguished and, in turn, so, too, would Womply's entitlement to an attachment. Because the Affirmative Defenses are not "so unrelated to plaintiff's claim as to be unworthy of any consideration as a defense," the Motion to Strike must be denied. *See Morell*, 185 F.R.D. at 119 (citation omitted).

Womply next argues that Defendants failed to allege inequitable conduct in support of the unclean hands defense. Womply is wrong. Womply admitted the unclean hands defense implicates the same issues of fraud that were raised (but not determined) by Benworth FL's promissory fraud defense in the Arbitration. (*See* Motion to Strike at 12.) Those fraud issues include Womply

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*</u>
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **11** of **12**

deceiving Benworth FL regarding its technology platform. (*Id*. at 6.) "Fraud is the sort of misconduct that may support an unclean hands defense." *Cyclone USA, Inc. v. LL&C Dealer Servs., LLC*, Civil No. 03-0992 (AJW), 2007 WL 9662337, at *19 (C.D. Cal. Nov. 8, 2007).

Finally, Womply argues that the setoff defenses fail because there is no debt Womply owes to Benworth FL. Womply "has failed to meet its high burden to establish that there is no question of law or fact which might allow any of the enumerated defenses to succeed, including that it would be prejudiced by inclusion of the affirmative defenses listed therein." *Reverse Mortg. Sols.*, 2017 WL 3316045, at *2. For example, for the first setoff defense (Fourteenth Affirmative Defense), whether Benworth FL's liability to the Federal Reserve is a debt Womply owes Benworth FL is a mixed question of fact and law that has not been answered by the Motion to Strike. As to the second setoff defense (Fifteenth Affirmative Defense), it is a question of fact whether the SBA has determined that Womply's fees were not in compliance with applicable requirements. Simply put, the Motion to Strike must be denied because Womply has not shown there are no set of circumstances under which the setoff defenses may succeed.

To the extent the Court agrees that the Affirmative Defenses do not meet pleading requirements, the Defendants request that the Court grant them leave to amend the Affirmative Defenses.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny the Motion to Strike (D.E. 162) or, alternatively, either dismiss this action without prejudice if the Court rules the Affirmative Defenses are subject to arbitration or grant Defendants leave to amend the Affirmative Defenses if they are subject to dismissal on the sufficiency of the allegations.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing opposition was filed with the Clerk of the Court using the CM/ECF system, which will send

**Joint Opposition to Plaintiff's Motion to Strike Defendants' Affirmative Defenses …**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **12** of **12**

notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 23rd day of September 2024.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
**Roberto A. Cámara-Fuertes**
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
**Jaime A. Torrens-Dávila**
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
**Mónica Ramos-Benítez**
USDC-PR 308405
Email: mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

*/s/ Ricardo F. Casellas*
**Ricardo F. Casellas**
USDC-PR Bar No. 203114

*/s/ Carla S. Loubriel Carrión*
**Carla S. Loubriel-Carrión**
USDC-PR Bar No. 227509

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*