**JAMS ARBITRATION CASE REFERENCE NO. 1210038203**

**Oto Analytics, Inc. dba Womply,**
            **Claimant(s),**

            **and**

**Benworth Capital Partners, LLC,**
            **Respondent(s).**

_____

**ORDER RE: WOMPLY'S EMERGENCY REQUEST TO DISCLOSE PROTECTED MATERIALS AND WOMPLY'S MOTION TO PRODUCE (ORDER NO. 5)**

I.        WOMPLY'S EMERGENCY REQUEST

On November 17, 2022, Claimant Otto Analytics Inc. d/b/a Womply ("Womply") filed an Emergency Request to Disclose Protected Materials.  Womply's Emergency Request seeks permission to disclose material designated as confidential under the Protective Order entered in this Arbitration for the purpose of initiating an action in the United States District Court against Respondent Benworth Capital Partners LLC ("Benworth") for equitable and injunctive relief arising from the alleged fraudulent transfer of funds by Benworth to a related company known as Benworth Capital Partners PR LLC ("Benworth Puerto Rico").  Based on the mistaken belief that Benworth did not oppose Womply's Emergency Request, and also based on the then-existing record concerning the Request, on November 23, 2022, the Arbitrator issued Order No. 4 granting Womply's Request.

Shortly after the issuance of Order No. 4, it was determined that Benworth had in fact timely filed an extensive opposition to Womply's Emergency Request.  Accordingly, the Arbitrator advised the parties that Order No. 4 could not be enforced or acted upon until Benworth's opposition had been considered and the Emergency Request had been fully litigated.  Additional letter briefs concerning the Emergency Request were filed by both parties and two hearings were conducted, on December 7, 2022 and January 12, 2023, at which time the parties presented extensive argument concerning their respective positions.

1

Based upon the following considerations and the extensive record concerning Womply's Emergency Request, the Emergency Request is GRANTED.

Womply's claims in this Arbitration relate to $154 million of unpaid fees it alleges were due and owing from Benworth for services related to PPP loans made by Benworth during the COVID-19 pandemic. In its Answer to Demand for Arbitration filed on October 1, 2021, Benworth alleges, in Paragraph 17, that it "has held the disputed fees in trust until its dispute with Womply, including the matter of fraudulent loans, is resolved." This representation, made both to the Arbitrator and Womply, was false at the time it was made. In fact, well before the representation contained in Paragraph 17 of Benworth's Answer, Benworth had transferred $171 million to Benworth Puerto Rico, a related company located in Puerto Rico. As a result of this transfer, Benworth would be unable to satisfy an award of $154 million and, according to the deposition testimony of its CEO in this Arbitration, is essentially judgment proof.

During the course of discovery in this Arbitration, an extensive record has been developed concerning the transfer of the $171 million from Benworth to Benworth Puerto Rico. At the very least, that record raises a triable issue regarding whether the transfer of funds was made in an effort to avoid Benworth's potential financial obligations and to render it judgment proof and unable to satisfy any award that that might be rendered against it in this Arbitration.

Pursuant to the relevant agreements between the parties, either party may seek equitable or injunctive relief concerning issues relevant to this Arbitration in a court of law. These provisions allow Womply to seek equitable or injunctive relief in a court of competent jurisdiction relating to the alleged fraudulent transfer of $171 million from Benworth to Benworth Puerto Rico. Womply intends to apply for injunctive and/or equitable relief in the United States District Court for Puerto Rico. In order to file for the relief it seeks, it needs to submit to the Puerto Rico District Court evidence discovered during the course of this Arbitration and designated as Protected Material under the Stipulated Protective Order. Its Emergency Request seeks an order from the Arbitrator granting Womply relief from the Protective Order for this purpose.

Benworth contends that Rule 26 of the JAMS Comprehensive Arbitration Rules & Procedures prohibits the granting of Womply's request. Rule 26 prohibits JAMS and the Arbitrator from voluntarily disclosing the existence of the Arbitration or any confidential information arising from the Arbitration to third parties. That restriction has no application to this situation, where a party to the Arbitration, consistent with its right to bring a separate action for equitable or injunctive relief arising from issues related to this Arbitration, seeks permission to use confidential information to pursue that action.

As a matter of fairness, Benworth should be allowed to use Protected Material to the extent necessary to defend against whatever causes of action Womply may assert to obtain equitable or injunctive relief.

Based upon the above, the following Order is issued:

The Parties shall be permitted to disclose Protected Material (as defined in the Stipulated Protective Order approved and adopted on January 19, 2022) to a court of law of competent jurisdiction to the extent necessary to assert or defend against claims and causes of action for equitable or injunctive relief arising from the alleged improper transfer of funds from Benworth Capital Partners LLC to Benworth Capital Partners PR LLC and from Benworth Capital Partners PR LLC to principals or owners of that entity, as these matters relate to this Arbitration. The parties shall, consistent with applicable law, take all reasonable and lawful steps to file the Protected Material under seal.

## II.    WOMPLY'S MOTIONS TO COMPEL AND FOR PRIVILEGE LOGS

Womply seeks to compel Benworth to produce certain documents and also seeks an order requiring the parties to prepare and serve privilege logs. Womply's motions were extensively briefed and the parties presented their respective arguments at the time of the December 7, 2022 and January 12, 2023 hearings. Based upon the written submissions and oral argument of the parties, the following Order is issued:

1. Benworth shall produce its 2021 financial statement.

2. Benworth shall produce Mr. Navarro's 2022 email to the Small Business Administration and any reply or subsequent correspondence concerning that email, as identified and discussed on page 215 of Mr. Navarro's deposition taken on October 26, 2022.

3.  Benworth shall produce its list of Fraudulent Loans as of January 15, 2023.  It may provide an updated list at the time of the pre-arbitration conference.

4.  Benworth shall produce Mr. Navarro's text messages from February 1, 2021 through August 16, 2021 that relate to Benworth's business relationship and transactions with Womply.  In addition, as Benworth put at issue its ability to respond to a judgment or award in this Arbitration, Benworth is further ordered to produce Mr. Navarro's text messages for the same time period that relate to any transfer of funds from Benworth to Benworth Puerto Rico.

5.  The parties are ordered to prepare and serve privilege logs.

6.  All of Womply's other requests for production are denied.  At the January 12, 2023 hearing, Womply did not argue for the production of a loan reconciliation document, but only urged the production of a list of Fraudulent Loans. Accordingly, this order does not address whether a loan reconciliation document should be produced.

7.  The production of documents and the service of privilege logs shall be accomplished by no later than February 1, 2023.


IT IS SO ORDERED.

January 17, 2023

DocuSigned by:

*Alexander L. Brainerd*

A744E46F92C8405...

Alexander L. Brainerd
Arbitrator