# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons*.<br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Consolidated Defendants. | |

- 1 -

## STIPULATION REGARDING THE PRODUCTION OF <u>ELECTRONICALLY STORED INFORMATION</u>

Pursuant to Rule 29(b) of the Federal Rules of Civil Procedure, this Stipulation Regarding the Production of Electronically Stored Information ("**ESI**") (the "**Stipulation**") that will govern all materials exchanged between the Parties in the above-captioned action (the "**Action**") is entered into by and among: (1) Plaintiff and Defendant in Intervention Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**" or "**Plaintiff**"); (2) Defendant, Defendant in Intervention, and Consolidated Defendant Benworth Capital Partners PR, LLC ("**Benworth PR**"); (3) Defendant, Defendant in Intervention, and Consolidated Defendant Benworth Capital Partners, LLC ("**Benworth FL**"); (4) Defendant, Defendant in Intervention, and Consolidated Defendant Bernardo Navarro ("**Mr. Navarro**"); (5) Defendant, Defendant in Intervention, and Consolidated Defendant Claudia Navarro (together with Benworth PR, Benworth FL, and Mr. Navarro, "**Defendants**"); and (6) Plaintiff-Intervenor and Consolidated Plaintiff Federal Reserve Bank of San Francisco ("**Reserve Bank**").  Each of the persons or entities identified in the foregoing clauses (1) through (6) shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**."

## I.    Overview

A.    In general, all documents should be produced as Bates-stamped tagged image file format ("**TIFF**") images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information or optical character recognition ("**OCR**") text for scanned hard copy documents.  The first portion of the Bates number shall contain a prefix that clearly identifies the producing party.  The second portion of the Bates number shall contain eight (8) numeric digits, padded with leading zeroes as needed to preserve its length.  If a Bates number or set of Bates numbers is skipped, the skipped number(s)

should be noted with a placeholder.  Bates numbers shall be sequential within a family.  Details regarding requirements, including files to be delivered in native format, are set forth below.  To the extent particular documents warrant a different format, the Parties will cooperate to arrange for the mutually acceptable production of such documents.

B.      The Parties will produce documents on a rolling basis and will not make disproportionately large document productions at or near any applicable document discovery deadlines.

C.      The Parties shall meet and confer regarding (1) searching and culling methods used to identify responsive information and documents, including search terms; (2) custodial and non-custodial data sources likely to contain responsive information; (3) all persons, including by producing organizational charts to the extent any such charts exist, whose files are likely to contain documents and ESI relating to the subject matter of this litigation.

## II.     TIFF Image Requirements

A.      All documents, except those produced in native format according to Section III below, shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome format.

B.      All such images should be Bates-stamped sequentially.

C.      To the extent reasonably and technically practicable, images should show all information that could be made visible using native software.  For example, images of email messages should include the BCC and Attachments lines.

D.      Microsoft PowerPoint, Google Slides, Apple Keynote, and other similar slide-based presentation files, and Microsoft Word files shall be produced in both native file format and as jpg images.  Other types of documents containing color need not be produced in color in the first instance, provided, however, that the producing party ("**Producing Party**") shall produce such

documents in color upon the request of the requesting party ("**Requesting Party**").  The Producing Party can make such a request by providing a list of the Bates numbers of documents it requests to be produced in color format, and the Producing Party shall make reasonable, good-faith efforts to comply with such requests.

E.      The Producing Party shall extract embedded ESI objects/documents (*e.g.*, a spreadsheet embedded within a word processing document) within a document and produce the embedded ESI as a family member of the document in which it was embedded.

F.      Electronic documents attached to an email shall be produced contemporaneously and sequentially immediately after the parent document.  Parent-child relationships within a document family (*i.e.*, the association between an attachment and its parent document) shall be preserved.  Each document shall be produced with the Bates number for the first and last page of that document in the "BegBates" and "EndBates" fields of the data load file and with the "BegAttach" and "EndAttach" fields listing the production number for the first and last page in the document family.

G.      The metadata fields that reasonably can be extracted from an electronic document shall be produced for that document if listed on the ESI metadata fields list set forth below in Section VII.H.  Fields that are not populated shall be left with null values and not populated with fillers or spaces.  All dynamic date and time fields, where such fields are processed to contain a value and do not automatically populate, and all metadata pertaining to dates and times shall be produced with either (1) metadata pertaining to dates and times that is standardized to Coordinated Universal Time ("**UTC**"), or (2) a metadata field populated with the UTC offset value of the time zone to which the document was processed.  The Parties understand and acknowledge that time zone standardization

affects only dynamic fields and metadata values and does not affect, among other things, dates and times that are hard-coded text within a file.

