IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § § § § | |
| Plaintiff, | § | |
| v. | § § | |
| BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO, | § § § § § § | Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM) |
| Defendants. | § § | |
| FEDERAL RESERVE BANK OF SAN FRANCISCO, | § § § | |
| Plaintiff-Intervenor, | § § | |
| v. | § § | |
| OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO, | § § § § § § § | |
| Defendants in Intervention. | § § | |

**PLAINTIFF OTO ANALYTICS, LLC'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES OF
UNCLEAN HANDS, SET OFF, AND PUBLIC POLICY**

Alexander L. Cheney (admitted *pro hac vice*)
333 Bush St
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Dated: September 30, 2024

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com


*Attorneys for Plaintiff and Defendant in
Intervention Oto Analytics, LLC*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT..............................................................................................................................1

I.      This Court Should Strike Defendants' Affirmative Defenses. ...........................................1

        A.      Defendants Admit That The Affirmative Defenses Seek To "Eliminate Or
                Reduce" The Debt Owed To Womply, Which Was Already Resolved In The
                Arbitration. .......................................................................................................1

        B.      Permitting The Affirmative Defenses To Survive Would Be Prejudicial To
                Womply..............................................................................................................8

II.     Benworth PR And Mrs. Navarro's Contingent Theory Of Standing Fails. ........................9

CONCLUSION............................................................................................................................10

CERTIFICATE OF SERVICE .......................................................................................................12

**TABLE OF AUTHORITIES**

**Cases**                                                                 *Page(s)*

*Am. Bd. of Internal Medicine v. Salas-Rushford*,
    2021 WL 2892837 (D.P.R. July 9, 2021) ..............................................................10

*Asphaltos Trade, S.A. v. Bituven P.R., LLC*,
    2021 WL 965645 (D.P.R. Mar. 15, 2021) ...........................................................8, 9

*Compton v. Swanson*,
    57 F. App'x 302 (9th Cir. 2003) ...........................................................................9

*Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*,
    932 F.3d 1 (1st Cir. 2019) .................................................................................6, 7

*Glassman v. Safeco Ins. Co. of Am.*,
    90 Cal. App. 5th 1281 (2023) ...............................................................................4

*Gomez v. Bird Auto., LLC*,
    411 F. Supp. 3d 1332 (S.D. Fla. 2019) .................................................................6

*Manganella v. Evanston Ins. Co.*,
    700 F.3d 585 (1st Cir. 2012)..................................................................................2

*Marrero-Rolon v. Autoridad de Energia Electrica de P.R.*,
    2017 WL 3584890 (D.P.R. Jan. 3, 2017).................................................................9

*Mathew Enterp., Inc. v. Chrysler Grp, LLC*,
    250 F. Supp. 3d 409 (N.D. Cal. 2017) ...................................................................6

*Ribadeneira v. New Balance Athletics, Inc.*,
    65 F.4th 1 (1st Cir. 2023)........................................................................................2

*Safeguard Props. Mgmt., LLC v. MidFirst Bank*,
    2017 WL 4541592 (N.D. Ohio Oct. 11, 2017) .......................................................7

*Silva v. Manley Berenson Bontehiedra Mgmt.*,
    2005 WL 8167859 (D.P.R. Apr. 25, 2005).............................................................10

*Teamsters Local Union No. 42 v. Supervalu, Inc.*,
    212 F.3d 59 (1st Cir. 2000).....................................................................................7

**Statutes and Rules**

9 U.S.C. § 9...............................................................................................................7

9 U.S.C. § 10.............................................................................................................7

Fed R. Civ. P. 64(b) ..........................................................................................................4

P.R. Code of Civ. P. R. 56.1 ............................................................................................4

Womply respectfully submits this Reply to Defendants' Joint Opposition ("Opposition" or "Opp."; ECF No. 163) to Womply's Motion To Strike Defendants' Affirmative Defenses Of Unclear Hands, Set Off, And Public Policy ("Motion" or "Mot."; ECF No. 162).[1]

