**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons*.<br><br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*,<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*,<br><br>Consolidated Defendants. | |

**MOTION FOR JOINDER TO "BENWORTH CAPITAL PARTNERS, LLC'S MOTION TO DISMISS THE FEDERAL RESERVE'S COMPLAINT AND COMPLAINT IN INTERVENTION" [D.E. 169]**

**COME NOW** defendants Benworth Capital Partners PR, LLC ("Benworth PR"),

Bernardo Navarro ("Mr. Navarro") and Claudia Navarro ("Mrs. Navarro, and together with Mr.

Navarro, the "Navarros") (collectively, the "Appearing Defendants"), through the undersigned

counsel, and respectfully request the dismissal of the Federal Reserve Bank of San Francisco's ("Federal Reserve") Complaint [Case No. 24-cv-01313, D.E. 1] ("Complaint" or "Compl.") and Complaint in Intervention [Case No. 23-cv-01034, D.E. 146] ("Complaint in Intervention" or "Compl. Int.") (collectively, the "Complaints")[1] substantially for the reasons advanced by co-defendant Benworth Capital Partners, LLC ("Benworth FL") in its "Motion to Dismiss the Federal Reserve's Complaint and Complaint in Intervention" [D.E. 169] ("Motion to Dismiss"), and as grounds therefore **STATE** and **PRAY** as follows:

The Complaints filed by the Federal Reserve allege, principally, that Benworth FL breached its Agreements[2] with the Federal Reserve surrounding its extension of credit to Benworth FL as a loan originator under the Paycheck Protection Program's ("PPP") Liquid Facility, that was implemented by the United States Small Business Administration ("SBA"). *See* Compl. ¶¶ 18–19; Compl. Int. ¶¶ 9–10. The Federal Reserve contends that it "holds a properly perfected, valid first-priority security interest in certain PPP loans pledged as collateral to secure [credit] advances" provided to Benworth FL, "as well as all 'proceeds and products' thereof and other collateral," and that due to Benworth FL's breaches or default under the Agreements, the Federal Reserve "has a senior priority right to collect against its collateral whether in the possession of Benworth FL or any of the other Defendants." Compl. ¶ 2; Compl. Int. ¶¶ 2-3, 54.

The Federal Reserve alleges that Benworth FL "fraudulently transferred various assets, including [its] collateral" to the Appearing Defendants, "who are exercising dominion and control over those assets," such that Benworth FL was left without capital to fulfill its obligations

---

[1]    This Court granted the Federal Reserve's request to consolidate Case Numbers 24-cv-01313 and 23-cv-01034. [Case No. 23-cv-01034, D.E. 155].

[2]    As alleged, these are the PPP Liquid Facility Letters of Agreement executed on May 4, 2020, January 14, 2021, and January 30, 2023 ("LOA"), each of which contained substantially the same language and incorporated the *Reserve Bank's Operating Circular No. 10* ("Operating Circular") (the LOA and Operating Circular, together, the "Agreements"). *See* Compl. ¶¶ 19–20 & Ex. A–B; Compl. Int. ¶¶ 10–11 & Ex. A–B.

to the Federal Reserve. Compl. ¶ 3; Compl. Int. ¶¶ 2-3, 54.

In the Complaint, the Federal Reserve brings fraudulent transfer, alter ego, veil piercing, and conversion claims (Counts II through VII) that hinge on its ability to accelerate Benworth FL's debt because it has allegedly breached the Agreements. *See* Compl. ¶¶ 68–110. The Federal Reserve is requesting "a judgment against all Defendants" of over $66 million, "and an order of recission" of what it terms "Fraudulent Transfers" made from Benworth FL to Benworth PR and the Navarros. *See id*. ¶¶ 4, 60. Finally, the Federal Reserve claims that Benworth FL converted the "PPP Collateral" when it transferred funds to Benworth PR and the Navarros. *See id.* ¶¶ 106–110. Notably, the Federal Reserve does not identify which claim is against which defendant in any of its causes of action. *See id.* ¶¶ 64–110.

Meanwhile, the Complaint in Intervention asserts a single claim for declaratory relief, seeking declarations that (1) "the Reserve Bank has a properly perfected first-priority lien and security interest in the Defendants' assets to the extent such assets constitute, in whole or in part, PPP Collateral"; (2) "Womply may only collect from the Defendants' assets to the extent such assets are not PPP Collateral"; and "(3) as to any non-PPP Collateral assets, the Reserve Bank may recover at least pro rata with Womply." *See* Compl. Int. ¶¶ 55–62 & Prayer for Relief. Because the Federal Reserve is hoping to "recover at least pro rata with Womply," the declarations it requests in the Complaint in Intervention also depend, in part, on the Federal Reserve's ability to accelerate Benworth FL's debt as a result of its alleged defaults under the Agreements. *See id.*

In the Motion to Dismiss, Benworth FL argues that the Court should dismiss the Federal Reserve's breach of contract claim, *see* Compl. ¶¶ 64–67, and by extension the declaratory judgment request asserted in the Complaint in Intervention, *see* Compl. Int. ¶¶ 55–62, because

