IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons.*<br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Consolidated Defendants. | |

## JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and in accordance with the Parties' representations in their September 30, 2024 Joint Status Report (ECF No. 164), Plaintiff/Defendant in Intervention Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**"), Plaintiff-Intervenor Federal Reserve Bank of San Francisco ("**Reserve Bank**"; together with Womply, "**Plaintiffs**"), and Defendants Benworth Capital Partners PR, LLC, Benworth Capital Partners, LLC, Bernardo Navarro, and Claudia Navarro (collectively, "**Defendants**"; together with Plaintiffs, the "**Parties**"), through their undersigned counsel, respectfully and jointly request that this Court enter a protective order in the above-captioned consolidated action (the **"Action"**).

"Federal Rule of Civil Procedure 26(c) 'confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.'" *Caballero v. Hosp. Español Auxilio Mutuo De P.R., Inc.*, 2010 WL 503059, at *2 (D.P.R. Feb. 8, 2010) (quoting *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984)).  This Court can issue a protective order "for good cause" to require that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed in a specified way," when the moving party certifies that it "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1)(G).  Courts in this District find "good cause" for entry of a "protective confidentiality order" limiting "the right to disseminate information obtained in discovery" for documents and information whose disclosure would cause a clearly defined and serious injury to [a party's] business," such as documents containing  "business strategies," "operational trends," and "confidential personnel data." *Irizarry-Santiago v. Essilor Indus.*, 293 F.R.D. 100, 104 (D.P.R. 2013).

After an extensive meet-and-confer process, the Parties reached agreement on nearly all provisions of a Stipulated Confidentiality Agreement and Proposed Protective Order (the

"**Protective Order**"), but were unable to reach agreement on one sentence regarding sharing protected material with the Federal Reserve Bank of Minneapolis ("**FRB-M**") and the Board of Governors of the Federal Reserve System (the "**Board**"). The Reserve Bank proposes adding a sentence to the end of Section 6 as reflected on page 10 of the redline attached as Exhibit 1 (the "**Relevant Provision**"), Defendants oppose, and Womply takes no position. The Parties set forth their respective positions below and submit two versions of the Protective Order, one with the Relevant Provision and one without it, as Exhibits 2 and 3, respectively. All Parties have agreed to abide by the terms of the Protective Order, with the exception of the Relevant Provision, while this joint motion is pending.

## Womply's Position

Womply takes no position on the Relevant Provision. Womply respectfully requests that this Court decide the Reserve Bank's and Defendants' dispute and enter a Protective Order.

## The Reserve Bank's Position

The Reserve Bank is part of the U.S. central bank system known as the Federal Reserve System. In April of 2020, the Board authorized the establishment of the Paycheck Protection Program Liquidity Facility (the "**PPPLF**"), which extended credit to lenders that originated Paycheck Protection Program ("**PPP**") loans to small businesses. Benworth Capital Partners, LLC ("**Benworth FL**") received credit advances from the Reserve Bank under the PPPLF, pursuant to the parties' agreements.

In administering the PPP and PPPLF, including disputes that arise in respect of the same, the Federal Reserve System relies on a dedicated team of employees that includes personnel from the Reserve Bank (which provided PPPLF financing to Benworth FL), FRB-M (which oversees the PPPLF on behalf of all banks that comprise the Federal Reserve System, including the Reserve

Bank), and the Board (which has certain supervisory functions in connection with the PPP and PPPLF pursuant to section 13(3) of the Federal Reserve Act, 12 U.S.C. § 343(3)).

Although the Reserve Bank is the counterparty-plaintiff in this Action, the prosecution of this litigation will require the involvement of a limited number of personnel at FRB-M and the Board, which will necessarily require those individuals to have access to the Protected Material. Because the definition of Counsel under the proposed Protective Order only includes counsel who represent the Reserve Bank specifically, inclusion of the Relevant Provision is necessary to ensure that FRB-M and Board counsel who are assisting with this action have access to the Protected Material as well. Defendants have suggested that Section 7 of the Protective Order is sufficient to address information sharing between the relevant components of the Federal Reserve System. However, those provisions—which are plainly aimed at how Parties respond to subpoenas and other legal demands for information—are not an adequate or proper mechanism to accomplish what the Relevant Provision is meant to permit. Accordingly, the Reserve Bank respectfully requests that this Court enter the Protective Order attached hereto as Exhibit 2.

### Defendants' Position

Defendants object to the Reserve Bank having blanket authority to share Protected Material with FRB-M and the Board, non-parties over whom this Court has no jurisdiction to enforce the terms of the proposed Protective Order. The Reserve Bank has a contract with only Benworth FL. There is no contractual relationship between any of the Defendants and FRB-M or the Board. The Reserve Bank has identified no legal basis requiring FRB-M or the Board to have access to the confidential information of individuals and entities with whom they share no relationship.

