# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons*.<br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Consolidated Defendants. | |

-1-

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), this Stipulated Confidentiality Agreement and [Proposed] Protective Order ("**Stipulation**" or "**Order**") that will govern all materials exchanged between the Parties in the above-captioned action (the "**Action**") is entered into by and among:  (1) Plaintiff and Defendant in Intervention Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**" or "**Plaintiff**"); (2) Defendant, Defendant in Intervention, and Consolidated Defendant Benworth Capital Partners PR LLC ("**Benworth PR**"); (3) Defendant, Defendants in Intervention, and Consolidated Defendant Benworth Capital Partners LLC ("**Benworth FL**"); (4) Defendant, Defendant in Intervention, and Consolidated Defendant Bernardo Navarro ("**Mr. Navarro**"); (5) Defendant, Defendant in Intervention, and Consolidated Defendant Claudia Navarro (together with Benworth PR, Benworth FL, and Mr. Navarro, "**Defendants**"); (6) Plaintiff-Intervenor and Consolidated Plaintiff Federal Reserve Bank of San Francisco ("**Reserve Bank**"); and (7) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto.  Each of the persons or entities identified in the foregoing clauses (1) through (7) shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**."

1.    **DEFINITIONS**

1.1.    Action:  the lawsuit styled *Oto Analytics, LLC v. Benworth Capital Partners, et al.*, Civil Action No. 23-01034 (D.P.R.) as consolidated with the lawsuit styled *Federal Reserve Bank of San Francisco v. Benworth Capital Partners, LLC, et al.*, Civil Action No. 24-01313 (D.P.R.), with the lead case being Civil Action No. 23-01034.

1.2.    Challenging Party:  a Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.

-2-

1.3.    "CONFIDENTIAL" Information or Items:  all documents and testimony, and all information contained therein, and other information designated as Confidential, if such documents, testimony, or information constitutes, reflects, discloses, or contains confidential research, development, or commercial information, proprietary material or information, protected personal information, a trade secret, or other information required by law or agreement to be kept confidential.

1.4.    Counsel (without qualifier):  Counsel who represent Parties (including, but not limited to, in-house counsel who are employees of a Party and Outside Counsel of Record), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) but only to the extent such Counsel are assisting with the Action.

1.5.    Designating Party:  a Party or Non-Party that designates information or items produced in disclosures or in responses to discovery or subpoenas as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

1.6.    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in responses to discovery in this Action by a Party or Non-Party.

1.7.    "HIGHLY CONFIDENTIAL" Information or Items: all documents and testimony, and all information contained therein, and other information designated as Highly Confidential that a Party or Non-Party reasonably believes to be economically or competitively sensitive, if such documents, testimony, or information contain, without limitation, strategic planning information; negotiation strategies; proprietary software or systems; proprietary edits or

customizations to software; pricing information; extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information, the disclosure of which to parties other than those permitted to receive Highly Confidential information pursuant to this Order is reasonably likely to cause injury to the Producing Party.

1.8.    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party.

1.9.    Notifying Party: any Receiving Party seeking to use Protected Material in a Related Action.

1.10.    Outside Counsel of Record:  attorneys who are not employees of a Party but are retained to represent or advise a Party and have entered an appearance before the Court on behalf of that Party or are affiliated with a law firm that has entered an appearance before the Court on behalf of that Party in this Action.

1.11.    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.12.    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.13.    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

1.14.    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

1.15.    Related Action:  any litigation, arbitration, or other legal action brought by a Party (1) against another Party (or any related or affiliated persons or entities thereof) in any forum involving substantially similar claims, or (2) in furtherance of the relief sought in this Action.

## 2.    SCOPE

The protections conferred by this Order cover Protected Material.  The protections conferred by this Order do not cover the following information:  (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (2) any information known to the Receiving Party before the disclosure that is not otherwise protected or that was obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## 3.    DURATION

After final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until each Party has returned or destroyed all Protected Material in accordance with Section 13 of this Order, unless a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) execution of a final settlement among the Parties covering all claims and defenses in this Action; and (2) a final judgment of the Court, including, if applicable, the conclusion of any appeals therefrom.

