# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 23-01034 |
| | § | |
| BENWORTH CAPITAL PARTNERS PR | § | |
| LLC, BENWORTH CAPITAL PARTNERS | § | |
| LLC, BERNARDO NAVARRO and | § | |
| CLAUDIA NAVARRO, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF OTO ANALYTICS, LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT BERNARDO NAVARRO**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**") hereby requests that, by August 19, 2024, Defendant Bernardo Navarro answer the following interrogatories (the "**Interrogatories**") separately and fully under oath and serve the answers in the manner prescribed by the Federal Rules. The following Interrogatories are to be read in accordance with the Definitions and Instructions below. Womply reserves the right to serve additional Interrogatories.

**DEFINITIONS**

The following Definitions apply throughout these Interrogatories without regard to capitalization.

1.    "**Action**" refers to the above-captioned action styled *Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.*, Civil Action No. 23-01034 (D.P.R.).

2.    "**ALSA**" refers to the Amended Loan Servicing Agreement, dated September 23, 2021, by and between Benworth FL and Benworth PR.

3.    "**B. Navarro Deposition**" refers to the deposition of Mr. Navarro in the JAMS Arbitration styled, *Oto Analytics, Inc. (d/b/a Womply) v. Benworth Capital Partners LLC*, Ref. No. 1210038203, on October 26, 2022, and December 16, 2022.

4.    "**B. Navarro Entity**" refers to (i) any entity in which Mr. Navarro has or had voting or operational control during the Relevant Time Period; (ii) any entity in which Mr. Navarro holds or held a majority ownership or equity interest, either directly or indirectly, during the Relevant Time Period; or (iii) any trust or similar entity for which Mr. Navarro is or was a beneficiary or beneficial owner during the Relevant Time Period.

5.    "**Benworth FL**" refers to Benworth Capital Partners LLC and its members, managers, agents, partners, owners, associates, employees, representatives, consultants, predecessors in interest, successors, subsidiaries, assignees, licensees, or other persons acting or purporting to act on their behalf, and all of their present or former subsidiaries, divisions, and/or affiliates.

6.    "**Benworth PR**" refers to Benworth Capital Partners PR LLC and its members, managers, agents, partners, owners, associates, employees, representatives, consultants, predecessors in interest, successors, subsidiaries, assignees, licensees, or other persons acting or purporting to act on their behalf, and all of their present or former subsidiaries, divisions, and/or affiliates.

7.    "**Communication(s)**" includes every manner or method of disclosure or transfer or exchange of information however made.  This includes without limitation communications conducted in person, by telephone, mail, email, text message, chat, instant message, facsimile, personal delivery, or otherwise.

8.     "**Concerning**" includes without limitation referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, memorializing, pertaining to, and/or supporting.

9.     "**Dividend Payments**" refers to the dividend payment(s) made by Benworth FL to Mr. Navarro of "at least $48,240,502.75, a portion of which was paid between 2021 and 2023," as described in Paragraph 53 of the complaint filed in the action styled *Federal Reserve Bank of San Francisco v. Benworth Capital Partners PR LLC et al.*, Civil Action No. 3:24-cv-01313 (D.P.R.).

10.     "**Document(s)**" includes without limitation any Communications, writings, drawings, graphs, charts, photographs, phone records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, audio, electronic or videotape recordings, emails, text messages, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys, iPhones, iPads, and other similar devices.

11.     "**LSA**" refers to the Loan Servicing Agreement, dated May 31, 2021, by and between Benworth FL and Benworth PR.

12.     "**Mr. Navarro**" refers to Defendant Bernardo Navarro.

13.     "**Person**" or "**Persons**" includes without limitation all natural persons, corporations, partnerships, or other business associations and all other legal or governmental entities or associations.

14.     "**Solicitation Process**" refers to the process by which Benworth FL solicited proposals for the services ultimately performed by Benworth FL under the LSA and/or the ALSA,

including without limitation from "Professional Bank, Lendio, Lenders Cooperative and . . . BDO", as discussed in the B. Navarro Deposition at 285:4–287:16, 348:3–349:15.

15.    "**You**," "**Your**," or "**Yours**" refer to Mr. Navarro.

16.    To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply:  (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to members, managers, employees, officers, directors, owners, agents, or representatives shall include both current and former members, managers, employees, officers, directors, owners, agents, and representatives; (v) the words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive; (vi) the words "any" and "all" are interchangeable; (vii) the use of the singular form of any word includes the plural and vice versa.

