# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| OTO ANALYTICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 23-01034 |
| | § | |
| BENWORTH CAPITAL PARTNERS PR | § | |
| LLC, BENWORTH CAPITAL PARTNERS | § | |
| LLC, BERNARDO NAVARRO and | § | |
| CLAUDIA NAVARRO, | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF OTO ANALYTICS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT CLAUDIA NAVARRO**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Plaintiff Oto Analytics, LLC (f/k/a Oto Analytics, Inc. d/b/a Womply) ("**Womply**") hereby requests that, by August 19, 2024, Defendant Claudia Navarro produce for inspection and copying the documents and other tangible things described below (the "**Requests**") at the offices of McConnell Valdés LLC, 270 Muñoz Rivera Ave., Hato Rey PR 00918 in the manner prescribed by the Federal Rules.  The following Requests are to be read in accordance with the Definitions and Instructions below.  Womply reserves the right to serve additional Requests.

**DEFINITIONS**

The following Definitions apply throughout these Requests without regard to capitalization.

1.      "**2021 Transfer**" refers to the transfer or transfers of approximately $171 million from Benworth FL to Benworth PR during the Summer of 2021, as referenced in the B. Navarro Deposition at 326:10–21, 327:21–328:6.

2.      "**ALSA**" means the Amended Loan Servicing Agreement, dated September 23, 2021, by and between Benworth FL and Benworth PR.

3.      "**B. Navarro Deposition**" refers to the deposition of Mr. Navarro in the JAMS Arbitration styled, *Oto Analytics, Inc. (d/b/a Womply) v. Benworth Capital Partners LLC*, Ref. No. 1210038203, on October 26, 2022, and December 16, 2022.

4.      "**C. Navarro Entity**" refers to (i) any entity in which Ms. Navarro has or had voting or operational control during the Relevant Time Period; (ii) any entity in which Ms. Navarro holds or held a majority ownership or equity interest, either directly or indirectly, during the Relevant Time Period; or (iii) any trust or similar entity for which Ms. Navarro is or was a beneficiary or beneficial owner during the Relevant Time Period.

5.      "**Benworth FL**" refers to Benworth Capital Partners LLC and its members, managers, agents, partners, owners, associates, employees, representatives, consultants, predecessors in interest, successors, subsidiaries, assignees, licensees, or other persons acting or purporting to act on their behalf, and all of their present or former subsidiaries, divisions, and/or affiliates.

6.      "**Benworth PR**" refers to Benworth Capital Partners PR LLC and its members, managers, agents, partners, owners, associates, employees, representatives, consultants, predecessors in interest, successors, subsidiaries, assignees, licensees, or other persons acting or purporting to act on their behalf, and all of their present or former subsidiaries, divisions, and/or affiliates.

7.      "**Communication(s)**" includes every manner or method of disclosure or transfer or exchange of information however made.  This includes without limitation communications

conducted in person, by telephone, mail, email, text message, chat, instant message, facsimile, personal delivery, or otherwise.

8.    "**Concerning**" includes without limitation referring to, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, memorializing, pertaining to, and/or supporting.

9.    "**Document(s)**" includes without limitation any Communications, writings, drawings, graphs, charts, photographs, phone records, tape recordings, notes, diaries, calendars, checkbooks, books, papers, accounts, audio, electronic or videotape recordings, emails, text messages, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably useable form, including documents stored on laptop computers, personal digital assistants (PDAs), Blackberrys, iPhones, iPads, and other similar devices.

10.    "**LSA**" refers to the Loan Servicing Agreement, dated May 31, 2021, by and between Benworth FL and Benworth PR.

11.    "**Mr. Navarro**" refers to Defendant Bernardo Navarro.

12.    "**Ms. Navarro**" refers to Defendant Claudia Navarro.

13.    "**Person**" or "**Persons**" includes without limitation all natural persons, corporations, partnerships, or other business associations and all other legal or governmental entities or associations.

