# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons*.<br><br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*,<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*,<br><br>Consolidated Defendants. | |

**BERNARDO NAVARRO'S ANSWERS AND OBJECTIONS TO OTO ANALYTICS
LLC'S FIRST SET OF INTERROGATORIES**

**FROM:**   **Bernardo Navarro**
Through its attorneys:
Ferraiuoli LLC
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **2** of **10**

Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

**TO:**     **OTO ANALYTICS, LLC ("Womply")**
Through its attorneys:

Of Counsel:
Willkie Farr & Gallagher LLP
Alexander L. Cheney (admitted pro hac vice)
333 Bush Street
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted pro hac vice)
787 Seventh Avenue
New York, NY 10019
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (admitted pro hac vice)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com


Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, **Bernardo Navarro** (hereinafter, "Mr. Navarro") hereby furnishes, through his attorneys, his Answers and Objections to Womply's First Set of Interrogatories ("Answers and Objections"), as follows:

Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **3** of **10**

## PRELIMINARY STATEMENT

These Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Mr. Navarro reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Mr. Navarro has made reasonable efforts to respond to the interrogatories, to the extent they have not been objected to, as Mr. Navarro understands and interprets the interrogatories.  If Womply subsequently asserts a meritorious interpretation of the interrogatories that differs from Mr. Navarro's interpretation, Mr. Navarro reserves the right to supplement these Answers and Objections.

## GENERAL OBJECTIONS

Mr. Navarro incorporates the following objections into each of its specific responses:

Mr. Navarro objects to each Interrogatory insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Mr. Navarro, or is not within Mr. Navarro's knowledge, (e) seeks information not in Mr. Navarro's possession, custody, or control, (f) seeks information that is already known by Womply, or is equally or more easily accessible to Womply than to Mr. Navarro, and (g) purports to impose upon Mr. Navarro an obligation beyond what is required by the Federal Rules of Civil Procedure.

Specifically, Mr. Navarro objects to the requests to the extent they expressly or impliedly

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **4** of **10**

seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Mr. Navarro intends to and does assert any and all such privileges with respect to all such information.

Mr. Navarro objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses. To the extent any term defined or used in the interrogatory is used in responding to the interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Mr. Navarro objects to the interrogatories to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Mr. Navarro's responses to each interrogatory are given without prejudice to Mr. Navarro's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

Mr. Navarro generally objects to the interrogatories insofar as they raise questions of law rather than fact or are contention interrogatories, normally reserved until the end of the discovery

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC</u>, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **5** of **10**

period.  A party may not be compelled to respond to such contention interrogatories at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Mr. Navarro states that these general objections are incorporated to all specific objections set forth herein.  To the extent that Mr. Navarro provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

<u>**ANSWERS AND OBJECTIONS TO INTERROGATORIES**</u>

**<u>Interrogatory No. 1</u>**

Identify all payments or transfers received by You or a B. Navarro Entity from Benworth FL, including the Dividend Payments, and for each payment or transfer, list the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

**Response to Interrogatory No. 1**

Mr. Navarro objects to this interrogatory as it relates to "all" payments or transfers received by "a B. Navarro Entity" from Benworth FL on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **6** of **10**

litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Without waiving any rights or objections, Mr. Navarro informs that, in the 2021 year, he received 48 distribution payments from Benworth FL; in the 2022 year, he received 24 distribution payments from Benworth FL; in the 2023 year, he received 21 distribution payments from Benworth FL; and in the 2024 year, he has received 5 distribution payments from Benworth FL. For the details of each transaction, see documents identified in Mr. Navarro's Response to Womply's **Request No. 4** for Production of Documents, submitted on this same date.

**Interrogatory No. 2**

Identify all payments or transfers received by You or a B. Navarro Entity from Benworth PR, including, for each payment or transfer, the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

**Response to Interrogatory No. 2**

Mr. Navarro objects to this request as it relates to "all" payments or transfers received by "a B. Navarro Entity" from Benworth Capital Partners PR, LLC ("Benworth PR") on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities,

Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **7** of **10**

besides Benworth FL and Benworth PR. Without waiving any rights or objections, Mr. Navarro informs that he is in the process of gathering the necessary information to respond to this interrogatory and will be providing a supplementary response.

**Interrogatory No. 3**

Identify all accountants, auditors, accounting firms, and/or auditing firms that have performed professional services for You.

**Response to Interrogatory No. 3**

Mr. Navarro objects this interrogatory for being overly broad, to the extent it requests Benworth FL to identify "all" accountants, auditors, accounting firms, and/or auditing firms that have performed professional services for Benworth FL, without specifying with reasonable particularity the type, nature and scope of the "professional services" Womply is inquiring about. Moreover, this interrogatory is objected for seeking information that is irrelevant to the claims or defenses at issue in this case.

Without waiving any rights or objections, Mr. Navarro informs that he and his wife, Claudia Navarro ("Mrs. Navarro") have used the professional accounting services of Carlos Somoza, of the firm Kauffman, Rossin & Co., P.A. (2021 - present), as well as Francisco Medina and Raul Delgado Crespo, of the firm MD CPA LLC (2021 - present).

**Interrogatory No. 4**

Identify the entities (including trusts) in which You are, directly or indirectly, an owner, shareholder, equityholder, partner, member, beneficiary, or beneficial owner for each year from 2021 to present, including for each entity in each year, Your ownership percentage.

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.</u>
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **8** of **10**

**Response to Interrogatory No. 4**

Mr. Navarro objects to this interrogatory on the grounds that it is overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that is thus irrelevant to the matters in controversy. The request is speculative in nature and seeks information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Without waiving any rights or objections, Mr. Navarro informs that, from January 2021 to present, he has been 100% owner of Benworth FL, and 1% owner of Benworth PR.

**Interrogatory No. 5**

Identify all of Your home address(es) from 2021 to 2024.

**Response to Interrogatory No. 5**

Mr. Navarro informs that, from January 1, 2021 to present, his only two home addresses have been 6624 SW 69th Ave., Miami, FL 33134, and 11 The Estates, Dorado, PR 00646, the latter being his and Mrs. Navarro's current home address.

[CERTIFICATION OF DECLARANT ON THE FOLLOWING PAGE]

Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **9** of **10**

## DECLARATION UNDER PENALTY OF PERJURY

I, Bernardo Navarro declare under penalty of perjury that, to the best of my knowledge, information and belief, the foregoing answers are true and correct and are based on documents and information known to me personally or through information that I believe to be true and correct.

Hereof, I sign this Unsworn Statement Under Penalty of Perjury in Miami, FL, this 7 day of Oct 2024.

[CERTIFICATION OF COUNSEL ON THE FOLLOWING PAGE]

**Mr. Navarro's Answers and Objections to Womply's First Set of Interrogatories**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **10** of **10**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, all objections stated above are subscribed in San Juan, Puerto Rico, this 7th day of October, 2024.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via electronic mail at their electronic address of record.

In San Juan, Puerto Rico, on this 7th day of October 2024.

**Ferraiuoli**

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*