# EXHIBIT 12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,** | |
| Plaintiff, | |
| v. | |
| **BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,** | Civil No. 23-01034 (GMM) *cons*. |
| Defendants. | Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** | |
| Plaintiff-Intervenor | |
| v. | |
| **OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*, | |
| Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** | |
| Consolidated Plaintiff, | |
| v. | |
| **BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*, | |
| Consolidated Defendants. | |

### CLAUDIA NAVARRO'S ANSWERS AND OBJECTIONS TO OTO ANALYTICS LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Fed.R.Civ.P. Rules 26 and 33, Claudia Navarro ("**Mrs. Navarro**"), through the undersigned counsel, hereby submits her Answers and Objections to Plaintiff Oto Analytics, LLC's ("**Womply**") First Set of Interrogatories ("Answers and Objections"), as follows:

**PRELIMINARY STATEMENT**

Discovery and trial preparations in this matter have not been completed. Therefore, these Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Mrs. Navarro reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Mrs. Navarro has made reasonable efforts to respond to the interrogatories, to the extent they have not been objected to, as Mrs. Navarro understands and interprets the interrogatories. If Womply subsequently asserts a meritorious interpretation of the interrogatories that differs from Mrs. Navarro's interpretation, Mrs. Navarro reserves the right to supplement these Answers and Objections.

**GENERAL OBJECTIONS**

Mrs. Navarro incorporates the following objections into each of the specific numbered responses below to avoid unnecessary redundancy.

Mrs. Navarro objects to each Interrogatory insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Mrs. Navarro, or is not within Mrs. Navarro's knowledge, (e) seeks information not in Mrs. Navarro's possession, custody, or control, (f) seeks information that is already known by Womply, or is equally or more easily accessible to Womply than to Mrs. Navarro, and (g) purports to impose upon Mrs. Navarro an obligation beyond what is required by the Federal

2

Rules of Civil Procedure.

Specifically, Mrs. Navarro objects to the requests to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure.  Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities.  Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Mrs. Navarro intends to and does assert any and all such privileges with respect to all such information.

Mrs. Navarro objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses.  To the extent any term defined or used in the interrogatory is used in responding to the interrogatories, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Mrs. Navarro objects to the interrogatories to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Mrs. Navarro's responses to each interrogatory are given without prejudice to Mrs. Navarro's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

3

Mrs. Navarro generally objects to the interrogatories insofar as they raise questions of law rather than fact or are contention interrogatories, normally reserved until the end of the discovery period.  A party may not be compelled to respond to such contention interrogatories at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Mrs. Navarro states that these general objections are incorporated to all specific objections set forth herein.  To the extent that Mrs. Navarro provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

## **RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

The following specific and particularized responses are made subject to and without waiving the foregoing objections:

**Interrogatory No. 1**

1.      Identify all payments or transfers received by You or a C. Navarro Entity from Benworth FL, and for each payment or transfer, list the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

4

**Response to Interrogatory No. 1:**

Mrs. Navarro objects to this interrogatory as it relates to "all" payments or transfers received by "a C. Navarro Entity" from Benworth Capital Partners, LLC ("Benworth FL") on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Withou waiving any objections or rights, Mrs. Navarro is gathering the information necessary to respond to this interrogatory and will provide a supplemental response.

**Interrogatory No. 2**

2.    Identify all payments or transfers received by You or a C. Navarro Entity from Benworth PR, including, for each payment or transfer, the amount of the payment or transfer; the date of the payments or transfer; and the reason for the payment or transfer.

**Response to Interrogatory No. 2:**

Mrs. Navarro objects to this interrogatory as it relates to "all" payments or transfers received by "a C. Navarro Entity" from Benworth Capital Partners PR, LLC ("Benworth PR") on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this

5

case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Without waiving any objections or rights, please refer to Mrs. Navarro's response to Womply's Request for Production No. 5, notified on this same date, listing the documents from which the information requested may be derived.

**Interrogatory No. 3**

3.      Identify all accountants, auditors, accounting firms, and/or auditing firms that have performed professional services for You.

**Response to Interrogatory No. 3:**

She also objects this interrogatory for being overly broad, to the extent it requests that she identify "all" accountants, auditors, accounting firms, and/or auditing firms that have performed professional services for Mrs. Navarro, without specifying with reasonable particularity the type, nature and scope of the "professional services" Womply is inquiring about. Moreover, this interrogatory is objected for seeking information that is irrelevant to the claims or defenses at issue in this case.

Withouth waiving any objections or rights, Mrs. Navarro states as follows in response to this interrogatory: Mr. and Mrs. Navarro have used the professional accountting services of Carlos Somoza, of the firm Kauffman, Rossin & Co., P.A. (2021 - present), as well as Francisco Medina and Raul Delgado Crespo, of the firm MD CPA LLC (2021 - present).

**Interrogatory No. 4**

4.    Identify the entities (including trusts) in which You are, directly or indirectly, an owner, shareholder, equityholder, partner, member, beneficiary, or beneficial owner for each year from 2021 to present, including for each entity in each year, Your ownership percentage.

**Response to Interrogatory No. 4:**

Mrs. Navarro objects to this interrogatory on the grounds that it is overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that is thus irrelevant to the matters in controversy. The request is speculative in nature and seeks information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Withouth waiving any objections or rights, Mrs. Navarro states as follows in response to this interrogatory:  As relevant to this case, from 2021 to the present, Mrs. Navarro has had a 99% ownership interest in Benworth PR, and no ownership interest in Benworth FL.

**Interrogatory No. 5**

5.    Identify Your home address on each of the following dates: January 1, 2021; January 1, 2022; January 1, 2023; and January 1, 2024.

**Response to Interrogatory No. 5:**

From January 1, 2021 to present, Mr. and Mrs. Navarro's only two home addresses have been 6624 SW 69th Ave., Miami, FL 33134, and 11 The Estates, Dorado, PR 00646, the latter being their current home address.

[CERTIFICATION OF DECLARANT ON THE FOLLOWING PAGE]

## UNSWORN DECLARATION UNDER PENALTY OF PERJURY

I hereby declare, in _Miami  FL_ , ~~Puerto Rico~~, under penalty of perjury under 28 U.S.C. § 1746, that I have read the foregoing responses to the interrogatories served by Womply, and that the factual averments contained in them are true and correct to the best of my personal knowledge and information.

_Claudia Navarro_
Claudia Navarro

[CERTIFICATION OF COUNSEL ON THE FOLLOWING PAGE]

8

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, all objections stated above are subscribed in San Juan, Puerto Rico, this 7th day of October, 2024.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via electronic mail at their electronic address of record.

In San Juan, Puerto Rico, on this 7th day of October, 2024.

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114
rcasellas@cabprlaw.com

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509
cloubriel@cabprlaw.com

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*

9