# EXHIBIT 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons*.<br><br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*,<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*,<br><br>Consolidated Defendants. | |

### BERNARDO NAVARRO'S ANSWERS AND OBJECTIONS TO OTO ANALYTICS LLC'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

**FROM:**   **Bernardo Navarro**
Through its attorneys:
Ferraiuoli LLC
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **2** of **18**

Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

**TO:**    **OTO ANALYTICS, LLC ("Womply")**
Through its attorneys:

Of Counsel:
Willkie Farr & Gallagher LLP
Alexander L. Cheney (admitted pro hac vice)
333 Bush Street
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted pro hac vice)
787 Seventh Avenue
New York, NY 10019
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (admitted pro hac vice)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, **Bernardo Navarro**

(hereinafter, "Mr. Navarro") hereby furnishes, through his attorneys, his Answers and Objections

to Womply's First Requests for Production of Documents ("Answers and Objections"), as follows:

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **3** of **18**

## PRELIMINARY STATEMENT

These Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Mr. Navarro reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Mr. Navarro has made reasonable efforts to respond to the requests, to the extent they have not been objected to, as Mr. Navarro understands and interprets the requests.  If Womply subsequently asserts a meritorious interpretation of the requests that differs from Mr. Navarro's interpretation, Mr. Navarro reserves the right to supplement these Answers and Objections.

## GENERAL OBJECTIONS

Mr. Navarro incorporates the following objections into each of its specific responses:

Mr. Navarro objects to each Requests insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Mr. Navarro, or is not within Mr. Navarro's knowledge, (e) seeks information not in Mr. Navarro's possession, custody, or control, (f) seeks information that is already known by Womply, or is equally or more easily accessible to Womply than to Mr. Navarro, and (g) purports to impose upon Mr. Navarro an obligation beyond what is required by the Federal Rules of Civil Procedure.

Specifically, Mr. Navarro objects to the requests to the extent they expressly or impliedly

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **4** of **18**

seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Mr. Navarro intends to and does assert any and all such privileges with respect to all such information.

Mr. Navarro objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses. To the extent any term defined or used in the requests is used in responding to the requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Mr. Navarro objects to the requests to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Mr. Navarro's responses to each request are given without prejudice to Mr. Navarro's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

Mr. Navarro generally objects to the requests insofar as they raise questions of law rather than fact or are contention requests, normally reserved until the end of the discovery period. A

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **5** of **18**

party may not be compelled to respond to such contention requests at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Mr. Navarro states that these general objections are incorporated to all specific objections set forth herein. To the extent that Mr. Navarro provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

## ANSWERS AND OBJECTIONS TO REQUESTS

### Request No. 1

All Documents and Communications Concerning the drafting and negotiation of the LSA.

### Response to Request No. 1:

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the LSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **6** of **18**

"Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Further, Mr. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mr. Navarro refers to Benworth Capital Partner, LLC's ("Benworth FL") Answer to Womply's Interrogatory No. 3 submitted on this same date, which is adopted and incorporated herein by reference, and informs that he will be producing a copy of the LSA.

**Request No. 2**

All Documents and Communications Concerning the drafting and negotiation of the ALSA.

**Response to Request No. 2:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the ALSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **7** of **18**

request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Further, Mr. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mr. Navarro refers to Benworth FL's Answer to Womply's Interrogatory No. 3 submitted on this same date, which is adopted and incorporated herein by reference, and informs that he will be producing a copy of the ALSA.

**Request No. 3**

All Documents and Communications Concerning the 2021 Transfer.

**Response to Request No. 3:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the 2021 Transfer on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **8** of **18**

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro informs that he will be producing a table detailing all transfers made by and between Benworth FL and Benworth PR from 2021 to present.

**Request No. 4**

All Documents and Communications Concerning any payments or transfers You received from Benworth FL, including without limitation the Dividend Payments.

**Response to Request No. 4**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments received from Benworth FL on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC</u>, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **9** of **18**

to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro refers to his Answer to Womply's Interrogatory No. 1 submitted on this same date, and informs that he will be producing a table showing all payments made by Benworth FL to Mr. Navarro from 2021-present.

**Request No. 5**

All Documents and Communications Concerning any payments or transfers You received from Benworth PR.

**Response to Request No. 5:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments received from Benworth PR on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **10** of **18**

action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro refers to his Answer to Womply's Interrogatory No. 2 submitted on this same date and informs that he is in the process of gathering documents that are responsive to this request and will be providing a supplementary response.

**Request No. 6**

All Documents and Communications Concerning any payments or transfers made to a B. Navarro Entity by Benworth FL.

**Response to Request No. 6:**

Mr. Navarro objects to this request as it relates to "any" payments or transfers received by "a B. Navarro Entity" from Benworth FL on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Mr. Navarro also objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine.

