# EXHIBIT 16

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,** <br><br> Defendants. | Civil No. 23-01034 (GMM) *cons*. <br><br> Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** <br><br> Plaintiff-Intervenor <br><br> v. <br><br> **OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*, <br><br> Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** <br><br> Consolidated Plaintiff, <br><br> v. <br><br> **BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*, <br><br> Consolidated Defendants. | |

**CLAUDIA NAVARRO'S ANSWERS AND OBJECTIONS TO
OTO ANALYTICS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Claudia Navarro ("**Mrs. Navarro**"), through the undersigned counsel, hereby submits her Answers and Objections to Plaintiff Oto Analytics, LLC's ("**Womply**") First Set of Requests for Production, as follows:

## PRELIMINARY STATEMENT

Discovery and trial preparations in this matter have not been completed. Therefore, these Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Mrs. Navarro reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Mrs. Navarro has made reasonable efforts to respond to the requests, to the extent they have not been objected to, as Mrs. Navarro understands and interprets the requests. If Mrs. Navarro subsequently asserts a meritorious interpretation of the requests that differs from Plaintiff interpretation, Mrs. Navarro reserves the right to supplement these Answers and Objections.

## GENERAL OBJECTIONS

Mrs. Navarro incorporates the following objections into each of the specific numbered responses below to avoid unnecessary redundancy.

Mrs. Navarro objects to each Request insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Mrs. Navarro, or is not within Mrs. Navarro's knowledge, (e) seeks information not in Mrs. Navarro's possession, custody, or control, (f) seeks information that is already known by Reserve Bank, or is equally or more easily accessible to Womply than to Mrs. Navarro, and (g) purports to impose upon Mrs. Navarro an obligation beyond what is required by the Federal

2

Rules of Civil Procedure.

Specifically, Mrs. Navarro objects to the requests to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Mrs. Navarro intends to and does assert any and all such privileges with respect to all such information.

Mrs. Navarro objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses. To the extent any term defined or used in the request is used in responding to the requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Mrs. Navarro objects to the requests to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Mrs. Navarro's responses to each request are given without prejudice to Mrs. Navarro's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

3

Mrs. Navarro generally objects to the requests insofar as they raise questions of law rather than fact or are contention requests, normally reserved until the end of the discovery period.  A party may not be compelled to respond to such contention requests at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Mrs. Navarro states that these general objections are incorporated to all specific objections set forth herein.  To the extent that Mrs. Navarro provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

### RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

The following specific and particularized responses are made subject to and without waiving the foregoing objections:

**Request No. 1**

1.    All Documents and Communications Concerning the drafting and negotiation of the LSA.

**Response to Request No. 1:**

Mrs. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the LSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mrs. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mrs. Navarro further objects to this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, attorney-client privilege, accountant-client privilege or the attorney work-product doctrine. Mrs. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

Notwithstanding, and without waiving any rights or objections, Mrs. Navarro does not have in her possession, custody or control any documents responsive to this request other than a copy of the LSA, which will be produced. If any additional, non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 2**

2.      All Documents and Communications Concerning the drafting and negotiation of the ALSA.

**Response to Request No. 2:**

Mrs. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the ALSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mrs. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mrs. Navarro further objects to this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, attorney-client privilege, accountant-client privilege or the attorney work-product doctrine. Mrs. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

6

Notwithstanding, and without waiving any rights or objections, Mrs. Navarro does not have in her possession, custody or control any documents responsive to this request other than copy of the ALSA itself, which will be produced. If any additional, non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 3**

3.   All Documents and Communications Concerning the 2021 Transfer.

**Response to Request No. 3:**

Mrs. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" the 2021 Transfer on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mrs. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mrs. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mrs. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, subject to and without waiving any objections or rights, there are

7

no responsive documents in Mrs. Navarro's possession, custody or control. If any non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 4**

4.    All Documents and Communications Concerning any payments or transfers You received from Benworth FL.

**Response to Request No. 4**

Mrs. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments received from Benworth FL on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mrs. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mrs. Navarro further objects this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mrs. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, subject to and without waiving any objections or rights, there are

8

no responsive documents in Mrs. Navarro's possession, custody or control. If any non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 5**

5.      All Documents and Communications Concerning any payments or transfers You received from Benworth PR.

**Response to Request No. 5:**

Mrs. Navarro objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments she received from Benworth PR on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Mrs. Navarro. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Mrs. Navarro further objects to this request to the extent it requires disclosure of documents and communications protected by the marital communications privilege, attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Mrs. Navarro is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Mrs. Navarro will

9

produce a document identifying the transfers made to and from herself and Benworth PR for the period requested.

