# EXHIBIT 17

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **OTO ANALYTICS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons.*<br><br>Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff-Intervenor<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*,<br><br>Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*,<br><br>Consolidated Defendants. | |

### BENWORTH CAPITAL PARTNERS LLC'S ANSWERS AND OBJECTIONS TO OTO ANALYTICS LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**FROM:    Benworth Capital Partners, LLC**
          Through its attorneys:
          Ferraiuoli LLC
          Roberto A. Cámara-Fuertes
          USDC-PR 219002
          rcamara@ferraiuoli.com

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **2** of **22**

Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

**TO:** **OTO ANALYTICS, LLC ("Womply")**
Through its attorneys:
Of Counsel:
Willkie Farr & Gallagher LLP

Alexander L. Cheney (admitted pro hac vice)
333 Bush Street
San Francisco, CA 94104
(415) 858-7400
acheney@willkie.com

Stuart R. Lombardi (admitted pro hac vice)
787 Seventh Avenue
New York, NY 10019
(212) 728-8882
slombardi@willkie.com

Joshua S. Levy (admitted pro hac vice)
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
jlevy@willkie.com

Alejandro J. Cepeda Diaz
USDC-PR 222110
McConnell Valdés LLC
270 Muñoz Rivera Ave.
Hato Rey PR 00918
Tel: (787) 250-5637
Email: ajc@mcvpr.com

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, **Benworth Capital**

**Partners, LLC** (hereinafter, "Benworth FL") hereby furnishes, through its attorneys, its Answers

and Objections to Womply's First Requests for Production of Documents ("Answers and

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **3** of **22**

Objections"), as follows:

## PRELIMINARY STATEMENT

These Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Benworth FL reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Benworth FL has made reasonable efforts to respond to the requests, to the extent they have not been objected to, as Benworth FL understands and interprets the requests. If Womply subsequently asserts a meritorious interpretation of the requests that differs from Benworth FL's interpretation, Benworth FL reserves the right to supplement these Answers and Objections.

## GENERAL OBJECTIONS

Benworth FL incorporates the following objections into each of its specific responses:

Benworth FL objects to each Requests insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Benworth FL, or is not within Benworth FL's knowledge, (e) seeks information not in Benworth FL's possession, custody, or control, (f) seeks information that is already known by Womply, or is equally or more easily accessible to Womply than to Benworth FL, and (g) purports to impose upon Benworth FL an obligation beyond what is required by the Federal Rules of Civil Procedure.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **4** of **22**

Specifically, Benworth FL objects to the requests to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Benworth FL intends to and does assert any and all such privileges with respect to all such information.

Benworth FL objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses. To the extent any term defined or used in the requests is used in responding to the requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Benworth FL objects to the requests to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Benworth FL's responses to each request are given without prejudice to Benworth FL's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

Benworth FL generally objects to the requests insofar as they raise questions of law rather

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **5** of **22**

than fact or are contention requests, normally reserved until the end of the discovery period.  A party may not be compelled to respond to such contention requests at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Benworth FL states that these general objections are incorporated to all specific objections set forth herein.  To the extent that Benworth FL provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

**ANSWERS AND OBJECTIONS TO REQUESTS**

**Request No. 1**

All statements for bank accounts owned or controlled by Benworth FL or for which Benworth FL is a beneficiary or beneficial owner.

**Response to Request No. 1**

Benworth FL objects to this request on the grounds that it is overly broad, to the extent it seeks "all" bank statements for accounts owned or controlled by Benworth FL or for which Benworth FL is a beneficiary or beneficial owner, which extends to information that is not relevant

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **6** of **22**

to the specific claims or defenses object of this litigation, such as Benworth FL's mortgage lending business, and is thus outside the scope of discovery.

Without waiving any rights or objections, Benworth FL informs that it will be making available for inspection bank statements of accounts owned by Benworth FL for the year 2021 and which are related to the PPP servicing business and the transactions that are object of this litigation. Benworth FL advances that, due to the amount of monthly activity, Benworth FL only received physical copies of the bank statements for its PPP servicing accounts during 2021, which contain thousands of pages of statements. Benworth FL is in the process of identifying such documentation and will promptly make such documents available to Womply for inspection. For the years 2022, 2023, and 2024, Benworth FL will produce electronic versions of the bank statements in its possession, custody, or control to the extent such bank statements are reasonably accessible by Benworth FL.

## Request No. 2

All financial and accounting records for Benworth FL, including without limitation general ledgers, accounts receivable ledgers, and accounts payable ledgers.

## Response to Request No. 2

Benworth FL objects to the request for "all" financial and accounting records for Benworth FL on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of financial documents reasonably related to the claims and defenses in this matter. The request, as drafted, demands the production of an unbounded universe of financial information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **7** of **22**

proportional. Moreover, producing the entirety of the Benworth FL's financial records without limitation would impose an unnecessary burden in terms of both time and resources. Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific categories of documents relevant to the claims and defenses in this action.

