# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **OTO ANALYTICS, LLC,** | |
| Plaintiff, | |
| v. | |
| **BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,** | Civil No. 23-01034 (GMM) *cons.* |
| Defendants. | Civil No. 24-01313 (GMM) |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** | |
| Plaintiff-Intervenor | |
| v. | |
| **OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC;** *et al.*, | |
| Defendants in Intervention. | |
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,** | |
| Consolidated Plaintiff, | |
| v. | |
| **BENWORTH CAPITAL PARTNERS PR, LLC,** *et al.*, | |
| Consolidated Defendants. | |

**BENWORTH CAPITAL PARTNERS PR LLC'S ANSWERS AND OBJECTIONS TO OTO ANALYTICS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Fed.R.Civ.P. Rules 26 and 34, Benworth Capital Partners PR LLC ("**Benworth PR**"), through the undersigned counsel, hereby submits its Answers and Objections to Plaintiff Oto Analytics, LLC's ("**Womply**") First Set of Requests for Production, as follows:

## PRELIMINARY STATEMENT

Discovery and trial preparations in this matter have not been completed. Therefore, these Answers and Objections are based only upon the information currently available to and specifically known as of the date hereof. Benworth PR reserves the right to amend or supplement these Answers and Objections at any time in light of future investigation, research, or analysis, and also expressly reserves the right to rely on, at any time, including in any other proceeding, subsequently discovered information, or information omitted from these Answers and Objections as a result of mistake, error, or inadvertence. Benworth PR has made reasonable efforts to respond to the requests, to the extent they have not been objected to, as Benworth PR understands and interprets the requests. If Womply subsequently asserts a meritorious interpretation of the requests that differs from Benworth PR's interpretation, Benworth PR reserves the right to supplement these Answers and Objections.

## GENERAL OBJECTIONS

Benworth PR incorporates the following objections into each of the specific numbered responses below to avoid unnecessary redundancy.

Benworth PR objects to each Requests insofar as it (a) seeks information that is subject to legal privileges, (b) seeks information that is not relevant to the claims or defenses in this action or is not reasonably calculated to lead to the discovery of admissible evidence, (c) is vague, ambiguous, overbroad or unduly burdensome, (d) seeks information that is not reasonably accessible to Benworth PR, or is not within Benworth PR's knowledge, (e) seeks information not in Benworth PR's possession, custody, or control, (f) seeks information that is already known by Womply, or is equally or more easily accessible to Womply than to Benworth PR, and (g) purports to impose upon Benworth PR an obligation beyond what is required by the Federal

2

Rules of Civil Procedure.

Specifically, Benworth PR objects to the requests to the extent they expressly or impliedly seek information protected from disclosure by the Attorney-Client Privilege, the Attorney Work-Product Doctrine, the Common Interest Privilege, or any other applicable privileges, doctrines, or immunities protecting information from disclosure. Nothing in these Answers and Objections is intended as, nor shall in any way be deemed, a waiver of any of these privileges, doctrines, or immunities. Information protected by these privileges, doctrines, or immunities is not subject to disclosure, and will not be provided. Benworth PR intends to and does assert any and all such privileges with respect to all such information.

Benworth PR objects to each definition, instruction, and request to the extent it seeks information that is confidential or proprietary in nature, or requests detailed information concerning impressions, opinions and/or statements of factual witnesses. To the extent any term defined or used in the requests is used in responding to the requests, it is not accepted or conceded that any such term or definition is appropriate, descriptive, or accurate.

Benworth PR objects to the requests to the extent that they require the search of archives, backup files, or any information not readily accessible, including but not limited to any audio, video, electronic recordings, telephone records, calendar entries, text messages or similar forms of electronic messaging, which would be unduly burdensome and not proportional to the needs of this case.

Benworth PR's responses to each request are given without prejudice to Benworth PR's right to use or rely at any time, including trial, on subsequently discovered facts, information or documents that may have been omitted from these responses by inadvertence, oversight or otherwise.

