**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Oto Analytics, LLC<br>Plaintiff,<br><br>v.<br><br>Benworth Capital Partners PR, LLC; Benworth Capital Partners, LLC; Bernardo Navarro and Claudia Navarro,<br>Defendants. | **Civil No. 23-01034(GMM)** *cons.*<br><br>**Civil No. 24-01313 (GMM)** |
| Federal Reserve Bank of San Francisco,<br>Plaintiff-Intervenor,<br><br>v.<br><br>Oto Analytics, LLC; Benworth Capital Partners PR, LLC; Benworth Capital Partners, LLC; Bernardo Navarro and Claudia Navarro,<br>Defendants in Intervention. | |
| Federal Reserve Bank of San Francisco,<br>Consolidated Plaintiff,<br><br>v.<br><br>Benworth Capital Partners PR, LLC; Benworth Capital Partners, LLC; Bernardo Navarro and Claudia Navarro,<br>Consolidated Defendants. | |

## **MINUTES OF PROCEEDINGS**

A Status Conference was held on December 16, 2024, before Judge Gina R. Méndez-Miró via VTC. The Conference began at 10:50 a.m. and ended at 11:08 a.m. Court Reporter: Kelly Surina.

Plaintiffs Oto Analytics, LLC were represented by Alexander Cheney, Alejandro J. Cepeda-Diaz, Joshua Seth Levy, and Stuart Roth Lombardi. Defendants Benworth Capital Partners, LCC and Bernardo Navarro were represented by Michael Robert Lorigas, Jaime A. Torrens-Davila, Jorge L. Piedra, Monica Del Pilar Ramos-Benitez, and Rasheed K. Nader. Defendants Benworth Capital Partners PR, LCC and Claudia Navarro were represented by Carla S. Loubriel. Consolidated Plaintiff Federal Reserve Bank of San Francisco was represented by Anibal Alejandro Roman-Medina, Thomas Kessler, and Ubaldo M. Fernandez-Barrera.

The Court summarized the case's procedural history, acknowledging that the case is still in early stages of fact discovery. The Court indicated that it had examined the Joint Status Report filed by the Parties at Docket No. 181 and determined that there are a range of discovery-related disputes between the parties. The Court requested that both parties report as to the status of each noted discovery dispute.

1. <u>Navarro-Controlled Entities</u>. The Court inquired whether the Parties had made any progress on the objections to Plaintiff's interrogatories and requests for production regarding non-party entities owned and/or controlled by the Navarros, other than Benworth FL and Benworth PR. The Parties informed that no progress had ben made towards a resolution on this issue

and that Defendant's would file an opposition to Plaintiff's Motion to Compel by this Friday, December 20, 2024. The Court will consider the Parties' filings and issue a decision.

2. <u>QuickBooks Data</u>. The Court inquired as to whether any agreement could be made as to the collection of QuickBooks data. Defendants did not agree to any of Plaintiff's proposals. Thus, Plaintiff shared that they expect to file a motion to compel the production of the relevant data stored in QuickBooks sometime this week.

3. <u>Email Discovery</u>. Parties informed that they had met and conferred on December 10, 2024, and discussed search terms provided by Plaintiff and the hit report generated by Defendant. The Parties agreed that the Defendant would begin to review any documents identified by a search term that hit on no more than 10,000 hits. For this terms that generated hits over 10,000, Plaintiff's provided modified search terms. Although certain terms continue to bring too broad a scope of document hits, the parties plan to continue to meet and confer until the final search terms list is generated. Parties requested to extend the deadline for Substantial Completion of Document Discovery by thirty (30) days.

4. <u>Non-Email Discovery</u>. Defendant reported that aside from the bank statements already produced and those being physically

copied, the majority of the financial documents are stored in QuickBooks. Thus, Defendants intend to respond to the production of those documents in due course after Plaintiff files a motion to compel.

The Court granted Parties request to modify the Case Management Order and **reset the deadline for Substantial Completion of Document Discovery for January 31, 2025**.

The Court inquired as to whether the parties have engaged in or if there is the prospect to engage in settlement discussions. Plaintiff stated that it would discuss the prospect with defendants offline and would keep the court abreast of any needs for its assistance in settlement negotiations.

IT IS SO ORDERED.

**/S/ Gina R. Méndez-Miró**
Gina R. Méndez-Miró
U.S. District Judge