# EXHIBIT 3

| **From:** | Levy, Joshua S. |
|---|---|
| **To:** | Michael Lorigas; Hanley, Katherine; Monica Ramos Benitez; Carla S. Loubriel Carrión; Kessler, Thomas; Forbes, Alexandra L.; Kohles, Mitchell; Schweitzer, Lisa M.; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander; Lombardi, Stuart; Morris, Daniel L.; Morton, Adriana; Palmeri, Vincent; Alejandro J. Cepeda Diaz; Arturo J. Garcia; Gabriela A. Pérez-Vélez |
| **Cc:** | Jaime Torrens Dávila; Camara Fuertes, Roberto; Ricardo Casellas; Jorge L. Piedra; Rasheed Nader; Dwayne Robinson |
| **Subject:** | RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.) |
| **Date:** | Monday, November 25, 2024 6:33:26 PM |
| **Attachments:** | image001.png |

---

## This Message Is From an External Sender
Attention: This message originated from an external email domain.

---

Mike,

I address each issue in your email below:

1. **PPP Loan Files.** The Reserve Bank requested the production of these documents, not Womply. Womply takes no position on this issue.

2. **ESI Discovery.** This timing is unacceptable. The parties reached agreement on five ESI document custodians on October 10, but you represent that you "did not receive the drive with the ESI from Benworth's IT vendor until" November 19, nearly six weeks later. You also represent that you will not even "be in a position to deliver the hit report" until "Friday, December 6, 2024," just three weeks before the substantial completion of document discovery deadline. Womply has repeatedly raised concerns about the pace at which Defendants are conducting discovery and Defendants' consistent failure to meet deadlines. Womply will raise these issues to the Court in the upcoming status report.

3. **Hard Copy Bank Statements.** Your email states that Defendants "will let you know with certainty" about their position regarding hard copy bank statements "by this Friday," but you have not done so. By close of business on Wednesday, either (1) provide a date certain by which you will produce scanned documents, or (2) provide dates and times that our vendor can pick them up.

4. **Quickbooks Data.** Your email yet again rejects all of our attempts at compromise and makes no effort to address our concerns that Defendants running Plaintiffs' queries will reveal Plaintiffs' work product. We are therefore at impasse and will raise this issue with the Court.

Regards,

Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

---

**From:** Michael Lorigas <mlorigas@kttlaw.com>
**Sent:** Wednesday, November 20, 2024 3:24 PM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com;

ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>

**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>

**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**\*\*\* EXTERNAL EMAIL \*\*\***

Josh,

We did not receive the drive with the ESI from Benworth's IT vendor until yesterday. It contains over 4TB of data. One of the ESI sources, Benworth's drive containing all the PPP loan files from Womply, consists of 6.17mm files and more than 3TB of data alone. Uploading and processing the PPP loan file drive in Relativity will impose significant costs on Benworth. I received an estimate that preparing just those PPP loan files for production will cost more than $16k. That cost is a result of needing to produce the files in accordance with the ESI protocol. However, we can avoid that cost if we can simply export the PPP loan files to a drive and separately produce the PPP loan files that way. Will Womply and the Federal Reserve agree that Benworth can produce the PPP loan files on a drive without the load file and corresponding metadata required by the ESI protocol?

While we work out the PPP loan files issue, we're sending the drive with the ESI to Relativity today to begin the process of uploading all the ESI other than the PPP loan files. Because the remaining ESI is still about 1TB of data, Relativity estimates that it may take up to two weeks for the upload to be complete. That is just computer processing time and there is nothing we can do to speed up that process. However, as soon as the upload is complete, we will run the search terms you provided and quickly provide the hit report. I'm told we should be in a position to deliver the hit report by Friday, December 6, 2024. Do you want to tentatively schedule a call for Monday, December 9, to discuss the hit report and search terms? Of course, if the upload is completed sooner, then we will provide the hit report sooner as well and coordinate an earlier meet and confer call.

As to the next production, I was advised that a link to that production will be provided later today.

With respect to the hard copy bank statements, we've segregated the boxes containing the statements in the storage unit and there are about nine boxes of hard copy bank statements that still need to be scanned. We are evaluating whether we will scan those statements ourselves and will let you know with certainty by this Friday. If we decide not to scan the remaining hard copy bank statements ourselves, then on Friday I will provide a proposed date and time for your vendor to pick them up.

On the Quickbooks data, there is no factual or legal basis that requires us to export all the Quickbooks data or provide the Plaintiffs with login credentials to the database. The only real compromise here is for Plaintiffs to identify queries they want Defendants to run in Quickbooks and we then produce the reports generated from those queries in a usable format, such as Excel. That is consistent with the parties' stipulated ESI protocol. Specifically, Section III.E of the ESI protocol provides that, with respect to ESI stored in a database, the "Parties will consider whether

all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file." Plaintiffs have not established that all relevant information they seek cannot be obtained through such reports. To the contrary, Plaintiffs appear to admit that such reports will contain all relevant information but have rejected that method of production over concerns of revealing their work product. We're aware of no authority that would require us to either export all Quickbooks data or provide access to the database based on the requesting party's concerns over revealing their work-product. Thus, we maintain our objection to those methods of production. But if you provide us with the queries to run in Quickbooks, then we can produce the reports generated from those queries.

Best,
Mike

**MICHAEL R. LORIGAS, ESQ.**



2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134
**Phone** 305.372.1800 | **Direct** 305.728.2980 | **Email** mlorigas@kttlaw.com
**Firm Bio** | **Personal LinkedIn** | **KTT LinkedIn**

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Monday, November 18, 2024 1:42 PM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Michael,

Following up about this.  In particular, what is the status of Defendants' ESI upload, hit report, and next document production? What are Defendants' positions regarding Quickbooks data and hard copy bank statements?

Regards,

Josh

**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Monday, November 11, 2024 9:56 AM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

Mike,

We are concerned about the slow pace at which Defendants are collecting and producing documents, which is causing weeks of unnecessary delay. In particular, you are unable to provide a date certain by which you will be able to provide a hit report, let alone begin reviewing and producing ESI documents. It also appears that Defendants' next document production, which has been delayed for weeks, will not include key financial documentation that Defendants have agreed to produce. We expect that Defendants will not unnecessarily prolong search term negotiations, will promptly review and produce emails, and will produce non-email documents as soon as possible once they are loaded. Failure to do so may violate the Court-ordered document discovery deadlines.

As to the Navarro-controlled entities, we have met and conferred at length on this issue both by videoconference and by email and Defendants continue to withhold this information without citing any authority in support of their position. We are now at impasse and will raise this issue to the Court.

