**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| OTO ANALYTICS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,<br><br>      Defendants. | Civil No. 23-01034 (GMM) *cons.*<br>Civil No. 24-01313 (GMM) |
| FEDERAL RESERVE BANK OF SAN FRANCISCO,<br><br>      Consolidated Plaintiff,<br><br>v.<br><br>BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,<br><br>      Consolidated Defendants. | |

**JOINT OPPOSITION TO CONSOLIDATED PLAINTIFF**
**FEDERAL RESERVE BANK OF SAN FRANCISCO'S MOTION TO**
**COMPEL BENWORTH'S QUICKBOOKS ACCOUNTING DATA**

**TO THE HONORABLE COURT:**

**COME NOW** defendants Benworth Capital Partners, LLC ("Benworth FL") and

Benworth Capital Partners PR, LLC ("Benworth PR"), through the undersigned counsel, and very

respectfully file this opposition to the Motion to Compel Benworth's Quickbooks Accounting Data

(the "Motion") (D.E. 200) filed by Consolidated Plaintiff the Federal Reserve Bank of San Francisco (the "Reserve Bank").[1]

**PRELIMINARY STATEMENT**

The Reserve Bank asks the Court to compel Benworth to provide it with unfettered access to its Quickbooks database. Quickbooks is an advanced accounting software that allows users to access the company's records in an orderly manner and generate reports based on specific queries. The Parties stipulated the method of collecting electronic information stored in a database like Quickbooks. Specifically, the Parties agreed to consider "whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file." D.E. 164-1, § III.E. (the "ESI Stipulation").

Benworth has complied with the ESI Stipulation. It has offered to run the Reserve Bank's queries in its Quickbooks database and produce the reports generated by those queries. The Reserve Bank has refused to comply with the ESI Stipulation because it believes that providing Benworth with Quickbooks queries will violate the attorney-client privilege and work-product doctrine. There is no legal or factual support for that argument. Nor is there any valid basis for excusing the Reserve Bank from complying with the ESI Stipulation.

For these reasons, as further detailed below, the Court should deny the Motion.

**ARGUMENT**

**I.     The Reserve Bank is Not Entitled to Unfettered Access to the Entirety of Benworth's Quickbooks Database.**

There is no dispute that Benworth's Quickbooks data is electronic information stored in a database. The Parties have already stipulated how to handle the production of such electronic information. Specifically, the Parties' ESI Stipulation provides:

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as in the Motion.

> To the extent a response to discovery requires production of electronic information stored in a database, the Parties will meet and confer regarding methods of production. The Parties will consider whether all relevant information may be provided by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file.

D.E. 164-1 at III.E.

The ESI Stipulation is thus dispositive on the issue of the Reserve Bank's access to Benworth's Quickbooks database. *See* Fed. R. Civ. P. 34(e) (describing the procedures for the production of electronically stored information "[u]nless otherwise stipulated or ordered by the court"); *see also* Fed. R. Civ. P. 29(b) (noting that parties may stipulate to modify the "procedures governing or limiting discovery"). Consistent with the ESI Stipulation, Benworth proposed that the Reserve Bank provide specific queries for the Quickbooks database to enable it to generate reports showing the relevant data or information. The Reserve Bank refuses to comply with the ESI Stipulation because it claims that doing what it had already agreed to do may violate the attorney-client privilege and work-product doctrine. That concern is unfounded. *See infra*, § II. But even if the concern was valid (it is not), it is something the Reserve Bank should have contemplated, and could have negotiated around, before entering the ESI Stipulation. Put differently, the Reserve Bank waived any privilege concerns when it signed the ESI Stipulation.

This Court should not permit the Reserve Bank to unwind the ESI Stipulation. The Reserve Bank has not asked the Court to vacate or modify the ESI Stipulation. Nor has the Reserve Bank argued that the ESI Stipulation is unenforceable. Moreover, the Reserve Bank has not objected to obtaining reports from the Quickbooks database on the grounds that the reports would not contain all the relevant information it seeks. Indeed, that is one of the primary issues that Section III.E of the ESI Stipulation required the Reserve Bank to consider. But the Reserve Bank did not address that issue either during the meet-and-confer process or in the Motion.

