## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons.*<br><br>Civil No. 24-01313 (GMM) |

### BERNARDO NAVARRO'S ANSWER AND AFFIRMATIVE DEFENSES TO THE FEDERAL RESERVE'S COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Bernardo Navarro ("Mr. Navarro"), through the undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to the Federal Reserve Bank of San Francisco's ("Federal Reserve") *Complaint* filed at Docket No. 1 in the consolidated case *Federal Reserve Bank of San Francisco v. Benworth Capital Partners LLC et al.*, Civil No. 24-cv-01313:

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **2** of **21**

## NATURE OF ACTION[1]

1.      Paragraph 1 of the Complaint is the Federal Reserve's conclusory characterization of the instant action and its legal conclusions pertaining to the applicable law and, as such, does not require a response. Mr. Navarro denies any factual averments in this Paragraph 1.

2.      Paragraph 2 contains the Federal Reserve's conclusory interpretations of law and legal conclusions and, as such, does not require a response. Mr. Navarro denies any factual averments in this Paragraph 2.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is denied.

## THE PARTIES

5.      Paragraph 5 is admitted.

6.      Paragraph 6 is admitted.

7.      Paragraph 7 contains statements regarding co-defendant Benworth PR that are not directed to Mr. Navarro and thus do not require a response from Benworth FL. Should a response be required, Mr. Navarro adopts and incorporates herein Benworth PR's response to Paragraph 7 in its Answer to the Complaint.

8.      Paragraph 8 is admitted.

9.      Paragraph 9 is admitted.

10.     From Paragraph 10, Mr. Navarro denies that he "oversees [Benworth PR's] business operations". The remainder of Paragraph 10 contains statements regarding co-defendants Mrs. Navarro and Benworth PR that are not directed to Mr. Navarro and thus do not require a

---

[1] For clarity and precision, Mr. Navarro will use the same abbreviations and shorthand references the Federal Reserve uses in its Complaint.

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **3** of **21**

response from Mr. Navarro. Should a response be required, Mr. Navarro adopts and incorporates herein those defendants' responses to Paragraph 10 in their Answers to the Complaint.

11.     Paragraph 11 is admitted.

## JURISDICTION AND VENUE

12.     Paragraph 12 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 12 are denied.

13.     Paragraph 13 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 13 are denied.

14.     Paragraph 14 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 14 are denied.

15.     Paragraph 15 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 15 are denied.

## RELEVANT FACTS[2]

16.     Paragraph 16 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 16 as drafted. Mr. Navarro affirmatively alleges that the CARES Act speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

---

[2] Mr. Navarro denies the factual averments and legal conclusions Federal Reserve makes in each of its headings and sub-headings.

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **4** of **21**

17.     Paragraph 17 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 17 as drafted. Mr. Navarro affirmatively alleges that the CARES Act speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

18.     Paragraph 18 is denied for lack of information sufficient to form a belief about the truth of the allegation.

19.     From Paragraph 19, Mr. Navarro admits that Benworth FL was a PPP-eligible lender. As to the remainder of the allegation, Paragraph 19 is denied as drafted. Mr. Navarro affirmatively alleges that the *Paycheck Protection Program Liquid Facility Letters of Agreement* dated May 4, 2020, January 14, 2021, and January 30, 2023 (collectively, "Letters of Agreement") speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

20.     Paragraph 20 is denied as drafted. Mr. Navarro affirmatively alleges that the Letters of Agreement and the *Reserve Bank's Operating Circular No. 10* ("Operating Circular") (the Operating Circular and Letts of Agreement, collectively, the "Program Agreements") speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

21.     Paragraph 21, including footnote 2, is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

22.     From Paragraph 22, Mr. Navarro admits that the Federal Reserve filed a UCC Financial Statement in Florida on May 11, 2020. The remainder of Paragraph 22 is denied as drafted. Mr. Navarro affirmatively alleges that the UCC Financial Statement speaks for itself and

