## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons.*<br><br>Civil No. 24-01313 (GMM) |

## CLAUDIA NAVARRO'S ANSWER AND AFFIRMATIVE DEFENSES
## TO THE FEDERAL RESERVE'S COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** co-defendant Claudia Navarro ("Mrs. Navarro"), through the undersigned counsel, and respectfully submits its Answer and Affirmative Defenses to the Federal Reserve Bank of San Francisco's ("Federal Reserve") *Complaint* filed at Docket No. 1 in the consolidated case *Federal Reserve Bank of San Francisco v. Benworth Capital Partners LLC et al.*, Civil No. 24-cv-01313:

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **2** of **21**

## NATURE OF ACTION[1]

1.      Paragraph 1 of the Complaint is the Federal Reserve's conclusory characterization of the instant action and its legal conclusions pertaining to the applicable law and, as such, does not require a response. Mrs. Navarro denies any factual averments in this Paragraph 1.

2.      Paragraph 2 contains the Federal Reserve's conclusory interpretations of law and legal conclusions and, as such, does not require a response. Mrs. Navarro denies any factual averments in this Paragraph 2.

3.      Paragraph 3 is denied.

4.      Paragraph 4 is denied.

## THE PARTIES

5.      Paragraph 5 is admitted.

6.      Paragraph 6 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 6 in its Answer to the Complaint.

7.      Paragraph 7 is admitted.

8.      Paragraph 8 is admitted.

9.      Paragraph 9 contains statements regarding co-defendant Mr. Navarro and Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein those defendants' responses to Paragraph 10 in their Answers to the Complaint

---

[1] For clarity and precision, Mrs. Navarro will use the same abbreviations and shorthand references the Federal Reserve uses in its Complaint.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **3** of **21**

10.     From Paragraph 10, Mrs. Navarro admits that she is a member of Benworth PR and holder of 99% of the equity interests thereof. The remainder of Paragraph 10 is denied.

11.     Paragraph 11 is admitted.

## JURISDICTION AND VENUE

12.     Paragraph 12 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 12 are denied.

13.     Paragraph 13 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 13 are denied.

14.     Paragraph 14 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 14 are denied.

15.     Paragraph 15 contains the Federal Reserve's conclusion over the jurisdiction of this Honorable Court over the present action, a statement that does not require a response. Should a response be required, any factual averments in this Paragraph 15 are denied.

## RELEVANT FACTS[2]

16.     Paragraph 16 contains legal references or interpretations of law that do not require a response. Should a response be required, Mrs. Navarro denies Paragraph 16 as drafted. Mrs. Navarro affirmatively alleges that the CARES Act speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

---

[2] Mrs. Navarro denies the factual averments and legal conclusions Federal Reserve makes in each of its headings and sub-headings.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **4** of **21**

17. Paragraph 17 contains legal references or interpretations of law that do not require a response. Should a response be required, Mrs. Navarro denies Paragraph 17 as drafted. Benworth PR affirmatively alleges that the CARES Act speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences as to the same.

18. Paragraph 18 is denied for lack of information sufficient to form a belief about the truth of the allegation.

19. Paragraph 19 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 19 in its Answer to the Complaint.

20. Paragraph 20 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 20 in its Answer to the Complaint.

21. Paragraph 21 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 21 in its Answer to the Complaint.

22. Paragraph 22 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 22 in its Answer to the Complaint.

23. Paragraph 23 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and

Case 3:23-cv-01034-GMM    Document 237    Filed 04/16/25    Page 5 of 21

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **5** of **21**

incorporates herein Benworth FL's response to Paragraph 23 in its Answer to the Complaint.

24.      Paragraph 24 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 24 in its Answer to the Complaint.

25.      Paragraph 25 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 25 in its Answer to the Complaint.

26.      Paragraph 26 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 26 in its Answer to the Complaint.

27.      Paragraph 27 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 27 in its Answer to the Complaint.

28.      Paragraph 28, including footnote 3, does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 28 in its Answer to the Complaint.

