# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff,<br><br>v.<br><br>**OTO ANALYTICS, LLC; BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) *cons.*<br><br>Civil No. 24-01313 (GMM) |

### JOINT OPPOSITION TO PLAINTIFF-INTERVENOR FEDERAL RESERVE BANK OF SAN FRANCISCO'S MOTION TO ENFORCE *ORDER* AT ECF NO. 224

**TO THE HONORABLE COURT:**

  **COME NOW** Benworth Capital Partners PR, LLC ("Benworth PR"), Benworth Capital Partners, LLC ("Benworth FL"), and Bernardo and Claudia Navarro ("Mr. and Mrs. Navarro" and, jointly with Benworth PR and Benworth FL, the "Defendants"), through the undersigned counsel, and very respectfully file this opposition to the Motion to Enforce *Order* at ECF No. 224 Granting the Motion to Compel Benworth's Quickbooks Accounting Data (the "Motion") (D.E. 238) filed by Plaintiff-Intervenor the Federal Reserve Bank of San Francisco (the "Reserve Bank"):[1]

---

[1] Unless otherwise defined herein, all capitalized terms have the same meaning as in the Motion.

Defendants have fully complied with the Order. The Court ordered Defendants "to either (1) provide Plaintiff-Intervenor with exported data from their Quickbooks database for period of January 1, 2020, to the present, or (2) allow a representative for Plaintiff-Intervenor to have access to the Quickbooks database at reasonable times for a reasonable period of time." D.E. 224. Defendants opted for the latter and engaged in several meet and confers with the Reserve Bank to workout the details of its representative accessing the Quickbooks database. There is nothing left of the Order for this Court to enforce.

The Reserve Bank is not actually asking the Court to enforce the Order but rather seeks a second bite at the relief requested in its Quickbooks Motion to Compel. *See* D.E. 200. In the Quickbooks Motion to Compel, the Reserve Bank told the Court that an order from *von Kahle v. Cargill, Inc.*, No. 1:21-cv-08532, ECF No. 194 (S.D.N.Y. Dec. 13, 2023) was "instructive" and that this Court should grant similar access to the Quickbooks database as was provided in *von Kahle*. *See* D.E. 200, at 10. The Reserve Bank concedes in the instant Motion that the Order does just that. But now the Reserve Bank is unsatisfied with getting what it asked for.

The Court should deny the Reserve Bank's request to retroactively modify the Order to deprive Defendants of the right granted to them by the Court. This Court could have ordered Defendants to solely provide the Reserve Bank with an export of the Quickbooks database. It did not. The Court instead gave Defendants the option to allow the Reserve Bank to access the Quickbooks database at reasonable times for a reasonable period of time. Choosing that option does not mean Defendants have refused to comply with the Order.

None of the arguments raised by the Reserve Bank justify modifying the Order. First, the Reserve Bank argues that Supervised Access is inconvenient and expensive because it may lead to disputes "regarding the completeness of the Reserve Bank's access to the Quickbooks data" or

"over which files were disclosed or how they were presented during supervised sessions," which may require the Parties to return to the Court with "complicated, fact-intensive issues." Motion at ¶ 11. But the Reserve Bank would not have a basis to raise such issues with the Court as a result of Supervised Access. Supervised Access would allow the Reserve Bank to directly log into the Quickbooks database, so there would be no dispute over the completeness of the access or how data is presented during a session. In fact, Supervised Access avoids these issues entirely because it would be the Reserve Bank, not Defendants, who are collecting the Quickbooks data.

The Reserve Bank further points to the current status of discovery and the need to schedule multiple Supervised Access sessions. Although the Reserve Bank mischaracterizes the current status of discovery, including the scope of what remains to be produced by Defendants, ongoing discovery between the parties is irrelevant here. The Court already contemplated that the Reserve Bank would need to access the Quickbooks database more than once. Hence, the Order gives the Reserve Bank the right to access the Quickbooks database at reasonable times for a reasonable period of time. Defendants will fully comply with that Order. The only issue here is that the Reserve Bank is unable to articulate a plan for what it would do during the Supervised Access. Defendants expect (and the Court should, too) that the Reserve Bank has already spoken with its financial experts or consultants and developed a plan for retrieving data from Quickbooks. Indeed, in the Quickbooks Motion to Compel, the Reserve Bank argued that there was no issues with "undue burden or cost" in the relief requested "because Benworth need only provide the Reserve Bank access to its Quickbooks platform in order to satisfy the relevant requests[.]" D.E. 200 at 8. And any concerns around scheduling conflicts should be minimal. Defendants' counsel is not permitted to attend the Supervised Access, so the Reserve Bank would need to coordinate only with the Defendants' representative, not counsel from the three different law firms representing

3

the Defendants.

The Reserve Bank next complains that Supervised Access would be impractical. However, the Reserve Bank need only export reports generated by search queries in the Quickbooks database to resolve all their concerns. Defendants do not dispute that the Reserve Bank may export such reports during Supervised Access sessions, which will effectively allow it to review such reports and develop the "connections" it wants to make on its own time.

The Reserve Bank also takes issue with Defendants' reason for electing the Supervised Access option. The Order, however, does not state that Defendants may choose Supervised Access only upon a showing of good cause. The Order allows Defendants to freely elect one of two options. Beyond that, Defendants are justified in choosing the Supervised Access option. As alleged in their affirmative defenses, Defendants will show that the Reserve Bank's motives in pursuing this lawsuit are improper and discriminatory. The Reserve Bank may dispute those allegations, but that does not mean that Supervised Access provides no benefit to Defendants. And the fact that an export may be less burdensome than Supervised Access does not mean that the Court should disregard Defendants' privacy concerns over the Reserve Bank having unfettered access to their highly sensitive financial information for a five-year period. To the contrary, the Supervised Access option strikes an appropriate balance of providing the Reserve Bank with access to the financial discovery it deems necessary while preserving Defendants' privacy.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny the Motion to the extent it requests that the Court compel Defendants to produce an export of their Quickbooks database.

**CERTIFICATE OF SERVICE:** We hereby certify that on this same date the foregoing reply was filed with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to all attorneys and participants of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 19th day of May 2025.

**Ferraiuoli**
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*s/ Roberto A. Cámara-Fuertes*
USDC-PR 219002
rcamara@ferraiuoli.com

*s/ Jaime A. Torrens-Dávila*
USDC-PR 223810
jtorrens@ferraiuoli.com

*s/ Mónica Ramos Benítez*
USDC-PR 308405
mramos@ferraiuoli.com

**KOZYAK TROPIN & THROCKMORTON**
2525 Ponce de Leon Blvd., 9th Fl.
Miami, FL 33134
(305) 372-1800

Jorge L. Piedra (admitted *pro hac vice*)
jpiedra@kttlaw.com
Michael R. Lorigas (admitted *pro hac vice*)
mlorigas@kttlaw.com
Rasheed K. Nader (admitted *pro hac vice*)
rnader@kttlaw.com

*Counsel for Benworth Capital Partners LLC and Bernardo Navarro*

**CASELLAS ALCOVER & BURGOS PSC**
PO Box 364924
San Juan, PR 00936-4924
Tel. (787) 756-1400
Fax. (787) 756-1401
rcasellas@cabprlaw.com
cloubriel@cabprlaw.com

/s/ Ricardo F. Casellas
USDC-PR Bar No. 203114

/s/ Carla S. Loubriel Carrión
USDC-PR Bar No. 227509

*Counsel for Benworth Capital Partners PR LLC and Claudia Navarro*