**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br><br>Plaintiff<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br><br>Defendants. | Civil No. 23-01034 (GMM) |

**PLAINTIFF-INTERVENOR
FEDERAL RESERVE BANK OF SAN FRANCISCO'S
MOTION REQUESTING MODIFICATION OF THE CASE MANAGEMENT ORDER**

**COMES NOW** Plaintiff Federal Reserve Bank of San Francisco (the "Reserve Bank"),

by and through undersigned counsel, and respectfully requests that this Court modify the operative

court deadlines for the following reasons:

**PRELIMINARY STATEMENT**

1.      The Reserve Bank does not return to this Court with a further request to extend the

discovery schedule lightly.  In fact, over the past months, the Reserve Bank has worked diligently

to move this case forward.  That progress has been slowed by a series of events largely resulting

from actions and positions taken by the Defendants.  For example, the Reserve Bank was forced

to seek enforcement of an order compelling production of critical data in a format both parties

agreed was the most efficient method of production.  The Court granted the motion to enforce.

Defendants now report that the data is temporarily inaccessible and yet more time is needed to

produce the data first requested by the Reserve Bank in August 2024.  That data is not set to be produced until sometime on or before June 10, 2025.

2.      The Reserve Bank is hopeful that this requested extension is the final such request—as it was with the most recent extension request—but the Defendants must play their part and move with haste.  The Reserve Bank conferred with Defendants regarding the relief requested in this Motion, and the Parties agreed to the schedule proposed herein by email on June 2, 2025.

**BACKGROUND**

3.      On September 3, 2024, the Court issued a *Case Management Order* (ECF No. 161, the "CMO"), establishing the pretrial schedule for this matter.

4.      On October 30, 2024, the Reserve Bank and Defendants Benworth Capital Partners PR LLC ("Benworth PR"), Benworth Capital Partners LLC ("Benworth FL"), Bernardo Navarro ("Mr. Navarro"), and Claudia Navarro (together with Mr. Navarro, the "Navarros"; collectively, "Defendants"; together with the Reserve Bank, the "Parties") filed a *Joint Status Report* (ECF No. 178), requesting the Court's approval to extend the deadlines in the CMO for (i) substantial completion of document discovery and (ii) responses to Defendants' document requests, in light of delays in the discovery process.  On October 31, 2024, the Court issued an *Amended Case Management Order* (ECF No. 179, the "Amended CMO"), adjusting the operative discovery deadlines.

5.      On December 2, 2024, the Parties filed another *Joint Status Report* (ECF No. 181) highlighting concerns about the ongoing discovery process, including Plaintiff's concern that Defendants were not on track to meet the discovery deadlines in the Amended CMO. On December 16, 2024, the Court held a *Status Conference* to address the Parties' concerns. *See* ECF No. 190.  On December 17, 2024, in light of the matters discussed at the *Status*

*Conference* and in the *Joint Status Report* (ECF No. 181), the Court issued a further *Amended Case Management Order* (ECF No. 191, the "Second Amended CMO") further adjusting the operative discovery deadlines.

6.      On March 4, 2025, the Parties filed a *Joint Motion Requesting Modification of the Case Management Order* (ECF No. 216, the "First Joint Motion") highlighting concerns regarding compliance with the Second Amended CMO in light of several unresolved key discovery issues and Plaintiff's then-pending *Motions to Compel* discovery from Defendants relating to (i) entities owned or controlled by the Navarros (ECF Nos. 182 & 188, the "Navarro Entity Motion to Compel"), and (ii) accounting data from Defendants' QuickBooks database (ECF No. 200, the "QuickBooks Motion to Compel" and, collectively with the Navarro Entity Motion to Compel, the "Motions to Compel").  On March 5, 2025, the Court granted the First Joint Motion (ECF No. 219, the "Third Amended CMO"), further adjusting the operative discovery deadlines.

7.      On April 4, 2025, the Parties filed a *Second Joint Motion Requesting Modification of the Case Management Order* (ECF No. 227, the "Second Joint Motion"), noting discovery-related issues arising out of Defendants' compliance with the Court's orders granting the Motions to Compel [1] and Defendants forthcoming answers and affirmative defenses. On April 7, 2025, the Court granted the Second Joint Motion (ECF No. 229, the "Fourth Amended CMO"), further adjusting the operative discovery deadlines.

