IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **FEDERAL RESERVE BANK OF SAN FRANCISCO,**<br>Plaintiff<br><br>v.<br><br>**BENWORTH CAPITAL PARTNERS PR, LLC; BENWORTH CAPITAL PARTNERS, LLC; BERNARDO NAVARRO and CLAUDIA NAVARRO,**<br>Defendants | Civil No. 23-01034 (GMM) |

**PLAINTIFF-INTERVENOR FEDERAL RESERVE BANK OF SAN FRANCISCO'S
INFORMATIVE MOTION REGARDING
DEFENDANTS' SECOND QUICKBOOKS EXTENSION REQUEST**

**COMES NOW** Plaintiff Federal Reserve Bank of San Francisco (the "Reserve Bank"), by and through undersigned counsel, and respectfully informs this Court as follows:

1.      On June 10, 2025, Defendants filed their *Second Motion for Extension of Time to Comply with The Court's Discovery Order [DE 245]* (the "Second QuickBooks Extension Request").  *See* ECF No. 259.  The Reserve Bank respectfully files this informative motion to prevent any misunderstanding about the Reserve Bank's position regarding this second request by Defendants to extend the QuickBooks data export deadline until June 24, 2025, nearly a month beyond this Court's originally ordered deadline of May 27, 2025.

2.      Notably, Defendants have provided no material information regarding the status of what they describe as an ongoing investigation other than the fact that initial estimates as to its resolution and Defendants' compliance were incorrect and that additional resources, including an unnamed third party, have been enlisted to assist in a data recovery effort.  Nevertheless, within an hour of Defendants' formal request yesterday afternoon, the Reserve Bank agreed to not oppose

a second extension request provided that Defendants provide, within a reasonable period of time, declarations that will allow the Reserve Bank a measure of assurance as to the veracity of Defendants' purported security issues.  The Reserve Bank respectfully submits that its requests are appropriate in light of Defendants' pattern of obstruction and delay regarding its discovery obligations generally and the QuickBooks data specifically.

3.      On May 21, 2025, the Court ordered Defendants to provide the Reserve Bank with exported data from their QuickBooks database for the period of January 1, 2020, to the present, by May 27, 2025.  *See* ECF No. 245.

4.      On May 27, 2025, Defendants conferred with the Reserve Bank via phone and described for the first time the security issue that prevented them from complying with the Court's order.  That same day, the Reserve Bank agreed to not oppose the initial extension request provided that (1) Defendants file a declaration, under penalty of perjury, by an individual at Benworth FL with personal knowledge of the issue necessitating the extension request that described the issue and how it prevents access to the QuickBooks data and (2) although Defendants were seeking a two-week extension, Defendants agree to produce the data at the earliest possible date, as soon as it is available.  The Court granted the extension request and extended the deadline to June 10, 2025.  *See* ECF Nos. 246, 247.

5.      On June 6, 2025, after having heard nothing from Defendants about progress on the QuickBooks data export for 9 days, the Reserve Bank inquired with Defendants.  Defendants responded that the investigation into the incident was ongoing and that they would share additional details during the meet-and-confer discussion that the Reserve Bank has requested on Monday, June 9, 2025, to discuss ongoing discovery issues.[1]

---

[1]      Defendants also said that Intuit, the owner of the QuickBooks software, was unable to independently obtain the data.

6.      On June 9, 2025, the parties met via phone.  Defendants indicated for the first time that they would request a second extension, mentioned that Defendants had brought additional resources to address the incident, and inquired whether the Reserve Bank would oppose a second extension request.  The Reserve Bank stated it would consider a concrete request for extension depending on the circumstances but would, at a minimum, require additional declarations regarding the ongoing investigation of the incident, including from third parties involved. Defendants agreed to follow up with additional details when they requested an extension.

7.      At 2:42pm EST on June 10, 2025, Defendants informed the Reserve Bank that they would request a second extension and stated their understanding of the Reserve Bank's position. Defendants provided no further details regarding the investigation.  The Reserve Bank promptly responded that it would not oppose a two-week extension provided that Defendants filed three declarations under penalty of perjury:

i.      An additional declaration from a Benworth employee with personal knowledge about the current security incident, including what has been learned about the incident since May 28, 2025 and Benworth's efforts to have Intuit facilitate production of the data and why that alternative is not feasible, filed on June 10 with the Second QuickBooks Extension Request;

ii.     A declaration from someone at Opsys about the current situation, their progress on restoring the data on Benworth FL's servers, and why Opsys' initial estimate about the time required to restore the data proved incorrect, filed by Thursday, June 12; and

iii.    A declaration from someone at the additional third party recently hired to address the current security incident, including when they were contacted to provide assistance to Benworth, their current assessment of the nature of the incident, why the QuickBooks data is inaccessible, and their good faith estimate of the time required to produce the data, filed by Thursday, June 12.

8.      The Reserve Bank does not oppose Defendants' requested extension provided that the conditions stated above are satisfied.  The Reserve Bank will continue to confer with Defendants regarding the QuickBooks data export.

Respectfully submitted in San Juan, Puerto Rico on June 11, 2025.

| | |
|---|---|
| Thomas S. Kessler (admitted *pro hac vice*)<br>tkessler@cgsh.com<br><br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br>*Attorneys for the Federal Reserve Bank of*<br>*San Francisco* | s/ *Antonio L. Roig Lorenzo*<br>Antonio L. Roig Lorenzo<br>antonio.roig@oneillborges.com<br>USDC-PR No. 207712<br><br>s/ *Salvador J. Antonetti Stutts*<br>Salvador J. Antonetti Stutts<br>salvador.antonetti@oneillborges.com<br>USDC-PR No. 215002<br><br>s/ *Ubaldo M. Fernández Barrera*<br>Ubaldo M. Fernández Barrera<br>ubaldo.fernandez@oneillborges.com<br>USDC-PR No. 224807<br><br>s/ *Aníbal A. Román Medina*<br>Aníbal A. Román Medina<br>anibal.roman@oneillborges.com<br>USDC-PR No. 308410<br><br>O'NEILL & BORGES LLC<br>250 Muñoz Rivera Ave., Ste. 800<br>San Juan, PR 00918-1813<br>Tel: (787) 764-8181<br>Fax: (787) 753-8944<br>*Attorneys for the Federal Reserve Bank of*<br>*San Francisco* |

4

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on June 11, 2025, I filed a copy of the foregoing document using the Court's CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of record in this matter.

<u>s/ *Aníbal A. Román Medina*</u>