### III.    Native Format Requirements

A.    Notwithstanding any provisions contained herein, Microsoft Excel and other spreadsheet files, including comma or tab delimited text files, video files, audio files, and other file types that do not render to image well shall be produced in native format ("**Native Productions**"). The Requesting Party may request production of additional documents in native format by providing a list of the Bates numbers of documents it requests to be produced in native format. Native Productions shall be produced as they are maintained, with all formulas, redlines, comments, links, and metadata intact.  Native Productions should include all ESI metadata fields set forth below in the load file.

B.    In lieu of a TIFF image version of each file produced natively as required by Section III.A, a Bates-stamped, single-page TIFF placeholder file should be produced along with the native format version of each file.  The TIFF placeholder file should have the phrase "PRODUCED IN NATIVE FORMAT" branded on the image.

C.    Each native file should be re-named according to the BegBates it shares with its TIFF placeholder.

D.    When redaction of a document being produced natively as required by Section III.A is necessary, a redacted native version shall be produced, if reasonably practicable. If not reasonably practicable, a TIFF version of a document may be produced.  To the extent a redacted document cannot be produced as a clear, legible, and reasonably useful TIFF image, upon request from either Party, the Parties shall meet and confer in good faith regarding production specifications for such documents.

E.      To the extent a response to discovery requires production of electronic information stored in a database, the Parties will meet and confer regarding methods of production. The Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

F.      If a native file is used at a deposition or hearing, or attached to a motion or other filing, it shall be accompanied by its production number-stamped placeholder TIFF image in order to facilitate tracking and authentication.

## IV.    De-Duplication and Encryption

A.      A Producing Party may globally de-duplicate ESI based on MD5 or SHA-1 hash values, at the family level, provided that only exact hash duplicates are subject to de-duplication and all custodians determined to have a copy of an email, email family, or loose electronic document in its collection  shall be listed in the "AllCustodians" metadata field for every document in the family. An email that includes content in the BCC or other blind copy fields shall not be treated as a duplicate of an email that does not include content in the BCC or other blind copy field, even if all remaining content in the email is identical. Attachments should not be eliminated as duplicates for purpose of production, unless the parent email and all attachments are also duplicates. No Party shall identify and/or eliminate electronic duplicates by manual review or some method other than by use of the technical comparison using MD5 or SHA-1 hash values outlined above.

B.      The Parties will make best efforts to remove passwords or other security protection from any file prior to production. If the security protection cannot be removed from a native file despite best efforts by the Producing Party, a placeholder TIFF image may be produced in place of the native file indicating that security protection could not be removed from the data. Upon request from either Party, the Parties shall meet and confer in good faith regarding the efforts or

mechanisms made to remove the security protection from the native file or the production of the available file metadata.

## V.    Paper Documents

Paper documents shall be scanned and produced with OCR text.  The documents should be unitized (not merged into a single record), and single documents should not be split into multiple records.  The load file for paper documents shall contain the following fields, described in Section VII.H below:

| | |
|---|---|
| BegBates | File Type |
| EndBates | Confidentiality |
| BegAttach | Redaction Applied |
| EndAttach | ExtractedText |
| Custodian | Pgcount |

## VI.    Redactions and Privilege Log(s)

A.    If a document contains both privileged and non-privileged information and/or communications, the non-privileged portion(s) of the document must be produced with the privileged portion(s) redacted and indicating the privilege claimed on the face of the redacted document in a text-box redaction.  If a document is produced with redactions, the redactions shall not obscure any header information (*e.g.*, from, to, subject, sent date, etc.) or signature blocks of any emails or other communications reflected in the document.  Redacted documents must also be produced with text files populated with OCR data as specified in Section VII.E below.  Documents containing redactions that are produced in native form shall be produced as described above in Section III.D.

B.      The Parties may redact documents only for privilege and/or work-product protection and may not redact documents for any other reason, including without limitation relevance, confidentiality, and/or privacy.

C.      If any member of a produced document family is withheld on grounds of a privilege, protection, or immunity from disclosure, the Party producing the document family shall include a Bates stamped placeholder slipsheet that identifies the document as withheld as privileged.

D.      To the extent a Party withholds from production in its entirety a particular document, withholds a document in a document family in its entirety, or redacts a document based on the attorney-client privilege, work-product doctrine, or any other applicable privilege, protection, and/or immunity from disclosure, the Party shall provide information regarding each such document on a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).  The Parties shall meet and confer regarding the timing and format of privilege logs at least sixty (60) days before the deadline for substantial completion of document discovery.