## PRELIMINARY STATEMENT

Defendants admit that they seek to use the Affirmative Defenses "to either eliminate or reduce the purported debt owed to Womply" by Benworth FL, which was the subject of the Arbitration.  (Opp. at 10.)  Benworth FL either made the same arguments underlying the Affirmative Defenses in the Arbitration, and had them rejected by the Arbitrator, or it failed to raise them.  Either way, Defendants are not permitted to relitigate in this action the existence or amount of Benworth FL's debt when that issue has already been resolved by the Arbitrator. Allowing Defendants to relitigate that issue here would not only prejudice Womply, it also would violate the binding arbitration agreement and the Federal Arbitration Act.

## ARGUMENT

I.    **The Opposition Confirms That This Court Should Strike the Affirmative Defenses.**

    A.    **Defendants Admit That The Affirmative Defenses Seek To "Eliminate Or Reduce" The Debt Owed To Womply, Which Was Already Resolved In The Arbitration.**

Defendants concede that the Affirmative Defenses do not relate to any of Womply's causes of action in this case.  In their Opposition, Defendants admit that the Affirmative Defenses are "alleged to either eliminate or reduce the purported debt owed to Womply." (Opp. at 10.)  But the existence and amount of Benworth FL's debt to Womply was the subject of and resolved in the Arbitration.  Defendants admit this as well.  In their failed motions to dismiss this action during the pendency of the Arbitration, Defendants represented to this Court that "whether Benworth FL

---

[1] All capitalized terms have the same meanings as in Womply's Motion, unless otherwise indicated.

owes a debt to Womply is the controversy at the heart of the pending Arbitration."  (Benworth

PR's Mot. to Dismiss ("MTD"; ECF No. 34) at 8; *see also id.* at 6; Benworth FL's Mot. for Joinder

to Mot. to Dismiss (ECF No. 35) at 4; Joint Reply in Support of Mot. to Dismiss ("MTD Reply";

ECF No. 61) at 3; Navarros' Mot. for Joinder to Mot. to Dismiss and Joint Reply (ECF No. 90) at

4.)  What is more, Benworth FL raised in that Arbitration the same Fee Cap Argument, Lender

Service Provider Argument, and Fraudulent Loan Argument that underlie the Affirmative

Defenses here.  (*See* Mot. at 4–6.)  The Arbitrator rejected all of those arguments.[2]

        In their Opposition, Defendants now argue that they are not estopped from raising those

same arguments here, because Benworth FL did not actually litigate to resolution some of the

arguments made in the Affirmative Defenses.  (*See* Opp. at 7–8.)  Benworth FL did unsuccessfully

raise those same arguments in the Arbitration.  (*See infra* at 8.)  But, in any event, Defendants

misunderstand issue preclusion.  The analysis here is not whether Defendants raised in the

Arbitration the precise arguments they now make in the Affirmative Defenses; it is "whether a

party has had a full and fair opportunity for judicial resolution of" the issues the Affirmative

Defenses seek to address—that is, the existence and amount of the debt owed to Womply.

*Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) (cleaned up; collecting cases).

Benworth FL had a full and fair opportunity to litigate the existence and amount of the debt,

including the opportunity to raise the same arguments it is raising now, so it would "be unfair" to

Womply, which "shouldered the effort and expense of the arbitration proceedings until their

conclusion, only to find that [it] still face[s] the risk of having to relitigate the same issues in a

---

[2] Benworth FL also pursued its Loan File Claim, in response to which the Arbitrator granted
Benworth FL the declaratory relief it sought.  Womply complied with the Arbitrator's order by
producing loan files to Benworth FL, which Defendants do not dispute.  (*See* Mot. at 5–6.)

judicial forum." *Ribadeneira v. New Balance Athletics, Inc.*, 65 F.4th 1, 16 (1st Cir. 2023) (collecting cases).