3

each of the breaches alleged in the Complaints is conclusory and lacks the necessary specificity to meet the applicable pleading standard, given California's requirements for a breach of contract claim. Although it generally references four purported breaches in its "Relevant Facts," *see* Compl. ¶¶ 32–34, the Federal Reserve fails to sufficiently identify specific conduct by Benworth FL that constitutes a breach and uses vague and indefinite language, such as "including but not limited to," that is inherently ambiguous and leaves the door open to unpled breaches. Benworth FL further argues that the ripeness and ability of the Federal Reserve to state fraudulent transfer and declaratory judgment claims in the Complaints hinges on it sufficiently alleging that Benworth FL has an accelerated debt that is due because it breached the Agreements. *See* Compl. ¶¶ 71, 91-92, 103-104; Compl. Int. ¶¶ 52-62. Since all such claims inextricably depend on a well-pled breach of contract claim allowing the acceleration of Benworth FL's debt – which the Federal Reserve has failed to do – Benworth FL requests the Court to dismiss these claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Pursuant to Fed.R.Civ.P. 10(c) and L.Civ.R. 7(f), for the sake of judicial economy and to avoid needlessly duplicating the arguments made by Benworth FL, the Appearing Defendants hereby join and incorporate by reference, as if argued herein, all the arguments, citations, and prayers for relief made by Benworth FL in its Motion to Dismiss [D.E. 169]. The arguments in Benworth FL's Motion to Dismiss are readily transferrable to the Appearing Defendants' instant motion for the following reasons.

*First*, to the extent the Federal Reserve is seeking in its First Cause of Action to collect from the assets of the Appearing Defendants for debts allegedly owed by Benworth FL due to alleged breaches of the Agreements, the collection claim as to the Appearing Defendants fails if said breaches are insufficiently plead, as argued by Benworth FL in the Motion to Dismiss. Put

differently, without a well-pled breach of contract claim allowing for the acceleration of Benworth FL's alleged debt to the Federal Reserve –as Benworth FL argued— there is no debt to collect from the assets of the Appearing Defendants. In addition, of course, there can be no collection claim against Benworth PR or the Navarros for debts owed by Benworth FL, unless the Court first finds in favor of the Federal Reserve on the alter ego or corporate veil piercing claims, which are also subject to dismissal for insufficiency of the pleadings, as further discussed in the Motion to Dismiss.

*Second*, in the Second, Third, and Fourth Causes of Action in the Complaint, the Federal Reserve seeks to rescind the alleged actual and constructive Fraudulent Transfers made by Benworth FL to Benworth PR and the Navarros. As Benworth FL correctly explains in its Motion to Dismiss, under Puerto Rico law, a transaction executed "in fraud of creditors"—i.e., a fraudulent transfer—may be rescinded, when a creditor cannot otherwise recover a debt that is due. *See* P.R. Laws Ann. tit. 31, §§ 6231 & 6233. One of the elements of such a claim is that the transferring defendant be a true debtor of the plaintiff. *See Sucesión Almazán v. López*, 20 P.R. Dec. 537, *2 (1914). Therefore, to the extent the Federal Reserve has failed to properly allege that Benworth FL breached the Agreements and thus that Benworth FL owes it an accelerated debt of over $66 million, as argued by Benworth FL in its Motion to Dismiss, it has also insufficiently pled a necessary element of the referenced causes of action against the Appearing Defendants.

Likewise, the Fifth and Sixth Causes of Action, under which the Federal Reserve asserts corporate alter ego or successor liability and veil-piercing claims, respectively, are entirely contingent on the sufficiency (or lack thereof) of the pleadings regarding the breach of contract claim between the Federal Reserve and Benworth FL.  *See* Compl. ¶¶ 93, 97 (alleging Benworth

PR should be held liable for Benworth FL's debt to the Federal Reserve); *id.* ¶¶ 104, 105 (alleging the Navarros should be personally liable for Benworth FL's and Benworth PR's debt to the Federal Reserve).  Therefore, these claims also fail against the Appearing Defendants, based on the same arguments made by Benworth FL in the Motion to Dismiss.

*Third*, as to the Seventh Cause of Action for conversion, the arguments raised by Benworth FL apply equally to the Appearing Defendants. In short, the claim should be dismissed because the Federal Reserve failed to allege sufficient facts to establish that Benworth FL or the Appearing Defendants maliciously and wrongfully acquired its property or transferred any of the PPP Collateral, and its allegations properly sound in contract rather than tort. *See generally* Compl. ¶¶ 106–110; *see also Montalvo v. LT's Benjamin Records*, 56 F. Supp. 3d 121, 127-128, 139 (D.P.R. 2014); *Fed. Ins. Co. v. Banco de Ponce*, 582 F. Supp. 1388, 1393 (D.P.R. 1984).

*Fourth*, Benworth FL's argument as to the improper use of shotgun pleading by the Federal Reserve is plainly applicable to the Appearing Defendants. The Federal Reserve incurred in impermissible shotgun pleading by incorporating by reference in each claim the allegations in every claim that came before it, and improperly using "group pleading" to allege claims against all the defendants without identifying which claims concern each of them separately. *See Sanchez-Sifonte v. Fonseca*, CV 22-1444 (RAM), 2023 WL 5753677, at *2 (D.P.R. Sept. 6, 2023). As a result, all claims brought in the Complaint and Complaint in Intervention should be dismissed.

Consequently, given that all of Benworth FL's arguments presented in its Motion to Dismiss [D.E. 169] are also applicable to the Appearing Defendants' case, they are joining Benworth FL in moving this Court for a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**WHEREFORE**, the Appearing Defendants respectfully request that this Honorable Court take notice of their joinder to Benworth FL's "Motion to Dismiss the Federal Reserve's Complaint and Complaint in Intervention" [D.E. 169], as if fully argued herein, and grant the request for dismissal of the Complaint [Case No. 24-cv-01313, D.E. 1] and Complaint in Intervention [Case No. 23-cv-01034, D.E. 146].

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on this 1st day of October 2024.

## Ferraiuoli

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*

7

8

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114
rcasellas@cabprlaw.com

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509
cloubriel@cabprlaw.com

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*