The Reserve Bank contends it consults with representatives of FRB-M and the Board when making decisions relating to this litigation. But the Reserve Bank is an independent arm of the Federal Reserve System. Neither FRB-M nor the Board have asserted any interest in this litigation.

- 4 -

- 5 -

In any event, the version of the proposed Protective Order without the Relevant Provision provides a mechanism for the Reserve Bank to seek approval to share Protected Material with FRB-M or the Board.  Section 7 of the proposed Protective Order details the procedures for sharing Protected Material with non-Parties.

Dated: October 4, 2024

**MCCONNELL VALDÉS LLC**

By: */s/ Alejandro J. Cepeda Diaz*
    Alejandro J. Cepeda Diaz
    USDC-PR 222110
    McConnell Valdés LLC
    270 Muñoz Rivera Ave.
    Hato Rey PR 00918
    (787) 250-5637
    ajc@mcvpr.com

**WILLKIE FARR & GALLAGHER LLP**

    Alexander L. Cheney (admitted *pro hac vice*)
    333 Bush Street
    San Francisco, CA 94104
    (415) 858-7400
    acheney@willkie.com

    Stuart R. Lombardi (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, NY 10019
    (212) 728-8882
    slombardi@willkie.com

    Joshua S. Levy (admitted *pro hac vice*)
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    jlevy@willkie.com

    *Counsel for Plaintiff and Defendant in*
    *Intervention Oto Analytics, LLC*

**FERRAIUOLI LLC**

By: */s/ Roberto A. Cámara Fuertes*
    Roberto A. Cámara Fuertes
    USDC-PR 219002
    Jaime A. Torrens-Davila
    Monica Del Pilar Ramos-Benitez
    Ferraiuoli LLC
    PO Box 195168
    San Juan, PR 00919-5168
    (787) 766-7000
    (787) 766-7001
    rcamara@ferraiuoli.com
    jtorrens@ferraiuoli.com
    mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**

    Dwayne Robinson
    Michael R. Lorigas
    Rasheed K. Nader
    2525 Ponce de Leon Boulevard, 9th Fl.
    Miami, Florida 33134
    (305) 372-1800
    jpiedra@kttlaw.com
    drobinson@kttlaw.com
    mlorigas@kttlaw.com
    rnader@kttlaw.com

    *Counsel for Defendants and*
    *Defendants in Intervention*
    *Benworth Capital Partners LLC*
    *and Bernardo Navarro*

**O'NEILL & BORGES LLC**

By: */s/ Antonio L. Roig Lorenzo*
    Antonio L. Roig Lorenzo
    USDC-PR No. 207712
    Salvador J. Antonetti Stutts
    USDC-PR No. 215002
    Ubaldo M. Fernández Barrera
    USDC-PR No. 224807
    Aníbal A. Román Medina
    USDC-PR No. 308410
    250 Muñoz Rivera Ave., Ste. 800
    San Juan, PR 00918-1813
    (787) 764-8181
    antonio.roig@oneillborges.com
    salvador.antonetti@oneillborges.com
    ubaldo.fernandez@oneillborges.com
    anibal.roman@oneillborges.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Lisa M. Schweitzer (admitted *pro hac vice*)
Thomas S. Kessler (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
(212) 225-2000
lschweitzer@cgsh.com
tkessler@cgsh.com

*Counsel for Plaintiff Intervenor the Federal Reserve Bank of San Francisco*

**CASELLAS ALCOVER & BURGOS, P.S.C.**

By: */s/ Carla S. Loubriel*
    Carla S. Loubriel
    USDC-PR 227509
    Ricardo F. Casellas
    USDC-PR 203114
    208 Ponce de Leon Ave.
    Popular Center Bldg. Suite 1400
    Hato Rey, PR 00918
    (787) 756-1400
    cloubriel@cabprlaw.com
    rcasellas@cabprlaw.com

*Counsel for Defendants and Defendants in Intervention Benworth Capital Partners PR LLC and Claudia Navarro*

Case 3:23-cv-01034-GMM    Document 172    Filed 10/04/24    Page 8 of 8

- 8 -

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 4, 2024, the foregoing document was filed with the Clerk of the Court using CM/ECF, which sent notice to all parties receiving notifications through the CM/ECF system.

Dated: October 4, 2024

By: */s/ Alejandro J. Cepeda Diaz*

*Counsel for Plaintiff and Defendant in Intervention Oto Analytics, LLC*