## 4.    DESIGNATING PROTECTED MATERIAL

4.1.    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must make good faith efforts to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information, documents, or items that it designated for protection do not qualify for protection, then such Designating Party must promptly notify all other Parties that it is withdrawing the designation.

4.2.    Manner and Timing of Designations.    Any Party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any Disclosure or Discovery Material, including without limitation Disclosure or Discovery Material produced by the Designating Party, another Party, or a Non-Party.    Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a.    for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.    For Protected Material that is produced in native electronic format, the designated legend must be included in the file name and on any slipsheets when produced.

b.    for testimony given in deposition or in other proceedings, that the Designating Party (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony; or (2) identify all protected testimony within sixty (60) days of receiving a transcript of such testimony.

c.    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information or item is produced.    If only a portion or portions of the information or item warrant

-6-

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3. <u>Inadvertent Failures to Designate</u>.  Inadvertent failure to designate qualified information, documents, or items does not waive the Designating Party's right to secure protection under this Order for such material and may be corrected promptly upon discovery of such failure. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

**5.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

5.1. <u>Timing of Challenges</u>.  Any Party may challenge a designation of confidentiality at any time.

5.2. <u>Procedure for Challenges</u>.  A Challenging Party may challenge a designation of confidentiality by providing written notice to the Designating Party and all other Parties identifying each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with Section 5 of the Order.

5.3. <u>Meet-and-Confer Requirement</u>.  Before seeking Court intervention to resolve a dispute over a designation of confidentiality, the Challenging Party and the relevant Designating Party shall first meet and confer in a good faith attempt to resolve the dispute.

5.4. <u>Court Intervention</u>.  If the Challenging Party and the relevant Designating Party cannot resolve a challenge through the meet-and-confer process in Section 5.3, or the Designating Party is unwilling to participate in the meet-and-confer process in good faith and in a timely manner, the Challenging Party may seek Court intervention to resolve the dispute.

**6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

6.1. <u>Basic Principles</u>.  A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action (1) for

prosecuting, defending, or attempting to settle the claims asserted in this Action; or (2) in a Related Action in accordance with the procedure set forth in Section 8.  Such Disclosure or Discovery Material may be disclosed only in accordance with this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2.    <u>Disclosure of Protected Material</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

a.    the Receiving Party's Counsel, as well as to employees of such Counsel to whom it is reasonably necessary to disclose the information for prosecuting, defending, or attempting to settle the claims asserted in this Action (or a Related Action in accordance with the procedure set forth in Section 8), unless such Protected Material is designated as "HIGHLY CONFIDENTIAL," in which case a Receiving Party may disclose such Protected Material to only Outside Counsel of Record (or counsel of record in a Related Action in accordance with the procedure set forth in Section 8), as well as to employees of such Counsel of Record to whom it is reasonably necessary to disclose the information for prosecuting, defending, or attempting to settle the claims asserted in this Action (or a Related Action in accordance with the procedure set forth in Section 8);

b.    provided that the individuals herein listed are aware of this Order, the officers, directors, owners, and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of prosecuting, defending, or attempting to settle the claims asserted in this Action (or a Related Action in accordance with the procedure set forth in Section 8), unless such Protected Material is designated as "HIGHLY CONFIDENTIAL," in which case a Receiving Party shall **not** disclose such Protected Material to any person identified in this subsection b;

c.     the Court and its personnel in this Action (or a Related Action in accordance with the procedure set forth in Section 8), provided that the Protected Materials are filed or disclosed under seal in any public filing in the first instance and with protection from the viewing public;

d.     provided that they shall agree not to disclose Protected Material to those individuals listed in Section 6.2(b) of this Order and that they shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), court reporters retained by a Party or the Parties in connection with this Action (or a Related Action in accordance with the procedure set forth in Section 8), as well as their staff;