17.    All words and phrases not otherwise defined herein shall be construed in accordance with their plain and ordinary meaning.

## INSTRUCTIONS

1.    For the purpose of reading, interpreting, or construing the scope of these Interrogatories, the terms used shall be given their most expansive and inclusive interpretation.

2.    Unless instructed otherwise, each Interrogatory shall be construed independently and not by reference to any other Interrogatory for the purpose of limitation or exclusion.

3.    You must answer each Interrogatory separately and fully, unless it is objected to. If You object to any Interrogatory, or to any Definition or Instruction applicable thereto, state with specificity the objection and legal basis for such objection with citations to appropriate legal foundations for such objection.  If You object to only a portion of the Interrogatory, or to any

Definition or Instruction applicable thereto, answer the portion of the Interrogatory which You do not object.

4.      If, in answering these Interrogatories, You claim any ambiguity in interpreting an Interrogatory, or in a Definition or Instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Interrogatory the language deemed to be ambiguous and the interpretation used in responding to the Interrogatory.

5.      If You are unable to answer any Interrogatory in full after exercising due diligence to secure necessary information, so state, answer to the extent possible, specify the reasons for Your inability to answer or respond in full, and state whatever is available concerning the unanswered portions.

6.      Unless otherwise specified, these Interrogatories pertain to the period from January 1, 2021 to the present.

7.      These Interrogatories are continuing in nature.  If You discover further or different information, You are required to file supplementary and amended answers relevant to any of these Interrogatories.

## INTERROGATORIES

1.      Identify all payments or transfers received by You or a B. Navarro Entity from Benworth FL, including the Dividend Payments, and for each payment or transfer, list the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

2.      Identify all payments or transfers received by You or a B. Navarro Entity from Benworth PR, including, for each payment or transfer, the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

3.    Identify all accountants, auditors, accounting firms, and/or auditing firms that have performed professional services for You.

4.    Identify the entities (including trusts) in which You are, directly or indirectly, an owner, shareholder, equityholder, partner, member, beneficiary, or beneficial owner for each year from 2021 to present, including for each entity in each year, Your ownership percentage.

5.    Identify all of Your home address(es) from 2021 to 2024.


Dated: July 19, 2024


*Of Counsel:*

Willkie Farr & Gallagher LLP                                    Respectfully submitted,

Alexander L. Cheney (admitted *pro hac vice*)                  By: _Alejandro J. Cepeda Diaz_
333 Bush Street
San Francisco, CA 94104                                        Alejandro J. Cepeda Diaz
(415) 858-7400                                                 USDC-PR 222110
acheney@willkie.com                                            McConnell Valdés LLC
                                                               270 Muñoz Rivera Ave.
Stuart R. Lombardi (admitted *pro hac vice*)                   Hato Rey PR 00918
787 Seventh Avenue                                             Tel: (787) 250-5637
New York, NY 10019                                             Email: ajc@mcvpr.com
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000                                                 *Attorneys for Plaintiff Oto*
jlevy@willkie.com                                              *Analytics, LLC*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record, this 19th day of July 2024, by electronic mail at the email addresses indicated below:

Monica Del Pilar Ramos-Benitez
Roberto A. Camara-Fuertes
Jaime A. Torrens-Davila
FERRAIUOLI LLC
221 Ponce de Leon Ave.
Suite 500
San Juan, PR 00917
(787) 766-7000
mramos@ferraiuoli.com
rcamara@ferraiuoli.com
jtorrens@ferraiuoli.com

Jorge L. Piedra (admitted *pro hac vice*)
Dwayne Robinson (admitted *pro hac vice*)
Michael R. Lorigas (admitted *pro hac vice*)
Rasheed K. Nader (admitted *pro hac vice*)
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon Boulevard,
9th Fl.
Miami, Florida 33134
(305) 372-1800
jpiedra@kttlaw.com
drobinson@kttlaw.com
mlorigas@kttlaw.com
rnader@kttlaw.com

*Counsel for Defendants Benworth Capital
Partners LLC and Bernardo Navarro*

Carla S. Loubriel
Ricardo F. Casellas
CASELLAS ALCOVER &
BURGOS, P.S.C.
208 Ponce de Leon Ave.
Popular Center Bldg. Suite 1400
Hato Rey, PR 00918
(787) 756-1400
cloubriel@cabprlaw.com
rcasellas@cabprlaw.com

*Counsel for Defendants Benworth
Capital Partners PR LLC and
Claudia Navarro*

By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*

- 7 -