14.    "**Solicitation Process**" refers to the process by which Benworth FL solicited proposals for the services ultimately performed by Benworth FL under the LSA and/or the ALSA, including without limitation from "Professional Bank, Lendio, Lenders Cooperative and . . . BDO", as discussed in the B. Navarro Deposition at 285:4–287:16, 348:3–349:15.

- 3 -

15. "**You**," "**Your**," or "**Yours**" refer to Ms. Navarro.

16. To bring within the scope of these Requests all information that might otherwise be construed to be outside of their scope, the following rules of construction apply: (i) the masculine, feminine, or neutral pronoun shall not exclude other genders; (ii) the word "including" shall be read to mean including without limitation; (iii) the present tense shall be construed to include the past tense and vice versa; (iv) references to members, managers, employees, officers, directors, owners, agents, or representatives shall include both current and former members, managers, employees, officers, directors, owners, agents, and representatives; (v) the words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive; (vi) the words "any" and "all" are interchangeable; (vii) the use of the singular form of any word includes the plural and vice versa.

17. All words and phrases not otherwise defined herein shall be construed in accordance with their plain and ordinary meaning.

## INSTRUCTIONS

1. For the purpose of reading, interpreting, or construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

2. Unless instructed otherwise, each Request shall be construed independently and not by reference to any other Request for the purpose of limitation or exclusion, except that each Request shall not be construed to call for Documents that are called for by previous Requests.

3. You must respond to each Request separately and fully, unless it is objected to. If You object to any Request, or to any Definition or Instruction applicable thereto, state with specificity the objection and legal basis for such objection with citations to appropriate legal foundations for such objection. If You object to only a portion of the Request, or to any Definition or Instruction applicable thereto, answer the portion of the Request to which You do not object.

- 4 -

4.      If, in responding to these Requests, You claim any ambiguity in interpreting a Request, or in a Definition or Instruction applicable thereto, You should not use that claim as a basis for refusing to respond, but You shall set forth as part of Your response to such Request the language deemed to be ambiguous and the interpretation used in responding to the Request.

5.      In responding to these Requests, You are required to produce all requested Documents in Your possession, custody, or control, including without limitation all requested Documents in the possession, custody, or control of any of Your predecessors, successors, assignees, principals, owners, employees, agents, attorneys, or other Persons acting or purporting to act on Your behalf, regardless of location.

6.      If any portion of a Document is responsive to any Request, the entire Document shall be produced.

7.      The Documents shall be produced as they are kept in the ordinary course of business.

8.      In the event that a copy of a Requested Document is not identical to any other copy of the same Document in Your possession, custody, or control, all non-identical copies shall be produced.  A Document shall be deemed to be within Your control if You have the right to secure the Document or a copy of the Document from another person having possession or custody of the Document.

9.      The fact that a Document is produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

10.      If any of these Documents cannot be produced in full, produce them to the extent possible, specifying the reasons for Your inability to produce the remainder and stating whatever information, knowledge, or belief You have concerning the unproduced portion.

11.    If You withhold any of the requested Documents or portions of Documents under a claim of privilege, immunity, or protection, including the attorney-client privilege or work-product doctrine, You shall provide a written privilege log that sets forth the information required by Rule 26(b)(5) of the Federal Rules.

12.    If information is redacted or otherwise withheld from a Document produced in response to a Request, You shall identify the redaction or otherwise withheld information by stamping the word "Redacted" on the Document at each place from which information has been redacted or otherwise withheld, and separately log each such redaction on the privilege log.

13.    Documents, including but not limited to electronically stored information, shall be produced as TIFF image files and document-level extracted text or optical character recognition (OCR) text files for scanned documents and redacted documents, and shall be accompanied by an image load file (OPT file) and a metadata load file (DAT file). Documents shall be delivered on CD, DVD, USB, or hard drive media, or by file transfer protocol, with clearly marked Bates ranges. Womply is available to confer about a stipulation regarding electronically stored information and a protective order and confidentiality agreement pursuant to Rule 26(c) of the Federal Rules.