**Request No. 7**

All Documents and Communications Concerning any payments or transfers made to a B. Navarro Entity by Benworth PR.

**Response to Request No. 7:**

Mr. Navarro objects to this request as it relates to "any" payments or transfers received by

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **11** of **18**

"a B. Navarro Entity" from Benworth PR on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Mr. Navarro also objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine.

**Request No. 8**

All Documents and Communications Concerning the Solicitation Process.

**Response to Request No. 8:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the Solicitation Process on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **12** of **18**

to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro refers to Benworth FL's Answer to Womply's Interrogatory No. 4 submitted on this same date and informs that he will be producing copies of the four (4) proposals submitted to it.

**Request No. 9**

All contracts and agreements between You and Benworth FL, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 9:**

Without waiving any rights or objections, Mr. Navarro informs that there are no documents in his possession, custody or control that are responsive to this request. If any non-privileged responsive documents are found by Mr. Navarro, they will be supplemented.

**Request No. 10**

All contracts and agreements between You and Benworth PR, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 10:**

Without waiving any rights or objections, Mr. Navarro will produce a copy of the Benworth PR Operating Agreement.

**Request No. 11**

All contracts and agreements between a B. Navarro entity and Benworth FL.

**Response to Request No. 11:**

Mr. Navarro objects to this request as it relates to "all" contracts and agreements between

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **13** of **18**

a "B. Navarro Entity" and Benworth FL on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Subject to and without waiving any objections or rights, Mr. Navarro informs that there are no documents in his possession, custody or control that are responsive to this request. If any non-privileged responsive documents are found by Mr. Navarro, they will be supplemented.

**Request No. 12**

All contracts and agreements between a B. Navarro entity and Benworth PR.

**Response to Request No. 12:**

Mr. Navarro objects to this request as it relates to "all" contracts and agreements between a "B. Navarro Entity" and Benworth PR on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Subject to and without waiving any objections or rights, Mr. Navarro informs that there are no documents in his possession, custody or control that are responsive to this request. If any non-privileged responsive documents are found by Mr. Navarro, they will be supplemented.

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **14** of **18**

**Request No. 13**

All Documents and Communications Concerning the formation of Benworth PR.

**Response to Request No. 13:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the formation of Benworth PR on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mr. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro refers to Claudia Navarro's ("Mrs. Navarro") response to Womply's Request No. 13 also submitted on this date, which is adopted and incorporated herein by reference.

**Request No. 14**

All Documents and Communications Concerning the solvency of Benworth FL.

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC</u>, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **15** of **18**

**Response to Request No. 14:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" Benworth FL's solvency, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" "Concerning" Benworth FL's financial health, inuring to undue effort and expense upon Mr. Navarro. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro informs that he will be producing Benworth FL's audited financial statements for 2021, 2021 and 2022.

**<u>Request No. 15:</u>**

All Documents and Communications Concerning the services performed by Benworth PR, including without limitation all Documents and Communications between You and any members or employees of the United States Small Business Administration, the United States Congress, or

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **16** of **18**

the Federal Reserve Bank of San Francisco.

**Response to Request No. 15:**

Mr. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the services performed by Benworth PR, "including without limitation" with "any" members or employees of the United States Small Business Administration ("SBA"), the United States Congress, or the Federal Reserve Bank of San Francisco ("Reserve Bank"), on the grounds that it is overbroad, vague, unduly burdensome, oppressive and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" with "any" members or employees of the SBA, the United States Congress or the Reserve Bank "Concerning" the services performed by Benworth PR, inuring to undue effort and expense upon Mr. Navarro. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mr. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mr. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mr. Navarro has not

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **17** of **18**

identified to-date any responsive documents in his possession, custody or control, other than any produced by Benworth FL in response to the same discovery request. If any non-privileged responsive documents are found by Mr. Navarro, they will be supplemented.

**Request No. 16**

Documents sufficient to show your home address.

**Response to Request No. 16:**

Please refer to Mr. Navarro's response to Womply's Interrogatory No. 5, notified on this same date.

**Request No. 17**

All Documents identified, directly or indirectly, in Your answers to Womply's First Set of Interrogatories to You, dated July 19, 2024.

**Response to Request No. 17:**

Please refer to Mr. Navarro's responses to the referenced interrogatories, notified on this same date.

[CERTIFICATION OF COUNSEL ON THE FOLLOWING PAGE]

**Mr. Navarro's Responses and Objections to Womply's First Request for Production of Documents**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*</u>
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **18** of **18**

      **CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy

of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via

electronic mail at their electronic address of record.

      In San Juan, Puerto Rico, on this 7th day of October 2024.

**Ferraiuoli**

PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*