**Request No. 6**

6.      All Documents and Communications Concerning any payments or transfers made to a C. Navarro Entity by Benworth FL.

**Response to Request No. 6:**

Mrs. Navarro objects to this request as it relates to "any" payments or transfers received by "a C. Navarro Entity" from Benworth FL on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.  Mrs. Navarro also objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine.

**Request No. 7**

7.      All Documents and Communications Concerning any payments or transfers made to a C. Navarro Entity by Benworth PR.

**Response to Request No. 7:**

Mrs. Navarro objects to this request as it relates to "any" payments or transfers received by "a C. Navarro Entity" from Benworth Capital Partners PR, LLC ("Benworth PR") on the grounds that it is harassing and overly broad to the extent it seeks information related to third

10

persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Mrs. Navarro also objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine.

**Request No. 8**

8.      All Documents and Communications Concerning the Solicitation Process.

**Response to Request No. 8:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, there are no responsive documents in Mrs. Navarro's possession, custody or control, other than any produced by Benworth PR in response to the same discovery request.  If any non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 9**

9.      All contracts and agreements between You and Benworth FL, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 9:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney

11

work-product doctrine. Subject to and without waiving any objections or rights, there are no responsive documents in Mrs. Navarro's possession, custody or control.

**Request No. 10**

10.    All contracts and agreements between You and Benworth PR, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 10:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mrs. Navarro will produce a copy of the Benworth PR Operating Agreement. If any additional, non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 11**

11.    All contracts and agreements between a C. Navarro entity and Benworth FL.

**Response to Request No. 11:**

Mrs. Navarro objects to this request as it relates to "all" contracts and agreements between a "C. Navarro Entity" and Benworth FL on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Mrs. Navarro also objects to this request to the extent it seeks confidential documents protected by the

12

marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, there are no responsive documents in Mrs. Navarro's possession, custody or control.

**Request No. 12**

12.    All contracts and agreements between a C. Navarro entity and Benworth PR.

**Response to Request No. 12:**

Mrs. Navarro objects to this request as it relates to "all" contracts and agreements between a "C. Navarro Entity" and Benworth PR on the grounds that it is harassing and overly broad to the extent it seeks information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR. Mrs. Navarro also objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, there are no responsive documents in Mrs. Navarro's possession, custody or control.

**Request No. 13**

13.    All Documents and Communications Concerning the formation of Benworth PR.

**Response to Request No. 13:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mrs. Navarro

will produce a copy of the Benworth PR Operating Agreement, its Certificate of Organization and its Certificate of Formation. Mrs. Navarro is in the process of identifying any additional responsive, non-privileged documents in her possession relating to this request and will supplement her response accordingly.

**Request No. 14**

14.    All Documents and Communications Concerning the solvency of Benworth FL.

**Response to Request No. 14:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mrs. Navarro has not identified to-date any responsive documents in her possession, custody or control. If any non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 15**

15.    All Documents and Communications Concerning the services performed by Benworth PR, including without limitation all Documents and Communications between You and any members or employees of the United States Small Business Administration, the United States Congress, or the Federal Reserve Bank of San Francisco.

**Response to Request No. 15:**

Mrs. Navarro objects to this request to the extent it seeks confidential documents protected by the marital communications privilege, the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Mrs. Navarro has not identified to-date any responsive documents in her possession, custody or control, other

14

than any produced by Benworth PR in response to the same discovery request. If any non-privileged responsive documents are found by Mrs. Navarro they will be supplemented.

**Request No. 16**

16.    Documents sufficient to show your home address.

**Response to Request No. 16:**

Please refer to Mrs. Navarro's response to Womply's Interrogatory No. 5, notified on this same date.

**Request No. 17**

17.    All Documents identified, directly or indirectly, in Your answers to Womply's First Set of Interrogatories to You, dated July 19, 2024.

**Response to Request No. 17:**

Please refer to Mrs. Navarro's responses to the referenced interrogatories, notified on this same date.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via electronic mail at their electronic address of record.

In San Juan, Puerto Rico, on this 7th day of October, 2024.

CASELLAS ALCOVER & BURGOS PSC
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114
rcasellas@cabprlaw.com

15

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509
cloubriel@cabprlaw.com

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*

16