**Request No. 3**

All financial statements for Benworth FL, including without limitation audited financial statements, unaudited financial statements, annual financial statements, quarterly financial statements, and interim financial statements for the fiscal years 2021, 2022, and 2023.

**Response to Request No. 3**

Without waiving any rights or objections, Benworth FL informs that it will be producing its audited financial statements for 2020, 2021 and 2022.

**Request No. 4**

All tax returns for Benworth FL, including without limitation all federal, state, municipal, and territorial tax returns.

**Response to Request No. 4**

Benworth FL objects to this request on the grounds that it is overly broad and unduly burdensome and not proportional to the needs of the case, to the extent it seeks copies of Benworth FL's tax returns which contain protected, sensitive and confidential financial information. There are less intrusive means to obtain relevant financial information that do not involve the disclosure of Benworth FL's tax returns. Benworth FL is willing to meet and confer with Womply to discuss alternatives to provide relevant financial data, if justified. Without waiving any rights or objections, Benworth FL informs that it will be producing its audited financial statements for 2020, 2021 and 2022.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **8** of **22**

**Request No. 5**

All Documents and Communications Concerning Puerto Rico taxes.

**Response to Request No. 5**

Without waiving any rights or objections, Benworth FL informs that it does not file Puerto Rico taxes and thus has no documents that are responsive to this request.

**Request No. 6**

All Documents and Communications exchanged between You and the Puerto Rico Department of the Treasury, including without limitation forms SC 6045 and SC 6047.

**Response to Request No. 6**

Without waiving any rights or objections, Benworth FL informs that it does not file Puerto Rico taxes and thus has no documents that are responsive to this request.

**Request No. 7**

Documents sufficient to show Benworth FL's assets and liabilities from 2021 to the present.

**Response to Request No. 7**

Benworth FL objects to this request on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents reasonably related to the claims and defenses in this matter. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Moreover, producing the entirety of the Benworth FL's financial records without limitation would impose an unnecessary burden in terms of both time

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
<u>Oto Analytics, LLC v. Benworth Capital Partners PR LLC</u>, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **9** of **22**

and resources. Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific categories of documents relevant to the claims and defenses in this action.

Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing its audited financial statements for 2020, 2021 and 2022.

**<u>Request No. 8</u>**

All Documents and Communications from January 1, 2021, to the present Concerning Your solvency or Your ability to satisfy debts.

**Response to Request No. 8**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" Benworth FL's solvency or its ability to satisfy debts, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" "Concerning" Benworth FL's financial health, inuring to undue effort and expense upon Benworth FL. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Moreover, producing the entirety of the Benworth FL's financial records without limitation would impose an unnecessary burden in terms of both time and resources. Benworth FL further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **10** of **22**

doctrine.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

**Request No. 9**

All Documents and Communications Concerning the drafting and negotiation of the LSA.

**Response to Request No. 9**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the LSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL refers to its Answer to Womply's Interrogatory No. 3 submitted on this same date and informs that it will be producing a copy of the LSA.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **11** of **22**

**Request No. 10**

All Documents and Communications Concerning the drafting and negotiation of the ALSA.

**Response to Request No. 10**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the ALSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL refers to its Answer to Womply's Interrogatory No. 3 submitted on this same date and informs that it will be producing a copy of the ALSA.

**Request No. 11**

All agreements by or between Benworth PR and Benworth FL, including without limitation the LSA and ALSA.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **12** of **22**

**Response to Request No. 11**

Without waiving any rights or objections, Benworth FL informs that it will be producing copies of the LSA and ALSA .

**Request No. 12**

All Communications with the SBA or any other government agency Concerning Benworth PR, the LSA, the ALSA, or the services Benworth PR performed or is performing for Benworth FL.

**Response to Request No. 12**

Benworth FL objects the request for "all" "Communications" with the SBA or "any other" government agency "Concerning" Benworth PR, the LSA, the ALSA or the services performed by Benworth PR for Benworth FL, on the grounds that is overly broad, unduly burdensome, oppressive and not proportional to the needs of the case, as it fails to specify the scope or particular category of communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" with the SBA or "any other" government agency "Concerning" Benworth PR, the LSA, the ALSA or the services performed by Benworth PR for Benworth FL, inuring to undue effort and expense upon Benworth FL. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **13** of **22**

**Request No. 13**

All Documents and Communications Concerning any payments or transfers You made to Benworth PR, including without limitation the 2021 Transfer.

**Response to Request No. 13**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments made to Benworth PR on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth FL further objects to this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing a table detailing all transfers made by and between Benworth FL and Benworth PR from 2021 to present.

**Request No. 14**

All Documents and Communications Concerning the Transfer Pricing Analysis.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **14** of **22**

**Response to Request No. 14**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the Transfer Pricing Analysis on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth FL further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing the 2021, 2022 and 2023 Transfer Pricing Analysis.

**Request No. 15**

All Documents and Communications Concerning the services Benworth PR provided or is providing to Benworth FL.