3

Benworth PR generally objects to the requests insofar as they raise questions of law rather than fact or are contention requests, normally reserved until the end of the discovery period. A party may not be compelled to respond to such contention requests at the early stages of discovery other than to state the party's current knowledge.

These Answers and Objections should not be construed as: (a) an admission as to the propriety of any request, (b) an agreement as to erroneous assumptions or incorrect factual predicates contained in any request, (c) an acknowledgement that documents or other items responsive to any request exist, (d) a waiver of the General Objections or the objections asserted in response to specific requests, (e) an admission as to the relevance or admissibility into evidence of any documents, item or information, (f) an admission, concession, or waiver as to the validity of any claim or defense asserted in this litigation, or (g) an agreement that requests for similar documents, items or information will be treated in a similar manner.

Benworth PR states that these general objections are incorporated to all specific objections set forth herein. To the extent that Benworth PR provides responses to the specific requests, the stated objections are not waived by such responses pursuant to the Federal Rules of Civil Procedure.

4

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

The following specific and particularized responses are made subject to and without waiving the foregoing objections:

**Request No. 1**

1.      All statements for bank accounts owned or controlled by Benworth PR or for which Benworth PR is a beneficiary or beneficial owner.

**Response to Request No. 1:**

Benworth PR objects to this request on the grounds that it is overly broad, to the extent it seeks "all" bank statements for accounts owned or controlled by Benworth PR or for which Benworth PR is a beneficiary or beneficial owner, which extends to information that is not relevant to the specific claims or defenses object of this litigation, such as Benworth PR's mortgage lending business, and is thus outside the scope of discovery.

Without waiving any rights or objections, Benworth PR will produce bank statements relevant to this action that are in its possession, custody, or control to the extent such bank statements are reasonably accessible by Benworth PR.

**Request No. 2**

2.      All financial and accounting records for Benworth PR, including without limitation general ledgers, accounts receivable ledgers, and accounts payable ledgers.

**Response to Request No. 2:**

Benworth PR objects to this request on the grounds that it is overly broad, to the extent it seeks "all" bank statements for accounts owned or controlled by Benworth PR or for which Benworth PR is a beneficiary or beneficial owner, which extends to information that is not relevant to the specific claims or defenses object of this litigation, such as Benworth PR's

5

mortgage lending business, and is thus outside the scope of discovery.

Without waiving any rights or objections, Benworth PR will produce bank statements relevant to this action that are in its possession, custody, or control to the extent such bank statements are reasonably accessible by Benworth PR.

**Request No. 3**

3.      All financial statements for Benworth PR, including without limitation audited financial statements, unaudited financial statements, annual financial statements, quarterly financial statements, interim financial statements, and annual reports submitted to La Oficina Comsionado de Instituciones Financieras, for the fiscal years 2021, 2022, and 2023.

**Response to Request No. 3:**

Benworth PR objects to this request on the grounds that it is overly broad and unduly burdensome and not proportional to the needs of the case, to the extent it seeks copies of reports submitted to La Oficina Comsionado de Instituciones Financieras, and to the extent such reports may contain protected, sensitive and confidential financial information. Benworth FL is willing to meet and confer with the Reserve Bank to discuss alternatives to provide additional, relevant financial data, if justified. Without waiving any rights or objections, Benworth PR will be producing its audited financial statements for 2021 and 2022.

**Request No. 4**

4.      All tax returns for Benworth PR, including without limitation all federal, state, municipal, and territorial tax returns.