As to the Quickbooks data, you have rejected multiple compromise proposals from Womply without explanation. There is no valid basis for Defendants to withhold access to or production of the data. You have agreed that the Quickbooks data contains relevant information, there is no

burden to providing Plaintiffs will access to this data, and the protective order protects the confidentiality of the data.  You state that you are "willing to reach a compromise on the information in Quickbook," but do not provide any compromise proposals or basis for withholding the information.  Please provide a compromise proposal or explain your basis for withholding the information so we can promptly raise this issue to the Court.

Finally, as to the hard copy bank statements, we do not agree to pay any vendor retained by Defendants, which is impermissible cost-shifting of Defendants' discovery obligations.  If Defendants wish to retain their own vendor, then they can scan and produce the bank statements at their own expense as required by the parties' ESI stipulation.  Plaintiffs nonetheless remain willing to pay for their own vendor, but do not agree to permit Defendants to micromanage this process.  As a final compromise (subject to the Reserve Bank's agreement), Plaintiffs' vendor can bring its scanning equipment to Defendants' warehouse if Plaintiffs agree to pay the additional expense associated with transporting the equipment to the warehouse instead of transporting the documents to the equipment.  Plaintiffs' vendor estimates the additional cost of transporting the scanning equipment onsite will be $11,200 to $14,000, depending on how many days it takes to scan all the bank statements.

We are not available for a meet-and-confer call on Wednesday at 3 PM ET.  In any event, given the positions in your email, we do not believe a meet-and-confer call will be productive until you provide additional information about the Quickbooks data and the hit report.

Regards,
Josh

**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Michael Lorigas <mlorigas@kttlaw.com>
**Sent:** Friday, November 8, 2024 10:17 AM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>

**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**\*\*\* EXTERNAL EMAIL \*\*\***

Josh,

Apologies for the delay, I've been working on obtaining specific information for you. However, with respect to ESI, we were still waiting for a response from Benworth's IT vendor, which we did not finally receive until this morning. According to the vendor, the ESI will be finished loading onto a hard drive by next Tuesday. Once we get the hard drive, we'll begin the process of uploading the data to Relativity and that will give us an estimate for when the ESI will be finished processing. I expect this process will take several days due to the amount of data. For example, the shared drive containing all the Womply-related PPP loan files consists of 6.17M files at 3.2TB (this is the drive that will be produced in its entirety because it contains only Womply-related files and will not be subject to search terms). Once the ESI finishes uploading to Relativity, we will run the search terms on the ESI that require review, and it should not take more than a day or two to provide the hit report.

Our next production will consist of the following documents:

- The additional hard copy document from Ms. Avila
- Unredacted copies of filings from the California confirmation/vacatur actions
- Some bank statements
- The remaining corporate structure and formation documents for Benworth FL and Benworth PR
- The results of the targeted search for documents and communications relating to the LSA, ALSA, transfer pricing analysis, and solicitation process

I expect it will be ready by next Friday.

We are available for a call next Wednesday, 11/13, at 3pm/EST to further meet and confer on the Navarro-controlled entities and Quickbooks data issues. Let us know if that works for you all.

As far as the case law you cited, a single unpublished decision out of the Northern District of Texas hardly establishes that it is "settled law" you are entitled to the information you seek. Moreover, the case was brought by a company against its insiders and included allegations that those insiders squandered the company's assets for the benefit of the insiders' affiliated entities. No such allegations are present here with respect to Navarro-controlled entities. And the case says nothing about giving unfettered access to a defendant's Quickbooks data. We're still willing to reach a compromise on the information in Quickbooks but cannot agree to the level of access you seek.

We still don't understand how the Navarro-controlled entities information is relevant. The fraudulent transfer claim seeks to unwind only transfers between Benworth FL and Benworth PR. You also state the "information is also relevant to Plaintiffs' alter ego/successor liability claims and veil piercing claim by showing how the Navarros moved and controlled funds and undercapitalized Benworth FL." But Benworth FL and Benworth PR are closely-held companies owned by only the Navarros. Control over assets is inherent in such ownership. Moreover, the alter ego/successor liability claim only seeks to declare Benworth PR the alter ego of Benworth FL. How would information concerning Navarro-controlled entities be relevant to that claim? Plaintiffs did not allege that the Navarros should be held liable for the debts of Benworth FL under alter ego/successor or veil piercing theories. With respect to the veil piercing claim, which is limited to the Navarros being held liable for any debt imputed to Benworth PR, how would information showing the Navarros "undercapitalized Benworth FL" be relevant? Moreover, even assuming for arguments' sake that the Navarros are held liable for any debt imputed to Benworth PR, it would be the Navarros in their personal capacity, not any Navarro-controlled entity, who would be held liable. The insistence for information concerning all Navarro-controlled entities at this stage remains speculative in nature.

Finally, as to the hard copy bank statements, our client has expressed concern over your vendor

taking its sensitive information to a facility without supervision. Since you already planned on paying for the cost of copying, would you agree to Benworth hiring the vendor and Womply and/or the Federal Reserve directly paying the vendor we retain?

Best,
Mike

**MICHAEL R. LORIGAS, ESQ.**



2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134
**Phone 305.372.1800 | Direct 305.728.2980 | Email mlorigas@kttlaw.com**
**Firm Bio | Personal LinkedIn | KTT LinkedIn**

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Thursday, November 7, 2024 12:45 PM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Michael,

We have not heard from Defendants in over a week and are concerned about Defendants' increasing delays.  Please provide responses to my email with specific information and dates, which you represented you would provide last week.

Regards,
Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238

Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Monday, November 4, 2024 12:02 PM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)


Michael,

I'm following up about my email below.

Regards,
Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Michael Lorigas <mlorigas@kttlaw.com>
**Sent:** Wednesday, October 30, 2024 6:24 PM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson

<drobinson@kttlaw.com>

**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)


**\*\*\* EXTERNAL EMAIL \*\*\***


Josh,

We have no objection to your proposal for (1) extending the substantial completion deadline by one month, with no other modifications to the case schedule; and (2) extending Womply's and the Reserve Bank's respective times to respond to Defendants' document requests by one month. Attached is the joint status report with one redline. If you accept that redline and do not make any additional changes to the report, then you have our consent to file. I'll respond to the balance of your email by the end of this week.

**Firm Bio | Personal LinkedIn | KTT LinkedIn**
**MICHAEL R. LORIGAS, ESQ.**
2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134
**Phone 305.372.1800 | Direct 305.728.2980 | Email mlorigas@kttlaw.com**

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Wednesday, October 30, 2024 1:20 PM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Michael,

It's highly concerning that, months after Defendants identified relevant documents and custodians in their Initial Disclosures and Plaintiffs served discovery requests, Defendants have not even uploaded the ESI they agreed to collect.  Your email does not provide any timeline for uploading ESI, providing a hit report, or producing the many categories of non-email documents Defendants agreed to produce during

the October 17, 2024 meet-and-confer call.  There is no reason for delays in uploading all ESI to delay rolling productions of documents you have already collected, uploaded, and agreed to produce.  Please provide a date certain by which Defendants will make their next rolling production and identify what that production will include.