At bottom, this Court should enforce the ESI Stipulation. Enforcing the ESI Stipulation will not deprive the Reserve Bank of the discovery it seeks. Rather, the Reserve Bank will only need to develop queries for Benworth to run in the Quickbook database, which will allow the Parties to determine whether the reports generated from those queries contain all relevant information. After evaluating those reports, the Reserve Bank can determine if additional information is necessary, and the Parties can meet and confer on the methods of gathering such information. This is exactly the procedure the Parties agreed would govern the production of information like that stored in Quickbooks. And it is the procedure the Court should order the Reserve Bank to follow.

## II.    Providing Benworth with Quickbooks Queries Will Not Invade the Attorney-Client Privilege or Work-Product Doctrine.

The Reserve Bank seeks unfettered access to Benworth's Quickbooks database because it argues that providing Benworth with the queries called for by the ESI Stipulation will violate the attorney-client privilege and work-product doctrine. That argument is meritless.

Providing Benworth with search queries for its Quickbooks database does not implicate the attorney-client privilege or work-product doctrine. Indeed, the queries are no different than search terms. Like search terms, the queries the Reserve Bank is required to provide under the ESI Stipulation simply clarify or narrow the information the Reserve Bank seeks in its document requests. Here, the Reserve Bank has not only provided search terms to Defendants to run against their data, but also identified the search terms it used to compile documents responsive to Defendants' discovery requests. If the Court were to accept the Reserve Bank's arguments, then the attorney-client privilege and work-product doctrine would also apply to search terms. However, courts, including one in this circuit, have consistently rejected that argument. *See e.g., HealthEdge Software, Inc. v. Sharp Health Plan*, 2021 WL 1821358, at \*3 (D. Mass. May 6, 2021)

("Sharp's argument that its search terms are protected by the attorney work product privilege is unavailing."); *Burnett v. Ford Motor, Co.*, 2015 WL 4137847, at \*10 (S.D. W.Va. July 8, 2015) ("Ford's assertion that sharing facts about search terms… will require the disclosure of attorney work product is equally unavailing."); *FormFactor, Inc. v. Micro-Probe, Inc.*, 2012 WL 1575093, at \*7 n.4 (N.D. Cal. May 3, 2012) ("To the extent Plaintiff argues that disclosure of search terms would reveal privileged information, the Court rejects that argument;" explaining that information on search terms "goes to the underlying facts of what documents are responsive to Defendants' document request, rather than the thought processes of Plaintiff's counsel").

Moreover, none of the cases cited by the Reserve Bank support characterizing the required Quickbooks queries as privileged information. The Reserve Bank relies heavily on an unpublished, one-page order from the *von Kahle v. Cargill* case that granted the defendant access to the plaintiff's software. But the order contains no analysis of the attorney-client privilege or work-product doctrine and thus provides no persuasive value. *See* Motion, Ex. 6. That case also did not involve a prior ESI stipulation by the parties, as is the case here, specifically covering how to manage the collection and production of raw data from a database.  The Reserve Bank's remaining cases are equally unpersuasive. In each of those cases, the documents sought in discovery reflected the analysis of previously collected raw data by counsel or by the client or an accountant at the direction of counsel. *See* Motion at 11 (discussing cases).  Quickbooks queries involve no analysis of raw data at all but instead provide the parameters for the collection of raw data.

Accordingly, the Court should reject the Reserve Bank's argument that supplying queries for the collection of data from the Quickbooks database will invade the attorney-client privilege or work-product doctrine.

**WHEREFORE**, Benworth FL and Benworth PR respectfully request that this Honorable

Court deny the Motion to Compel.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of February 2025.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
USDC-PR 219002
Email: rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
USDC-PR 223810
Email: jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
USDC-PR 308405
Email: mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**
2525 Ponce de Leon Blvd., 9th Fl.
Miami, FL 33134
(305) 372-1800

Jorge L. Piedra (admitted *pro hac vice*)
jpiedra@kttlaw.com
Michael R. Lorigas (admitted *pro hac vice*)
mlorigas@kttlaw.com
Rasheed K. Nader (admitted *pro hac vice*)
rnader@kttlaw.com

*Counsel for Benworth Capital Partners LLC and Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924

San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

*/s/ Ricardo F. Casellas*
USDC-PR 203114

*/s/ Carla S. Loubriel Carrión*
USDC-PR. 227509

*Counsel for Benworth Capital Partners PR LLC and Claudia Navarro*