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **5** of **21**

denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same

23.    Paragraph 23 is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

24.    Paragraph 24 is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

25.    Paragraph 25 is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

26.    From Paragraph 26, Mr. Navarro specifically denies that Benworth FL has failed to pay any Advance on its maturity date, and the remainder of Paragraph 26 is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

27.    Paragraph 27 is denied. Mr. Navarro affirmatively alleges that Benworth FL has not breached any of its obligations under the Program Agreements, which speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

28.    Paragraph 28, including footnote 3, is denied as drafted. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

29.    Paragraph 29 is denied as drafted. Mr. Navarro affirmatively alleges that the

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **6** of **21**

Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

30.     Paragraph 30 is denied as drafted. Mr. Navarro affirmatively alleges that the referenced communication between Benworth FL and the Federal Reserve speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same

31.     Paragraph 31 is denied for lack of information sufficient to form a belief about the truth of the allegation.

32.     Paragraph 32 is denied.

33.     The first sentence of Paragraph 33 is denied for lack of information sufficient to form a belief about the truth of the allegation. The remainder of Paragraph 33 is denied. Mr. Navarro affirmatively alleges that the Program Agreements speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

34.     From Paragraph 34, Mr. Navarro admits that the SBA denied certain requests for guaranty purchase of Pledged PPP Loans and that for a period of time Womply withheld documentation that was material to those requests. The last sentence of Paragraph 34 is denied for lack of information sufficient to form a belief about the truth of the allegation. The remainder of Paragraph 34 is denied.

35.     From Paragraph 35, Mr. Navarro admits that Benworth FL Received the Default Notice letter. From footnote 4 of Paragraph 35, Mr. Navarro admits that Benworth FL has been under the "direct pay" structure since on or around June 14, 2024. The remainder of Paragraph 35 and footnote 4, including the Federal Reserve's characterization and legal conclusions and/or inferences regarding the Default Notice letter, is denied. Mr. Navarro affirmatively alleges that the

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **7** of **21**

Default Notice letter speaks for itself.

36.     From Paragraph 36, Mr. Navarro admits that Benworth FL received advances from the Reserve Bank from time to time under the Program Agreements in the aggregate principal amount of approximately $4.3 billion. The remainder of Paragraph 36 is denied as drafted. Mr. Navarro affirmatively alleges that the terms, conditions, duties and obligations under the Program Agreements are those established therein, which speak for themselves.

37.     Paragraph 37 is denied.

38.     From Paragraph 38, Mr. Navarro admits that he has engaged in discussions with the Reserve Bank about the status of the PPP Collateral. The remainder of Paragraph 38, including footnote 5, is denied.

39.     Paragraph 39 is denied as drafted. Mr. Navarro affirmatively alleges that the Womply Complaint speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same. Mr. Navarro also affirmatively alleges that the Womply Complaint and the allegations and claims asserted therein have been voluntarily dismissed with prejudice and thus have no bearing on the instant suit.

40.     Paragraph 40 is admitted.

41.     From Paragraph 41, Mr. Navarro admits that the arbitrator entered the Interim Award on December 21, 2023, and the final award on June 11, 2024. The remainder of Paragraph 41, including footnotes 6 and 7, is denied as drafted. Mr. Navarro affirmatively alleges that the Interim Award and final award speak for themselves and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

42.     From Paragraph 42, Mr. Navarro admits the first and last sentences. The remainder of Paragraph 42 is denied as drafted and Mr. Navarro specifically denies the second sentence of

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **8** of **21**

Paragraph 42 to the extent it implies that Benworth FL did not comply with its obligations to service its PPP loan portfolio.

43.     Paragraph 43 contains the Federal Reserve's conclusory interpretations of law and legal conclusions and, as such, does not require a response. Mr. Navarro denies as drafted any factual averments in this Paragraph 43.