29.      Paragraph 29 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 29 in its Answer to the Complaint.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **6** of **21**

30.    Paragraph 30 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 30 in its Answer to the Complaint.

31.    Paragraph 31 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 31 in its Answer to the Complaint.

32.    Paragraph 32 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 32 in its Answer to the Complaint.

33.    Paragraph 33 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 33 in its Answer to the Complaint.

34.    Paragraph 34 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 34 in its Answer to the Complaint.

35.    Paragraph 35 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 35

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **7** of **21**

in its Answer to the Complaint.

36.     Paragraph 36 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 36 in its Answer to the Complaint.

37.     Paragraph 37 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 37 in its Answer to the Complaint.

38.     Paragraph 38 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 38 in its Answer to the Complaint.

39.     Paragraph 39 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 39 in its Answer to the Complaint.

40.     Paragraph 40 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 40 in its Answer to the Complaint.

41.     Paragraph 41 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 41

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **8** of **21**

in its Answer to the Complaint.

42.     Paragraph 42 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 42 in its Answer to the Complaint.

43.     Paragraph 43 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 43 in its Answer to the Complaint.

44.     Paragraph 44 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 44 in its Answer to the Complaint.

45.     From Paragraph 45, Mrs. Navarro admits that Womply filed an action in this Court with case style *Oto Analytics, LLC v. Benworth Capital Partners PR LLC, et al.*, No. 23-01034 (GMM). The remainder of Paragraph 45 contains the Federal Reserve's characterizations of averments made by Womply and, as such, does not require a response. Mrs. Navarro otherwise denies any factual averments in the remainder of Paragraph 45.

46.     Paragraph 46 is denied as drafted. Mrs. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.

47.     Paragraph 47 is denied.

48.     Paragraph 48 is denied as drafted. Mrs. Navarro affirmatively alleges that the

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **9** of **21**

content of the referenced website speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

49.     Paragraph 49 is denied as drafted. Mrs. Navarro affirmatively alleges that the content of Mr. Navarro's LinkedIn profile speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

50.     Paragraph 50 is denied as drafted. Mrs. Navarro affirmatively alleges that the content of the press release referenced in Paragraph 50 and footnote 9 speaks for itself and denies the Federal Reserve's characterization and legal conclusions and/or inferences regarding the same.

51.     Paragraph 51 is denied.

52.     Paragraph 52 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 52 in its Answer to the Complaint.

53.     Paragraph 53 is denied.

54.     From Paragraph 54, Mrs. Navarro admits that (1) Benworth PR entered into the LSAs with Benworth FL, (2) Mr. Navarro executed the LSAs on behalf of Benworth FL, and (3) Mrs. Navarro executed the LSAs on behalf of Benworth PR. The remainder of the paragraph, including the Federal Reserve characterization and legal conclusions and/or inferences as to the LSAs, is denied.

55.     From Paragraph 55, Mrs. Navarro admits only that Benworth PR entered into the first LSA on May 31, 2021, and that it filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021, but denies the Federal Reserve's characterization and legal conclusions

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **10** of **21**

and/or inferences as to the first LSA or Benworth PR's registration.

56.     Paragraph 56 is denied as drafted. Mrs. Navarro affirmatively alleges that Benworth PR was lawfully compensated by Benworth FL for the services it engaged Benworth PR to perform.

57.     The portions of Paragraph 57 that contain statements regarding co-defendant Benworth FL are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 57 and footnote 10 in its Answer to the Complaint. The remainder of Paragraph 57 and footnote 10 are denied as drafted. Mrs. Navarro affirmatively alleges that Benworth PR was compensated Benworth FL for services provided under the LSAs.

58.     Paragraph 58 contains statements regarding co-defendant Benworth FL that are not directed to Mrs. Navarro and thus do not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 58 in its Answer to the Complaint.