---

[1]      On April 11, 2025, Defendants requested a 10-day extension of the deadline for Defendants to comply with the Court's Order granting the Navarro Entity Motion to Compel (ECF Nos. 223 & 230).  The Reserve Bank did not oppose that extension despite that Defendants said they had discovered the issue on Tuesday, April 8, 2025, three days before the Friday, April 11, 2025 deadline, yet failed to raise the issue with the Reserve Bank until the early morning hours on that Friday.  Scheduling time to discuss discovery issues with Defendants has also proven unusually difficult. *See* ECF No. 238 (Motion to Enforce) at 7 n.4.

**ARGUMENT**

8.    Despite the Reserve Bank's efforts to ensure both Parties comply with the operative deadlines in the Fourth Amended CMO, including through regular correspondence and meet-and-confers with Defendants, vital discovery issues remain unresolved, including, *inter alia*, the QuickBooks data, including additional discovery and related issues likely to arise once Defendants ultimately comply with the Court's (twice) ordered export of the data, the pending motion to compel regarding Defendants' improper assertion of the accountant-client privilege, additional discovery relating to Defendants' affirmative defenses, and other issues relating to the Reserve Bank's original requests for production, as recounted in recent monthly status reports to this Court.  *See* ECF Nos. 203, 221, 226, & 240.  These issues are described below and followed by the Reserve Bank's proposed schedule, which will address these complexities and uncertainties without prejudicing either Party.

9.    **Unproduced QuickBooks data.**  The Reserve Bank's QuickBooks Motion to Compel was granted by this Court on March 24, 2025 (ECF No. 224).  After weeks of further delay by Defendants, this Court granted the Reserve Bank's May 5, 2025 *Motion to Enforce Order at ECF No. 224* (ECF No. 238) by its order on May 22, 2025 (ECF No. 245) and required Defendants to "provide Plaintiff-Intervenor with exported data from their QuickBooks database for period January 1, 2020, to the present within five (5) days, that is, by May 27, 2025." *See* ECF No. 245.  On May 27, 2025, Defendants filed an *Unopposed Motion for Extension of Time to Comply with the Court's Discovery Order [DE 245]* (ECF No. 246), requesting that the Court extend the deadline for Defendants to comply with the Court's order due to technical issues that prevented Defendants from accessing their servers, including the QuickBooks database. As a result, the Reserve Bank still has no access to the critical accounting and financial data it

needs to develop its claims, which data will almost certainly require additional discovery as noted in the Reserve Bank's *Informative Motion Regarding Status of Briefing and Request for Adjudication of Motion to Enforce Order at ECF No. 224* (ECF No. 243).  A schedule that requires the completion of fact discovery while these facts remain unknown risks significantly prejudicing the Reserve Bank and risks duplicative depositions and further disputes between the Parties.

10.    **Improper Accountant-Client Privilege Assertion.**  At the March 31, 2025 meet-and-confer and as noted in the May 5, 2025 *Joint Status Report* (ECF No. 240, the "May Status Report"), the Parties discussed Defendants' assertion of accountant-client privilege over communications with certain recipients of subpoenas served by the Reserve Bank. On April 4, 2025, Defendants provided a written privilege assertion over Sotolongo & Associates, P.A., Kaufman Rossin & Co., and Forvis Mazars, LLP.  The Parties again discussed disagreements over the privilege assertion during an April 24, 2025 meet-and-confer without reaching resolution. In discussions with Reserve Bank counsel, a fourth third-party subpoena recipient, Up Consulting Group LLC ("Up Consulting"), purportedly asserted the accounting-client privilege on behalf of Defendants and refused to produce documents, despite Defendants having not asserted such privilege.  On May 28, 2025, the Reserve Bank attempted to enlist Defendants in facilitating the prompt production of documents from Up Consulting by asking them to confirm their previously stated position with respect to privilege concerning Up Consulting.  Within minutes, Defendants' counsel responded and stated that after conferring with their client, Defendants were changing course and also asserting the accountant-client privilege over communications with Up Consulting. Defendants' failure to assert the privilege at any point over the prior two months further contributed to delay and difficulty in proceeding efficiently in addressing this and other discovery concerns.  On May 28, 2025, the Reserve Bank filed its *Motion to Compel Documents*

5

*and Communications over which Defendants Improperly Assert Accountant-Client Privilege* (ECF No. 250), seeking to compel production of improperly withheld documents.