## VII.    Data Transfers, Encryption, and Load File Requirements

A.      All data transfers should be conducted with encryption, such as secure FTP, password-protected .ZIP, .RAR files, password-protected hard drives, or some other mode of encryption.

B.      A single-page image load/cross reference file shall be provided with each production.  The file shall be in Opticon (.opt) format, with standard delimiters.

C.      A data load file shall be provided with each production.  The file shall be a Concordance-format delimited file, also known as a "DAT" file, and shall contain Bates stamp and metadata information as detailed below in Section VII.H.  Load file encoding shall be UTF-8.

D.        Extracted text and/or OCR text shall not be embedded in the DAT file but shall rather be provided as separate, document-level text files named after the starting Bates number assigned to the document and ending with extension ".txt", with a text directory for each production volume, and with a relative file path to the text file provided in the related database load file.  With the exception of image file types for which the text cannot be extracted, the text of documents should be extracted directly from the native file without using OCR.

E.        Documents produced in redacted form shall not have text files populated with extracted text but shall instead have text files populated with OCR data which will not contain the redacted data.

F.        If a document does not contain extractable text, the Producing Party shall provide OCR files for that document to the extent feasible.

G.        The requested delimiters and qualifiers to be used in the DAT file are:

| | |
|---|---|
| Record Delimiter | Windows newline/Hard return (ASCII 10 followed by ASCII 13) |
| Field Delimiter | (ASCII 20) |
| Multi-value Delimiter | Semicolon (ASCII 59) |
| Text Qualifier | (ASCII 254) |

H.        The DAT file should have a header line with field names and include the following fields:

| Field Name | Field Description |
|---|---|
| BegBates | The production number of the first page of the document. |
| EndBates | The production number of the last page of the document. |
| AttachRange | The production numbers of the first page of the first document and the last page of the last document of the document family. |

- 9 -

| Field Name | Field Description |
|---|---|
| BegAttach | The production number of the first page of the first document of the document family. |
| EndAttach | The production number of the last page of the last document of the document family. |
| AttachmentNames | File names of attached documents. |
| AttachCount | The number of attachments to a document. |
| ParentID | The BegBates number of the parent document in the relational group.<br><br>The field is blank when the document is the parent document in the relational group. |
| ChildIDs | A semi-colon-delimited list of begin Bates numbers for all the child documents in the relational group.<br><br>The field is blank when the document is a child document in the relational group. |
| RecordType | The record type of a document (*e.g.*, Edoc/Email/Attachment/ Hard Copy) |
| AllCustodians[1] | All custodians who had a copy of the document. |
| To | All recipients that were included on the "To" line of the e-mail. |
| From | The name and e-mail address sender of the e-mail. |
| CC | All recipients that were included on the "CC" line of the e-mail. |
| BCC | All recipients that were included on the "BCC" line of the e-mail. |

---

[1] **All Custodians**, a field that identifies all custodians of a document, shall be provided when the Producing Party incorporates de-duplication in its production workflow.

| Field Name | Field Description |
|---|---|
| MessageType | An indication of the email system message type (*e.g.*, Appointment, Contact, Task, Distribution List, Message). |
| Importance | Email Importance Flag (*e.g.*, Normal, Low, High) |
| ThreadID | Email thread identification value (ConversationIndex or other identifier). |
| MasterDate | For families, the date of the parent, propagated throughout the family. For single/standalone documents, the date of the document. |
| DateReceived | The date an e-mail was received. |
| TimeReceived | The time an e-mail was received. |
| DateSent | The date an e-mail was sent. |
| TimeSent | The time an e-mail was sent. |
| DateCreated | The date an e-mail or electronic document was created. |
| TimeCreated | The time an e-mail or electronic document was created. |
| DateModified | The date the document was last modified. |
| TimeModified | The time the document was last modified. |
| MeetingStartDate | The start date of calendar entry. |
| MeetingStartTime | The start time of calendar entry. |
| MeetingEndDate | The end date of calendar entry. |
| MeetingEndTime | The end time of calendar entry. |
| TimeZoneProcessed | The time zone the document was processed in. NOTE: This should be the time zone where the documents were located at time of collection (*e.g.*, PST, MST, CST, EST). |
| Hash | The MD5 or SHA-1 Hash value or "de-duplication key" assigned to a document. The same hash method (MD5 or SHA-1) should be used throughout all productions. |
| FileName | The file name of the document, including file extension. |