Notably, in asking this Court to dismiss or stay this action during the Arbitration, Defendants agreed that this Court cannot resolve issues concerning the existence or amount of Benworth FL's debt to Womply.  In asking this Court to dismiss this action pending the outcome of the Arbitration, Defendants argued that this Court "is barred from side-stepping the Arbitration and adjudicating the merits of whether Benworth FL is indebted to Womply." (MTD at 2; *see also id.* at 7 ("this Court cannot rule on the merits of the underlying debt claimed by Womply"); MTD Reply at 3.)  Defendants also recognized that the determination of the existence and amount of Benworth FL's debt in the Arbitration would have a "preclusive" effect and would "undoubtedly clarify and perhaps simplify the remaining issues which must be litigated." (MTD at 8–9 (cleaned up).)

Now that Benworth FL lost the Arbitration, Defendants have changed their tune.  With the Affirmative Defenses, Defendants now seek to have this Court "eliminate or reduce the purported debt owed to Womply" (Opp. at 10), which is precisely what Defendants acknowledged repeatedly that this Court cannot do.  Defendants rely on a limited carveout in the Arbitration Agreement between Benworth FL and Womply allowing the parties to "seek injunctive or other equitable relief," and claim that the Affirmative Defenses "seek[] equitable or injunctive relief from Womply's request for the equitable remedy of an attachment of Defendants' assets." (Opp. at 4–5.)  In addition to contradicting Defendants' earlier position that the Arbitration Agreement precluded this Court from addressing the existence or amount of the debt owed to Womply, this argument suffers from at least five additional fatal deficiencies.

*First*, the Affirmative Defenses assert defenses to Benworth FL having to pay Womply the debt owed under their contracts, but that is not the debt at issue in this case.  Rather, now that the Arbitrator has conclusively resolved the underlying contract dispute, Benworth FL's debt to Womply has been finally determined and set in the Final Award.  Under California law, which undisputedly governed the Arbitration (*see* Mot. at 4, 13), the Final Award represents a new debt that Womply seeks to recover.  *See Glassman v. Safeco Ins. Co. of Am.*, 90 Cal. App. 5th 1281 (2023), *as modified* (May 17, 2023) (holding that, "in matters subject to contractual arbitration," the "final award[] itself becomes a new contractual obligation or fixed liability regardless of the individual elements that comprised that liability") (collecting cases).  The only question in this case is whether Womply can recover that debt from Defendants under fraudulent transfer, veil piercing, or alter ego theories.

Defendants can (and have) asserted other affirmative defenses to the fraudulent transfer and declaratory judgment claims that Womply asserts in this litigation.  Womply has not moved to strike those affirmative defenses, which include (among others) reasonable actions and good faith, lack of insolvency, ordinary course of business, lack of fraudulent intent, subsequent good faith transferee, payment of legitimate debt, separate financial records, and no commingling of assets.  (Benworth FL's Answer at 36–41.)  But what Defendants cannot do is assert the Affirmative Defenses that ask this Court to reconsider whether and to what extent Benworth FL must pay Womply under the Agreements.  Defendants do not (and cannot) cite any authority providing that a defendant can assert affirmative defenses regarding an issue that has already been resolved in arbitration.

*Second*, Defendants mischaracterize the nature and import of Womply's reference to an "attachment" of assets in the prayer for relief of its Complaint.  Attachment is not a cause of action

4

against which affirmative defenses can be raised. It is a ***prejudgment remedy*** that Womply could, but has not, moved for. *See* Fed R. Civ. P. 64(b); P.R. Code of Civ. P. R. 56.1 (P.R. Laws Ap. tit. 32A, § III, Rule 56.1). ***Defendants know this***. In earlier briefing to this Court, Defendants explained that prejudgment attachment "is not a claim in itself, but rather a provisional remedy to secure a potential judgment in this case, the issuance of which would be discretionary under applicable law." (MTD Reply at 2.) Defendants further noted that, because Womply had not moved for prejudgment attachment, "Womply has not properly requested prejudgment attachment in this case pursuant to Federal Rule of Civil Procedure 64(b) or, consequently, Puerto Rico Rule of Civil Procedure 56, P.R. Laws Ann. Tit. 32, Ap. V, § 56." (*Id.* at 2–3.) And Defendants explained that, if Womply were to move for prejudgment attachment in this case, this Court would have to evaluate the merits of Womply's claims, except that it could ***not*** evaluate whether Benworth FL owed Womply a debt:

> Under the applicable Puerto Rico rules, the lawfulness of a prejudgment attachment depends on the validity of the plaintiff's claim against the defendant-attachee. The Court would be called to determine whether Womply's claims have sufficient merit to warrant awarding the provisional remedy of prejudgment attachment. ***The existence of any debt owed to Womply is an element crucial to the validity of each of the claims asserted in the Complaint, and a matter entirely subject to arbitration that perforce cannot be adjudicated by this Court***.

(*Id.* at 3 (cleaned up; emphasis added).) For these reasons, in March 2023, while the Arbitration was pending, Defendants argued in this case that, even if Womply were to move for prejudgment attachment, this case nevertheless should be stayed until the Arbitrator resolved the preliminary issue of whether and to what extent Benworth FL must pay Womply—an issue that Defendants admitted this Court could not resolve. (*See* MTD at 8–10.) In response, Womply consented to Defendants' request for a stay (ECF Nos. 49, 91, 95), and this Court stayed this case pending the outcome of the Arbitration (ECF No. 96).

5

The Arbitrator has now resolved the issue of Benworth FL's debt to Womply, which in Defendants' own words is "an element crucial to the validity of each of the claims asserted in the Complaint, and a matter entirely subject to arbitration that perforce cannot be adjudicated by this Court." (MTD Reply at 3.) And it is settled law that "[f]inal arbitral award are afforded the same preclusive effects as are prior court judgments." (Mot. at 11 (quoting *Manganella*, 700 F.3d at 591).) Defendants do not and cannot offer any explanation for how this Court was precluded from adjudicating the debt owed to Womply *during* the Arbitration, but can adjudicate that issue now, *after* the Arbitration has concluded. Defendants' argument should be seen for what it is: a total about-face; a plea for a mulligan on an issue they already admitted would be (and now has been) conclusively determined in the Arbitration.

Moreover, even if Womply were to move for prejudgment attachment, Defendants may only invoke affirmative defenses directed at causes of action, not remedies. As Defendants admit, "an affirmative defense is a ***defense*** that '***precludes liability***.'" (Opp. at 9 n.4 (emphasis added) (quoting *Asphaltos Trade, S.A. v. Bituven P.R., LLC*, 2021 WL 965645, at *3 (D.P.R. Mar. 15, 2021))); *see also Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1339 (S.D. Fla. 2019) ("An affirmative defense does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.") (cleaned up) (quoting *Roberge v. Hannah Marine Corp.*, 124 F.3d 199, 199 (6th Cir. 1997)); *Mathew Enterp., Inc. v. Chrysler Grp, LLC*, 250 F. Supp. 3d 409, 416 (N.D. Cal. 2017) (same). A so-called "defense that points out a defect in the plaintiff's prima facie case is not an affirmative defense." *Mathew Enterp.*, 250 F. Supp. 3d at 416 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Flav–O–Rich v. Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Masuen v. E.L. Lien & Sons, Inc.*, 714 F.2d 55, 57 (8th Cir. 1983)).

6

***Third***, allowing Defendants to relitigate the debt owed to Womply would violate the Federal Arbitration Act ("FAA") and First Circuit precedent, which hold that a court's review of an arbitration award "is extremely narrow and exceedingly deferential." *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 932 F.3d 1, 9 (1st Cir. 2019) (cleaned up); *see also Teamsters Local Union No. 42 v. Supervalu, Inc.*, 212 F.3d 59, 61 (1st Cir. 2000) ("Arbitral awards are nearly impervious to judicial oversight."). "[C]ourts are not authorized to reconsider the merits of arbitration awards." *Dialysis Access*, 932 F.3d at 9 (cleaned up). The FAA "offers very limited reasons to vacate an arbitration award," *id.*, and the proper procedural mechanism to obtain that review is a petition to confirm or vacate an award. 9 U.S.C. §§ 9–10. Womply and Benworth FL have filed competing petitions to confirm and to vacate, respectively, the Final Award in the United States District Court for the Northern District of California. Case Nos. 3:24-cv-03975-AMO, 3:24-cv-04840-AMO (N.D. Cal.). Therefore, to the extent the Arbitrator's decision regarding the existence or amount of the debt owed to Womply is subject to any judicial consideration, it is in that court.