e.     provided that they shall agree not to disclose Protected Material to those individuals listed in Section 6.2(b) of this Order and that they shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), Professional Vendors to whom disclosure is reasonably necessary for purposes of prosecuting, defending, or attempting to settle the claims asserted in this Action (or a Related Action in accordance with the procedure set forth in Section 8);

f.     provided that they shall agree not to disclose Protected Material to those individuals listed in Section 6.2(b) of this Order and that they shall sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), expert witnesses or consultants (and their respective staff members to whom disclosure is reasonably necessary to perform the expert's or consultant's engagement) and have been retained by any Party or any Party's Counsel to furnish technical or expert services in connection with this Action (or any Related Actions in accordance with the procedure set forth in Section 8), or to give testimony in this Action (or any Related Actions in accordance with the procedure set forth in Section 8);

g.     provided that they shall agree not to disclose Protected Material to those individuals listed in Section 6.2(b) of this Order and that they shall sign the "Acknowledgment and Agreement

-9-

to Be Bound" (Exhibit A), during their depositions, witnesses in this Action (or a Related Action in accordance with the procedure set forth in Section 8) to whom disclosure is reasonably necessary, unless otherwise agreed by the Designating Party or ordered by the Court; and

h.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

h.    Notwithstanding anything to the contrary in this Order, the Parties agree that the Reserve Bank may share any Protected Material with the Federal Reserve Bank of Minneapolis or the Board of Governors of the Federal Reserve System, and such sharing shall not waive any applicable evidentiary privileges, immunities, doctrines, or protections by any Party.

**7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a discovery request, subpoena, or order issued in other litigation, or receives some other form of legal process or request from any court, governmental body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any Protected Material, to the extent permitted by law and applicable rules, the Receiving Party must:

a.    notify the Designating Party in writing (by electronic mail, if possible) as soon as reasonably practicable and, in any event, no later than five (5) business days after receipt, unless production is required earlier than ten (10) business after receipt, in which case the notice must be made in time for the Designating Party to take steps as set forth below. Such notification shall include a copy of the request, subpoena, order, or other process, and identify the Protected Material sought by the request, subpoena, court order, or other form of process;

b.    promptly notify in writing the entity or individual that caused the request, subpoena, order, or other form of process to issue that some or all of the material covered by the request,

-10-

subpoena, order, or other form of process is subject to this Order. Such notification shall include a copy of this Order;

c.      to the extent consistent with the rules and requirements of any relevant governmental agency or contrary to an order of a court of a competent jurisdiction or other supervisory authority, not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (1) consents, or (2) fails to file a motion to quash or fails to notify the Receiving Party of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce the Protected Material on the production date, but no earlier. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request confidential treatment for the Protected Material; and

d.      provide the Designating Party with a reasonable opportunity to object or otherwise limit or protect from disclosure its Protected Material.

The purpose of imposing these duties is, to the extent consistent with the rules and requirements of any relevant governmental agency, or otherwise permitted by law, to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the request, subpoena, order, or other form of process is issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material. Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court or a governmental agency.

In the event that Protected Material is produced to a Non-Party in response to a request,

subpoena, order, or some other form of process, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

**8.    USE OF PROTECTED MATERIAL IN RELATED ACTIONS**

8.1.    <u>Notice</u>.  A Notifying Party must notify the Designating Party in writing before using Protected Material in a Related Action.  Such notice may be provided by email and must identify the Protected Material with reasonable specificity (*e.g.*, Bates number, transcript page, etc.).  The written notice must recite that it is being made in accordance with this Section 8 of the Order.

8.2.    <u>Procedure for Objections</u>.  The Designating Party may object to the use of such Protected Material in a Related Action by providing a written objection to the Notifying Party and all other Parties within five (5) business days of receiving notice pursuant to Section 8.1 of this Order (which deadline may be extended by written agreement of the Designating and Notifying Parties).  Written objections must identify the Protected Material to which the Designating Party is objecting and describe the basis for each objection.  To avoid ambiguity as to whether an objection has been made, the written objection must recite that it is being made in accordance with this Section 8 of the Order.  If the Designating Party does not provide a written objection within five (5) business days of receiving notice (or such later time as may have been agreed pursuant hereto), its objection shall be deemed waived.