14.    Unless otherwise specified, these Requests pertain to the period January 1, 2021 to the present (the "**Relevant Time Period**").

15.    These Requests are continuing in nature. If You discover further or different information, You are required to serve supplementary and amended responses relevant to any of these Request and/or produce additional Documents.

## **REQUESTS FOR PRODUCTION**

1.    All Documents and Communications Concerning the drafting and negotiation of the LSA.

2.      All Documents and Communications Concerning the drafting and negotiation of the ALSA.

3.      All Documents and Communications Concerning the 2021 Transfer.

4.      All Documents and Communications Concerning any payments or transfers You received from Benworth FL.

5.      All Documents and Communications Concerning any payments or transfers You received from Benworth PR.

6.      All Documents and Communications Concerning any payments or transfers made to a C. Navarro Entity by Benworth FL.

7.      All Documents and Communications Concerning any payments or transfers made to a C. Navarro Entity by Benworth PR.

8.      All Documents and Communications Concerning the Solicitation Process.

9.      All contracts and agreements between You and Benworth FL, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

10.     All contracts and agreements between You and Benworth PR, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

11.     All contracts and agreements between a C. Navarro entity and Benworth FL.

12.     All contracts and agreements between a C. Navarro entity and Benworth PR.

13.     All Documents and Communications Concerning the formation of Benworth PR.

14.     All Documents and Communications Concerning the solvency of Benworth FL.

15.     All Documents and Communications Concerning the services performed by Benworth PR, including without limitation all Documents and Communications between You and any members or employees of the United States Small Business Administration, the United States Congress, or the Federal Reserve Bank of San Francisco.

16.     Documents sufficient to show your home address.

17.     All Documents identified, directly or indirectly, in Your answers to Womply's First Set of Interrogatories to You, dated July 19, 2024.

Dated: July 19, 2024

*Of Counsel:*

Willkie Farr & Gallagher LLP

Alexander L. Cheney (admitted *pro hac vice*)
333 Bush Street
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, NY 10019
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Respectfully submitted,

By: *Alejandro J. Cepeda Diaz*

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

*Attorneys for Plaintiff Oto Analytics, LLC*

- 8 -

- 9 -

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on the following counsel of record, this 19th day of July 2024, by electronic mail at the email addresses indicated below:

Monica Del Pilar Ramos-Benitez
Roberto A. Camara-Fuertes
Jaime A. Torrens-Davila
FERRAIUOLI LLC
221 Ponce de Leon Ave.
Suite 500
San Juan, PR 00917
(787) 766-7000
mramos@ferraiuoli.com
rcamara@ferraiuoli.com
jtorrens@ferraiuoli.com

Jorge L. Piedra (admitted *pro hac vice*)
Dwayne Robinson (admitted *pro hac vice*)
Michael R. Lorigas (admitted *pro hac vice*)
Rasheed K. Nader (admitted *pro hac vice*)
KOZYAK TROPIN & THROCKMORTON
2525 Ponce de Leon Boulevard,
9th Fl.
Miami, Florida 33134
(305) 372-1800
jpiedra@kttlaw.com
drobinson@kttlaw.com
mlorigas@kttlaw.com
rnader@kttlaw.com

*Counsel for Defendants Benworth Capital Partners LLC and Bernardo Navarro*

Carla S. Loubriel
Ricardo F. Casellas
CASELLAS ALCOVER &
BURGOS, P.S.C.
208 Ponce de Leon Ave.
Popular Center Bldg. Suite 1400
Hato Rey, PR 00918
(787) 756-1400
cloubriel@cabprlaw.com
rcasellas@cabprlaw.com

*Counsel for Defendants Benworth Capital Partners PR LLC and Claudia Navarro*

By: */s/ Alejandro J. Cepeda Diaz*

*Attorney for Plaintiff Oto Analytics, LLC*