**Response to Request No. 15**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the services provided to it by Benworth PR on the grounds that it is overbroad,

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **15** of **22**

vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, including hundreds or potentially thousands of "Communications" "Concerning" the services provided to it by Benworth PR, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing copies of the LSA, ALSA and the 2021, 2022 and 2023 Transfer Pricing Analysis.

**Request No. 16**

All Documents and Communications Concerning the Solicitation Process.

**Response to Request No. 16**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the Solicitation Process on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **16** of **22**

of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL refers to its Answer to Womply's Interrogatory No. 4 submitted on this same date and informs that it will be producing copies of the four (4) proposals submitted to it.

**Request No. 17**

All Documents and Communications Concerning the BDO Business.

**Response to Request No. 17**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" the BDO Business on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **17** of **22**

to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing a copy of the proposal submitted to it by H&Co., which is a BDO company.

**Request No. 18**

All Documents and Communications Concerning payments or distributions from You to Mr. Navarro, Ms. Navarro, any B. Navarro Entity, or any C. Navarro Entity, including without limitation the Dividend Payments.

**Response to Request No. 18**

Benworth FL objects to the request for "all" "Documents" and "Communications" "Concerning" payments or distributions to Mr. Navarro or Mrs. Navarro, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Benworth FL also objects the request as it relates to "any B. Navarro Entity" and "any C. Navarro Entity" on those same grounds, as it seeks documents and information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. Such a request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **18** of **22**

allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth FL further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth FL informs that it will be producing a table showing all payments made by Benworth FL to Mr. Navarro from 2021-present.

**Request No. 19**

Documents sufficient to show all payments or distributions made to Your employees and contractors.

**Response to Request No. 19**

Benworth FL objects to the request of documents showing "all" payments or distributions made to Benworth FL "employees and contractors" on the grounds that it is overly broad and unduly vague, to the extent it seeks to obtain documents concerning persons and entities who are not parties to this litigation that are thus irrelevant and outside the scope of discovery, and it fails to limit with reasonable particularity the nature and scope of the request made. Womply has not established the need or relevance of any information pertaining to any other persons or entities, besides those who are party to this litigation.

**Request No. 20**

All contracts and agreements between You and Ms. Navarro, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements,

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **19** of **22**

and voting agreement.

**Response to Request No. 20**

Without waiving any rights or objections, Benworth FL informs that there are no documents in its possession, custody or control that are responsive to this request. Should any responsive documents be found by Benworth FL, they will be supplemented.

**Request No. 21**

All contracts and agreements between You and any C. Navarro Entity.

**Response to Request No. 21**

Benworth FL objects to this request on the grounds that it is overly broad and unduly burdensome as it seeks documents related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

**Request No. 22**

All contracts and agreements between You and Mr. Navarro, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 22**

Without waiving any rights or objections, Benworth FL informs that there are no documents in its possession, custody or control that are responsive to this request. Should any responsive documents be found by Benworth FL, they will be supplemented.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **20** of **22**

**Request No. 23**

All contracts and agreements between You and any B. Navarro Entity.

**Response to Request No. 23**

Benworth FL objects to this request on the grounds that it is overly broad and unduly burdensome as it seeks documents related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

**Request No. 24**

All organizational documents for Benworth FL, including without limitation any limited liability company agreements, shareholder agreements, corporate resolutions, member resolutions, and written consents.

**Response to Request No. 24**

Benworth FL objects to this request on the grounds that it seeks information and documents that are not reasonably related to the claims and defenses in this matter and are thus irrelevant to the matters in controversy. Notwithstanding, without waiving any rights or defenses, Benworth FL informs that it has not identified any documents in its possession, custody or control that are responsive to this request. Should any responsive documents be found by Benworth FL, they will be supplemented.

**Request No. 25**

Documents sufficient to show Your corporate structure.

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **21** of **22**

**Response to Request No. 25**

Without waiving any rights or objections, Benworth FL informs that it will be producing the following documents: (i) the 2021 Transfer Pricing Analysis, with the clarification that the Exhibit 2 therein should indicate Mr. Navarro as Benworth FL's President & CEO, not Benworth PR's; (ii) the 2022 Transfer Pricing Analysis; and (iii) the 2023 Transfer Pricing Analysis.

**Request No. 26**

All Documents identified, directly or indirectly, in Your answers to Womply's First Set of Interrogatories to You, dated July 19, 2024.

**Response to Request No. 26**

Without waiving any rights or objections, Benworth FL refers to its responses to Womply's First Set of Interrogatories.

[CERTIFICATION OF COUNSEL ON THE FOLLOWING PAGE]

**Benworth FL's Answers and Objections to Womply's First Request for Production of Documents**
Oto Analytics, LLC v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* Civil No. 24-01313 (GMM)
Page **22** of **22**

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via electronic mail at their electronic address of record.

In San Juan, Puerto Rico, on this 7th day of October 2024.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
Roberto A. Cámara-Fuertes
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
Jaime A. Torrens-Dávila
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
Mónica Ramos-Benítez
USDC-PR 308405
mramos@ferraiuoli.com

*Counsel for Benworth Capital Partners, LLC and Bernardo Navarro*