**Response to Request No. 4:**

Benworth PR objects to this request on the grounds that it is overly broad and unduly

6

burdensome and not proportional to the needs of the case, to the extent it seeks copies of Benworth PR's tax returns which contain protected, sensitive and confidential financial information. There are less intrusive means to obtain relevant financial information that do not involve the disclosure of Benworth PR's tax returns. Benworth PR is willing to meet and confer with Womply to discuss alternatives to provide relevant financial data, if justified. Without waiving any rights or objections, Benworth PR refers to its response to Request for Production No. 3, *supra.*

**Request No. 5**

5.      All Documents and Communications Concerning Puerto Rico taxes.

**Response to Request No. 5:**

Benworth PR objects to this request as duplicative. Please refer to the response to the preceding Request No. 4.  Benworth PR also objects to the request for "all" "Documents" and "Communications" "Concerning" Puerto Rico taxes, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive review of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine. Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to

7

specific search terms and categories of documents relevant to the claims and defenses in this action.

**Request No. 6**

6.    All Documents and Communications exchanged between You and the Puerto Rico Department of the Treasury, including without limitation forms SC 6045 and SC 6047.

**Response to Request No. 6:**

Please refer to the response to the preceding Request No. 4, incorporated here by reference.    Benworth PR also objects to the request for "all" "Documents" and "Communications" "Concerning" between Benworth PR and the Puerto Rico Department of the Treasury, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive review of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.  Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

8

**Request No. 7**

7.    Documents sufficient to show Benworth PR's assets and liabilities from 2021 to the present.

**Response to Request No. 7:**

Benworth PR objects to this request on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents reasonably related to the claims and defenses in this matter. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Moreover, producing the entirety of the Benworth PR's financial records without limitation would impose an unnecessary burden in terms of both time and resources. Benworth FL is willing to meet and confer with Womply to narrow the scope of this request to specific categories of documents relevant to the claims and defenses in this action. Without waiving any rights or objections, Benworth PR will produce its financial statements in response to Request No. 3, *supra*.

**Request No. 8**

8.    All Documents and Communications from January 1, 2021, to the present Concerning Your solvency or Your ability to satisfy debts.

**Response to Request No. 8:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" Benworth PR's solvency or its ability to satisfy debts, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope

9

or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" "Concerning" Benworth PR's financial health, inuring to undue effort and expense upon Benworth PR. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Moreover, producing the entirety of the Benworth PR's financial records without limitation would impose an unnecessary burden in terms of both time and resources. Benworth PR further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine. Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Without waiving any rights or objections, Benworth PR will produce its financial statements in response to Request No. 3, *supra*.

**Request No. 9**

9.    All Documents and Communications Concerning the drafting and negotiation of the LSA.

**Response to Request No. 9:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the LSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope

10

or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR refers to its Answer to Womply's Interrogatory No. 3 submitted to all parties on this same date and informs that it is in the process of gathering responsive documentation which will be supplemented, including copy of the LSA.

**Request No. 10**

10.    All Documents and Communications Concerning the drafting and negotiation of the ALSA.

**Response to Request No. 10:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the drafting and negotiation of the ALSA, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning"

11

is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR refers to its Answer to Womply's Interrogatory No. 3 submitted to all parties on this same date and informs that it is in the process of gathering responsive documentation which will be supplemented, including copy of the ALSA.

**Request No. 11**

11.    All agreements by or between Benworth PR and Benworth FL, including without limitation the LSA and ALSA.

**Response to Request No. 11:**

Without waiving any rights or objections, Benworth PR will produce copies of the LSA and ALSA.

**Request No. 12**

12.    All Communications with the SBA or any other government agency Concerning Benworth PR, the LSA, the ALSA, or the services Benworth PR performed or is performing for Benworth FL.

**Response to Request No. 12:**

Benworth PR objects the request for "all" "Communications" with the SBA or "any other" government agency "Concerning" Benworth PR, the LSA, the ALSA or the services performed by Benworth PR for Benworth FL, on the grounds that is overly broad, unduly burdensome, oppressive and not proportional to the needs of the case, as it fails to specify the scope or particular category of communications reasonably related to the claims and defenses in this matter. Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of hundreds or potentially thousands of "Communications" with the SBA or "any other" government agency "Concerning" Benworth PR, the LSA, the ALSA or the services performed by Benworth PR for Benworth FL, inuring to undue effort and expense upon Benworth PR. The request, as drafted, demands the production of an unbounded universe of information, much of which is irrelevant, confidential, and unrelated to any issue at hand. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. For these reasons, Benworth PR objects this request but is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action.