Defendants also refuse to produce any information or documents regarding Navarro-controlled entities or Quickbooks data, but your email does not provide any explanation or basis for these positions and does not engage with the case law Womply provided, at your request, in my October 21 email.  We were prepared to discuss these issues during the October 29, 2024 meet-and-confer call, which you cancelled without providing any dates or times to reschedule.  Please provide Defendants' good-faith basis for refusing to produce the requested documents and information, including a response to the case law we provided.  Please also provide dates and times you are available to meet and confer about these issues.

We were also prepared to discuss Benworth's hard-copy bank statements during the October 29 meet and confer.  Please provide the exact address, dates, and times at which our vendor can collect the hard-copy documents.  Our vendor will scan them at its facilities and then return them to the same address.

Finally, given Defendants' slow pace of conducting discovery, we do not believe that Defendants are on track to comply with the Court-ordered deadline for the substantial completion of document discovery.  Accordingly, we propose (1) extending the substantial completion deadline by one month, with no other modifications to the case schedule; and (2) extending Womply's and the Reserve Bank's respective times to respond to Defendants' document requests by one month.  Attached is a draft joint status report that reflects this proposal.  Please let us know if you agree.  The joint status report is due to the Court today.

Regards,
Josh

**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Michael Lorigas <mlorigas@kttlaw.com>
**Sent:** Tuesday, October 29, 2024 9:45 AM
**To:** Hanley, Katherine <KHanley@willkie.com>; Levy, Joshua S. <JLevy@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>

**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**\*\*\* EXTERNAL EMAIL \*\*\***

Good morning,

We are going to need to reschedule the meet and confer call. We have not been able to run the search terms because all the ESI we agreed to collect has not been uploaded to our platform. When I sent my email last Wednesday, I was under the impression that the ESI was processing in our system. Around that time, I learned that certain folders in Benworth's shared drive were not limited to only Womply-specific files like I was initially told. That is why I originally stated there would be a delay in the production because we would need to review the files before processing for production. Since then, I have learned that we are still waiting for Benworth's independent IT consultant to provide us a link so we can upload all the agreed upon ESI data to our platform. We've reached out to the IT consultant multiple times but have not yet received an update. I will continue to push for an update today and revert as soon as I have more information. But under these circumstances, we will not have the information necessary to make a meet and confer call productive today.

However, there are two other points that were to be discussed today that I can address through this email. First, with respect to the "Navarro-Controlled Entities" issue, we are maintaining our objection and will not voluntarily provide a list of the entities owned by the Navarros. Second, with respect to the Quickbooks data, we do not agree to either (1) export and produce all QuickBooks data to Womply and the Reserve Bank, or (2) provide Womply and the Reserve Bank with login credentials so they can run their own searches and reports in the database.

Apologies for any inconvenience this causes. But I will follow up to reschedule the meet and confer call asap when we have more information.

Best,

**MICHAEL R. LORIGAS, ESQ.**
<image001.png>
2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134
**Phone 305.372.1800 | Direct 305.728.2980 | Email mlorigas@kttlaw.com**
**Firm Bio | Personal LinkedIn | KTT LinkedIn**

**From:** Hanley, Katherine <KHanley@willkie.com>
**Sent:** Friday, October 25, 2024 5:03 PM
**To:** Michael Lorigas <mlorigas@kttlaw.com>; Levy, Joshua S. <JLevy@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto

<rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Counsel,

As discussed during our October 17th meet and confer, counsel for Womply and counsel for the Federal Reverse have conferred on proposed search terms. As we stated during prior meet and confer discussions, these search terms are intended to identify responsive material rather than limit the scope of the parties' Requests for Production, and the requesting parties reserve the right to add additional search terms based on produced material, including without limitation regarding any Navarro Entity. Accompanying any production based on these search terms (or a modified set thereof) will be an identification by Defendants of the Requests for Production to which the production relates.

Additionally, Defendants represented at the October 17th meet and confer that they would run a hit report on the terms we provide before the October 29 meet and confer. Accordingly, we request that Defendants run the attached proposed search terms on their document collections and provide a hit report before the October 29 meet and confer so the parties can review and discuss during the meet and confer. To facilitate a productive discussion, the hit report should include 1) de-duplicated full hits with full families, and 2) de-duplicated unique hits with full families.  For clarity, a unique hit is a document where only one search term hits upon the document.  Accordingly, a unique hit with full family is a document family that has only one hit in it such that if that search term were removed, then the entire family would drop out of the search.  Note that the asterisk (*) in the attached terms is used as a root expander.

Best,
Katherine

**Katherine Hanley**
**Willkie Farr & Gallagher LLP**
300 North LaSalle Dr. | Chicago, IL 60654-3406
Direct: +1 312 728 9320 | Fax: +1 312 728 9199
khanley@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

Admitted only to the New York Bar and practicing under the supervision of members of the Illinois bar.

**From:** Michael Lorigas <mlorigas@kttlaw.com>
**Sent:** Wednesday, October 23, 2024 4:02 PM
**To:** Hanley, Katherine <KHanley@willkie.com>; Levy, Joshua S. <JLevy@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com;

ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel,

This email serves as Defendants' response to your emails from earlier this week on discovery issues.

With respect to Katherine's email concerning your difficulties in identifying which documents are new due to the lack of certain metadata, below are links to the overlay DAT files for BEGATTACH, ENDATTACH, ATTACHRANGE and CUSTODIAN FIELDS for VOL001 and VOL002. Let us know if you have any issues accessing the links. This should resolve your ESI concerns on those productions. If not, we can revisit identifying the new documents by bates range.

DEFENDANTS VOL001-OVERLAY.zip
Password:
VOL001: D9n65w68nZz4odAM

<image002.png>
Defendants VOL002.rar
Password:
VOL002: Ea2aEHaGJ5rk0tpK

On the hard copy documents kept by Ms. Avila, I can confirm there is only one additional responsive document and it will be produced.

For the hard copy bank statements, our intention is to make them available at the storage unit where they are currently located. Will you all have a vendor who has the ability to copy the bank statements on-site at the storage unit?

With respect to the "Navarro-Controlled Entities" issue, due to varying schedules, our team has not yet had the opportunity to collectively discuss whether we will voluntarily provide a list of names of all entities controlled by the Navarros. We ask that you give us until the upcoming meet and confer call to give you our final position on this issue.

Finally, as to our next production, it will not be ready this Friday. I'll have an update on the anticipated timing of our next production by the upcoming meet and confer call on Tuesday,

October 29 at 11am/EST and will be happy to answer any questions concerning the delay in the production at that time. In the meantime, we will continue focusing on addressing the outstanding items from Josh's email memorializing our October 17 meet and confer call.