44.     Paragraph 44 is denied as drafted. Mr. Navarro affirmatively alleges that the Final Award speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

45.     From Paragraph 45, Mr. Navarro admits that Womply filed an action in this Court with case style *Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.*, No. 23-01034 (GMM). The remainder of Paragraph 45 contains the Federal Reserve's characterizations of averments made by Womply and, as such, does not require a response. Mr. Navarro otherwise denies any factual averments in the remainder of Paragraph 45.

46.     Paragraph 46 is denied as drafted. Mr. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied as drafted. Mr. Navarro affirmatively alleges that the content of Benworth FL's website speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

49.     Paragraph 49 is denied as drafted. Mr. Navarro affirmatively alleges that the content of his LinkedIn profile speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **9** of **21**

50.    Paragraph 50 is denied as drafted. Mr. Navarro affirmatively alleges that the content of the press release referenced in Paragraph 50 and footnote 9 speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

51.    Paragraph 51 is denied.

52.    Paragraph 52 is denied.

53.    Paragraph 53 is denied.

54.    From Paragraph 54, Mr. Navarro admits that (1) Benworth FL entered into the LSAs with Benworth PR, (2) he executed the LSAs on behalf of Benworth FL, and (3) Mrs. Navarro executed the LSAs on behalf of Benworth PR. The remainder of the paragraph, including the Federal Reserve characterization and legal conclusions and/or inferences as to the LSAs, is denied.

55.    From Paragraph 55, Mr. Navarro admits only that Benworth FL entered into the first LSA on May 31, 2021, but denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the first LSA. The remainder of Paragraph 55 contains statements regarding co-defendant Benworth PR that are not directed toward Mr. Navarro and thus do not require a response from Mr. Navarro. Should a response be required, Mr. Navarro adopts and incorporates herein by reference Benworth PR's response to Paragraph 46 in its Answer to the Complaint.

56.    Paragraph 56 is denied as drafted. Mr. Navarro affirmatively alleges that Benworth FL lawfully compensated Benworth PR for the services Benworth FL engaged Benworth PR to perform.

57.    Paragraph 57 and footnote 10 are denied as drafted. Mr. Navarro affirmatively alleges that Benworth FL compensated Benworth PR for services provided under the LSAs.

58.    Paragraph 58 is denied as drafted. Mr. Navarro affirmatively alleges that Benworth

Case 3:23-cv-01034-GMM    Document 236    Filed 04/16/25    Page 10 of 21

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **10** of **21**

FL made distributions to him, which were not prohibited by the Letters of Agreement, during the relevant time period.

59.    Paragraph 59 contains the Federal Reserve's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro*, Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.), thus does not require a response from Mr. Navarro. Should a response be required, Mr. Navarro denies Paragraph 59.

60.    Paragraph 60 is denied.

61.    Paragraph 61 is denied.

62.    Paragraph 62, including its subsections (a) through (h), is denied.

63.    Paragraph 63 is denied.

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND COLLECTION OF MONEY

64.    Count I is not against Mr. Navarro but, to the extent necessary, Mr. Navarro incorporates and realleges its responses to all the preceding paragraphs as if fully set forth herein.

65.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 65 is denied.

66.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 66 is denied.

67.    Count I is not against Mr. Navarro, but, to the extent necessary, Paragraph 67 is denied, and Mr. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

## SECOND CAUSE OF ACTION: ACTUAL FRAUDULENT TRANSFER

68.    Mr. Navarro incorporates and realleges his responses to all the preceding

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **11** of **21**

paragraphs as if fully set forth herein.

69.    Paragraph 69 is denied. Mr. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

70.    Paragraph 70 is denied.

71.    Paragraph 71 is denied.

### THIRD CAUSE OF ACTION: CONSTRUCTIVE FRAUDULENT TRANSFER

72.    Mr. Navarro incorporates and realleges his responses to all the preceding paragraphs as if fully set forth herein.

73.    Paragraph 73 is denied. Mr. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

74.    Paragraph 74 is denied.

75.    Paragraph 75 is denied.

76.    Paragraph 76 is denied.

77.    Paragraph 77 is denied.

### FOURTH CAUSE OF ACTION: FRAUDULENT TRANSFERS, RESCISSORY ACTION, AND DAMAGES

78.    Mr. Navarro incorporates and realleges his responses to all the preceding paragraphs as if fully set forth herein.