59.     Paragraph 59 contains the Federal Reserve's legal interpretations and conclusions of case *TotalBank Florida Bank Corp. v. Bernardo Enrique Navarro*, Case No. 2012-012858 (Fla. Cir. Ct. Miami-Dade Cnty.), thus does not require a response from Mrs. Navarro. Should a response be required, Mrs. Navarro denies Paragraph 59.

60.     Paragraph 60 is denied.

61.     Paragraph 61 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 61 in its Answer to the Complaint.

62.     Paragraph 62, including its subsections (a) through (h), is denied.

Case 3:23-cv-01034-GMM    Document 237    Filed 04/16/25    Page 11 of 21

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **11** of **21**

63.    Paragraph 63 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 63 in its Answer to the Complaint.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT AND COLLECTION OF MONEY

64.    Count I is not against Mrs. Navarro but, to the extent necessary, Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

65.    Count I is not against Mrs. Navarro but, to the extent necessary, Paragraph 65 is denied.

66.    Count I is not against Mrs. Navarro but, to the extent necessary, Paragraph 66 is denied.

67.    Count I is not against Mrs. Navarro but, to the extent necessary, Paragraph 67 is denied and Mrs. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

### SECOND CAUSE OF ACTION: ACTUAL FRAUDULENT TRANSFER

68.    Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

69.    This first sentence of Paragraph 69 is denied as drafted. Mrs. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.  The remainder of Paragraph 69 is denied.

70.    Paragraph 70 is denied.

71.    Paragraph 71 is denied.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **12** of **21**

### THIRD CAUSE OF ACTION: CONSTRUCTIVE FRAUDULENT TRANSFER

72.    Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

73.    The first sentence of Paragraph 73 is denied as drafted. Mrs. Navarro affirmatively alleges that Benworth PR filed a Certificate of Organization and Certificate of Formation of a Limited Liability Company with the Government of Puerto Rico Department of State on June 28, 2021.  The remainder of Paragraph 73 is denied.

74.    Paragraph 74 is denied.

75.    Paragraph 75 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 75 in its Answer to the Complaint.

76.    Paragraph 76 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 76 in its Answer to the Complaint.

77.    Paragraph 77 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 77 in its Answer to the Complaint.

### FOURTH CAUSE OF ACTION: FRAUDULENT TRANSFERS, RESCISSORY ACTION, AND DAMAGES

78.    Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

79.    Paragraph 79 contains translations of legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 79 is denied.

Case 3:23-cv-01034-GMM   Document 237   Filed 04/16/25   Page 13 of 21

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **13** of **21**

80.     Paragraph 80 contains translations of legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 80 is denied.

81.     Paragraph 81 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 81 in its Answer to the Complaint.

82.     Paragraph 82 is denied.

83.     Paragraph 83 is denied.

84.     Paragraph does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 84 in its Answer to the Complaint.

85.     Paragraph 85 is denied.

86.     Paragraph 86 is denied.

87.     Paragraph 87 is denied, and Mrs. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

## FIFTH CAUSE OF ACTION: DECLARATORY RELIEF
## ALTER EGO OR SUCCESSOR LIABILITY

88.     Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

89.     Paragraph 89 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 89 is denied.

90.     Paragraph 90 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 90 is denied.

91.     Paragraph 91 does not contain allegations directed at Mrs. Navarro and thus does

Case 3:23-cv-01034-GMM    Document 237    Filed 04/16/25    Page 14 of 21

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
<u>Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*</u>
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **14** of **21**

not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 91 in its Answer to the Complaint.

92.    Paragraph 92 is denied.

93.    Paragraph 93 is denied.

94.    Paragraph 94 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 94 is denied.

95.    Paragraph 95 is denied.

96.    Paragraph 96 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 96 is denied.

97.    Paragraph 97, including its subsections (a) through (n), is denied.

98.    Paragraph 98 is denied.

99.    Paragraph 99 is not a factual averment and thus does not require a response. Should a response be required, Paragraph 99 is denied.