11. **Additional Discovery regarding Affirmative Defenses.** On April 2, 2025, the Court entered an opinion and order (ECF No. 225) denying Defendants' motion to dismiss the Reserve Bank's complaint (ECF Nos. 169 & 170). In asserting affirmative defenses, Defendants' answers, filed on April 16, 2025 (ECF Nos. 234–37), further expanded the scope of issues and discovery in this case. On April 28, 2025, the Reserve Bank served on each Defendant a *Second Set of Requests for Production* seeking documents related to Defendants' affirmative defenses, and on May 28, 2025, Defendants filed *Answers and Objections to Reserve Bank's Second Set of Requests for Production*. The Parties continue discussing these new discovery requests; no responsive documents have been produced.

12. For the foregoing reasons, as well as other issues addressed in the Parties' joint monthly status reports, the Reserve Bank proposes modifications to the Fourth Amended CMO as shown in the table below. The requested modifications are necessary due to the factors discussed herein, which justify additional time to ensure a fair and thorough discovery process. Furthermore, the extension of the deadlines will not prejudice any Party, as these modifications are being proposed in the interest of fairness and judicial economy. As reflected below, the Reserve Bank has proposed new categories of deadlines, each designed to ensure that document discovery proceeds (and concludes) promptly.

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Completion of fact discovery, other than with respect to Final Requests (defined below) and depositions | June 9, 2025 | June 27, 2025 |

| Exchange of final privilege logs other than with respect to Final Requests (defined below) | June 23, 2025 | July 11, 2025 |
|---|---|---|
| Requests for Production arising from documents produced by Defendants in full compliance with ECF No. 245 ("Final Requests") | N/A | 30 days after Defendants' full compliance with ECF No. 245 |
| Responses and Objections in response to Final Requests | N/A | 45 days after Defendants' full compliance with ECF No. 245 |
| Productions in response to Final Requests and completion of fact discovery, other than depositions | N/A | 60 days after Defendants' full compliance with ECF No. 245 |
| Exchange of final privilege logs | N/A | 75 days after Defendants' full compliance with ECF No. 245 |
| Completion of fact depositions | August 8, 2025 | October 31, 2025 |
| Deadline for Parties to disclose experts and expert witness summaries as required by Fed. R. Civ. P. 26(a)(2) | No later than August 15, 2025, parties to submit to Court a schedule as it pertains to expert disclosures and submission of reports | No later than November 7, 2025, parties to submit to Court a schedule as it pertains to expert disclosures and submission of reports |
| Deadline for Parties to disclose expert reports as required by Fed. R. Civ. P. 26(a)(2)(B) | Pursuant to schedule submitted no later than August 15, 2025 | Pursuant to schedule submitted no later than November 7, 2025 |
| Deadline for Parties to submit rebuttal expert reports | Pursuant to schedule submitted no later than August 15, 2025 | Pursuant to schedule submitted no later than November 7, 2025 |
| Conclusion of all discovery | December 15, 2025 | February 27, 2026 |
| Deadline to file dispositive motions | January 29, 2026 | April 17, 2026 |
| Deadline to file oppositions to dispositive motions | February 14, 2026 | May 8, 2026 |

13.    For these reasons, the Reserve Bank respectfully requests that the Court grant this

Motion and, accordingly, enter an order modifying the Fourth Amended CMO as set forth above.

Respectfully submitted in San Juan, Puerto Rico on June 2, 2025.

Thomas S. Kessler (admitted *pro hac vice*)
tkessler@cgsh.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Attorneys for the Federal Reserve Bank of*
*San Francisco*

s/ *Antonio L. Roig Lorenzo*
Antonio L. Roig Lorenzo
antonio.roig@oneillborges.com
USDC-PR No. 207712

s/ *Salvador J. Antonetti Stutts*
Salvador J. Antonetti Stutts
salvador.antonetti@oneillborges.com
USDC-PR No. 215002

s/ *Ubaldo M. Fernández Barrera*
Ubaldo M. Fernández Barrera
ubaldo.fernandez@oneillborges.com
USDC-PR No. 224807

s/ *Aníbal A. Román Medina*
Aníbal A. Román Medina
anibal.roman@oneillborges.com
USDC-PR No. 308410

O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Attorneys for the Federal Reserve Bank of*
*San Francisco*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 2, 2025, I filed a copy of the foregoing document using the Court's CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of record in this matter.

s/ *Ubaldo M. Fernández Barrera*
Ubaldo M. Fernández Barrera