| Field Name | Field Description |
|---|---|
| Author | The author of the document. |
| Subject | The document subject line of an e- mail. |
| ConversationIndex | The relative position of an e-mail message within a conversation thread. |
| FileExtension | The file extension of a document. |
| FileSize | The file size of a document (including embedded attachments). |
| HiddenContents/Embedded Objects | Indicating whether file has hidden contents or embedded objects (Yes/No). |
| Confidentiality | Applicable confidentiality designation pursuant to any applicable protective order. |
| FilePath | The full path to the file at its original location (to the extent available). |
| FilePathDupe | For deduplicated documents, the full file paths from the locations in which the duplicate documents were located. This field should be separated by semicolons. |
| Source | The source from which the document was collected (*e.g.*, Computer, Mobile Phone, Email, Network Share, Database Name). |
| TextPath | The relative path to the corresponding OCR or extracted text file included with a production volume. |
| DocLink | Links to documents produced in native format, such as excel files and media files. |
| Redaction Applied | Whether the image contains redactions. |

## VIII.   Amendment of Stipulation

Nothing herein shall preclude any Party to this action from seeking to amend this stipulation in writing for good cause shown, provided, however, that no Party may seek relief from

- 13 -

the Court concerning compliance with the stipulation until it has met and conferred in good faith with any Parties involved in the dispute.

IT IS SO STIPULATED AND AGREED.

Dated: September 30, 2024

**MCCONNELL VALDÉS LLC**

By: */s/ Alejandro J. Cepeda Diaz*
    Alejandro J. Cepeda Diaz
    USDC-PR 222110
    McConnell Valdés LLC
    270 Muñoz Rivera Ave.
    Hato Rey PR 00918
    (787) 250-5637
    ajc@mcvpr.com

**WILLKIE FARR & GALLAGHER LLP**

    Alexander L. Cheney (admitted *pro hac vice*)
    333 Bush Street
    San Francisco, CA 94104
    (415) 858-7400
    acheney@willkie.com

    Stuart R. Lombardi (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, NY 10019
    (212) 728-8882
    slombardi@willkie.com

    Joshua S. Levy (admitted *pro hac vice*)
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    jlevy@willkie.com

    *Counsel for Plaintiff and Defendant in Intervention Oto Analytics, LLC*

**FERRAIUOLI LLC**

By: */s/ Roberto A. Cámara Fuertes*
    Roberto A. Cámara Fuertes
    USDC-PR 219002
    Jaime A. Torrens-Davila
    Monica Del Pilar Ramos-Benitez
    Ferraiuoli LLC
    PO Box 195168
    San Juan, PR 00919-5168
    (787) 766-7000
    (787) 766-7001
    rcamara@ferraiuoli.com
    jtorrens@ferraiuoli.com
    mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**

    Dwayne Robinson
    Michael R. Lorigas
    Rasheed K. Nader
    2525 Ponce de Leon Boulevard, 9th Fl.
    Miami, Florida 33134
    (305) 372-1800
    jpiedra@kttlaw.com
    drobinson@kttlaw.com
    mlorigas@kttlaw.com
    rnader@kttlaw.com

    *Counsel for Defendants and Defendants in Intervention Benworth Capital Partners LLC and Bernardo Navarro*

**O'NEILL & BORGES LLC**

By: */s/ Antonio L. Roig Lorenzo*
    Antonio L. Roig Lorenzo
    USDC-PR No. 207712
    Salvador J. Antonetti Stutts
    USDC-PR No. 215002
    Ubaldo M. Fernández Barrera
    USDC-PR No. 224807
    Aníbal A. Román Medina
    USDC-PR No. 308410
    250 Muñoz Rivera Ave., Ste. 800
    San Juan, PR 00918-1813
    (787) 764-8181
    antonio.roig@oneillborges.com
    salvador.antonetti@oneillborges.com
    ubaldo.fernandez@oneillborges.com
    anibal.roman@oneillborges.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Lisa M. Schweitzer (admitted *pro hac vice*)
Thomas S. Kessler (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
(212) 225-2000
lschweitzer@cgsh.com
tkessler@cgsh.com

*Counsel for Plaintiff Intervenor the Federal Reserve Bank of San Francisco*

**CASELLAS ALCOVER & BURGOS, P.S.C.**

By: */s/ Carla S. Loubriel*
    Carla S. Loubriel
    USDC-PR 227509
    Ricardo F. Casellas
    USDC-PR 203114
    208 Ponce de Leon Ave.
    Popular Center Bldg. Suite 1400
    Hato Rey, PR 00918
    (787) 756-1400
    cloubriel@cabprlaw.com
    rcasellas@cabprlaw.com

*Counsel for Defendants and Defendants in Intervention Benworth Capital Partners PR LLC and Claudia Navarro*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____

_____
HONORABLE GINA R. MÉNDEZ-MIRÓ
UNITED STATES DISTRICT JUDGE

- 15 -