***Fourth***, striking the Affirmative Defenses would not require this Court to dismiss this action in favor of arbitration. (Opp. at 6.) Defendants rely on *Safeguard Props. Mgmt., LLC v. MidFirst Bank*, 2017 WL 4541592, at *2 (N.D. Ohio Oct. 11, 2017), but in that case, the affirmative defenses at issue were being litigated in a *pending* arbitration. The *Safeguard* court held that the affirmative defenses were intertwined with the non-arbitrable claims, and therefore the court ordered that the "case is dismissed without prejudice and may be re-filed, if appropriate, following completion of arbitration." 2017 WL 4541592, at *2. Here, unlike in *Safeguard*, the Arbitrator has already resolved the arbitrable claims and defenses related to the debt owed to Womply. In fact, Defendants already obtained a stay of this case while those issues were litigated in the Arbitration. The Arbitration has concluded and the stay expired. Therefore, there is no

reason to dismiss this case in favor of any arbitration, and the non-arbitrable claims in this case may proceed.  But they should not proceed with Affirmative Defenses that seek to relitigate the issues the Arbitrator already resolved.

*Finally*, at a minimum, Benworth FL and Mr. Navarro are collaterally estopped from raising the Affirmative Defenses because they were already litigated and determined by the Final Award.  (*See* Opp. at 6–7; Mot. at 11.)  The unclean hands defense (Second Affirmative Defense) and first set off defense (Fourteenth Affirmative Defense) are both based on purportedly "missing loan files" for "PPP loans that Womply referred."  (Benworth FL's Answer at 37, 39–40; Mr. Navarro's Answer at 35–36, 38–39.)  Defendants admit that "the Arbitrator determined that Benworth FL was entitled to the loan files" (Opp. at 7), and therefore concede that these defenses are precluded.  Defendants do not dispute that the Final Award addressed their public policy defense (Sixteenth Affirmative Defense) (*id.* at 8), which is likewise precluded.

**B.      The Motion Establishes That Permitting The Affirmative Defenses To Survive Would Be Prejudicial To Womply.**

Defendants argue that this Court need not even consider Womply's Motion because Womply failed to establish that the presence of the Affirmative Defenses would be "prejudicial" to Womply.  (Opp. at 3.)  That argument does not pass the straight-face test.  As Womply explained in its Motion, the Affirmative Defenses do not relate to the causes of action in this case, but instead seek to relitigate an issue that is subject to an Arbitration Agreement, was the subject of a more than three-year-long Arbitration, and has been fully resolved in that Arbitration.  (Mot. at 7, 13, 15–16.)  It would be plainly prejudicial to require Womply to relitigate those issues in this Court.

None of the cases Defendants cite suggest that Womply must provide some further explanation as to why the presence of the Affirmative Defenses would be prejudicial under these circumstances.  To the contrary, Defendants' own authority confirms that affirmative defenses

that—like the Affirmative Defenses here—were already resolved or did not relate to the causes of action in the case should be struck without requiring a showing of prejudice. *See Asphaltos*, 2021 WL 965645, at *5, *7 (striking affirmative defenses already considered and rejected by the court "to avoid confusing already complex litigation," and striking affirmative defenses to causes of action not asserted in the complaint). Defendants' authority also shows that courts will require a showing of prejudice to strike affirmative defenses for reasons not at issue here. *See id.* at *2–4 (refusing to strike affirmative defenses that are "boilerplate," "simply a denial" of an allegation, or "redundant" where there is no prejudice to the moving party); *Marrero-Rolon v. Autoridad de Energia Electrica de P.R.*, 2017 WL 3584890, at *2–3 (D.P.R. Jan. 3, 2017) (refusing to strike affirmative defenses that are "denials," "bases upon which to file a motion to dismiss," "pled in boilerplate fashion," and a "reservations [that] have no legal significance").