8.3.    <u>Meet-and-Confer Requirement</u>.  Before seeking Court intervention to resolve a dispute over using Protected Material in a Related Action, the Notifying Party and the relevant Designating Party shall first meet and confer in a good faith attempt to resolve the dispute.  The Parties must meet and confer within five (5) business days of receiving written objections (which deadline may be extended by written agreement of the Designating and Notifying Parties).  If the Designating Party does not meet and confer within five (5) business days of providing objections (or such later time as may have been agreed pursuant hereto), its objections shall be deemed

waived.

8.4.    Court Intervention.    If the Notifying Party and the relevant Designating Party cannot resolve objections through the meet-and-confer process in Section 8.3, the Notifying Party may seek intervention from the Court presiding over the Action to resolve the dispute.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use reasonable efforts to retrieve all unauthorized copies of the Protected Material as soon as practicable, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    CLAWBACK OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.    If a Producing Party claims that it has inadvertently produced Discovery Material that is subject to a claim of privilege or protection, including without limitation attorney-client privilege and work-product protection, pursuant to Fed. R. Evid. 502(d), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of any claim of privilege or protection

-13-

with respect to such Discovery Material or its subject matter in this Action or in any other proceeding.

11.2.    In order to claw back Discovery Material that is subject to a claim of privilege or other protection that was produced inadvertently, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the Discovery Material it wishes to claw back.

Upon notice that a Producing Party wishes to claw back Discovery Material that is subject to a claim of privilege or other protection, the Receiving Party shall (1) promptly undertake commercially reasonable efforts to return to the Producing Party such Discovery Material and destroy all summaries or copies of such Discovery Material, (2) provide notice in writing that the Receiving Party has undertaken reasonable efforts to return and destroy such Discovery Material, and (3) not use such Discovery Material for any purpose until further order of the Court.  In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request.  Within ten (10) business days of the notification that the Receiving Party has undertaken reasonable efforts to return or destroy the Discovery Material that is subject to a claim of privilege or other protection, the Producing Party shall produce a privilege log stating the basis of the claim that such Discovery Material is privileged or otherwise protected in compliance with the requirements set forth in Fed. R. Civ. P. 26(b)(5).  If the Receiving Party seeks to challenge the assertion of privilege or other protection over such Discovery Material, it must raise any such challenge to the Court within fifteen (15) business days of receiving a privilege log, or within such additional time as allowed by the Court.

11.3.    If, during a deposition, a Party claims that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains

-14-

information that is subject to a claim of privilege or other protection, the Party may at its sole election (1) allow the document to be used during the deposition without waiver of its claim of privilege or personal protection, or (2) instruct the witness not to answer questions concerning the portions of the document containing information that is subject to a claim of privilege or other protection pending a prompt resolution of any disagreement concerning whether the document constitutes or contains privileged or otherwise protected material. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall return or destroy all copies of the document subject to a claim of privilege or other protection pursuant to Section 11.1. Immediately following the deposition, the Parties will commence the procedures set forth in Section 11.1 to address the claim of privilege or other protection and any related disputes. Until any such disputes are resolved, all Parties that have access to the transcript of such deposition shall treat the relevant portion(s) of the transcript as privileged or otherwise protected.

12. **MISCELLANEOUS**

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in Section 3, each Receiving Party must return all Protected Material to the Producing Party or provide a certification that they have destroyed such material. As used in this Section, "all Protected Material" includes without limitation all copies, abstracts, compilations, summaries, and any other format reproducing

or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that (1) all Protected Material was returned or destroyed, and (2) the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, and hearing transcripts, legal memoranda, correspondence, trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3. The Court shall retain jurisdiction to enforce the terms of this Order.

IT IS SO STIPULATED AND AGREED.