## Request No. 13

13.     All Documents and Communications Concerning any payments or transfers You received from Benworth FL, including without limitation the 2021 Transfer.

**Response to Request No. 13:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" "any" payments made to Benworth FL on the grounds that it is overbroad, vague,

unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects to this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR will produce a document identifying the transfers made to and from Benworth PR and Benworth FL for the period requested.

**Request No. 14**

14.    All Documents and Communications Concerning the Transfer Pricing Analysis.

**Response to Request No. 14:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the Transfer Pricing Analysis on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and

14

"Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects this request to the extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR will be producing copy of the 2021, 2022 and 2023 Transfer Pricing Analysis.

## Request No. 15

15.   All Documents and Communications Concerning the services Benworth PR provided or is providing for Benworth FL.

**Response to Request No. 15:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the services provided to Benworth FL by Benworth PR on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, including hundreds or potentially thousands of "Communications" "Concerning" the services provided to Benworth FL

15

by Benworth PR, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR will produce copy of the LSA, ALSA, and the 2021, 2022 and 2023 Transfer Pricing Analysis. If any additional responsive, non-privileged documents are located they will be supplemented.

**Request No. 16**

16.    All Documents and Communications Concerning the Solicitation Process.

**Response to Request No. 16:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the Solicitation Process on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR has not located any documents in its possession, custody or control responsive to this request, other than the resulting LSA and/or the ALSA. If any non-privileged responsive documents are found they will be supplemented.

**Request No. 17**

17.     All Documents and Communications Concerning the BDO Business.

**Response to Request No. 17:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" the BDO Business on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth FL. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR has

17

not located any documents in its possession, custody or control responsive to this request. If any non-privileged responsive documents are found they will be supplemented.

**Request No. 18**

18.    All Documents and Communications Concerning payments or distributions from You to Mr. Navarro any B. Navarro Entity, or any C. Navarro Entity.

**Response to Request No. 18:**

Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" payments or distributions to Mr. Navarro or Mrs. Navarro, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter. Benworth PR also objects the request as it relates to "any B. Navarro Entity" and "any C. Navarro Entity" on those same grounds, as it seeks documents and information related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. Such a request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects this request to the

18

extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR will produce documents identifying the transfers made to and from Benworth PR and Mr. and Mrs. Navarro for the period requested.

**Request No. 19**

19.    All Documents and Communications Concerning payments or distributions from You to Mr. Navarro or Ms. Navarro.

**Response to Request No. 19:**

Benworth PR objects to the request as duplicative. Please refer to the answer and objections raised to Request No. 18, *supra.* Benworth PR objects to the request for "all" "Documents" and "Communications" "Concerning" payments or distributions to Mr. Navarro or Mrs. Navarro, on the grounds that it is overbroad, vague, unduly burdensome, and not proportional to the needs of the case, as it fails to specify the scope or particular category of documents and communications reasonably related to the claims and defenses in this matter.

Moreover, Womply's definition of both "Communications" and "Concerning" is extremely broad, and therefore would require extensive compilation and review of an unbounded universe of information, much of which is irrelevant, confidential, and/or unrelated to any issue at hand, inuring to undue effort and expense upon Benworth PR. Such a broad request exceeds what is allowed by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which requires discovery to be both relevant and proportional. Benworth PR further objects this request to the

19

extent it requires disclosure of documents and communications protected by the attorney-client privilege, accountant-client privilege or the attorney work-product doctrine.

Benworth PR is willing to meet and confer with Womply to narrow the scope of this request to specific search terms and categories of documents relevant to the claims and defenses in this action. Notwithstanding, and without waiving any rights or objections, Benworth PR will produce a document identifying the transfers made to and from Benworth PR and Mr. and Mrs. Navarro for the period requested.