Best,

**MICHAEL R. LORIGAS, ESQ.**
<image001.png>
2525 Ponce de Leon Boulevard, Floor 9, Miami, Florida 33134
**Phone 305.372.1800 | Direct 305.728.2980 | Email mlorigas@kttlaw.com**
**Firm Bio | Personal LinkedIn | KTT LinkedIn**

**From:** Hanley, Katherine <KHanley@willkie.com>
**Sent:** Monday, October 21, 2024 6:18 PM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**CAUTION:** [This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.]

Counsel,

We are continuing to review Defendants' productions, but it appears that many (perhaps the vast majority) of the documents that Defendants have produced were already produced in the arbitration. Because of the ESI deficiencies in Defendants' production we previously discussed, we are having difficulty identifying which documents are new. By Wednesday, October 23, please provide (1) the Bates range for documents in Defendants' production that were produced in the arbitration, and (2) a list of newly-produced documents by Bates number.

Best,
Katherine

**Katherine Hanley**
**Willkie Farr & Gallagher LLP**
300 North LaSalle Dr. | Chicago, IL 60654-3406

Direct: +1 312 728 9320 | Fax: +1 312 728 9199
khanley@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

Admitted only to the New York Bar and practicing under the supervision of members of the Illinois bar.

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Monday, October 21, 2024 3:54 PM
**To:** Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.) <<nc>>

All – During the parties' October 17, 2024 meet-and-confer call, counsel for Defendants withdrew their representation from the October 10 meet-and-confer call that they would produce a list of names of all entities controlled by Mr. and/or Mrs. Navarro.  Defendants stated that they objected to producing such information on relevance grounds, but represented that they were willing to reconsider their position if Plaintiffs provide case law on this issue.  As we discussed during the October 17 meet-and-confer call, it is settled law that the names of entities controlled by defendants are relevant in a fraudulent transfer action.  *See, e.g.*, *VeroBlue Farms USA, Inc. v. Wulf*, 2019 WL 12043593, at *2–4 (N.D. Tex. Sept. 10, 2019) (ordering defendants in fraudulent transfer action to respond to interrogatories seeking to identify "all of Defendants' Affiliated Entities, including the identity of all shareholders, owners, managers, and/or directors").  Such information is particularly relevant where, as here, Plaintiffs bring claims against individual "family members." *Id.*  Such information is also relevant to Plaintiffs' alter ego/successor liability claims and veil piercing claim by showing how the Navarros moved and controlled funds and undercapitalized Benworth FL.  By close of business on October 23, please provide a written representation that Defendants will provide a list of names of all entities controlled by Mr. and/or Mrs. Navarro, or we will be at impasse will need to raise this issue with the Court.

Regards,
Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Friday, October 18, 2024 5:20 PM
**To:** Hanley, Katherine <KHanley@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.) <<nc>>

All – Below is a memorialization of our meet-and-confer call yesterday.

**Timing:**
1. Defendants represented that they expect to make their next document production by Friday, October 25, which will include:
    1. TIFF files for documents lacking native or image files;
    2. DAT files for the documents with missing custodian and range metadata;
    3. Two drives on Defendants' cloud-based system containing Womply-specific files;
    4. A DropBox folder;
    5. Additional physical documents collected from Mildred Avila; and
    6. Additional documents discussed below, including documents and communications concerning the LSA, ALSA, transfer pricing analysis, and solicitation process, and operating agreements and/or LLC agreements for Benworth FL and Benworth PR.
2. The parties agreed to hold their next meet-and-confer call on Tuesday, October 29 at 11:00 am ET.
3. Womply and the Reserve Bank represented that they expect to send proposed search terms in advance of that meet-and-confer call.  Defendants represented that they will provide a hit report in advance of that meet-and-confer call so that the parties can discuss search terms and ESI review during the meet-and-confer call.

**ESI:**
1. Defendants represented that, for the documents Womply identified in their October 15 email, Defendants will include in their next production on Friday, October 25:
    1. TIFF image files for the documents Womply identified as missing image or native files.
    2. A DAT file that contains a populated "All Custodians" field for the 42,930 documents Womply identified as missing this metadata field.
        1. Defendants will get back to Womply about whether such metadata will be produced as an overlay file or as a new production of the same documents containing the metadata field.
        2. Defendants represented that Benworth FL and Benworth PR share the same system, so Defendants cannot distinguish between the two entities in the custodian field for

documents collected from shared drives and have therefore listed the custodian as "Benworth."
3. Defendants represented that they will produce all missing metadata for the 5,000 documents Womply identified as missing attachment and range metadata.
1. Defendants stated that they believed such documents were documents Womply produced in the Arbitration.  Womply responded that it produced documents with such metadata, which was not included in Defendants' production in this action.
2. Defendants represented that are willing to meet and confer about any additional missing metadata, including in any future document productions.

**Email Collections:**
3. Defendants represented that Benworth FL and Benworth PR both use the Microsoft Office 365 platform for emails.
4. Defendants represented that they are in the process of collecting Angelica Castro's documents.
5. Defendants represented that they have collected PST files from 2020 to the present.  Defendants further represented that they collected emails for Mildred Avila going back to 2009, Bernardo Navarro going back to 2011, and Toya de la Cruz going back to 2020.
6. Defendants represented that the PST files they collected include both inboxes and sent folders.
7. Defendants represented that they will run searches for documents in connection with the solicitation process and transfer pricing analysis by the email domain of the relevant entity, and will produce such documents in their Friday, October 25 production.
1. Defendants stated that they may need to use additional search modifiers for Professional Bank to identify documents concerning the solicitation process, which may delay the production of such documents.

**Non-Email Collections:**
1. Defendants represented that they use a cloud system with three different drives.
1. Two of the drives contain Womply-specific files and will be produced in entirety on Friday October, 25.
2. The third drive contains data general to PPP loans. Defendants will collect, review, and produce the files in the third drive.
2. Defendants represented that their document custodians do not have files stored in local folders, laptops, or personal computers.  Defendants further represented that all business files are saved on Defendants' cloud system.
3. Defendants stated that they believed that their document custodians do not conduct worked-related communications through external messaging apps, such as WhatsApp, but have not yet received confirmation.  Defendants are following up and will get back to Plaintiffs about this.
4. Defendants represented that text messages for all custodians have been preserved by turning off auto-delete functions and backing up such text messages to the cloud.
1. Defendants stated that they believed all custodians used iPhone but are following up to confirm.  Defendants are also looking into which cloud system text messages are backed up in (*e.g.*, iCloud), whether the text messages are backed up across devices (*e.g.*, iPads, iMacs, etc.), and will get back to Plaintiffs.
2. Defendants represented that the custodians' phones have not yet been imaged.
3. Defendants represented that they will review text messages from Mr. Navarro's and Mrs. Navarro's phones and produce relevant text messages in the Friday, October 25 production.
4. Defendants stated that the custodians had minimal business-related text messages, as was

the case in the Arbitration, and that most business was conducted by email.  Womply responded that in the Arbitration Benworth FL produced business text messages between Bernardo Navarro and Mildred Avila and between Bernardo Navarro and Toya De La Cruz, so Defendants must also review and produce text messages from Ms. Avila's and Ms. De La Cruz's phones.