79.    Paragraph 79 contains translations of legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 79.

80.    Paragraph 80 contains translations of legal references or interpretations of law that

Case 3:23-cv-01034-GMM    Document 236    Filed 04/16/25    Page 12 of 21

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **12** of **21**

do not require a response. Should a response be required, Paragraph 80 is denied.

81.    From Paragraph 81, Mr. Navarro admits only that the Federal Reserve is the creditor under the PPPLF and the Program Agreements. The remainder of Paragraph 81, including the Federal Reserve's characterizations and legal conclusions and/or inferences as to the PPPLF, Program Agreements and Default Notice, is denied.

82.    Paragraph 82 is denied.

83.    Paragraph 83 is denied.

84.    Paragraph 84 is denied.

85.    Paragraph 85 is denied.

86.    Paragraph 86 is denied.

87.    Paragraph 87 is denied, and Mr. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

### FIFTH CAUSE OF ACTION: DECLARATORY RELIEF
### ALTER EGO OR SUCCESSOR LIABILITY

88.    Mr. Navarro incorporates and realleges its responses to all the preceding paragraphs as if fully set forth herein.

89.    Paragraph 89 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 89.

90.    Paragraph 90 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 90.

91.    Paragraph 91 is denied.

92.    Paragraph 92 is denied.

93.    Paragraph 93 is denied.

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **13** of **21**

94.    Paragraph 94 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 94.

95.    Paragraph 95 is denied.

96.    Paragraph 96 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 96.

97.    Paragraph 97, including its subsections (a) through (n), is denied.

98.    Paragraph 98 is denied.

99.    Paragraph 99 is not a factual averment and thus does not require a response. Should a response be required, Mr. Navarro denies Paragraph 99.

## SIXTH CAUSE OF ACTION: DECLARATORY RELIEF VEIL PIERCING

100.    Mr. Navarro incorporates and realleges its responses to all the preceding paragraphs as if fully set forth herein.

101.    Paragraph 101 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 101.

102.    Paragraph 102 contains legal references or interpretations of law that do not require a response. Should a response be required, Mr. Navarro denies Paragraph 102.

103.    Paragraph 103 is denied.

104.    Paragraph 104 is denied.

105.    Paragraph 105, including its subsections (a) through (q), is denied, and Mr. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

The last unnumbered paragraph under the Sixth Cause of Action is denied.

## SEVENTH CAUSE OF ACTION: CONVERSION

106.    Mr. Navarro incorporates and realleges its responses to all the preceding paragraphs

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **14** of **21**

as if fully set forth herein.

107.    Paragraph 107 is denied.

108.    Paragraph 108 is denied.

109.    Paragraph 109 is denied.

110.    Paragraph 110 is denied.

## PRAYER AND RELIEF

111.    Paragraph 111 and the WHEREFORE are denied. The Federal Reserve is not entitled to any of the relief sought in the Complaint.

## JURY TRIAL DEMAND

Mr. Navarro demands trial by jury on all issues and counts.

## MR. NAVARRO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Reasonable Actions and Good Faith)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Mr. Navarro's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

### SECOND AFFIRMATIVE DEFENSE
(Good Faith and Fair Value)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Mr. Navarro's conduct was at all times made in good faith and that reasonably equivalent value was received in exchange for the transfers referenced in the Complaint. And with respect to reasonably equivalent value, Benworth PR was asked by the Reserve Bank to submit a