## SIXTH CAUSE OF ACTION: DECLARATORY RELIEF VEIL PIERCING

100.    Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

101.    Paragraph 101 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 101 is denied.

102.    Paragraph 102 contains legal references or interpretations of law that do not require a response. Should a response be required, Paragraph 102 is denied.

103.    Paragraph 103 does not contain allegations directed at Mrs. Navarro and thus does not require a response from her. Should a response be required, Mrs. Navarro adopts and incorporates herein Benworth FL's response to Paragraph 103 in its Answer to the Complaint.

Case 3:23-cv-01034-GMM    Document 237    Filed 04/16/25    Page 15 of 21

Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **15** of **21**

104.    Paragraph 104 is denied.

105.    Paragraph 105, including its subsections (a) through (q), is denied, and Mrs. Navarro affirmatively states that the Reserve Bank is not entitled to the relief it seeks.

The last unnumbered paragraph under the Sixth Cause of Action is denied.

## SEVENTH CAUSE OF ACTION: CONVERSION

106.    Mrs. Navarro incorporates and realleges her responses to all the preceding paragraphs as if fully set forth herein.

107.    Paragraph 107 is denied.

108.    Paragraph 108 is denied.

109.    Paragraph 109 is denied.

110.    Paragraph 110 is denied.

## PRAYER AND RELIEF

111.    Paragraph 111 and the WHEREFORE are denied. The Federal Reserve is not entitled to any of the relief sought in the Complaint.

## JURY TRIAL DEMAND

Mrs. Navarro demands trial by jury on all issues and counts.

## MRS. NAVARRO'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Reasonable Actions and Good Faith)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Mrs. Navarro's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio*.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
<u>Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC</u>, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **16** of **21**

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
(Good Faith and Fair Value)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Mrs. Navarro's conduct was at all times made in good faith and that reasonably equivalent value was received in exchange for the transfers referenced in the Complaint. And with respect to reasonably equivalent value, Benworth PR was asked by the Reserve Bank to submit a bid on servicing Kabbage's PPP loan portfolio and it submitted a bid that is consistent with the fees Benworth PR charged for servicing Benworth FL's PPP loan portfolio. Although the Reserve Bank did not accept Benworth PR's bid, it did enter into an agreement with a company to service the Kabbage PPP loan portfolio that results in fees being paid to that company that are in line with the fees Benworth PR charged Benworth FL. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

**<u>THIRD AFFIRMATIVE DEFENSE</u>**
(Lack of Insolvency)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint did not render Benworth FL insolvent. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**
(Ordinary Course of Business)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint were made in the ordinary course of business. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **17** of **21**

### FIFTH AFFIRMATIVE DEFENSE
(Lack of Fraudulent Intent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because Benworth FL lacks the intent to defraud creditors. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

### SIXTH AFFIRMATIVE DEFENSE
(Subsequent Good Faith Transferee)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the subsequent transferee took the funds in good faith and for value, without knowledge of the alleged fraud. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

### SEVENTH AFFIRMATIVE DEFENSE
(Payment of Legitimate Debt)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the transfers referenced in the Complaint were not fraudulent but, instead, were made to pay off a legitimate obligation under Benworth FL's loan servicing agreements with Benworth PR. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

### EIGHTH AFFIRMATIVE DEFENSE
(Separate Financial Records)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, because Benworth PR's finances were kept separate from those of Benworth FL, Mr. Navarro, and Mrs. Navarro, indicating a clear distinction between the corporate entities. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **18** of **21**

### NINTH AFFIRMATIVE DEFENSE
(No Commingling of Assets)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, because there was no commingling of corporate assets between Benworth PR, Benworth FL, Mr. Navarro, and Mrs. Navarro. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