## II.   Benworth PR And Mrs. Navarro's Contingent Theory Of Standing Fails.

Benworth PR and Mrs. Navarro admit that "they are not parties to the Agreement," and do not dispute that nonparties ordinarily lack standing to assert claims under a contract. (Opp. at 8–9; Mot. at 13–14.) They instead argue that "*if* Womply prevails on its claims to designate Benworth PR and Mrs. Navarro as the alter egos of Benworth FL, then Benworth PR and Mrs. Navarro have standing to assert the Affirmative Defenses." (Opp. at 9 (emphasis added).) Defendants are well aware that Benworth PR and Mrs. Navarro lack standing to bring such contingent defenses. In their motion to dismiss briefing, Defendants argued that a party "lacks standing" to bring claims or defenses based on "'uncertain and contingent events'" or "'a hypothetical state of facts,'" that "'may not occur as anticipated, or indeed may not occur at all.'" (MTD at 4, 7 (quoting *Lincoln House, Inc. v. Dupre*, 903 F.2d 845, 847 (1st Cir. 1990); *In re Fin. Oversight & Mgmt. Bd. of P.R.*, 633 B.R. 463, 469 (D.P.R. 2021)). Even if Benworth PR and Mrs. Navarro have standing to assert the Affirmative Defenses (which they do not), they cannot

9

challenge the Arbitrator's decision regarding the existence and amount of the debt under the "law of the case doctrine even though [they] were not parties to the earlier [arbitration]." *Compton v. Swanson*, 57 F. App'x 302, 303 (9th Cir. 2003) (citing *Disimone v. Browner*, 121 F.3d 1262, 1266 (9th Cir. 1997)). In any event, the Affirmative Defenses should be stricken for the reasons discussed in the Motion and above.[3]

## CONCLUSION

For the foregoing reasons, and the reasons set forth in Womply's Motion, Womply respectfully requests that this Court strike Defendants' affirmative defenses of unclean hands, set off, and public policy.

---

[3] The Affirmative Defenses also fail as a matter of law. Defendants try to rewrite their unclean hands defense to invent a "fraud issue[]" that "Womply deceiv[ed] Benworth FL regarding its technology platform." (Opp. at 10–11.) This appears nowhere in Defendants' Answers and thus "constitutes an impermissible attempt to amend [their] pleadings via [their] Opposition." *Am. Bd. of Internal Medicine v. Salas-Rushford*, 2021 WL 2892837, at *6 n.14 (D.P.R. July 9, 2021). Defendants "setoff defenses fail" because Womply does not owe any debts to Benworth FL. (Opp. at 11.) Defendants speculate that Womply *could* owe Benworth FL a debt in the future, but such "speculative averments proposed by defendants under the premise of affirmative defenses" have "no place in pleadings before this [C]ourt" and should be stricken. *Silva v. Manley Berenson Bontehiedra Mgmt.*, 2005 WL 8167859, at *1 (D.P.R. Apr. 25, 2005) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613–18 (1st Cir. 1988)).

Dated: October 1, 2024

*Of Counsel*

Willkie Farr & Gallagher LLP

Alexander L. Cheney (admitted *pro hac vice*)
333 Bush St
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
787 7th Avenue
New York, NY 10019
(212) 728-8000
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Respectfully submitted,

By: */s/ Alejandro J. Cepeda Diaz*

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

*Attorneys for Plaintiff and Defendant in
Intervention Oto Analytics, LLC*

11

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 1st, 2024 the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notices to all parties receiving notifications through the CM/ECF system.

Dated: October 1, 2024                                    By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff and Defendant in Intervention Oto Analytics, LLC*