Dated: October 4, 2024

**MCCONNELL VALDÉS LLC**

By: */s/*_____
    Alejandro J. Cepeda Diaz
    USDC-PR 222110
    McConnell Valdés LLC
    270 Muñoz Rivera Ave.
    Hato Rey PR 00918
    (787) 250-5637
    ajc@mcvpr.com

**WILLKIE FARR & GALLAGHER LLP**

    Alexander L. Cheney (admitted *pro hac vice*)
    333 Bush Street
    San Francisco, CA 94104
    (415) 858-7400
    acheney@willkie.com

    Stuart R. Lombardi (admitted *pro hac vice*)
    787 Seventh Avenue
    New York, NY 10019
    (212) 728-8882
    slombardi@willkie.com

    Joshua S. Levy (admitted *pro hac vice*)
    1875 K Street, N.W.
    Washington, D.C. 20006
    (202) 303-1000
    jlevy@willkie.com

    *Counsel for Plaintiff and Defendant in Intervention Oto Analytics, LLC*

**FERRAIUOLI LLC**

By: */s/*_____
    Roberto A. Cámara Fuertes
    USDC-PR 219002
    Jaime A. Torrens-Davila
    Monica Del Pilar Ramos-Benitez
    Ferraiuoli LLC
    PO Box 195168
    San Juan, PR 00919-5168
    (787) 766-7000
    (787) 766-7001
    rcamara@ferraiuoli.com
    jtorrens@ferraiuoli.com
    mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**

    Dwayne Robinson
    Michael R. Lorigas
    Rasheed K. Nader
    2525 Ponce de Leon Boulevard, 9th Fl.
    Miami, Florida 33134
    (305) 372-1800
    jpiedra@kttlaw.com
    drobinson@kttlaw.com
    mlorigas@kttlaw.com
    rnader@kttlaw.com

    *Counsel for Defendants and Defendants in Intervention Benworth Capital Partners LLC and Bernardo Navarro*

-17-

**O'NEILL & BORGES LLC**

By: */s/*_____
　Antonio L. Roig Lorenzo
　USDC-PR No. 207712
　Salvador J. Antonetti Stutts
　USDC-PR No. 215002
　Ubaldo M. Fernández Barrera
　USDC-PR No. 224807
　Aníbal A. Román Medina
　USDC-PR No. 308410
　250 Muñoz Rivera Ave., Ste. 800
　San Juan, PR 00918-1813
　(787) 764-8181
　antonio.roig@oneillborges.com
　salvador.antonetti@oneillborges.com
　ubaldo.fernandez@oneillborges.com
　anibal.roman@oneillborges.com

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

Lisa M. Schweitzer (admitted *pro hac vice*)
Thomas S. Kessler (admitted *pro hac vice*)
One Liberty Plaza
New York, New York 10006
(212) 225-2000
lschweitzer@cgsh.com
tkessler@cgsh.com

*Counsel for the Plaintiff in Intervention Federal Reserve Bank of San Francisco*

**CASELLAS ALCOVER & BURGOS, P.S.C.**

By: */s/*_____
　Carla S. Loubriel
　USDC-PR 227509
　Ricardo F. Casellas
　208 Ponce de Leon Ave.
　Popular Center Bldg.
　Suite 1400
　Hato Rey, PR 00918
　(787) 756-1400
　cloubriel@cabprlaw.com
　rcasellas@cabprlaw.com

*Counsel for Defendants and Defendants in Intervention Benworth Capital Partners PR LLC and Claudia Navarro*

-18-

**<u>EXHIBIT A</u>**

JOINDER TO STIPULATED CONFIDENTIALITY AGREEMENT AND
PROTECTIVE ORDER

Reference is made to that certain Stipulated Confidentiality Agreement and Protective Order (the "**Protective Order**"), entered into the above-entitled action (the "**Action**") on _____. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned (the "**Joinder Party**") hereby:

1.   acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order; and

2.   acknowledges and agrees that the Joinder Party is entitled to receive Designated Material solely for the purposes of the Action; and further certifies that it will not use the Designated Material for any purpose other than in connection with the Action, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material.

The undersigned hereby submits to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.

By:_____

Name: _____

Title: _____

-19-