**Request No. 20**

20.   Documents sufficient to show all payments or distributions made to Your employees and contractors.

**Response to Request No. 20:**

Benworth PR objects to the request of documents showing "all" payments or distributions made to Benworth PR "employees and contractors" on the grounds that it is overly broad and unduly vague, to the extent it seeks to obtain documents concerning persons and entities who are not parties to this litigation that are thus irrelevant and outside the scope of discovery, and it fails to limit with reasonable particularity the nature and scope of the request made. Womply has not established the need or relevance of any information pertaining to any other persons or entities, besides those who are party to this litigation.

**Request No. 21**

21.   All contracts and agreements between You and Ms. Navarro, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 21:**

Benworth PR objects to this request to the extent it seeks confidential documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Benworth PR will be producing a copy of the Benworth PR Operating Agreement.

**Request No. 22**

22.     All contracts and agreements between You and any C. Navarro Entity.

**Response to Request No. 22:**

Benworth PR objects to this request on the grounds that it is overly broad and unduly burdensome as it seeks documents related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

**Request No. 23**

23.     All contracts and agreements between You and Mr. Navarro, including without limitation all employment agreements, consulting agreements, services agreements, ownership agreements, and voting agreements.

**Response to Request No. 23:**

Benworth PR objects to this request to the extent it seeks confidential documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and

21

without waiving any objections or rights, Benworth PR will be producing a copy of the Benworth PR Operating Agreement.

**Request No. 24**

24.    All contracts and agreements between You and any B. Navarro Entity.

**Response to Request No. 24:**

Benworth PR objects to this request on the grounds that it is overly broad and unduly burdensome as it seeks documents related to third persons or entities who are not parties to this litigation and that are thus irrelevant to the matters in controversy. The request is speculative in nature and amounts to an improper fishing expedition, seeking information that has no bearing on the claims or defenses at issue in this case. Womply has not established the need or relevance of any information pertaining to any other entities, besides Benworth FL and Benworth PR.

**Request No. 25**

25.    All Documents and Communications concerning the formation of Benworth PR.

**Response to Request No. 25:**

Benworth PR objects to this request to the extent it seeks confidential documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, Benworth PR will be producing copy of the Benworth PR Operating Agreement, its Certificate of Organization and its Certificate of Formation. Benworth PR is in the process of identifying any additional responsive, non-privileged documents in its possession relating to this request and will supplement its response accordingly.

**Request No. 26**

26.     All organizational documents for Benworth PR, including without limitation any limited liability company agreements, shareholder agreements, corporate resolutions, member resolutions, and written consents.

**Response to Request No. 26:**

Benworth PR objects to this request to the extent it seeks confidential documents protected by the attorney-client privilege or the attorney work-product doctrine. Subject to and without waiving any objections or rights, please refer to the response provided to Request No. 25, *supra*, incorporated here by reference.

**Request No. 27**

27.     Documents sufficient to show Your corporate structure.

**Response to Request No. 27:**

Without waiving any rights or objections, Benworth PR will be producing the following responsive documents: (i) the 2021 Transfer Pricing Analysis, with the clarification that the Exhibit 2 therein should indicate Mr. Navarro as Benworth FL's President & CEO, not Benworth PR's; (ii) the 2022 Transfer Pricing Analysis; and (iii) the 2023 Transfer Pricing Analysis.

**Request No. 28**

28.     All Documents identified, directly or indirectly, in Your answers to Womply's First Set of Interrogatories to You, dated July 19, 2024.

**Response to Request No. 28:**

Please refer to Benworth PR's responses to the referenced interrogatories and the Production of Documents submitted with these responses.

23

24

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date we served copy of the foregoing responses to discovery requests to all parties' counsel appearing in this case, via electronic mail at their electronic address of record.

In San Juan, Puerto Rico, on this 7th day of October, 2024.

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114
rcasellas@cabprlaw.com

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509
cloubriel@cabprlaw.com

*Counsel for Benworth Capital Partners PR, LLC and Claudia Navarro*