5. Defendants stated that they had not yet looked into drafts and communications in connection with the LSA and ASLA.  Defendants represented that they would search for such documents and include them in their Friday, October 25 production.

6. Defendants represented that they will produce corporate structure and formation documents, such as operating agreements and LLC agreements, for Benworth FL and Benworth PR in their Friday, October 25 production.

**Hard Copy Documents:**

1. Defendants represented that Ms. Avila has additional hard copy documents.  Defendants will collect these documents next week and will produce them in their Friday, October 25 production.
    1. Defendants represented that none of the other documents custodians have hard copy documents.

2. Womply stated that, while they continue to believe that it is Defendants' obligation to scan and produce Defendants' hard copy bank statements contained in 10-15 banker's boxes, as a compromise, Womply and the Reserve Bank are willing to inspect and scan the documents. Defendants responded that this was acceptance of their proposal from the prior meet-and-confer call.
    1. Defendants represented that they will promptly follow up by email about the dates, times, and locations where Womply and the Reserve Bank can inspect and scan these documents.

**Financial and Accounting Documents:**

1. Womply stated that Defendants produced audited financials for Benworth FL that excluded PPP loans and therefore excluded highly relevant information.  Womply requested that Defendants produced all financial documentation requested in Womply's RFPs, including without limitation ledgers, unaudited financials, quarterly financials, annual financials, and all tax returns and filings.
    1. Defendants represented that Benworth FL and Benworth PR maintain an accounting folder within the DropBox, which has not yet been collected or reviewed.  Defendants believed that the financial documentation Womply is requesting is stored in this folder and will follow up to confirm.  Defendants represented that they will produce financial documentation from this folder in their Friday, October 25 production.
    2. Defendants will follow up about whether Benworth FL's and Benworth PR's tax returns are included in the Accounting folder or whether they will review and produce them as part of ESI discovery.

2. Defendants represented that Benworth FL and Benworth PR use QuickBooks Premier Plus 2022 accounting software, which they used to generate the chart of transfers Defendants produced.
    1. Womply stated that asking Defendants to run reports on Womply's behalf in the database would reveal Womply's work product and proposed that Defendants (1) export and produce all QuickBooks data to Womply and the Reserve Bank, or (2) provide Womply and the Reserve Bank with login credentials so they can run their own searches and reports in the database.
    2. Defendants responded that they will confer internally and will follow up.

3. Defendants represented that the list of bank accounts they produced on October 11 is the full list of

Benworth FL's and Benworth PR's bank accounts.

4. Defendants acknowledged that they produced bank statements with redactions. Defendants represented that these documents were emailed to the Reserve Bank with redactions and were produced with those same redactions.
    1. Womply stated that the ESI protocol does not permit such redactions.
    2. The Reserve Bank had no objections to reproducing these documents without redactions.
    3. Defendants represented that they will locate unredacted bank statements and produce those documents in accordance with the ESI protocol.

**Navarro-Controlled Entities:**

1. Defendants withdrew their representation from the October 10 meet-and-confer call that they would produce a list of names of all entities controlled by Mr. and/or Mrs. Navarro. Defendants now state that they are standing on their relevance objection and will not produce such information.
2. Womply and the Reserve Bank responded that Benworth FL and Benworth PR transferring money to the Navarros through entities they control is directly relevant to their fraudulent transfer claims and that Plaintiffs would not know the names of these entities, which are in Defendants' possession, custody, and control. Womply further responded that such information is relevant to its alter ego/successor liability claims and veil piercing claim by showing how the Navarros moved and controlled funds and undercapitalized Benworth FL.
3. All parties agreed that this was an issue of material disagreement between the parties.
    1. Defendants represented that they are willing to reconsider their position if Plaintiffs provide case law on this issue.
    2. Womply requested that Defendants produce the names of the "Related Parties" referenced in the chart of transfers Defendants produced and in Benworth PR's audited financials.
    3. Defendants represented that the "Related Parties" in these documents are Mr. and Mrs. Navarro.
4. Womply requested that Defendants produce the promissory notes between the Benworth entities and Mr. and Mrs. Navarro referenced in in the chart of transfers Defendants produced and in Benworth PR's audited financials, and Defendants agreed to produce these promissory notes, likely in their Friday, October 25 production.
    1. Womply noted that Defendants had represented that, other than operating agreements, there were no agreements between Mr. and Mrs. Navarro and the Benworth entities. However, the promissory notes are such agreements.
    2. Defendants will follow up about whether there were additional agreements between Mr. and Mrs. Navarro and the Benworth entities and will amend their responses to Womply's discovery requests if needed.

Regards,
Josh

**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Hanley, Katherine <KHanley@willkie.com>

**Sent:** Tuesday, October 15, 2024 8:04 PM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.) <<nc>>

Counsel,

We are in the process of reviewing your initial productions on behalf of all defendants. In reviewing, we noticed a few issues with the production that we would like to raise in advance of our meet and confer this week.

First, we are missing images or native files for a number of documents that were produced. For example, counsel identified Defendants_00240127 as Mr. Navarro's Supplementary Response to Interrogatory No. 2 and Mrs. Navarro's Response to Interrogatory No. 2, however we did not receive an image file for this document and only received the document-level extracted text. As a reminder, our ESI Stipulation provides that "all documents should be produced as Bates-stamped tagged image file format ('TIFF') images along with an image load/cross reference file, a data load file with fielded metadata, and document-level extracted text for electronically stored information" and that "[a]ll documents, except those produced in native format . . .  shall be produced as TIFF images in 300x300 dpi Group IV single-page monochrome." Please advise as to when we can expect to receive image files or native files for the documents identified in the attached spreadsheet.

Second, we are missing custodian information for 42,930 documents. Per our ESI Stipulation, "all custodians determined to have a copy of an email, email family, or loose electronic document in its collection shall be listed in the 'AllCustodians' metadata field for every document in the family." Please advise as to when defendants intend to provide this information.

Third, the BegAttach \ EndAttach \ Attach-Range values for the last 5,000 documents or so are absent from the DAT file for Defendants VOL001. The remaining documents in the production have data populated in these fields regardless of whether the respective document has an attachment or not, as shown in the below image. Can you clarify why these 5,000 documents do not have these fields populated and confirm whether you intend to re-produce these items in accordance with the requirements of our ESI Stipulation?