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **15** of **21**

bid on servicing Kabbage's PPP loan portfolio and it submitted a bid that is consistent with the fees Benworth PR charged for servicing Benworth FL's PPP loan portfolio. Although the Reserve Bank did not accept Benworth PR's bid, it did enter into an agreement with a company to service the Kabbage PPP loan portfolio that results in fees being paid to that company that are in line with the fees Benworth PR charged Benworth FL. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## THIRD AFFIRMATIVE DEFENSE
(Lack of Insolvency)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint did not render Benworth FL insolvent. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## FOURTH AFFIRMATIVE DEFENSE
(Ordinary Course of Business)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint were made in the ordinary course of business. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## FIFTH AFFIRMATIVE DEFENSE
(Lack of Fraudulent Intent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Benworth FL lacks the intent to defraud creditors. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **16** of **21**

## SIXTH AFFIRMATIVE DEFENSE
(Subsequent Good Faith Transferee)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the subsequent transferee took the funds in good faith and for value, without knowledge of the alleged fraud. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## SEVENTH AFFIRMATIVE DEFENSE
(Payment of Legitimate Debt)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint were not fraudulent but, instead, were made to pay off a legitimate obligation under Benworth FL's loan servicing agreements with Benworth PR. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## EIGHTH AFFIRMATIVE DEFENSE
(Separate Financial Records)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, because Benworth FL's finances were kept separate from those of Benworth PR, Mr. Navarro, and Mrs. Navarro, indicating a clear distinction between the corporate entities. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## NINTH AFFIRMATIVE DEFENSE
(No Commingling of Assets)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, because there was no commingling of corporate assets between Benworth FL, Benworth PR, Mr. Navarro, and Mrs. Navarro. Thus, the Federal Reserve's

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **17** of **21**

claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## TENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, against Benworth FL because Benworth PR was formed and operated for legitimate business purposes and not to perpetrate fraud or evade obligations. Thus, the Federal Reserve's claim against Mr. Navarro related to piercing the corporate veil fails *ab initio.*

## ELEVENTH AFFIRMATIVE DEFENSE
### (Estoppel, Ratification and Waiver)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of estoppel, ratification, and waiver, as it knew or should have known of the alleged conduct and failed to take action. To the extent the Reserve Bank relies on the solvency or financial condition of Benworth FL, the Reserve Bank should be estopped from enforcing, and intentionally and voluntarily relinquished any right to enforce, any purported breach of the provisions of the Letters of Agreement related thereto. Based on the operations of Benworth FL and its financial condition prior to and at the time of entering the Letters of Agreement, which the Reserve Bank had full knowledge of, the Reserve Bank understood that the Advances would render Benworth FL insolvent. Notwithstanding, the Reserve Bank still entered the Letters of Agreement and made the Advances to Benworth FL, which caused Benworth to believe that the Reserve Bank would not enforce any obligations relating to its solvency or financial condition. Benworth FL justifiably relied on that belief when it requested Advances and changed its position to its detriment by accepting the Advances. Moreover, unlike other liquidity facility agreements entered into by the Reserve Bank, the Letters of Agreement contain no prohibition on Benworth FL making

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **18** of **21**

distributions to its member. Benworth FL relied on this omission when it made distributions to Mr. Navarro and the Reserve Bank should be estopped from asserting any rights based on such distributions.

Further, the Reserve Bank's conduct with respect to other PPP lenders further establishes that the Reserve Bank ratified Benworth FL's purported breaches of the Letters of Agreement and should be estopped from enforcing its rights here. Benworth FL is the only PPP lender to be sued by the Reserve Bank. However, as of April 2025, four other PPP lenders owe significantly more to the Reserve Bank than Benworth FL. For example, another PPP lender owes the Reserve Bank a balance 12 times larger than Benworth FL's balance. And as reflected in the December 2022 report by Congress's Select Subcommittee on the Coronavirus Crisis, titled "We Are Not the Fraud Police: How Fintechs Facilitated Fraud In The Paycheck Protection Program," that lender paid hundreds of millions of dollars in distributions directly to its owners in 2021 alone. Yet, Benworth FL is the only PPP lender subject to a lawsuit by the Reserve Bank. The Reserve Bank should be estopped from selectively enforcing its rights related to PPP loans against only Defendants.