### TENTH AFFIRMATIVE DEFENSE
(Legitimate Business Purpose)

The alter ego or successor claim (Count V) and veil piecing claim (Count VI) in the Complaint is barred, in whole or in part, against Benworth PR because it was formed and operated for legitimate business purposes and not to perpetrate fraud or evade obligations. Thus, the Federal Reserve's claim against Mrs. Navarro related to piercing the corporate veil fails *ab initio.*

### ELEVENTH AFFIRMATIVE DEFENSE
(Estoppel, Ratification and Waiver)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrines of estoppel, ratification, and waiver, as it knew or should have known of the alleged conduct and failed to take action. Mrs. Navarro incorporates the affirmative allegations of Benworth FL in this regard contained in its Answer to the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE
(Economic Duress, Impossibility, and Impracticability)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because performance of the obligations alleged in the Complaint was rendered impossible, impracticable, or commercially unreasonable due to factors outside of Benworth FL's control, as affirmatively alleged by Benworth FL in its Answer to the Complaint, which allegations are incorporated here in full by reference.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **19** of **21**

## THIRTEENTH AFFIRMATIVE DEFENSE
(Offset and Partial Satisfaction)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the amounts allegedly owed have been partially satisfied. To the extent Benworth FL has paid down or otherwise reduced its obligations under the Program Agreements, any damages awarded must be offset or reduced accordingly. Moreover, any damages awarded must be offset by the amount of funds that the Reserve Bank has retained under the direct pay structure with the SBA to which it is not entitled, and which has resulted in Benworth FL and Benworth PR servicing PPP loans without compensation because the Reserve Bank is withholding their interest differential.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Failure of Condition Precedent)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the Reserve Bank failed to satisfy a condition precedent to the filing of this lawsuit. Specifically, the Letters of Agreement state that, "[i]n the event that the Borrower fails to pay an Advance on the Maturity Date thereof, the Reserve Bank first shall seek repayment from realization upon the PPPLF Collateral" and only "[t]hereafter, the Reserve Bank may pursue any remedies it may have to recover the remaining outstanding amount of an Advance." Thus, as a condition precedent to the Reserve Bank exercising its recourse remedies against Defendants, the Reserve Bank was required to first seek repayment from realization upon the PPPLF Collateral. The Reserve Bank failed to do so.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Bad Faith and Unclean Hands)

The Complaint, and each purported cause of action alleged therein, is barred, in whole or

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al.*
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **20** of **21**

in part, by the doctrines of bad faith and unclean hands. The Federal Reserve is attempting to enforce provisions of the Paycheck Protection Program (PPP) lending rules and loan documents in a manner that discriminatorily targets Benworth FL, while declining to take comparable action against similarly situated entities. Specifically, the Federal Reserve has brought this action against Benworth FL, its affiliates, and its principals, even though Benworth FL has repaid close to 99% of the PPP funds it borrowed, while the four largest PPP lenders collectively owe over $1.6 billion in outstanding loans and have not been subjected to similar litigation or enforcement action.

On information and belief, the Federal Reserve's attempt to declare Benworth FL's PPP loans in default and retroactively impose personal liability is not grounded in any uniform enforcement policy. Rather, the Federal Reserve has acted in bad faith and with improper motive by targeting Benworth FL, its affiliates, and its principals based on their high-profile nature and/or political activities. Despite their substantially higher outstanding balances and lower repayment rates, no similar enforcement action has been taken against other large PPP lenders. The Federal Reserve's attempt to convert a non-recourse loan into a recourse obligation under these circumstances is inequitable, discriminatory, and motivated by improper considerations that render the action legally infirm.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, on April 16, 2025.

**Mrs. Navarro's Answer and Affirmative Defenses to the Federal Reserve's Consolidated Complaint**
Federal Reserve Bank of San Francsico v. Benworth Capital Partners PR LLC, *et al*.
Civil No. 23-01034 (GMM) *cons.* 24-01313 (GMM)
Page **21** of **21**

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Benworth Capital Partners PR, LLC*