Best,
Katherine


**Katherine Hanley**
**Willkie Farr & Gallagher LLP**
300 North LaSalle Dr. | Chicago, IL 60654-3406
Direct: +1 312 728 9320 | Fax: +1 312 728 9199
khanley@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers

Admitted only to the New York Bar and practicing under the supervision of members of the Illinois bar.

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Tuesday, October 15, 2024 3:16 PM
**To:** Monica Ramos Benitez <mramos@ferraiuoli.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)


Thanks Monica.


Regards,
Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Monica Ramos Benitez <mramos@ferraiuoli.com>
**Sent:** Tuesday, October 15, 2024 3:46 PM
**To:** Levy, Joshua S. <JLevy@willkie.com>; Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent

<VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

<div style="background-color: yellow; text-align: center;">*** EXTERNAL EMAIL ***</div>

Josh,

In response to your prior email:

1. Benworth FL's Response to Interrogatory No. 2;
    1. Defendants_00227699
2. Benworth FL's Responses to Interrogatories Nos. 7 and 10;
    1. Defendants_00226809-00226873;
    2. Defendants_00227186-00227252; and
    3. Defendants_00227616-00227682
3. Benworth FL's Supplementary Responses to Interrogatories Nos. 1 and 11;
    1. Defendants_00227683
4. Mr. Navarro's Response to Interrogatory No. 1;
    1. Defendants_00227697-00227698
5. Mr. Navarro's Supplementary Response to Interrogatory No. 2;
    1. Defendants_00240127
6. Benworth PR's Response to Interrogatory No. 2;
    1. Defendants_00227699
7. Benworth PR's Responses to Interrogatories Nos. 5 and 7;
    1. Defendants_00226809-00226873;
    2. Defendants_00227186-00227252; and
    3. Defendants_00227616-00227682
8. Benworth PR's Supplementary Responses to Interrogatories Nos. 1 and 8; and
    1. Defendants_00227683
9. Mrs. Navarro's Response to Interrogatory No. 2.
    1. Defendants_00240127

Cordially,

**Mónica Ramos Benítez**

_____

PO Box 195168 • San Juan, PR 00919-5168

250 Muñoz Rivera Avenue, 6th Floor • San Juan, PR 00918

T. 787.766.7000

F. 787.766.7001

D. 787.777.1391

E. mramos@ferraiuoli.com

_____

*The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  If you have received this communication by error, please notify us immediately by e-mail, and delete the original message.*

**P** ***Before you print this E-mail, ask if it's really necessary. Our environment concerns us all...***

**From:** Levy, Joshua S. <JLevy@willkie.com>
**Sent:** Monday, October 14, 2024 9:28 PM
**To:** Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Monica Ramos Benitez <mramos@ferraiuoli.com>; Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Roberto Camara Fuertes <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

WARNING: External Sender.

All – We write regarding Defendants' Answers to Womply's Interrogatories, dated October 7, 2024, and  Defendants' Supplementary Answers to Womply's Interrogatories, dated October 11, 2024.  Federal Rule of Civil Procedure 33(d)(1) permits a responding party to answer an interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could."  For each of the responses to Womply's interrogatories listed below, Defendants responded by referencing a particular document (or documents) produced by Defendants, but Defendants have not provided Bates numbers for these documents to enable Womply "to locate and identify them as readily" as Defendants could.  Under Rule 33(d)(1), if Defendants choose to respond to interrogatories by producing documents, it is not Womply's burden to have to search through Defendants' document production to identify such documents.  By the close of business on Tuesday, October 15, please provide Bates numbers for the documents referenced in the following interrogatory responses:

   10.  Benworth FL's Response to Interrogatory No. 2;
   11.  Benworth FL's Responses to Interrogatories Nos. 7 and 10;
   12.  Benworth FL's Supplementary Responses to Interrogatories Nos. 1 and 11;

13. Mr. Navarro's Response to Interrogatory No. 1;
14. Mr. Navarro's Supplementary Response to Interrogatory No. 2;
15. Benworth PR's Response to Interrogatory No. 2;
16. Benworth PR's Responses to Interrogatories Nos. 5 and 7;
17. Benworth PR's Supplementary Responses to Interrogatories Nos. 1 and 8; and
18. Mrs. Navarro's Response to Interrogatory No. 2.


Regards,
Josh


**Joshua S. Levy**
**Willkie Farr & Gallagher LLP**
1875 K Street, N.W. | Washington, DC 20006-1238
Direct: +1 202 303 1147 | Mobile: +1 516 680 5751
jlevy@willkie.com | vCard | www.willkie.com bio

**From:** Levy, Joshua S.
**Sent:** Friday, October 11, 2024 5:04 PM
**To:** Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>; Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz <Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Monica Ramos Benitez <mramos@ferraiuoli.com>; Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** RE: Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

All – As we discussed, below is a memorialization of our meet-and-confer call yesterday.

**Timing:**
1. Defendants represented that they will make an initial production of documents in response to Womply's and the Reserve Bank's document requests by Friday, October 11.
2. Defendants represented that they will serve supplemental responses to Womply's interrogatories, which substantively respond to all outstanding interrogatories, by Friday, October 11.
3. Womply stated that Defendants' responses were due Monday, October 7, and that it may file a motion to compel if documents and supplemental interrogatory responses are not served by Friday, October 11.
4. All parties agreed to hold another meet and confer by Zoom on Thursday, October 17 at 11:00 am ET.

**ESI:**
5. Document Custodians: Defendants identified as document custodians Bernardo Navarro, Claudia Navarro, Mildred Avila, and Toya De La Cruz. Womply asked to include Angelica Castro as a

document custodian because Defendants identified her in their Rule 26(a) Initial Disclosures and Defendants agreed to add Ms. Castro as a document custodian.

6. <u>Document Collection:</u>  Defendants represented that they are collecting documents from Benworth FL's and Benworth PR's emails for all document custodians, Benworth FL's and Benworth PR's centralized database related to PPP servicing, and text messages for Bernardo Navarro and Claudia Navarro.