In addition, to the extent that the Reserve Bank relies on the Pledged PPP Loans not complying with the requirements of the PPP, its claims are barred by the doctrines of estoppel, ratification and waiver. The Reserve Bank has taken the position that Pledged PPP Loans do not fail to comply with the requirements of the PPP until the SBA has issued a final guaranty purchase denial with respect to a PPP loan. The SBA has not issued a final guaranty purchase denial with respect to the Pledged PPP Loans and the Reserve Bank thus should be estopped from asserting its rights that rely on the Pledged PPP Loans not complying with the requirements of the PPP.

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **19** of **21**

## TWELFTH AFFIRMATIVE DEFENSE
### (Economic Duress, Impossibility, and Impracticability)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because performance of the obligations alleged in the Complaint was rendered impossible, impracticable, or commercially unreasonable due to factors outside of Benworth FL's control, including but not limited to the withholding of critical loan documentation by Womply, certain banks refusing to release PPP loan funds relating to the Pledged PPP Loans, and the SBA denying the guarantee purchase of Pledged PPP Loans based on non-existent requirements of the PPP.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Offset and Partial Satisfaction)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the amounts allegedly owed have been partially satisfied. To the extent Benworth FL has paid down or otherwise reduced its obligations under the Program Agreements, any damages awarded must be offset or reduced accordingly. Moreover, any damages awarded must be offset by the amount of funds that the Reserve Bank has retained under the direct pay structure with the SBA to which it is not entitled and which has resulted in Benworth FL and Benworth PR servicing PPP loans without compensation because the Reserve Bank is withholding their interest differential.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the Reserve Bank failed to satisfy a condition precedent to the filing of this lawsuit. Specifically, the Letters of Agreement state that, "[i]n the event that the Borrower fails to pay an Advance on the Maturity Date thereof, the Reserve Bank first shall seek repayment from

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **20** of **21**

realization upon the PPPLF Collateral" and only "[t]hereafter, the Reserve Bank may pursue any remedies it may have to recover the remaining outstanding amount of an Advance." Thus, as a condition precedent to the Reserve Bank exercising its recourse remedies against Defendants, the Reserve Bank was required to first seek repayment from realization upon the PPPLF Collateral. The Reserve Bank failed to do so.

<u>**FIFTEENTH AFFIRMATIVE DEFENSE**</u>
(Bad Faith and Unclean Hands)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of bad faith and unclean hands. The Federal Reserve is attempting to enforce provisions of the Paycheck Protection Program (PPP) lending rules and loan documents in a manner that discriminatorily targets Benworth FL, while declining to take comparable action against similarly situated entities. Specifically, the Federal Reserve has brought this action against Benworth FL, its affiliates, and its principals, even though Benworth FL has repaid close to 99% of the PPP funds it borrowed, while the four largest PPP lenders collectively owe over $1.6 billion in outstanding loans and have not been subjected to similar litigation or enforcement action.

On information and belief, the Federal Reserve's attempt to declare Benworth FL's PPP loans in default and retroactively impose personal liability is not grounded in any uniform enforcement policy. Rather, the Federal Reserve has acted in bad faith and with improper motive by targeting Benworth FL, its affiliates, and its principals based on their high-profile nature and/or political activities. Despite their substantially higher outstanding balances and lower repayment rates, no similar enforcement action has been taken against other large PPP lenders. The Federal Reserve's attempt to convert a non-recourse loan into a recourse obligation under these circumstances is inequitable, discriminatory, and motivated by improper considerations that render

**Mr. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **21** of **21**

the action legally infirm.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on April 16, 2025.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
USDC-PR 308405
mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**
2525 Ponce de Leon Blvd., 9th Fl.
Miami, FL 33134
(305) 372-1800

Jorge L. Piedra (admitted *pro hac vice*)
jpiedra@kttlaw.com
Michael R. Lorigas (admitted *pro hac vice*)
mlorigas@kttlaw.com
Rasheed K. Nader (admitted *pro hac vice*)
rnader@kttlaw.com

*Counsel for Benworth Capital Partners LLC and Bernardo Navarro*