   1. Defendants represented that Benworth FL and Benworth PR use the same email domain and Microsoft Outlook accounts such that emails are sent to and from the same Benworth email address for both entities.
      1. Defendants will confirm whether Benworth FL and Benworth PR use Microsoft Exchange.
   2. Defendants represented that they have already pulled full PST files for the document custodians they identified and did not run any search terms or other limiting parameters before collection.
      1. Defendants believe they pulled PST files from 2021 to the present by using the arbitration PST collections and refreshing them to the present.
      2. The Reserve Bank requested that Defendants pull PST files from 2020 to the present.
      3. Defendants will confirm the exact date from which the PST files have been pulled and get back to the Reserve Bank about its request.
   3. Defendants have pulled the centralized database related to servicing PPP loans but have not reviewed it yet.
      1. Defendants will verify whether the database is a server, cloud-based, or other type of system.
      2. The Reserve Bank stated that this system is not amenable to search terms and requested all loan files.  Defendants represented that this is a centralized system where all loan files can be found and represented that they will produce all loan files as they are maintained.
   4. Defendants will follow up about collecting documents and information stored on document custodians' local folders, laptops, and computers.
   5. Defendants have collected certain bank account statements from online bank accounts for Benworth FL and Benworth PR and will produce them by Friday, October 11.
      1. Defendants represented that Benworth FL had bank accounts with Professional Bank and TD Bank that closed in 2023 and Defendants are investigating how to retrieve bank statements from those accounts.
      2. Defendants are currently determining the full list of bank accounts Benworth FL and Benworth PR use and will follow up.  Defendants asked whether Womply wanted bank statements for accounts used for their clients' mortgage-servicing business, and Womply stated that it needed to be able to trace the flow of funds because this is a fraudulent transfer case and cash is fungible.
   6. Defendants represented that Benworth FL and Benworth PR do not use internal messaging or chat systems, such as Slack.
   7. Defendants will check whether Defendants or any document custodians conducted work-related communications through external messaging apps, such as WhatsApp or Viber.
   8. Defendants have not pulled personal emails or text messages for Bernardo Navarro or Claudia Navarro. Defendants represented that Bernardo Navarro and Claudia Navarro do not discuss business using personal email.
      1. Womply stated that Bernardo Navarro's text messages were collected and produced in the Arbitration because he conducted business by text message, so they should also

be collected and produced in this litigation.

    2. Defendants acknowledged that Benworth FL and Benworth PR personnel may have conducted business through personal accounts and text messages, which would be discoverable.  Defendants believed the non-Defendant custodians' phone data would not be responsive to Womply's document requests.

    3. Womply agreed to review Defendants' initial productions and reserved the right to seek additional text messages, including from all document custodians.

7. <u>Document Preservation</u>:  Defendants represented that they preserved text messages on Bernardo and Claudia Navarro's phones by turning off auto-delete functions.  Defendants represented that non-Defendant custodians were advised to take the same steps regarding preservation of mobile data as were taken to preserve Bernardo and Claudia Navarro's mobile data.

    1. Defendants will get back to Womply about whether Mr. and Mrs. Navarro use iPhones and whether data from their phones is backed up on iCloud.

    2. Defendants will follow up about whether the Navarros' phones have been imaged.

8. <u>Privilege:</u>

    1. Defendants represented that they are not refusing to collect any documents based on privilege, including the attorney-client privilege and martial privilege.  Defendants represented that they will review collected documents for privilege and will identify any responsive, privileged documents they are withholding on a privilege log.

9. <u>Search Terms:</u>

    1. Womply agreed to search terms as a process for Defendants to identify documents responsive to its documents requests.  Womply did not agree to narrow the scope of its document requests based on any search terms.

    2. Womply and the Reserve Bank will confer and will jointly propose search terms to Defendants.

**Hard Copy Documents:**

10. Defendants represented that there are 10-15 bankers' boxes of hard copy bank statements located in a storage unit in Miami.

    1. Defendants offered to make these boxes available for inspection and copying.  Defendants stated that they will not incur costs to scan these documents.

    2. Womply stated that Defendants' refusal to scan and copy these documents is inconsistent with the parties' ESI Stipulation.

    3. The parties agreed to follow up about this issue in the next meet-and-confer call.

11. Defendants represented that Mildred Avila maintained a hard copy folder, which was produced in the Arbitration.  Defendants will follow up to confirm whether there are additional hard copy documents.

**Plaintiffs' Non-ESI Requests for Production:**

12. <u>Financial Documentation (Womply Request Nos. 1-3 to Benworth FL and Benworth PR; Reserve Bank Request Nos. 1-3 to Benworth FL and Benworth PR)</u>: Benworth FL represented that it will produce audited financial statements and bank statements for the years 2020 through 2022. Defendants stated that they are amenable to further productions as needed by Womply and the Reserve Bank.

    1. Womply stated that because solvency is an element of its claim it needs full financial information, including unaudited financial statements, ledgers, quarterly reports, and any other financial documentation.  Defendants agreed to follow up about what financial documentation they possess.

    2. The Reserve Bank requested audited financial statements for Benworth FL for 2023.

Defendants represented that there are no audited financial statements for Benworth FL for 2023 because preparing audited financials was a requirement for its mortgage license and Benworth FL did not renew its mortgage license. Defendants acknowledged that the Reserve Bank requested unaudited financial statements and would follow up about these.

13. Taxes (Womply Request No. 4 to Benworth FL and Benworth PR; Reserve Bank Request No. 4 to Benworth FL and Benworth PR): Defendants will produce tax returns for Bernardo Navarro and Claudia Navarro by Friday, October 11.

    1. Defendants objected to producing tax returns from Benworth FL and Benworth PR on the grounds that they were unnecessary and invasive because the audited financials will already provide substantial information.

    2. Womply responded that any confidentiality concerns are fully addressed by the protective order, tax returns contained different information from audited financials and bank statements, and tax returns are directly relevant to Benworth FL's solvency, which is an element of their claims.

        1. Defendants agreed to follow up about this and represented that they would not unreasonably withhold Benworth FL's and Benworth PR's tax returns.

14. Agreements (Womply Request No. 11 to Benworth FL and Benworth PR; Reserve Bank Request No. 14 to Benworth FL and No. 12 to Benworth PR): Defendants represented that the LSA and ASLA are the only agreements between Benworth FL and Benworth PR, and there are no other agreements between Benworth FL and Benworth PR.  Defendants represented that they will produce any discussions, drafts, or notes regarding the LSA and ASLA.

15. Payments (including Womply Request No. 13 to Benworth FL and Benworth PR and Request Nos. 3 to Bernardo and Claudia Navarro; Reserve Bank Request No. 16 to Benworth FL and No. 14 to Benworth PR and Request Nos. 3 to Bernardo and Claudia Navarro): Womply requested the documents underlying the table Defendants agreed to produce in response to these requests. Defendants represented that the table was generated by Benworth employees exporting information from a database; it was not created by outside counsel.

    1. Defendants will follow up to understand the scope of the documents used to create these tables and will provide additional information to Womply and the Reserve Bank regarding those documents.

    2. Womply stated that the underlying documents used to create these tables must be produced and agreed to confer further on this issue after reviewing the table.

16. Confirmation/Vacatur Actions (Reserve Bank Request No. 41): Defendants agreed to produce to the Reserve Bank unredacted versions of the sealed/redacted filings in the Motion to Confirm and Motion to Vacate actions in the Northern District of California. Defendants represented that the parties did not exchange any discovery in these actions.

17. Solicitation Process (Womply Request No. 16 to Benworth FL and Benworth PR and Request No. 8 to Bernardo and Claudia Navarro; Reserve Bank Request No. 19 to Benworth FL and No. 17 to Benworth PR and Request No. 12 to Bernardo and Claudia Navarro): Womply requested that Defendants produce all documents in connection with the solicitation process without using search terms.  Womply proposed that Defendants search by the email domains of the companies that submitted proposals to capture all documents sent to and from those companies.

    1. Defendants represented that they will produce the solicitation proposals and accompanying cover emails by Friday, October 11.  Defendants also represented that Mr. Navarro communicated with these companies by phone and then these companies submitted proposals, so there are very few written communications related to the proposals, which Defendants agreed to produce.

    2. Womply agreed to review Defendants' initial production and reserved its rights to seek

additional documents and information.

18. <u>Transfer Pricing Analysis (Womply Request No. 14 to Benworth FL and Benworth PR; Reserve Bank Request No. 18 to Benworth FL and No. 16. To Benworth PR and Request No. 11 to Bernardo and Claudia Navarro):</u> Womply requested that Defendants produce all documents in connection with the transfer pricing analysis.  Womply proposed that Defendants search by the email domains of the accounting firms to capture all documents and communications sent to or from these accounting firms.  Defendants agreed to circle back about this issue.

19. <u>Navarro Entities (including Womply Request No. 6-7 to Bernardo and Claudia Navarro; Reserve Bank Request No. 6-7 to Bernardo and Claudia Navarro):</u> Defendants represented that, in response to Womply's interrogatories, Defendants will produce a full list of all B. Navarro and C. Navarro entities as defined by the RFPs by Friday, October 11.

    1. Womply and the Reserve Bank stated that any payments from Benworth FL or Benworth PR to any B. Navarro and C. Navarro entities are highly relevant because they show Benworth FL and Benworth PR paying the Navarros through entities they control.

    2. Defendants disputed that all such payments were relevant, stated that they were still gathering information on this issue, and represented that they were open to providing information in connection with specifically identified entities. The Federal Reserve stated that it has no way of knowing which entities are being used to channel funds and that Defendants must provide that information.

    3. Womply and the Federal Reserve agreed to review Defendants' October 11 production and reserved the right to seek further documents and information about B. Navarro and C. Navarro entities.

20. <u>Corporate Structure (Womply Request No. 24 to Benworth FL; Reserve Bank Request Nos. 35 to Benworth FL):</u>  Womply requested that Defendants produce corporate structure or formation documents for Benworth FL, such as any operating or LLC agreements. Defendants stated that those documents were created before the relevant time period.  Womply responded that its requests seek such documents that were operative during the relevant time period and, alternatively, requested that Defendants produce the discrete documents requested even if they were created earlier. Defendants acknowledged that these were good points and agreed to circle back about producing these documents.

**<u>Womply's Interrogatories:</u>**

1. Defendants represented that they will produce all materials relied upon in formulating their responses to Womply's interrogatories, except for the accounting information obtained from a database underlying the chart Defendants will produce.  Defendants are investigating this database and how to produce the underlying information.

Regards,
Josh

**From:** Carla S. Loubriel Carrión <CLoubriel@cabprlaw.com>
**Sent:** Monday, October 7, 2024 9:54 PM
**To:** Kessler, Thomas <tkessler@cgsh.com>; Forbes, Alexandra L. <aforbes@cgsh.com>; Kohles, Mitchell <mkohles@cgsh.com>; Schweitzer, Lisa M. <lschweitzer@cgsh.com>; antonio.roig@oneillborges.com; ubaldo.fernandez@oneillborges.com; anibal.roman@oneillborges.com; Cheney, Alexander <ACheney@willkie.com>; Levy, Joshua S. <JLevy@willkie.com>; Lombardi, Stuart <slombardi@willkie.com>; Morris, Daniel L. <DMorris@willkie.com>; Morton, Adriana <AMorton@willkie.com>; Palmeri, Vincent <VPalmeri@willkie.com>; Alejandro J. Cepeda Diaz

<Ajc@mcvpr.com>; Arturo J. Garcia <Ajg@mcvpr.com>; Gabriela A. Pérez-Vélez <Gpv@mcvpr.com>
**Cc:** Monica Ramos Benitez <mramos@ferraiuoli.com>; Jaime Torrens Dávila <jtorrens@ferraiuoli.com>; Camara Fuertes, Roberto <rcamara@ferraiuoli.com>; Ricardo Casellas <RCasellas@cabprlaw.com>; Jorge L. Piedra <jpiedra@kttlaw.com>; Rasheed Nader <rnader@kttlaw.com>; Michael Lorigas <mlorigas@kttlaw.com>; Dwayne Robinson <drobinson@kttlaw.com>
**Subject:** Defendants Responses to Discovery (Oto Analytics LLC v. Benworth Capital Partners PR LLC, et al.)

**\*\*\* EXTERNAL EMAIL \*\*\***

Counsel,

Attached are each Defendant's responses to Womply's and the Reserve Bank's respective discovery requests. Despite diligent efforts to fully answer all the interrogatories by today, we will need to supplement certain interrogatory answers and anticipate doing so by this Friday. With respect to our document production, the first wave of our rolling production is currently being processed by our eDiscovery vendor. However, due to the amount of data being processed, we are advised that the documents may not be ready for production until this Friday. If we are able to provide the supplemental interrogatory answers and document production in advance of the meet and confer call scheduled for this Thursday, we will do so.

Best,



> Carla S. Loubriel Carrión, Esq.
> Casellas Alcover & Burgos, P.S.C.
GAM Tower, Suite 400 • 2 Tabonuco St. • San Patricio, PR 00968
PO Box 364924 • San Juan, PR 00936-4924 • ☎ (787) 756-1400 • 🖷 (787) 756-1401

Visit us at our website: www.cabprlaw.com.

NOTICE:  This e-mail is from a law firm, Casellas Alcover & Burgos, P.S.C. ("CAB"), and is intended solely for the use of the individual(s) to whom it is addressed.  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else.  If you are not an existing client of CAB, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to CAB in reply that you expect it to hold in confidence.  If you properly received this e-mail as a client, co-counsel or retained expert of CAB, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.  Privilege review required prior to production.  Do not forward or distribute without the author's or receipient's approval.

 Please consider the environment and do not print this e-mail unless you really need to.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

---

**Important Notice:** This email message is intended to be received only by persons entitled to receive the

confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.

**Important Notice:** This email message is intended to be received only by persons entitled to receive the confidential information it may contain. Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged. Please do not read, copy, forward or store this message unless you are an intended recipient of it. If you have received this message in error, please forward it back. Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.